IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GINA CRISCIONE AND ESTATE OF DOROTHY MANDANICI<br><br>Plaintiffs.<br><br>v.<br><br>LAURA DIVINCENZO, et al.,<br><br>Defendants. | ) CASE NO.: 1:24-CV-01446<br>)<br>) JUDGE: PAMELA A. BARKER<br>)<br>) MAGISTRATE: JUDGE JAMES E.<br>) GRIMES JR.<br>)<br>) **DEFENDANTS', CITY OF BROOK**<br>) **PARK, GEORGE SAKELLAKIS, HAROLD**<br>) **DUNCAN, RYAN WALSH AND THOMAS**<br>) **SENSEL, MOTION TO DISMISS**<br>)<br>) |

### **DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12**

COME NOW Defendants City of Brook Park, Sakellakis, Duncan, Walsh and Sensel (hereinafter the "Brook Park Defendants") and move this Honorable Court for relief under Fed. R. Civ. P. 12(b)(6) and respectfully show the Court as follows:

### **ARGUMENT AND CITATION OF AUTHORITY**

A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a Complaint. This promotes judicial economy to allow dismissal of claims or parties before the ongoing time and costs relative to the development of the litigated proceeding. A motion made pursuant to Fed. R. Civ. P. 12(b)(6) determines whether the pleader's allegations set forth an actionable claim. The Court assumes the veracity of the complaint's factual allegations under Fed. R. Civ. P. 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Motions for judgment on the pleadings under Fed. R. of Civ. P. 12(c) and motions to dismiss

1

under Federal Rule of Civil Procedure 12(b)(6) are analyzed under the same standard. See *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). For purposes of these motions, all well-pleaded material allegations in the pleadings of the opposing party must be taken as true, and the motion may be granted if the moving party is nevertheless clearly entitled to judgment. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007). In conjunction with this analysis, Plaintiffs may not litigate claims that they have already lost in another forum. This motion is presented as a Motion to Dismiss and not a Motion for Judgment on the Pleadings as the pleadings phase of this litigation has not yet closed and, per extension, a responsive pleading is due.

As against these Brook Park Defendants, this Complaint in federal court alleges multiple causes of action based upon a police investigation in September and October 2020 with a written citation of criminal charges provided to Plaintiff Criscione on October 15, 2020, and with criminal charges dismissed on March 11, 2021. (See Complaint.)

However, Plaintiffs filed their initial Complaint regarding these same factual matters in Cuyahoga County Common Pleas Court on Jue 17, 2022. That was a Complaint against the other defendants in this case (collectively the "East Park Defendants") – CV-22-964883. The Brook Park Defendants were not parties to that prior litigation. That case was dismissed by the Judge without prejudice on August 12, 2022, and Plaintiffs then refiled a lawsuit in Cuyahoga County Common Pleas Court on March 10, 2023 and that first included the Brook Park Defendants – please see docket for CV-23-976445. These Defendants filed a Motion for More Definite Statement that was granted by the Court. Plaintiff then filed an Amended Complaint on April 21, 2023 (attached hereto as Exhibit "A"). These Defendants then filed a Motion to Dismiss as directed at all of the "Claims" (Counts) against them in said Amended Complaint.

2

As a part of matters to be reviewed in conjunction with this Motion to Dismiss, this Court can take into consideration items properly subject to judicial notice. *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012). These Defendants refer this Honorable Court to the Cuyahoga Court of Common Pleas docket for case CV-23-976445 and the pleadings filed and listed on that docket. Two of the same are attached to this motion as exhibits for the Court's convenience. These Defendants have requested certified copies of the same from the Cuyahoga Clerk of Court but the same have not yet been received.

