IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | **DEFENDANTS EAST PARK** |
| | ) | **RETIREMENT COMMUNITY, INC.,** |
| LAURA DiVINCENZO, et al. | ) | **LAURA DIVINCENZO AND SARA** |
| | ) | **THURMER'S PARTIAL MOTION TO** |
| Defendants | ) | **DISMISS** |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer move this Court pursuant to FRCP 12(b)(6) for an Order for partial dismissal. A number of Plaintiffs' claims fail, as a matter of law, and must be dismissed. Specifically:

- A. **Plaintiffs cannot maintain medical claims against East Park Retirement without suing the alleged negligent employees or agents of East Park (Claims 1 and 2);**

- B. **Plaintiffs' claims for medical malpractice are time-barred as a matter of law (Claim 1);**

- C. **Although labeled as a claim for breach of contract, Claim 4 of Plaintiff's Complaint is a medical/tort claim that fails for the same reasons Plaintiff's medical malpractice and wrongful death claims fail (Claim 3);**

- D. **To the extent Plaintiffs' claims for violations of the Ohio Resident Bill of Rights arise out of medical care, such claims are time-barred (Claim 4);**

- E. **Plaintiffs' claim for malicious prosecution is time-barred (Claim 5); and**

- F. **There is no private cause of action for interference with civil rights as alleged by Plaintiffs (Claim 10).**

I. **INTRODUCTION**

This is Plaintiffs' third attempt to recover from Defendants for alleged events that occurred while the Decedent Dorothy Mandanici was a resident of East Park Care Center from 2017 to 2020. Plaintiffs first initiated a case against these Defendants in the Cuyahoga County Court of Common Pleas, Case No. CV 22 964883, on June 17, 2022. Although the Complaint included medical claims, Plaintiffs did not submit an affidavit of merit. These Defendants filed a Motion for Judgment on the Pleadings that was based in part on Plaintiffs' failure to submit the requisite affidavit of merit. In response to Defendants' Motion, this Court ordered Plaintiffs to submit an affidavit of merit on or before August 11, 2022. Plaintiffs did not comply with this order and the case was dismissed in its entirety.

Plaintiffs initiated a refiled case on March 10, 2023 against these Defendants along with the City of Brook Park and various officers with the Brook Park Police Department (the "Brook Park Defendants"). The refiled case was also filed in the Cuyahoga County Court of Common Pleas, Case No. CV 23 976445. Like the original Complaint, the refiled Complaint did not include an affidavit of merit. These Defendants filed a Partial Motion for Judgment on the Pleadings seeking dismissal of Plaintiffs' claims for survivorship action, wrongful death, violations of Nursing Home Bill of Rights, malicious prosecution, interference with civil rights, and conspiracy to interfere with civil rights. This Motion was granted on May 23, 2023. (*See* Court Order attached hereto). Thereafter, the parties engaged in discovery including the exchange of written discovery and depositions. On July 24, 2023, these Defendants filed a Motion for Summary Judgment, seeking judgment all of the remaining claims.

The Court gave Plaintiffs until August 24, 2023 to oppose the Motion for Summary Judgment. Plaintiffs did not respond in opposition. Plaintiffs also did not comply with the Trial

Court's Order concerning pre-trial filings. Accordingly, the Trial Court dismissed the case on August 25, 2023.

Plaintiffs filed this case on August 23, 2024, but did not serve the Defendants or counsel. On December 2, 2024, this Court entered a Show Cause Order notifying Plaintiff that unless good cause was shown for failure to serve Defendants as provided under the Rules, the case would be dismissed. (Doc # 4). It was only after this Court's intervention that Plaintiffs filed a praecipe for issuance of original summons. (Doc # 5).

