IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | **ANSWER OF DEFENDANTS EAST** |
| | ) | **PARK RETIREMENT COMMUNITY,** |
| LAURA DiVINCENZO, et al. | ) | **INC., LAURA DIVENCENZO AND** |
| | ) | **SARA THURMER TO PLAINTIFFS'** |
| Defendants | ) | **COMPLAINT** |
| | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer for their Answer to Plaintiffs' Complaint state as follows:

## PARTIES

1.     Defendants admit that Dorothy Mandanici was a resident at the East Park Care Center from 2017 until 2020. All remaining allegations and inferences set forth in paragraph 1 of Plaintiffs' Complaint are denied.

2.     Defendants lack sufficient information or knowledge to admit or deny the allegations set forth in paragraph 2 of Plaintiffs' Complaint and therefore deny the same.

3.     Defendants admit the allegations set forth in paragraph 3 of Plaintiffs' Complaint.

4.     Defendants admit the allegations set forth in paragraph 4 of Plaintiffs' Complaint.

5.     Defendants admit the allegations set forth in paragraph 5 of Plaintiffs' Complaint.

6.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 6 of Plaintiffs' Complaint and therefore deny the same.

7.      Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 7 of Plaintiffs' Complaint and therefore deny the same.

## JURISDICTION & VENUE

8.      Defendants deny the allegations set forth in paragraph 8 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

9.      Defendants deny the allegations set forth in paragraph 9 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

10.      Defendants deny the allegations set forth in paragraph 10 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

## FACTS

11.      Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 11 of Plaintiffs' Complaint and therefore deny the same.

12.      Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 12 of Plaintiffs' Complaint and therefore deny the same.

13.      Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 13 of Plaintiffs' Complaint and therefore deny the same.

14.      Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 14 of Plaintiffs' Complaint and therefore deny the same.

15.      Defendants deny the allegations set forth in paragraph 15 of Plaintiffs' Complaint.

16.      Defendants deny the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

17.      Defendants deny the allegations set forth in paragraph 17 of Plaintiffs' Complaint.

**East Park deploys Ms. Criscione to assist overstretched employees.**

18.      Defendants deny the allegations set forth in paragraph 18 of Plaintiffs' Complaint.

19.     Defendants deny the allegations set forth in paragraph 19 of Plaintiffs' Complaint.

20.     Defendants deny the allegations set forth in paragraph 20 of Plaintiffs' Complaint.

21.     Defendants deny the allegations set forth in paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny the allegations set forth in paragraph 22 of Plaintiffs' Complaint.

23.     Defendants deny the allegations set forth in paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny the allegations set forth in paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny the allegations set forth in paragraph 25 of Plaintiffs' Complaint.

26.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 26 of Plaintiffs' Complaint and therefore deny the same.

27.     Defendants deny the allegations set forth in paragraph 27 of Plaintiffs' Complaint.

**Ms. Criscione report instances of suspected neglect**

28.     Defendants deny the allegations set forth in paragraph 28 of Plaintiffs' Complaint, including the allegations set forth in each and every subpart of paragraph 28.

29.     Defendants deny the allegations set forth in paragraph 29 of Plaintiffs' Complaint.

30.     Defendants deny the allegations set forth in paragraph 30 of Plaintiffs' Complaint.

31.     Defendants deny the allegations set forth in paragraph 31 of Plaintiffs' Complaint.

32.     Defendants deny the allegations set forth in paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny the allegations set forth in paragraph 33 of Plaintiffs' Complaint.

34.     Defendants deny the allegations set forth in paragraph 34 of Plaintiffs' Complaint.

35.     Defendants deny the allegations set forth in paragraph 35 of Plaintiffs' Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny the allegations set forth in paragraph 37 of Plaintiffs' Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of Plaintiffs' Complaint.

39.    Defendants deny the allegations set forth in paragraph 39 of Plaintiffs' Complaint.

40.    Defendants deny the allegations set forth in paragraph 40 of Plaintiffs' Complaint.

41.    Defendants deny the allegations set forth in paragraph 41 of Plaintiffs' Complaint.

42.    Defendants deny the allegations set forth in paragraph 42 of Plaintiffs' Complaint.

43.    Defendants deny the allegations set forth in paragraph 43 of Plaintiffs' Complaint.

44.    Defendants deny the allegations set forth in paragraph 44 of Plaintiffs' Complaint.

45.    Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 45 of Plaintiffs' Complaint and therefore deny the same.

