IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GINA CRISCIONE AND ESTATE OF DOROTHY MANDANICI </br></br>Plaintiffs. </br></br>v. </br></br>LAURA DIVINCENZO, et al., </br></br>Defendants. | ) CASE NO.: 1:24-CV-01446 </br> ) </br> ) JUDGE: PAMELA A. BARKER </br> ) </br> ) MAGISTRATE: JUDGE JAMES E. </br> ) GRIMES JR. </br> ) </br> ) **REPLY BRIEF ON DEFENDANTS',** </br> ) **CITY OF BROOK PARK, GEORGE** </br> ) **SAKELLAKIS, HAROLD DUNCAN, RYAN** </br> ) **WALSH AND THOMAS SENSEL,** </br> ) **MOTION TO DISMISS** </br> ) |

## REPLY BRIEF ON MOTION TO DISMISS

Plaintiffs' overall argument is that their claims that were dismissed with prejudice on May 4, 2023 in Cuyahoga County could be refiled on August 23, 2024 in federal court.

In response to the Motion to Dismiss, Plaintiffs do not even contest the Supreme Court of Ohio ruling in *Denham* and agree that wording and analysis set forth is correct (pg. 10 of Brief in Opposition) but then try to distinguish *Denham* by referring to later district appellate cases. Also, of note, Plaintiffs do not contest those portions of Defendants' Motion to Dismiss as to res judicata, mootness, et al.

In one argument that Plaintiffs make to try to distinguish *Denham*, Plaintiffs incorrectly state that the decision dismissing the city and officers with prejudice was not based on political subdivision immunity from suit and where Ohio courts expedite review due to the manifest statutory purpose of R.C. 2744. *Hubbell v. City of Xenia*, 115 Ohio.St. 3d 77, 81 (2007) (pg. 10 of Brief in Opposition). Plaintiff knows that is not completely true. In the Cuyahoga County Court of Common Pleas action, these Defendants absolutely and affirmatively moved to dismiss

the asserted state law causes of action fully or partially due to immunity.  Plaintiffs asserted state law tort claims for malicious prosecution (Claim 4), abuse of process (Claim 5), and intentional infliction of emotional distress (Claim 12). Defendants moved to dismiss the same due to statutory immunity.  (See Defendants' Motion to Dismiss from the Cuyahoga docket attached as Exhibit "C").  The Court ruled in Defendants' favor and dismissed these claims with prejudice.

Defendants raised statutory immunity as one of the multiple grounds for dismissing Counts 6, 7, 8, 9 and 10. (See Defendants' Motion to Dismiss from the Cuyahoga docket attached as Exhibit "C").  The Court ruled in Defendants' favor and dismissed the claims with prejudice.  So, this argument from Plaintiffs is simply not true.

Plaintiffs also argue that Judge Russo's subsequent dismissal was a "in fact a dismissal of the entire 'case' "but not a "dismissal of the remainder of that lawsuit".  Plaintiff argues that the dismissal was not a dismissal "of the remaining parties".  (Pg. 11 of Brief in Opposition) It certainly was nothing but that.  After these Defendants were dismissed from the action the East Park Defendants were the only remaining defendants (parties).  When the Judge entered the subsequent dismissal, it would have only been a dismissal of the only remaining parties – the East Park Defendants.  The matter was coming up for trial and Plaintiff did not timely file a trial brief as ordered in the Case Management Order.  The Court then dismissed the case without prejudice for Plaintiff's failure to prosecute.  The trial brief and impending trial only concerned the East Park Defendants.  The failure to prosecute could only be related to prosecuting the claim against the East Park Defendants as they were the only remaining defendant as these Defendants had been previously dismissed.  Therefore, the Order of dismissal could only relate to the East Park Defendants as the only remaining parties as to which Plaintiffs could prosecute their case.

Further, the dismissal would be characterized as an Ohio Civ.R. 41(B)(1) dismissal for failure to prosecute (see Order below and attached hereto as Exhibit "D").