In this federal court action Plaintiffs have asserted the following claims/counts in the Complaint against the Brook Park Defendants:

Claim 5 – Malicious Prosecution (state law)

Claim 6 – Abuse of Process (state law)

Claim 7 – Whistleblower Retaliation (state law)

Claim 8 – Falsification (state law)

Claim 9 – Intimidation (state law)

Claim 10 – Interference with Civil Rights (state law)

Claim 12 – Intentional Infliction of Emotional Distress (state law)

Claim 13 – Section 1983 – Retaliatory Arrest (federal)

Claim 14 – Section 1983 – Malicious Prosecution (federal)

Claim 15 – Section 1983 – Abuse of Process (federal)

Claim 16 – Section 1983 – False Arrest (federal)

Claim 17 – section 1983 – Equal Protection (federal)

Claim 18 – Section 1985(3) – Conspiracy to Interfere with Civil Rights (federal)

Plaintiff previously asserted the exact same causes of action against the exact same Brook Park Defendants in the prior Cuyahoga County action. (Please see the attached Amended Complaint.)

Claim 4 – Malicious Prosecution (state law)

Claim 5 – Abuse of Process (state law)

Claim 6 – Whistleblower Retaliation (state law)

Claim 8 – Falsification (state law)

Claim 9 – Intimidation (state law)

Claim 10 – Interference with Civil Rights (state law)

Claim 12 – Intentional Infliction of Emotional Distress (state law)

Claim 13 – Section 1983 – Retaliatory Arrest (federal)

Claim 14 – Section 1983 – Malicious Prosecution (federal)

Claim 15 – Section 1983 – Abuse of Process (federal)

Claim 16 – Section 1983 – False Arrest (federal)

Claim 17 – section 1983 – Equal Protection (federal)

Claim 18 – Section 1985(3) – Conspiracy to Interfere with Civil Rights (federal)

No new claims were made in this federal action against the Brook Park Defendants, and the federal Complaint and state action Amended Complaint are worded as almost verbatim. The only changes were that in paragraph 7, Plaintiffs claim the individual police officers are sued in their "individual capacities" where the state action was silent on the same; paragraphs 71, 72, 74, 77, 83, 87 and 90 simply allege more detailed factual allegations than made in the state action but still in support of the exact same claims; and paragraphs 113, 120, 127, 131, 134, 176, 177

4

and 179 have Plaintiffs just altering the language of the legal arguments as to the facts – but, again, in support of the exact same claims.

In the state court action, the Brook Park Defendants filed a Motion to Dismiss all claims against all parties and the motion was fully briefed.  At the conclusion of the briefing, on May 4, 2023, Judge Russo dismissed all claims against all of the Brook Park Defendants **with prejudice**.  (See below and Exhibit "B" attached to this motion.)



145925174

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

GINA CRISCIONE, ET AL.
    Plaintiff

LAURA DIVINCENZO, ET AL.
    Defendant

Case No: CV-23-976445

Judge: NANCY MARGARET RUSSO

### JOURNAL ENTRY

89 DIS. W/PREJ - PARTIAL

MOTION TO DISMISS FILED BY BROOKPARK DEFENDANTS IS GRANTED.  FINAL.  ALL OTHER CLAIMS AND DEFENDANTS REMAIN AND ORDERS REMAIN AS SET.
PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS IS DIRECTED TO SERVE THIS JUDGMENT IN A MANNER PRESCRIBED BY CIV.R. 5(B).  THE CLERK MUST INDICATE ON THE DOCKET THE NAMES AND ADDRESSES OF ALL PARTIES, THE METHOD OF SERVICE, AND THE COSTS ASSOCIATED WITH THIS SERVICE.

_Nancy Margaret Russo_
Judge Signature          05/04/2023

The state court action continued against the East Park Defendants in that lawsuit.  Eventually, on August 25, 2023, Judge Russo dismissed the remainder of that lawsuit without prejudice due to Plaintiffs' failure to prosecute the same.  (Please see said Dismissal on the docket.)  At no time following the entry of that dismissal did Plaintiffs ever appeal to the Eighth District Court of Appeals relative to the Dismissal with Prejudice of the Brook Park Defendants,

said dismissal being on the merits of the case. (Please see the docket showing an absence of any appeal).

Plaintiffs have now filed this lawsuit in federal court – asserting the exact same claims against the exact same Brook Park Defendants and using a virtually identical Complaint.