Despite the repeated failure of Plaintiffs' claims in the Cuyahoga Court of Common Pleas, the Complaint herein is nearly identical to Plaintiffs' prior pleadings. In fact, the Complaint filed in this case includes the same five (5) claims that were dismissed by the Common Pleas Court, based on the pleadings alone. Notably, dismissal of Plaintiffs' medical claims was necessary due to Plaintiffs' failure to comply with the pleading requirements of Ohio Civil Rule 10(D)(2) which requires an affidavit of merit. This threshold pleading requirement is not included in the Federal Rules of Civil Procedure (Plaintiffs' failure to support their claims with an affidavit of merit was not the only reason the medical claims failed in the state common pleas court). Also notable is the newly plead claim for "breach of contract." Although labeled as a contract claim, Claim 4 of the complaint is a medical claim, which fails as a matter of law.

For the same reasons these claims were dismissed on May 23, 2023, they must be dismissed now.

## II. FACTS

The claims against these Defendants arise out of the care and treatment provided to Dorothy Mandanici while she "was a resident at the East Park Care Center from 2017 until 2020, shortly before her untimely death." (Complaint [Doc # 1] at ¶ 1). Specifically, following a

hospitalization at Southwest General Hospital, Ms. Mandanici was transitioned to long-term care at East Park Care Center. *Id*. at ¶ 13. Plaintiff Gina Criscione selected East Park based on its reputation for caring for patients with dementia. *Id*. Plaintiffs claim that East Park provided appropriate care to Ms. Mandanici until Defendant DiVincenzo took over the facility. The Complaint outlines myriad alleged deficiencies by Defendants while Ms. Mandanici was a resident at East Park. Plaintiffs further claim that Ms. Mandanici's condition deteriorated significantly before she moved from East Park to Mt. Alverna. Ultimately, Ms. Mandanici passed away on June 20, 2020. *Id*. at ¶ 55.

The Complaint includes eighteen separate causes of action. Plaintiffs' claims against these Defendants for Survivorship (Claim 1), Wrongful Death (Claim 2), Violations of the Nursing Home Bill of Rights (Claim 4), Malicious Prosecution (Claim 5), Interference with Civil Rights (Claim 10), and Conspiracy to Interfere with Civil Rights (Claim 18). fail as a matter of law and must be dismissed.

## II. LAW AND ARGUMENT

### A. The Legal Standard—Failure to State a Claim

A court should dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007). While the Court must construe the Complaint in a light most favorable to Plaintiff, a claim must be supported by factual allegations such that it is "plausible on its face." A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Flex Homes, Inc. v. Ritz-Craft Corp. of Michigan, Inc.*, 721 F. Supp.

2d 663, 670–71 (N.D. Ohio 2010) *citing Twombly*, 550 U.S. at 570, 127 S.Ct. 1955 and *Iqbal*, 129 S.Ct. at 1949.

>   **B.   Plaintiffs cannot maintain medical claims against East Park Retirement without suing the alleged negligent employees or agents of East Park. (Claims 1 and 2)**

Ohio Courts have long recognized that an employer can be held vicariously liable for the negligence of their employees under the doctrine of respondeat superior. Under this doctrine, the employer is vicariously liable to a third-party claimant for the negligent acts or omissions of their employees committed within the course and scope of their employment duties. The injured third party can maintain separate causes of action against the employer, the employee or both but is entitled to only one recovery. *See Losito v. Kruse*, 136 Ohio St. 183, 24 N.E.2d 705 (1940).

The rationale for the doctrine is straightforward. Since the employer has the right to control the activities of the employee within the course and scope of the employment relationship, the employer should bear the legal responsibility for the negligence act or omissions of the employee despite the fact that the employer did not directly commit the act or omission causing the injury to the third party. *Id.*

A vicarious liability claim based on respondeat superior is a derivative claim. Thus, if there can be no liability on the part of the primarily liable party, i.e. the employee/agent, then there can be no liability as to the employer/principal. In *National Union Fire Insurance Company of Pittsburgh v. Wuerth*, 122 Ohio St.3d 594 2009-Ohio-3601, 913 N.E.2d 939, the Ohio Supreme Court reiterated this long-standing principle of law.