46.    Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 46 of Plaintiffs' Complaint and therefore deny the same.

47.    Defendants deny the allegations set forth in paragraph 47 of Plaintiffs' Complaint.

48.    Defendants deny the allegations set forth in paragraph 48 of Plaintiffs' Complaint.

49.    Defendants deny the allegations set forth in paragraph 49 of Plaintiffs' Complaint.

50.    Defendants deny the allegations set forth in paragraph 50 of Plaintiffs' Complaint.

51.    Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 51 of Plaintiffs' Complaint and therefore deny the same.

52.    Defendants deny the allegations set forth in paragraph 52 of Plaintiffs' Complaint.

53.    Defendants deny the allegations set forth in paragraph 53 of Plaintiffs' Complaint.

54.    Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 54 of Plaintiffs' Complaint and therefore deny the same.

55.    Defendants deny the allegations set forth in paragraph 55 of Plaintiffs' Complaint.

**Ms. Criscione continues to blow the whistle on East Park;
East Park Continues to retaliate against her**

56.    Defendants deny the allegations set forth in paragraph 56 of Plaintiffs' Complaint.

57.     Defendants deny the allegations set forth in paragraph 57 of Plaintiffs' Complaint.

58.     Defendants deny the allegations set forth in paragraph 58 of Plaintiffs' Complaint.

59.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 59 of Plaintiffs' Complaint and therefore deny the same.

60.     Defendants deny the allegations set forth in paragraph 60 of Plaintiffs' Complaint.

61.     Defendants deny the allegations set forth in paragraph 61 of Plaintiffs' Complaint.

62.     Defendants admit only that the First Amendment speaks for itself. Defendants deny the remaining allegations set forth in paragraph 62 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

63.     Defendants deny the allegations set forth in paragraph 63 of Plaintiffs' Complaint.

64.     Defendants admit only the First Amendment speaks for itself. Defendants deny the remaining allegations set forth in paragraph 64 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

65.     Defendants deny the allegations set forth in paragraph 65 of Plaintiffs' Complaint.

66.     Defendants deny the allegations set forth in paragraph 66 of Plaintiffs' Complaint.

67.     Defendants admit the allegations set forth in paragraph 67 of Plaintiffs' Complaint.

68.     Defendants admit the allegations set forth in paragraph 68 of Plaintiffs' Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of Plaintiffs' Complaint.

70.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 70 of Plaintiffs' Complaint and therefore deny the same.

71.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 71 of Plaintiffs' Complaint including each and every subpart thereto, and therefore deny the same.

72.     Defendants deny the allegations set forth in paragraph 72 of Plaintiffs' Complaint.

73.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 73 of Plaintiffs' Complaint and therefore deny the same.

74.     Defendants deny the allegations set forth in paragraph 74 of Plaintiffs' Complaint for lack of information, because they are untrue, and/or because they seek a legal conclusion.

75.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 75 of Plaintiffs' Complaint and therefore deny the same.

76.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 76 of Plaintiffs' Complaint and therefore deny the same.

77.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 77 of Plaintiffs' Complaint and therefore deny the same.

78.     Defendants admit only that the Court's docket speaks for itself. Defendants deny the remaining allegations set forth in paragraph 78 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

79.     Defendants admit only that the Court's docket speaks for itself. Defendants deny the remaining allegations set forth in paragraph 79 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

80.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 80 of Plaintiffs' Complaint and therefore deny the same.

**Plaintiff suffered injuries as a result of Defendants' misconduct**

81.     Defendants deny the allegations set forth in paragraph 81 of Plaintiffs' Complaint.

82.     Defendants deny the allegations set forth in paragraph 82 of Plaintiffs' Complaint.

83.     Defendants deny the allegations set forth in paragraph 83 of Plaintiffs' Complaint.

84.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 84 of Plaintiffs' Complaint and therefore deny the same.

85.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 85 of Plaintiffs' Complaint and therefore deny the same.

86.     Defendants deny the allegations set forth in paragraph 86 of Plaintiffs' Complaint.

87.     Defendants deny the allegations set forth in paragraph 87 of Plaintiffs' Complaint.

**Ms. Criscione's injuries were the result of municipal policy**

88.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 88 of Plaintiffs' Complaint and therefore deny the same.