156430823

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

GINA CRISCIONE, ET AL.
Plaintiff

Case No: CV-23-976445

Judge: NANCY MARGARET RUSSO

LAURA DIVINCENZO, ET AL.
Defendant

### JOURNAL ENTRY

87 DIS. W/O PREJ - FINAL

PLAINTIFF FAILED TO TIMELY FILE TRIAL BRIEF AS ORDERED IN THE CASE MANAGEMENT ORDER.  CASE IS DWOP FOR PLAINTIFFS FAILURE TO PROSECUTE.  ALL MOTIONS ARE MOOT.  TRIAL DATE IS CANCELLED.  SHOULD DEFENSE FILE A MOTION FOR SANCTIONS, IT IS TO BE FILED ON OR BEFORE 8/30/23.

COURT COST ASSESSED TO THE PLAINTIFF(S).
PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS IS DIRECTED TO SERVE THIS JUDGMENT IN A MANNER PRESCRIBED BY CIV.R. 5(B).  THE CLERK MUST INDICATE ON THE DOCKET THE NAMES AND ADDRESSES OF ALL PARTIES, THE METHOD OF SERVICE, AND THE COSTS ASSOCIATED WITH THIS SERVICE.

*Nancy Margaret Russo*
Judge Signature        08/25/2023

Plaintiff also makes an argument that the Order declared, "ALL MOTIONS ARE MOOT" which would include the Motion to Dismiss.  Looking at the Cuyahoga Court docket for the case, it is clear that it did not refer to the Brook Park Defendants' Motion to Dismiss.  The pending motions that had not yet been ruled upon (five motions in limine) were marked on the docket as 'moot".  None of the prior motions that had been ruled upon were marked as moot.  And as a practical matter, a motion that had already been decided could not be subject to being moot.

In the *Toledo Heart Surgeons* case cited by Plaintiffs in a footnote, the plaintiff in that case affirmatively filed an Ohio Civ. R. 41 (A) Voluntary Dismissal without prejudice against

"all defendants" which rendered null the prior rulings as if a prior case had never been brought. The same did not occur in this case.

In the *Gruenspan* case cited by Plaintiffs in a footnote, the plaintiff in that case affirmatively filed a Civ.R. 41 (A) Voluntary Dismissal without prejudice indicating that "this case is dismissed without prejudice". The Eight District, relying upon *Niesen v. Firelands Rural Elec. Corp.,* noted, "the court held that a voluntary dismissal, without prejudice, dissolves all interlocutory orders made by the court in that action including a partial summary judgment". This present case does not involve a Plaintiff voluntarily dismissing without prejudice the entirety of a case.

Further, Judge Russo did not just designate that the dismissal of the Brook Park Defendants with prejudice but on its face declared the same as "FINAL". She also specifically noted that, "ALL OTHER CLAIMS AND DEFENDANTS REMAIN…"

Plaintiffs try to apply the cited *Myers* decision by again making the on-its-face false argument that "neither involves an interlocutory decision on immunity grounds" (pg. 12 of Brief in Opposition, paragraph 1). As shown above, grounds argued for dismissal involved Ohio statutory immunity defenses. This necessitated a need to appeal the decision per *Denham*. Plaintiffs cannot argue that the appeal was not warranted because other counts were dismissed for other reasons. Nor can Plaintiffs argue that perhaps only those counts dismissed for immunity reasons should have been appealed allowing the remaining counts to be refiled herein. To avoid piecemeal litigation, the entirety of the claims subject to dismissal should have been appealed.

The *Myers* case is also distinguishable. It involved the trial court granting summary judgment for defendant Nationwide but also denying plaintiff's motion for summary judgment.

After that, the Court awarded default judgment against another defendant and entered a stipulated order dismissing the claims against another defendant due to a settlement agreement. After all of those Orders were entered, "the common pleas court dismissed all claims against all parties". (Par. 1) The Order at issue read, "Case is dismissed at to all parties. Case is now dismissed as to all parties with prejudice. Final." (Par. 6) That did not occur with Judge Russo's Order. As well, it was noted that, "The Court expressly stated that the judgment for Nationwide was partial, not final." While the subject Judge Russo Order had a code listed as, "89 – Dis. W/Prej – Partial" the Order itself read, "MOTION TO DISMISS BY BROOK PARK DEFENDANTS IS GRANTED. FINAL." The *Myers* decision was predicated upon the Court dismissing the "case" "with prejudice" "as to all parties" as the partial summary judgment was replaced by the Court order of dismissal which was final against all parties to the case. (Par. 12)