The United States Constitution's Full Faith and Credit Clause is implemented by the federal full faith and credit statute, 28 U.S.C. § 1738. That statute reads in pertinent part:

"Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

In *Migra v. Warren City School District Board of Education*, 465 U.S. 75 (1984), Dr. Migra was employed by the board of education. Migra brought suit in the Ohio Court of Common Pleas against the Board and the three members. The complaint alleged two causes of action -- a breach of contract by the Board and wrongful interference by the individual members with Migra's employment contract. It was held that Migra's acceptance of the employment proffered created a binding contract, and that the Board's subsequent action purporting not to renew the employment had no legal effect and awarded Migra reinstatement and compensatory damages. The court granted Migra's motion to dismiss without prejudice "the issue of conspiracy and individual board member liability," which issue the court had previously "reserved and continued." The Ohio Court of Appeals affirmed, and review was denied by the Ohio Supreme Court. Thereafter, Migra filed an action in Federal District Court under 42 U.S.C. § 1983 and against the Board, its members, and the Superintendent of Schools, alleging that, because of her activities involving a desegregation plan for schools and a social studies curriculum that she had prepared, the Board members determined not to renew her contract, and that the Board's actions violated her constitutional rights. Migra claimed that the Board's actions were intended to punish

6

her for the exercise of her First Amendment rights. She also claimed that the actions deprived her of property without due process and denied her equal protection. She alleged that her federal claims arose under the First, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985. She requested injunctive relief and compensatory and punitive damages. The District Court granted summary judgment for the defendants on the basis of *res judicata* and dismissed the complaint. The United States Court of Appeals affirmed.

The Supreme Court held that with respect to petitioner's § 1983 claims, which were not litigated in state court, petitioner's state court judgment had the same claim preclusive effect in federal court that the judgment would have had in the Ohio state courts. 465 U. S. 80-87. In the absence of federal law modifying the operation of 28 U.S.C. § 1738, which provides that state judicial proceedings shall have the same full faith and credit in every court within the United States as they have in the courts of the State from which they are taken -- the preclusive effect in federal court of petitioner's state court judgment is determined by Ohio law. The Supreme Court having previously rejected in *Allen v. McCurry,* 449 U. S. 90, the view that state court judgments have no issue preclusive effect in § 1983 suits, the Supreme Court rejected the view that § 1983 prevented Migra's state court judgment from creating a claim preclusive bar in the case. § 1738 embodies the view that it is more important to give full faith and credit to state court judgments than to ensure separate forums for federal and state claims.
§ 1983 did not override state preclusion law and guarantee Migra a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims. 465 U. S. 80-85.

7

It is now settled that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. In *Allen v. McCurry,* 449 U. S. 90 (1980), the Supreme Court said:

"Indeed, though the federal courts may look to the common law or to the policies supporting *res judicata* and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so. . . ."
*Id.* at 449 U. S. 96.

This principle was restated in *Kremer v. Chemical Construction Corp.,* 456 U. S. 461 (1982):

"Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."

*Id.* at 466. *See also Haring v. Prosise,* 462 U. S. 306 (1983).

Accordingly, in the absence of federal law modifying the operation of § 1738, the preclusive effect in federal court of Plaintiffs' state court judgment is determined by Ohio law.

In *Allen,* the Court considered whether 42 U.S.C. § 1983 modified the operation of § 1738 so that a state court judgment was to receive less than normal preclusive effect in a suit brought in federal court under § 1983. In that case, the respondent had been convicted in a state court criminal proceeding. In that proceeding, the respondent sought to suppress certain evidence against him on the ground that it had been obtained in violation of the Fourth Amendment. The trial court denied the motion to suppress. The respondent then brought a § 1983 suit in federal court against the officers who had seized the evidence. The District Court held the suit barred by collateral estoppel (issue preclusion) because the issue of a Fourth Amendment violation had been resolved against the respondent by the denial of his suppression motion in the criminal trial. The Court of Appeals reversed. That court concluded that, because a § 1983 suit was the

8

respondent's only route to a federal forum for his constitutional claim, and because one of § 1983's underlying purposes was to provide a federal cause of action in situations where state courts were not adequately protecting individual rights, the respondent should be allowed to proceed to trial in federal court unencumbered by collateral estoppel. The Supeme Court, however, reversed the Court of Appeals, explaining:

"[N]othing in the language of § 1983 remotely expresses any congressional intent to contravene the common law rules of preclusion or to repeal the express statutory requirements of the predecessor of 28 U.S.C. § 1738. . . . Section 1983 creates a new federal cause of action. It says nothing about the preclusive effect of state court judgments."