The court in *Wuerth* was presented with the same circumstances as presented in this case. The plaintiff sued the employer law firm, but did not sue the lawyer who engaged in the allegedly negligent conduct. The Ohio Supreme Court held that since the claim against the

individual lawyer was barred by the statute of limitations, plaintiff's vicarious liability claim against the law firm was likewise barred as a matter of law. In this regard, the Ohio Supreme Court explained:

> Although a party injured by an agent may sue the principal, the agent or both, a principal is vicariously liable only when an agent could be held directly liable. As we held in *Losito v. Kruse* [(1940), 136 Ohio St. 183], for example, "[a] settlement with and release of the servant will exonerate the master. Otherwise, the master would be deprived of his right of reimbursement from the servant, if the claim after settlement with the servant could be enforced against the master." Similarly, in *Comer v. Risko* (2005), 106 Ohio St. 3d 185, we recognized that "[t]he liability for the tortious conduct flows through the agent by virtue of the agency relationship to the principal. *If there is no liability assigned to the agent, it logically follows that there can be no liability imposed upon the principal for the agent's actions.*"

*Id.* at ¶ 22 (emphasis in original).

While various attempts have been made to limit the scope and application of *Wuerth,* such arguments have been definitively rejected by the Ohio Supreme Court, as set forth in its recent decision, *Clawson v. Heights Chiropractic Physicians, LLC,* 2022-Ohio-4151. In rejecting these attempted limitations, the Ohio Supreme Court stated:

> In *Wuerth*, we applied basic principles of agency law and held, "A law firm may be vicariously liable for legal malpractice only when one of more of its principals or associates are liable for legal malpractice." 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, at paragraph two of the syllabus. Not only did we emphasize the similarities between the legal and medical professions with respect to liability for malpractice, but we also stated, **"There is no basis for differentiating between a law firm and any other principal to whom Ohio law would apply."** *Id*. **at ¶24. Today, we hold that the rule stated in** *Wuerth* **applies equally to claims of vicarious liability for medical malpractice**.

*Clawson* at ¶ 32 (emphasis added).

Here, Plaintiffs assert medical claims in Claims 1 and 2 of the Complaint. Plaintiffs however, have not sued any employee or agent of East Park who rendered the alleged negligent medical care to the Decedent. Indeed, the only East Park employees or agents named in their

individual capacity are Laura DiVincenz ("owner") and Sara Thurmer ("administrator"). (Complaint [Doc # 1] at ¶¶ 4 and 5). There is no allegation that the nursing home owner or administrator provided medical care or committed medical malpractice. Plaintiffs have not named the allegedly negligent agent(s) or employee(s). Because Plaintiffs did not individually name any medical provider, and the statute of limitations for asserting a claim against them has passed, they are not agents that may be held directly liable for negligence. Therefore, there is no agent for liability to "flow through" to hold these Defendants vicariously liable for the alleged medical claims. Judgment in favor of these Defendants is appropriate, as a matter of law, on Claims 1 and 2 of the Complaint.

> **C.** **Plaintiffs' claims for medical malpractice are time-barred as a matter of law. (Claim 1)**

A claim for medical negligence, including a survivorship claim, must be commenced within one year of the date upon which the cause of action accrued. R.C. 2305.113; *Samonas v. St. Elizabeth Health Center*, Seventh Dist. No. 05 MA 83, 2006-Ohio-671 at ₱ 7. In Ohio, a cause of action for medical malpractice accrues when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury. *Flowers v. Walker*, 63 Ohio St.3d 546, 548 (1992). The Ohio Supreme Court has established a three-prong test to determine the date a medical malpractice claim accrues under the discovery rule:

> 1. When the injured party became aware, or should have become aware, of the extent and seriousness of his condition;
>
> 2. Whether the injured party was aware, or should have been aware, that the condition was related to a specific professional service that he previously received; and
>
> 3. Whether such condition would put a reasonable person on notice of the need to inquire into the cause of his condition.