89.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 89 of Plaintiffs' Complaint and therefore deny the same.

90.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 90 of Plaintiffs' Complaint and therefore deny the same.

91.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 91 of Plaintiffs' Complaint and therefore deny the same.

92.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 92 of Plaintiffs' Complaint and therefore deny the same.

## CLAIM 1
## SURVIVORSHIP ACTION
## (AGAINST THE EAST PARK DEFENDANTS)

93.     Claim 1 of Plaintiffs' Complaint fails as a matter of law, as set forth in Defendants' Partial Motion to Dismiss and therefore, no response to this claim is necessary. In the alternative, Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 93 of Plaintiffs' Complaint and further respond to the allegations in Claim 1 of Plaintiff's Complaint as follows:

94.     Defendants admit the allegations set forth in paragraph 94 of Plaintiffs' Complaint.

95.     Defendants deny the allegations set forth in paragraph 95 of Plaintiffs' Complaint.

96.     Defendants deny the allegations set forth in paragraph 96 of Plaintiffs' Complaint.

97.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 97 of Plaintiffs' Complaint and therefore deny the same.

98.     Defendants deny the allegations set forth in paragraph 98 of Plaintiffs' Complaint.

## CLAIM 2
## WRONGFUL DEATH
## (AGAINST THE EAST PARK DEFENDANTS)

99.     Claim 2 of Plaintiffs' Complaint fails as a matter of law, as set forth in Defendants' Partial Motion to Dismiss and therefore, no response to this claim is necessary. In the alternative, Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 99 of Plaintiffs' Complaint and further respond to the allegations in Claim 2 of Plaintiff's Complaint as follows:

100.    Defendants deny the allegations set forth in paragraph 100 of Plaintiffs' Complaint.

101.    Defendants deny the allegations set forth in paragraph 101 of Plaintiffs' Complaint.

## CLAIM 3
## BREACH OF CONTRACT
## (AGAINST THE EAST PARK DEFENDANTS)

102.    Claim 3 of Plaintiffs' Complaint fails as a matter of law, as set forth in Defendants' Partial Motion to Dismiss and therefore, no response to this claim is necessary. In the alternative, Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 102 of Plaintiffs' Complaint and further respond to the allegations in Claim 3 of Plaintiff's Complaint as follows:

103.    Defendants deny the allegations set forth in paragraph 103 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

104.    Defendants deny the allegations set forth in paragraph 104 of Plaintiffs' Complaint including each and every subpart thereto.

105.    Defendants deny the allegations set forth in paragraph 105 of Plaintiffs' Complaint.

106.    Defendants deny the allegations set forth in paragraph 106 of Plaintiffs' Complaint.

## CLAIM 4
## VIOLATIONS OF THE NURSING HOME BILL OF RIGHTS
## (OHIO REV. CODE CHAPTER 3721
## (AGAINST THE EAST PARK DEFENDANTS)

107.    Claim 4 of Plaintiffs' Complaint fails as a matter of law, as set forth in Defendants' Partial Motion to Dismiss and therefore, no response to this claim is necessary. In the alternative, Defendants reincorporate their above answers as if fully rewritten in regard to

paragraph 107 of Plaintiffs' Complaint and further respond to the allegations in Claim 4 of Plaintiff's Complaint as follows:

108.    Defendants admit only that the Nursing Home Bill of Rights speaks for itself. Defendants deny remaining allegations set forth in paragraph 108 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion

109.    Defendants deny the allegations set forth in paragraph 109 of Plaintiffs' Complaint.

110.    Defendants deny the allegations set forth in paragraph 110 of Plaintiffs' Complaint.

## CLAIM 5
## MALICIOUS PROSECUTION
## (AGAINST ALL DEFENDANTS)

111.    Claim 5 of Plaintiffs' Complaint fails as a matter of law, as set forth in Defendants' Partial Motion to Dismiss and therefore, no response to this claim is necessary. In the alternative, Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 111 of Plaintiffs' Complaint and further respond to the allegations in Claim 5 of Plaintiff's Complaint as follows:

112.    Defendants deny the allegations set forth in paragraph 112 of Plaintiffs' Complaint.

113.    Defendants deny the allegations set forth in paragraph 113 of Plaintiffs' Complaint.

114.    Defendants deny the allegations set forth in paragraph 114 of Plaintiffs' Complaint.

115.    Defendants deny the allegations set forth in paragraph 115 of Plaintiffs' Complaint.

116.     Defendants admit only that the court's docket speaks for itself. Defendants deny the remaining allegations contained in paragraph 116 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

117.     Defendants admit only that the court's docket speaks for itself. Defendants deny the remaining allegations contained in paragraph 117 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

### CLAIM 6
### ABUSE OF PROCESS
### (AGAINST ALL DEFENDANTS)

118.     Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 118 of Plaintiffs' Complaint.