The cited *Fairchilds* decision is also distinguishable in that it was predicated upon plaintiff's filing of a Civ.R. 41(A) dismissal of all defendants. Following a motion for summary judgment (converted to a motion to dismiss), defendant MVH was granted summary judgment and only defendant Landis remained. The plaintiff's dismissal clearly read, "voluntarily dismissing this case without prejudice, and subject to refiling pursuant to Civ.R. 41(A) against all party Defendants, Angela Landis and Miami Valley Hospital, Inc." (Par. 11) Not just Landis – but every defendant. The Court relied on the fact that a voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity. (Par. 34). Here, in our case, there is an involuntary dismissal – not against all defendants – but as against the East Park Defendants when Plaintiffs failed to prosecute the case against them for trial. The *Fairchilds* Court noted the dismissal notice "clearly" included a dismissal of all defendants. (Par. 38)

The dissenting opinion in *Fairchilds* addressed a similar argument made by Plaintiffs in this case. The opinion noted that the appellants, "lacked authority to sidestep the trial court's decision on the merits on all claims brought against MVH." And noted that while a Civ.R. 54(B) certification was not included in the Order, the trial court "clearly stated" that MVH was dismissed from the case. The opinion noted that by wording a dismissal how a plaintiff chooses to word it does not make it so. It is akin to a party having, "voluntarily dismissed the sun, the moon, and the stars, but that wouldn't make it so." The opinion stated that one cannot dismiss a party previously dismissed by court order." A dismissal could only be against the remaining party. In this present case, it is a certainty that Judge Russo's involuntary dismissal could only be against the remaining parties at that time. In the opinion, reference was made to Civ.R. 1(B) which requires that the Civil Rules, "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice". The appellants' sidestep was a misstep that violated a sense of fair play. MVH should not be required to defend the same claims a second time once it was dismissed by court order.

Plaintiff takes issue that Judge Russo's Order granting the Brook Park Defendants' Motion to Dismiss did not contain the words, "no just cause for delay". Of note, in the *Denham* case, the subject summary judgment order read, "This is not a final appealable order as the case will proceed on the claims against the remaining defendants." There is no reference to "not just cause for delay" being in that Order. The Ohio Supreme Court looked at federal decisions and ruled that a "Civ.R. 41(A) dismissal only dismisses all claims against the defendant designated in the dismissal notice and does not apply to defendants named in the Complaint who are not designated in the notice of dismissal." The Supreme Court of Ohio further ruled, "However, in

this case <u>all the remaining parties to the suit</u> have been dismissed. (emphasis added)" Similarly here, Judge Russo's Civ.R. 4(B)(1) dismissal could only be against the remaining parties in the case rendering the Order as to the Brook Park Defendants to be a final appealable Order.

The status of these defendants is similar to the description given in the dissenting opinion in *Myers*. Once the Brook Park Defendants were dismissed, they were simply passive parties and "extrinsic" to the case. They were not expected to attend further court proceedings such as the Final Pre-Trial Conference and the trial. The final order of dismissal could only dispose of the remaining, pending claims against the remaining, pending parties. And as noted in the dissent, the Eight District in *Saikus v. Ford Motor Company*, went differently than in the *Myers* decision when a corrected order would have only dismissed the remaining claims against specific parties.

When a plaintiff files a voluntary dismissal, said plaintiff essentially controls the narrative and who may be dismissed – it can name all or simply some of the defendants in an original complaint. Here, Plaintiff did not exercise said right and the dismissal is limited to the intent of the trial court as to what was being dismissed.

A similar situation was most recently addressed by the Eight District in 2022. A similar matter arose in the Cuyahoga County Common Pleas Court in *Ullom v. Agoston*, CV-20-940267 (attached as Exhibit "E"). In that case, the trial judge dismissed a refiled lawsuit on res judicata grounds and determined that, pursuant to *Denham*, parties who had been dismissed from a prior case by the Court and upon motion could not be sued again following that plaintiff's Ohio Civ.R. 41 dismissal of the prior action without prejudice. The Court noted that the language in a dismissal cannot apply to defendants who were specified in the Complaint but dismissed by an Order as due to the prior dismissal they could not be included in the final dismissal. The trial

judge noted that for a dismissal to void all prior orders of dismissal, it must void every claim brought against every defendant.  [Judge Russo's Order did not do that.]  The trial judge ruled that, "It is not possible to voluntarily dismiss claims against a party, where the Court already dismissed the parties entirely and granted judgment in their favor."