*Allen* therefore made clear that issues actually litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered.

*Migra* then held that a state court judgment should preclude suit in federal court when a federal claim could have been litigated in the state court proceeding. The Court found it difficult to see how the policy concerns underlying § 1983 would justify a distinction between the issue preclusive and claim preclusive effects of state court judgments. Having rejected in *Allen* the view that state court judgments have no issue preclusive effect in § 1983 suits, the *Migra* Court rejected the view that § 1983 prevents the judgment in petitioner's state court proceeding from creating a claim preclusion bar in this case.

In the present litigation, Plaintiffs cannot even claim that the state court would not have adjudicated any additional federal claims had they presented them in the original suit in state court. All the same, current federal claims were previously presented in state court. Alternatively, Plaintiffs could have obtained a federal forum for the federal claims by litigating them first in a federal court. This Court should rule, therefore, that the state court dismissal in

that prior litigation has the same claim preclusive effect in federal court that the judgment would have in the Ohio state courts.

As indicated, how Ohio handles these types of cases should be examined. In 1982, the Supreme Court of Ohio adopted what appears to be a broad doctrine of preclusion indeed, although in a defensive, not offensive, context. *Johnson's Island, Inc. v. Board of Township Trustees,* 69 Ohio St.2d 241, 431 N.E.2d 672. The first syllabus by the court recites: "When in a prior injunction action brought to enjoin the defendant landowner's violation of a zoning law, the defendant asserts the affirmative defense of nonconforming use, but does not assert the unconstitutionality of the law, the landowner is, on the principle of *res judicata,* barred from later bringing a declaratory judgment action alleging such law to be unconstitutional.

*Res judicata* bars a second action when (1) a court of competent jurisdiction rendered a valid, final judgment on the merits in an earlier action, (2) the second action involves the same parties or their privies, (3) the second action raises claims <u>that were or could have been litigated in the first action</u>, and (4) the second action arises out of the same transaction or occurrence that was the subject of the first action. (Emphasis added) *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006- Ohio-954, 846 N.E.2d 478, ¶ 84, *Daniel v. Shorebank Cleveland*, 8th Dist. No. 92832, 2010-0hio-1054. All four of these factors are clearly present in this case. "The doctrine of *res judicata* requires a plaintiff <u>to present every ground for relief in the first action</u>, or be forever barred from asserting it." (Emphasis added) *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). Plaintiffs' claims may not be raised now if federal court – now a collateral action - pursuant to the specific aspect of *res judicata* known as issue preclusion. *See, Smith v. Ohio Edison Co*., 2015-Ohio-4540, 46 N.E.3d 1103 (11th Dist.). Plaintiffs are not entitled to two bites of the same apple on the same arguments because they

10

chose to pursue two different routes and now are unhappy at losing the first action heard and where they also chose not to appeal. *Res judicata* operates to preclude a party in a previous lawsuit from relitigating claims in a subsequent lawsuit. Under this doctrine, "a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). *Res judicata* prevents a party from relitigating an issue that had been adjudicated by a court of competent jurisdiction. *See Norwood v. McDonald*, 142 Ohio St.3d 299, 305 (1943). There are two branches of *res judicata*: claim preclusion and issue preclusion. Claim preclusion bars the bringing of a second suit between the same parties on the same issues. *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 133 (1999). Issue preclusion, formerly known as collateral estoppel, prevents a party from relitigating a fact or issue that was actually and directly litigated in a prior action, *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108 (1969), paragraph two of syllabus; *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

  Pursuant to the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grill v. Artistic Renovations*, 2018-Ohio-747 (8th Dist.) "Res judicata involves both claim preclusion and issue preclusion" and can operate to bar "the same issue between the same parties or those in privity with them." *McAdams v. Mercedes-Benz USA, L.L.C.*, Slip Opinion No. 2020-0hio-3702, 21, citing *Brooks v. Kelly*, 2015-Ohio-2805, 43 N.E.3d 385.