*Id*.

> The Ohio Supreme Court has further explained:
>
> A "cognizable event" is the occurrence of facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment, or procedure that the patient previously received.
>
> Moreover, *constructive* knowledge of facts, rather than *actual* knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule.

*Id*. at 549 (emphasis in original). It is not necessary for a plaintiff to have discovered all of the relevant facts necessary to file a claim in order to trigger the statute of limitations. *Id*.

Here, based on the allegations in the Complaint, it is clear that Plaintiffs were aware of the alleged malpractice while Ms. Mandanici was a resident at East Park Care Center. (Complaint [Doc # 1] at ¶¶ 28-55). For purposes of this motion, at the very latest, the cognizable event was the death of Ms. Mandanici on June 20, 2020. *See id*. at ¶ 55. Accordingly, Plaintiffs had one year from that date to file a medical malpractice action, i.e., on or before June 20, 2021. Plaintiffs however, did not file any claim against these Defendants until June 17, 2022. Plaintiffs did not timely file the survivorship claim and it must be dismissed.

### D. Plaintiffs' claims for breach of contract are medical claims that fail as a matter of law. (Claim 3)

When deciding claims, the crucial consideration is the nature or subject matter of the cause of action, not the label given to the claim. *See Chernett Wasserman Yarger, L.L.C. v. ComScape Holding, Inc.*, Eighth Dist. 100907, 2014-Ohio-4214 at ¶ 16. "The claims in the complaint are not dependent on whether technical forms or terms were used to describe the claims." *E.I. du Pont de Nemours & Co. v. Cincinnati Printers Co.*, Twelfth Dist. CA2008-12-307, 2010-Ohio-1631 at ¶ 10. Additionally, the court must look to the "'actual nature or subject matter pleaded in the complaint,' rather than 'labels' used to identify a particular cause of

action." *Id*. "The labels used in a particular cause of action do not control the nature of the cause of action." *Mounts v. Ravotti*, Seventh Dist. 07 MA 182, 2008-Ohio-5045 at ¶ 25.

A party cannot, through clever pleading or by utilizing another theory of law, transform a claim for one cause of action into another type of action. *Grimm v. White*, 70 Ohio App. 2d 201, 203, 435 N.E.2d 1140, 1141, 24 O.O.3d 257 (Ohio Ct. App. 1980). For example, a party cannot extend the statute of limitations by labeling an intentional tort as a claim for negligence; "where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence." *Love v. City of Port Clinton*, 37 Ohio St. 3d 98 (1988). Thus, when bodily injury results from an assault or battery, the one-year statute of limitations set forth at R.C. 2305.111, is applicable. *Id.* Similarly, a party cannot avoid the one-year statute of limitations applicable to medical malpractice claims through creative pleading. *Prysock v. Ohio State Univ. Med. Ctr.,* Franklin App. No. 01AP–1131, 2002–Ohio–2811.

Here, Plaintiffs' breach of contract claim arises out of these Defendants'' alleged failure to provide care and treatment to Ms. Mandinici while she was a resident at East Park, i.e., medical claims. These are the same claims set forth in Claim 1 and 2 of the Complaint. Thus, Claim 3 fails for the same reasons Claims 1 and 2 fail. Plaintiffs cannot avoid this result through clever pleading.