119.     Defendants lack sufficient information or knowledge to either admit or deny the allegations set forth in paragraph 119 of Plaintiffs' Complaint and therefore deny the same.

120.     Defendants deny the allegations set forth in paragraph 120 of Plaintiffs' Complaint.

121.     Defendants deny the allegations set forth in paragraph 121 of Plaintiffs' Complaint.

122.     Defendants deny the allegations set forth in paragraph 122 of Plaintiffs' Complaint.

### CLAIM 7
### WHISTLEBLOWER RETALIATION (OHIO REV. CODE §3721.24)
### (AGAINST ALL DEFENDANTS)

123.     Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 123 of Plaintiffs' Complaint.

124.    Defendants admit only that Ohio Rev. Code §3721.24 speaks for itself. Defendants deny the remaining allegations set forth in paragraph 124 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

125.    Defendants deny the allegations set forth in paragraphs 125 of Plaintiffs' Complaint.

126.    Defendants deny the allegations set forth in paragraphs 126 of Plaintiffs' Complaint.

127.    Defendants deny the allegations set forth in paragraphs 127 of Plaintiffs' Complaint.

128.    Defendants deny the allegations set forth in paragraphs 128 of Plaintiffs' Complaint.

## CLAIM 8
## FALSIFICATION (OHIO REV. CODE §2921.13)
## (AGAINST ALL DEFENDANTS)

129.    Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 129 of Plaintiffs' Complaint.

130.    Defendants admit only that Ohio Rev. Code §2921.13 speaks for itself. Defendants deny the remaining allegations set forth in paragraph 130 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

131.    Defendants deny the allegations contained in paragraph 131 of Plaintiffs' Complaint including each and every subpart thereto.

## CLAIM 9
## INTIMIDATION (OHIO REV. CODE §2921.03)
## (AGAINST ALL DEFENDANTS)

132.    Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 132 of Plaintiffs' Complaint.

133.    Defendants admit only that Ohio Rev. Code §2921.03 speaks for itself. Defendants deny the remaining allegations set forth in paragraph 133 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

134.    Defendants deny the allegations contained in paragraph 134 of Plaintiffs' Complaint including each and every subpart thereto.

## CLAIM 10
## INTERFERENCE WITH CIVIL RIGHTS
## (AGAINST ALL DEFENDANTS)

135.    Claim 10 of Plaintiffs' Complaint fails as a matter of law, as set forth in Defendants' Partial Motion to Dismiss and therefore, no response to this claim is necessary. In the alternative, Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 135 of Plaintiffs' Complaint and further respond to the allegations in Claim 10 of Plaintiff's Complaint as follows:

136.    Defendants admit only that the First Amendment speaks for itself. Defendants deny the remaining allegations set forth in paragraph 136 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

137.    Defendants admit only that the Fourteenth Amendment speaks for itself. Defendants deny the remaining allegations set forth in paragraph 137 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

138.    Defendants admit only that the Ohio Rev. Code §2921.45 speaks for itself. Defendants deny the remaining allegations set forth in paragraph 138 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

139.    Defendants admit only that the Ohio Rev. Code §2923.03 speaks for itself. Defendants deny the remaining allegations set forth in paragraph 139 of Plaintiffs' Complaint for lack of knowledge, because they are untrue, and/or because they seek a legal conclusion.

140.    Defendants deny the allegations set forth in paragraph 140 of Plaintiffs' Complaint.

141.    Defendants deny the allegations set forth in paragraph 141 of Plaintiffs' Complaint.

142.    Defendants deny the allegations set forth in paragraph 142 of Plaintiffs' Complaint.

143.    Defendants deny the allegations set forth in paragraph 143 of Plaintiffs' Complaint.

**CLAIM 11**
**CONVERSION**
**(AGAINST THE EAST PARK DEFENDANTS)**

144.    Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 144 of Plaintiffs' Complaint.