Plaintiffs in our case argue that nobody really knows who the Civ.R. 41(B) dismissal could apply to as it references "case".  But the trial judge in *Ullom* addressed a similar situation and determined that dismissal of an "action" could only relate to the only remaining party in the lawsuit.  The trial judge noted that several courts of appeals have issued decisions following pre-*Denham* precedent or that misconstrued the holding of *Denham* (such as those cited by Plaintiff in this case).  That trial judge determined that she would follow "the clear rule of the Ohio Supreme Court, which is still good law."

The trial judge further noted that,

"The Ohio Supreme Court has not determined whether the appellate courts' analyses and conclusions are correct. The Court had previously accepted the issue for review, but dismissed it as improvidently accepted. *Fairchilds v. Miami Valley Hospital*, 109 Ohio St.3d 1229, 2006-Ohio-3055, 849 N.E.2d 292. Two justices dissented to the dismissal and in Justice Lundberg Stratton's dissent she explained that it was of her opinion that "plaintiffs cannot nullify or dissolve a summary judgment decision, albeit interlocutory, by filing a Civ.R. 41(A) voluntary dismissal." Id. at 2. She further added:

This court intends to refer this matter to the Supreme Court's Commission on the Rules of Practice and Procedure in light of the potential for abuse of Civ.R. 41(A). I agree that a rule amendment may be necessary. However, I believe that we should take action now to stop this abusive maneuvering by parties who want a second bite at the apple following an unfavorable interlocutory decision. A party who believes that it was unfairly denied discovery to defend a motion for summary judgment may appeal from that decision, but that party is not entitled to refile the entire case.

In *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 1999-Ohio-128, 716 N.E.2d 184, we sanctioned a Civ.R. 41(A) voluntary dismissal of fewer than all of the defendants in a case, and we held that that dismissal caused an interlocutory summary judgment order in favor of the remaining defendant to become final and appealable. I would hold that the plaintiffs' voluntary dismissal applied to Landis only and extend the reasoning of Denham to finalize the summary judgment in favor of MVH. Therefore, I respectfully dissent.

Id. at 9-10.

The Supreme Court of Ohio in *Denham* was explicit in its position:

Denham, however, argues that the voluntary dismissal of the remaining parties to the suit does leave the parties as if no action had been brought, but only with regard to the parties who were voluntarily dismissed from the action. Therefore, Denham contends that the trial court summary judgment decision for New Carlisle is no longer an interlocutory order, but is now a final appealable order. We find merit in this argument.

*Denham* at 596."

This decision set up an appeal to the Eight District which affirmed the trial court's decision based upon the *Denham* ruling. *Ullom v. Agoston*, 2022-Ohio-3813 (Eighth District).

Plaintiff's summary of the *Hutchinson* decision misstates the opinion. It was not a ruling that unless a journal entry specifies that a dismissal applies to specific claims or parties, it applies to the entire action and all defendants sued. The Court found in that particular action, since there was no transcript of the actual oral statement of Plaintiff's voluntary dismissal in open court – which was in dispute, the Court would determine that the judge's Order summarizing that and dismissing the case would apply to all defendants sued. As noted, the later *Ullom* decisions went the opposite route – you can't dismiss a party already dismissed.

It should also be noted how federal courts handle similar issues. Certain interlocutory orders that stop a plaintiff's action altogether or that cannot be examined again at trial merge into a final judgment for failure to prosecute and may be reviewed on the merits on appeal when the final judgment is appealed. *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176 (2d Cir.1990) (reviewing denial of class certification after plaintiff's case was dismissed under Rule 41(b) for failure to prosecute its individual claim), cert. denied, 498 U.S. 1025, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991) and *Allied*

*Air Freight v. Pan American World Airways*, 393 F.2d 441 (2d Cir.) (reviewing grant of stay), cert. denied, 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968).

If this Court believes this is a novel issue of law in Ohio or a case of first impression, or that there is a conflict between appellate districts as to the question at issue and where there is no singular Ohio Supreme Court direction on the issue, an option this Honorable Court has available to it is a certification of the question of law to the Ohio Supreme Court.