  Plaintiffs may try to make an argument that they are making new claims – such as that the individual defendants are now sued in their "individual capacity" instead of their "official"

capacity (although the state court Amended Complaint was silent on the same).  However, they could have been sued in such capacity in the state court case.  Any or all other new or arguable claims against the Brook Park Defendants could have been brought in the prior state court action.

Further, this Court being able to hear these claims is barred by the mootness of the matter.  Mootness is a matter of subject-matter jurisdiction, and a court cannot maintain jurisdiction over a moot controversy. *McQueen v. Dohoney*, 1st Dist. Hamilton No. C-130196, 2013-Ohio-2424, ¶ 13; *Paige v. Ohio High School Athletic Assn.*, 2013-Ohio-4713, 999 N.E.2d 1211, ¶ 7 (1st Dist.). A court may dismiss a moot cause *sua sponte*. See *WBCMT 2007-C33 Office 7870, LLC v. Breakwater Equity Partners, LLC*, 2019-Ohio-3935, 133 N.E.3d 607, ¶ 42 (1st Dist.) ("It is beyond question that a court has inherent authority—even responsibility—to raise subject matter jurisdiction *sua sponte*."); *Rithy Properties, Inc. v. Cheeseman*, 2016-Ohio1602, 63 N.E.3d 752, ¶ 14 (10th Dist.) ("When a case becomes moot, dismissal of the case is appropriate because the case no longer presents a justiciable controversy.").  "A case becomes moot if at any stage there ceases to be an actual controversy between the parties." *Paige* at ¶ 8. "[I]n all actions, there must be an 'actual controversy between parties legitimately affected by specific facts,' such that the court can 'render a judgment which can be carried into effect.' " *McQueen* at ¶ 13.  Because of the prior dismissal with prejudice on the merits in Cuyahoga County, there is now no judiciable controversy between these parties and the matters are now moot.

It also does not matter that the action was later dismissed without prejudice as to the other remaining East Park Defendants.  A later dismissal in an action of other defendants that is without prejudice and that would allow a refiling against those other defendants does not allow a second bite of an apple as to a prior, unfavorable, interlocutory decision.  Such a voluntary

dismissal makes any prior interlocutory decision a final appealable Order that should be appealed if the losing party had an issue with the same. *Denham v. New Carlisle*, 199-Ohio-128 (1999). It was incumbent upon these Plaintiffs to have appealed the Order of Dismissal with Prejudice of the Brook Park Defendants, relative to the Motion to Dismiss, to the Eighth District and from the Cuyahoga Common Pleas Court.

## **RULE 11 SANCTIONS**

Defendants request that this Honorable Court, pursuant to Fed. Civ. R. 11(c)(3), on its own initiative, enter an Order directing Plaintiffs' counsel to explain why the conduct of filing this lawsuit and these same claims and against the same Brook Park Defendants does not violate Rule 11 (b)(1) and (b)(2) and consider the award of sanctions.

## **CONCLUSION**

For the reasons above, the Brook Park Defendants move for dismissal of all Claims of the Complaint against all of them (Claims 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17 and 18).

Respectfully Submitted,

*/s/ Michael L. Morgan*

———————————————————————

Michael L. Morgan, Esq. (0087565)
*Attorney for Defendants, City of Brook Park, George Sakellakis, Harold Duncan, Ryan Walsh and Thomas Sensel*
LAW OFFICE
P.O. Box 36538
Canton, OH 44735
Telephone: 330-415-8890
Facsimile: 855-515-8241
Email: Michael.Morgan@selective.com

**CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing *Motion to Dismiss* was served this 7th day of January, 2025 via the Court's electronic filing system upon the following:

Brian D. Bardwell Esq.
Speech Law LLC
1265 West Sixth St. Suite 400
Cleveland OH 44113

Emily R. Yoder, Esq.
Hanna, Campbell & Powell
3737 Embassy Parkway, Suite 100
Akron, OH 44333

*/s/ Michael L. Morgan*
_____
Michael L. Morgan Esquire 0087565
*Attorney for Defendants, City of Brook Park, Ryan Walsh, George Sakellakis, Harold Duncan and Thomas Sensel*