  **E.  To the extent Plaintiffs' claims for violations of the Ohio Resident Bill of Rights arise out of medical care, such claims are time-barred. (Claim 4)**

The Ohio Patient Bill of Rights provides, "[a]ny resident whose rights under sections 3721.10 to 3721.17 of the Revised Code are violated has a cause of action against any person or home committing the violation." R.C. 3721.17(I)(1)(a). When a claim for violation of the Patient

Bill of Rights arises out of medical care and treatment, it is a medical claim, subject to the one-year statute of limitations set forth in R.C. 2305.113. *Barley v. Hearth and Care of Greenfiled, LLC*, Fourth Dist. No. 12CA13, 2013-Ohio-279. Non-medical claims for violation of the Ohio Patient Bill of Rights are governed by the two-year statute of limitations in R.C. § 2305.10. *Shelton v. LTC Management Services*, 03CA10, 2004-Ohio-507, ₱ 1.

R.C. 2305.113(A) provides that an action upon a medical claim shall be commenced within one year after the cause of action accrued. "Medical claim" is statutorily defined as:

> any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

R.C. 2305.113(E)(3). As used in this definition, the terms "diagnosis" and "treatment" are medical terms of art that mean "relating to the identification and alleviation of physical or mental illness, disease, or defect." *Lerner v. Broadview NH, LLC*, Tenth Dist. No. 16AP-512, 2017-Ohio-8001 at ¶ 12. The term "care," in the context of R.C. 2305.113(E)(3) means "the prevention or alleviation of a physical or mental defect or illness." *Id*. "[T]o determine whether a claim is a 'medical claim' pursuant to R.C. 2305.113, the court must examine whether the action or inaction was part of some type of medical test or procedure, was ordered by a doctor, or that it required any medical expertise or professional skill." *McFarren*, 2016-Ohio-484 at ¶ 44. The term "medical claim" includes claims that indirectly arising from medical diagnosis, care, or treatment. *Lerner*, 2017-Ohio-8001 at ¶ 13.

For example, the following alleged violations of the Patient Bill of Rights filed against a skilled nursing and rehabilitation facility have been held to be medical claims subject to a one-

-10-

year statute of limitations – the facility's staff was inattentive to the resident's bed sores; the facility's staff failed to ensure the resident's nasal cannula stayed in place; and the facility's staff failed to deliver pain medication as scheduled. *Id*. at ¶ 16. Similarly, in *Bartley v. Hearth & Care of Greenfield, LLC*, Fourth Dist. No. 12CA13, 2013-Ohio-279, the plaintiffs asserted claims for violation of the Patient Bill of Rights. The trial court found that such claims were subject to the one-year statute of limitations for medical claims and thus, were not timely filed. The plaintiffs appealed and the appellate court affirmed, noting:

> In their complaint, the appellants assert that the "nursing care that Elizabeth Bartley received at Hearth and Care was not adequate in that the staff failed to notify her treating physician of her severe anemia, and thereafter failed to recognize and treat the symptoms even though they were obvious to, and charted by, the staff," and that the "staff failed to respond to Elizabeth Bartley's complaints of anxiety and shortness of breath * * *." Thus, it is clear that the appellants' claims arise out of Hearth and Care's medical care and treatment of Mrs. Bartley. Accordingly, their claims brought under section 3721.17 of the Revised Code concerning Mrs. Bartley's resident rights are "medical claims" as defined in R.C. 2305.113(E)(3) and subject to its one-year statute of limitations.

*Id*. at ¶ 15.

Here, Plaintiffs allege that Defendants violated the Patient Bill of Rights by failing to provide "adequate and appropriate medical treatment and nursing care, a safe and clean living environment, unrestricted communications with family, and unrestricted access to property." (Complaint [Doc # 1] at ¶¶ 108). As a matter of law, the failure to provide adequate and appropriate medical treatment and nursing care is a medical claim subject to the one-year statute of limitations. Ms. Mandanici was discharged from East Park on May 22, 2020. Accordingly, any alleged violation of the Patient Bill of Rights occurred before May 22, 2020. The original complaint against these Defendants was not filed until June 17, 2022, more than two years after Ms. Mandanici was discharged from East Park. Accordingly, any alleged violation of the Patient Bill of Rights is time-barred and must be dismissed.