145.    Defendants deny the allegations set forth in paragraph 145 of Plaintiffs' Complaint.

146.    Defendants deny the allegations set forth in paragraph 146 of Plaintiffs' Complaint.

147. Defendants deny the allegations set forth in paragraph 147 of Plaintiffs' Complaint.

148. Defendants deny the allegations set forth in paragraph 148 of Plaintiffs' Complaint.

## CLAIM 12
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

149. Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 149 of Plaintiffs' Complaint.

150. Defendants deny the allegations set forth in paragraph 150 of Plaintiffs' Complaint.

151. Defendants deny the allegations set forth in paragraph 151 of Plaintiffs' Complaint.

152. Defendants deny the allegations set forth in paragraph 152 of Plaintiffs' Complaint.

153. Defendants deny the allegations set forth in paragraph 153 of Plaintiffs' Complaint.

154. Defendants deny the allegations set forth in paragraph 154 of Plaintiffs' Complaint.

## CLAIM 13
## CIVIL ACTION FOR DEPRIVATION OF RIGHTS: 42 U.S.C. § 1983
## RETALIATORY ARREST
## (AGAINST THE BROOK PARK DEFENDANTS)

155. Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 155 of Plaintiffs' Complaint.

156. The allegations set forth in paragraph 156 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 156 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

157. The allegations set forth in paragraph 157 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 157 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

158. The allegations set forth in paragraph 158 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 158 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

159. The allegations set forth in paragraph 159 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 159 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

**CLAIM 14**
**CIVIL ACTION FOR DEPRIVATION OF RIGHTS: 42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**
**(AGAINST THE BROOK PARK DEFENDANTS)**

160. Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 160 of Plaintiffs' Complaint.

161. The allegations set forth in paragraph 161 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any

allegation is asserted against these Defendants, the allegations in paragraph 161 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

162.    The allegations set forth in paragraph 162 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 162 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

163.    The allegations set forth in paragraph 163 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 163 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

164.    The allegations set forth in paragraph 164 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 164 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

165.    The allegations set forth in paragraph 165 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 165 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

166.    The allegations set forth in paragraph 166 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 166 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

**CLAIM 15**
**CIVIL ACTION FOR DEPRIVATION OF RIGHTS: 42 U.S.C. § 1983**
**ABUSE OF PROCESS**
**(AGAINST THE BROOK PARK DEFENDANTS)**

167.    Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 167 of Plaintiffs' Complaint.

168.    The allegations set forth in paragraph 168 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 168 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

169.    The allegations set forth in paragraph 169 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 169 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

170.    The allegations set forth in paragraph 170 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 170 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

**CLAIM 16**
**CIVIL ACTION FOR DEPRIVATION OF RIGHTS: 42 U.S.C. § 1983**
**FALSE ARREST**
**(AGAINST THE BROOK PARK DEFENDANTS)**

171.    Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 171 of Plaintiffs' Complaint.

172.    The allegations set forth in paragraph 172 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any

allegation is asserted against these Defendants, the allegations in paragraph 172 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

173.    The allegations set forth in paragraph 173 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 173 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

174.    The allegations set forth in paragraph 174 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 174 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

## CLAIM 17
## CIVIL ACTION FOR DEPRIVATION OF RIGHTS: 42 U.S.C. § 1983
## EQUAL PROTECTION
## (AGAINST THE BROOK PARK DEFENDANTS)

175.    Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 175 of Plaintiffs' Complaint.

176.    The allegations set forth in paragraph 176 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 176 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

177.    The allegations set forth in paragraph 177 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 177 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

178.    The allegations set forth in paragraph 178 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 178 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

179.    The allegations set forth in paragraph 179 of Plaintiffs' Complaint are not asserted against these Defendants and therefore a response is not required. To the extent that any allegation is asserted against these Defendants, the allegations in paragraph 179 of Plaintiffs' Complaint are denied for want of knowledge and/or because they are untrue.

### CLAIM 18
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS: 42 U.S.C. § 1985(3)
### (AGAINST ALL DEFENDANTS)

180.    Defendants reincorporate their above answers as if fully rewritten in regard to paragraph 180 of Plaintiffs' Complaint.