The Supreme Court of Ohio may answer a question of law certified to it by a United States Court pursuant to Ohio S. Ct. Prac. R. XVIII. See also, *Metz v. Unizan Bank*, 416 F.Supp.2d 568, 574 (N.D. Ohio 2006). A federal court may certify a state-law issue even absent a request from the parties, *Elkins v. Moreno*, 435 U.S. 647, 662 (1978), to address "the problem of authoritatively determining unresolved state law involved in federal litigation," *Clay v. Sun Ins. Office Ltd.*, 363 U.S. 207, 212 (1960). Certification "avoids the hazards of attempting to forecast" how a state court might rule, and "saves time, energy, and resources and helps build a cooperative judicial federalism." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 77 (1997) (*per curiam*) (citations omitted). The Ohio Supreme Court has stated, "the purpose of certification is to apply the same rules of state law to litigants in federal court as would apply in state court." *Scott v. Bank One Trust Co., N.A.*, 577 N.E.2d 1077, 1082 (Ohio 1991) (*per curiam)*. A federal court's decision to certify questions of law to a state supreme court "rests in the sound discretion of the federal court." *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974).

If this Court does not dismiss all of Plaintiff's claims against these defendants for the reasons set forth in the Motion to Dismiss, and if this Court does not wish to certify the question of law to the Ohio Supreme Court, Defendants would request leave from this Honorable Court to file a second or supplemental Motion to Dismiss to raise the exact same legal arguments in this

Court that were raised in the Cuyahoga Common Pleas Court and where Judge Russo reviewed the briefing and, on legal grounds, dismissed all causes of action with prejudice. The fact that the same occurred should alert this Court to the specious and frivolous claims asserted by Plaintiff against these Defendants and where the Court should vet all these claims before allowing them to continue and before wasteful time and money is spent on discovery related to the same. Just as one example, Plaintiffs assert state law tort claims against Defendant City of Brook Park for malicious prosecution (Claim 5 made against all defendants), abuse of process (Claim 6 made against all defendants), and intentional infliction of emotional distress (Claim 12 made against all defendants). It is undisputed that political subdivisions in Ohio are immune under O.R.C. 2744.02 from liability for intentional tort claims which include malicious prosecution and intentional infliction of emotional distress. *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 249, 659 N.E.2d 317 (1995); *Wilson v. Stark County Department of Human Services*, 70 Ohio St.3d 450, 452, 639 N.E.2d 105 (1994); *Price v. Austintown Local School Dist. Bd.*, 897 N.E.2d 700, 178 Ohio App.3d 256, 2008 Ohio 4514 (Ohio App. 2008). Abuse of process, malicious prosecution, defamation, and false imprisonment do not fall within any one of the five exceptions to statutory immunity listed in O.R.C. 2744.02(B). *Armbruster v. W. Unity Police Dept.*, 127 Ohio App.3d 478, 713 N.E.2d 436 (6th Dist. 1998). This one example alone shows that Plaintiff is pursuing claims for which there is no entitlement, and it shows a clear violation of Rule 11. Another is that these Defendants moved to dismiss four claims (Claims 10, 13, 15, 16) because the Amended Complaint, on its face, showed that they were barred by the applicable statutes of limitations. The Common Pleas Court dismissed those claims. This Court (and these Defendants) should have an opportunity to have all these claims vetted at this stage of the litigation through an additional Motion to Dismiss.

**CONCLUSION**

For the reasons above, the Brook Park Defendants move for dismissal of all Claims of the Complaint against all of them (Claims 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17 and 18).

Respectfully Submitted,

*/s/ Michael L. Morgan*

Michael L. Morgan, Esq. (0087565)
*Attorney for Defendants, City of Brook Park,*
*George Sakellakis, Harold Duncan, Ryan Walsh*
*and Thomas Sensel*
LAW OFFICE
P.O. Box 36538
Canton, OH 44735
Telephone: 330-415-8890
Facsimile: 855-515-8241
Email: Michael.Morgan@selective.com

**CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing *Reply Brief on Motion to Dismiss* was served this 5th day of March, 2025 via the Court's electronic filing system upon the following:

Brian D. Bardwell Esq.
Speech Law LLC
1265 West Sixth St. Suite 400
Cleveland OH 44113

Emily R. Yoder, Esq.
Hanna, Campbell & Powell
3737 Embassy Parkway, Suite 100
Akron, OH 44333

*/s/ Michael L. Morgan*

Michael L. Morgan Esquire 0087565
*Attorney for Defendants, City of Brook Park, Ryan Walsh, George Sakellakis, Harold Duncan and Thomas Sensel*