**F.     Plaintiffs' claim for malicious prosecution is time-barred. (Claim 5)**

Claims for malicious prosecution are subject to a one-year statute of limitations, with the claim accruing upon the dismissal of the charge. *Darris v. Whitelow*, Tenth Dist. No. 08ap-545, 2008-Ohio-6314, ¶ 5; *see also* R.C. § 2305.11. Here, Plaintiffs allege that the criminal charges against Gina Criscione were dismissed without prejudice on March 11, 2021. Plaintiffs however, did not file the original complaint against these Defendants until June 17, 2022, well over one year after the statute of limitations expired. Accordingly, Plaintiffs' claim against these Defendants for malicious prosecution is time-barred and must be dismissed.

**G.     There is no private cause of action for interference with civil rights as alleged by Plaintiffs. (Claim 10)**

In Claim 10, Plaintiffs allege that Defendants interfered with Ms. Criscione's civil rights in violation of Art. I, Sec. 11 of the Ohio Constitution, R.C. § 2921.45, and R.C. § 2923.03. (Complaint [Doc # 1] at ¶¶ 136-143). There is no private cause of action for such alleged violations. The Ohio Supreme Court has held that Article 1, Section 11 of the Ohio Constitution does not create a private cause of action. *Provens v. Stark County Bd. Of Mental Retardation & Developmental Disabilities*, 64 Ohio St.3d 252 (1992). Likewise, R.C. § 2921.45 does not create a private cause of action. *Simpson v. Voiture Nationale La Societe Des Quarante Hommes*, Second Dist. No. 29016, 2021-Ohio-2131 at ¶ 23.

With respect to R.C. § 2923.03, in determining whether a statute creates a private cause of action, the Ohio Supreme Court has held that a "statutory policy" may not be implemented by the Ohio courts in a private civil action absent a clear implication that such a remedy was intended by the Ohio Legislature. *Fawcett v. G. C. Murphy & Co.*, 46 Ohio St.2d 245, 249, 348 N.E.2d 144 (1976). Ohio courts apply a three-part test to determine when a private cause of action arises by implication under a statute. *Ayers v. City of Cleveland*, Eighth Dist. No. 105074,

2017-Ohio-8571 at ¶ 30. Specifically, (1) are the plaintiffs in a class for whose special benefit the statute was enacted; (2) is there any indication of legislative intent, explicit or implicit, either to create or deny a private cause of action; and (3) is it consistent with the underlying purposes of the legislative scheme to imply such a remedy? *Id.*

In Claim 10 of the Complaint Plaintiffs claim that the protections afforded Ms. Criscione under Article I, Section 11 of the Ohio Constitution were violated. They further allege violations of R.C. §§ 2921.45 and 2923.03. There however, is no private cause of action for such alleged violations. Accordingly, Claim 10 of Plaintiffs' Complaint must be dismissed.

### IV. CONCLUSION

Judgment on the Pleadings is appropriate as to Claims 1, 2, 3, and 10 of Plaintiffs' Complaint. Plaintiffs failed to submit an affidavit of merit in support of Claims 1 and 2 or request additional time to file such affidavit. Accordingly these claims must be dismissed. Additionally, Plaintiffs' medical malpractice claim set forth in Claim 1 is time-barred as are the medical claims asserted in Claim 3. Finally, Ohio law does not recognize a private cause of action for the alleged civil rights violations as alleged in Claim 10. Each of these claims fails as a matter of law and must be dismissed.

Respectfully submitted,

*/s/ Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net
Attorney for Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing *Defendants East Park Retirement Community, Inc., Laura Divincenzo and Sara Thurmer's Partial Motion to Dismiss* was filed electronically on January 9, 2025, with the Clerk using the CM/ECF system, which will notify all parties. Parties may access this document through the court's electronic-filing system.

/s/ Emily R. Yoder
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1375719-v1>>