181.    Defendants deny the allegations set forth in paragraphs 181 of Plaintiffs' Complaint.

182.    Defendants deny the allegations set forth in paragraphs 182 of Plaintiffs' Complaint.

183.    Defendants deny the allegations set forth in paragraphs 183 of Plaintiffs' Complaint.

184.    All allegations hereinbefore not specifically admitted or denied are denied and it is further denied that Plaintiffs are entitled to the judgment demanded.

### <u>FIRST SEPARATE DEFENSE</u>

Service or service of summons is not proper as to one or more of these answering Defendants.

**SECOND SEPARATE DEFENSE**.

This Court is without personal jurisdiction over one or more of these answering Defendants.

**THIRD SEPARATE DEFENSE**

Plaintiffs are not the real party in interest to pursue one or more of the claims alleged in the Amended Complaint.

**FOURTH SEPARATE DEFENSE**

One or more of the claims in Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendants.

**FIFTH SEPARATE DEFENSE**

Plaintiffs' claims are subject to a valid and enforceable arbitration agreement.

**SIXTH SEPARATE DEFENSE**

One or more of the claims in Plaintiffs' Complaint are barred by the applicable statute of limitations, statute of repose, and/or the equitable doctrines of waiver, estoppel, and laches.

**SEVENTH SEPARATE DEFENSE**

Plaintiffs were fully advised of the nature and extent of the treatment to be rendered and the material risks and dangers inherently and potentially involved therewith and voluntarily assumed and consented to those risks.

**EIGHTH SEPARATE DEFENSE**

To the extent that Plaintiffs claim a lack of informed consent, such claims are barred by Ohio Revised Code §2317.54.

## NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' contributorily or comparatively negligent conduct. (Ohio Revised Code §§2307.22. 2315.32, *et seq*.)

## TENTH SEPARATE DEFENSE

Defendants are entitled to a set-off/credit/apportionment for any settlement of claims for alleged injuries, or payments made to Plaintiffs, or outstanding medical bills owed to Defendants, or made on behalf of Plaintiffs to third parties, by any other Defendants or other entity, including but not limited to a reduction in damages based on collateral sources, and/or a write-off of medical bills.

## ELEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

## TWELFTH SEPARATE DEFENSE

The claims set forth in the Plaintiffs' Complaint are barred because the alleged injuries and damages, if any, are the result of Dorothy Mandanici's own underlying disease, or an idiosyncratic or allergic reaction to the treatment and/or disease in question.

## THIRTEENTH SEPARATE DEFENSE

There is no causal relationship between Defendants' conduct and the injuries and damages alleged by Plaintiffs in Plaintiffs' Complaint.

## FOURTEENTH SEPARATE DEFENSE

All or part of the injuries or damages alleged in Plaintiffs' Complaint were caused by the acts or omissions of another or others, whose conduct Defendants had no reason to anticipate and

for whose conduct Defendants are not and were not responsible. (Ohio Revised Code §2307.22, *et seq.*)

### FIFTEENTH SEPARATE DEFENSE

Plaintiffs are barred from recovery, in whole or in part, because the alleged damages were proximately caused by a superseding or intervening cause.

### SIXTEENTH SEPARATE DEFENSE

The injuries or damages of which Plaintiffs complain were caused or contributed to by one or more persons from whom the Plaintiffs do not seek recovery in this action. (Ohio Revised Code §2307.23).

### SEVENTEENTH SEPARATE DEFENSE

One or more of Plaintiffs' claims for damages is subject to the limitations on damages set forth in the Ohio Revised Code, and this Court is without jurisdiction to enter judgment for Plaintiffs beyond those limitations.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiffs are barred from recovering any past premiums, deductibles or other expenses related to the health insurance plan that is required by the Patient Protection and Affordable Care Act, and its attendant rules and regulations. Moreover, in the event that Plaintiffs' Decedent did not, in the past, obtain the minimum essential coverage required by the Affordable Care Act, Plaintiffs are barred from recovering any and all past medical expenses.

### NINETEENTH SEPARATE DEFENSE

Plaintiffs have failed to join one or more necessary and indispensable parties.

## TWENTIETH SEPARATE DEFENSE

One or more of Plaintiffs' claims are barred by the tort reform provisions of Ohio law set forth in Ohio Senate Bill 120, Senate Bill 281, Senate Bill 179, Senate Bill 80, and House Bill 215, including but not limited to the limitations and prohibitions on certain types of claims, and the limitation (caps) on compensatory and punitive damages set forth therein, including Ohio Revised Code §2323.43, §§2307.71 through 2307.80, §2315.18, §2315.21, *et al*.

## TWENTY-FIRST SEPARATE DEFENSE

One or more of Plaintiffs' claims are barred by the tort reform provisions of Ohio law set forth in Ohio House Bill 7, including R.C. §2317.45, which prohibits the use of reimbursement policies, reimbursement determinations, or regulations issued by the United States Centers for Medicare and Medicaid Services or the Ohio Department of Medicaid regarding health care services in any civil action and such policies, determinations and regulations may not be used to establish the standard of care.

## TWENTY-SECOND SEPARATE DEFENSE

Plaintiffs lack a reasonable good faith basis for the claims asserted in the Amended Complaint, thereby entitling Defendants to an award of attorney's fees and costs against Plaintiffs as provided in Ohio Revised Code §2323.42.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiffs have neither alleged, nor can prove, facts sufficient to pierce the corporate veil and disregard the corporate form as required by *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827.

## TWENTY-FOURTH SEPARATE DEFENSE

An imposition of punitive damages in this case against Defendants is barred to the extent that the manner in which such punitive damages are calculated violates the Constitution of the United States or the Constitution of the State of Ohio.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiffs' claim for punitive damages is subject to the limitations on punitive damages awards imposed by Ohio Revised Code §2315.21, including the limitation that the amount of punitive damages be determined by the court.

## TWENTY-SIXTH SEPARATE DEFENSE

Plaintiffs' claim for punitive damages should be bifurcated from the liability phase of trial in accordance with Ohio Revised Code §2315.21.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' punitive-damages claims are frivolous under Civ. R. 11 and constitute frivolous conduct under R.C. 2323.51. All filings or litigation in support of such claims would also be frivolous, thereby entitling Defendants to attorney fees, litigation costs, and expenses.

## TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiffs have failed to submit an Affidavit of Merit as required by with Civ. R. 10(D), and therefore, Plaintiffs have failed to state a claim and the Amended Complaint should be dismissed.

## TWENTY-NINTH SEPARATE DEFENSE

Defendants have immunity to some or all of Plaintiffs' claims; including but not limited to immunity granted pursuant to ORC §2305.2311, HB 606 and any further similar statutory immunity granted by the Ohio State Legislature.

### THIRTIETH SEPARATE DEFENSE

The claims asserted by Plaintiffs are subject to a valid and enforceable arbitration agreement and/or arbitration clause in a contract which must stay the action pending arbitration.

### THIRTY-FIRST SEPARATE DEFENSE

No private cause of action exists for some or all of the alleged criminal violations identified in Plaintiffs' Complaint.

### THIRTY-SECOND SEPARATE DEFENSE

Any statements made by Defendants were privileged.

### THIRTY-THIRD SEPARATE DEFENSE

Defendants did not retaliate against Plaintiffs.

### THIRTY-FOURTH SEPARATE DEFENSE

Defendants did not discriminate against Plaintiffs.

### THIRTY-FIFTH SEPARATE DEFENSE

Defendants reserve the right to add any additional affirmative or separate defenses that may become available as discovery proceeds.

### THIRTY-SIXTH SEPARATE DEFENSE

Defendants reserve the right to add any additional affirmative or separate defenses that may become available as discovery proceeds.

**WHEREFORE**, Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer, having fully answered, Defendants hereby request that Plaintiffs' Complaint be dismissed at Plaintiffs' cost and that this Court grant any further relief that it deems just and equitable, including allowable costs to Defendants.

Respectfully submitted,

*/s/Emily R. Yoder*

Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## **JURY DEMAND**

Defendants, East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer, hereby demand a trial by jury, made up of the maximum allowable number of jurors, and for all facts and issues in this action, pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure.

Respectfully submitted,

*/s/Emily R. Yoder*

Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing *Answer of Defendants East Park Retirement Community, Inc., Laura Divencenzo and Sara Thurmer to Plaintiffs' Complaint* was filed electronically on January 9, 2025, with the Clerk using the CM/ECF system, which will notify all parties. Parties may access this document through the court's electronic-filing system.

/s/ Emily R. Yoder
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1374825-v1>>