

FILED

'JUL 1 5 2021

117857911

Clerk of Courts
Cuyahoga County, Ohio

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

DEENA ULLOM, ET AL
    Plaintiff

Case No: CV-20-940267

Judge: CASSANDRA COLLIER-WILLIAMS

EDWARD AGOSTON, ET AL
    Defendant

## JOURNAL ENTRY

96 DISP.OTHER - FINAL

DEFENDANTS EDWARD AGOSTON AND SHARON AGOSTON'S MOTION FOR JUDGMENT ON THE PLEADINGS IN
RESPONSE TO PLAINTIFFS' REFILED FIRST AMENDED COMPLAINT, FILED 03/19/2021, IS GRANTED.

FINAL OPINION AND ORDER IS SIGNED AND ORDERED RECORDED. ORDER ATTACHED. OSJ. FINAL.

IT IS SO ORDERED.
COURT COST ASSESSED TO THE PLAINTIFF(S).
PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS IS DIRECTED TO SERVE THIS JUDGMENT IN A MANNER
PRESCRIBED BY CIV.R. 5(B).  THE CLERK MUST INDICATE ON THE DOCKET THE NAMES AND ADDRESSES OF ALL
PARTIES, THE METHOD OF SERVICE, AND THE COSTS ASSOCIATED WITH THIS SERVICE.

_____
Judge Signature                    Date

- 96
07/14/2021

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **DEENA ULLOM, et al.** | ) | Case No. CV-20-940267 |
| | ) | |
| Plaintiffs, | ) | JUDGE CASSANDRA COLLIER-WILLIAMS |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **EDWARD AGOSTON, et al.** | ) | |
| | ) | **FINAL OPINION AND ORDER** |
| Defendants. | ) | |
| | ) | |

**JUDGE C. COLLIER-WILLIAMS:**

This cause came for consideration upon Defendants' Edward Agoston and Sharon Agoston

(hereinafter "Defendants"), Motion for Judgment on the Pleadings pursuant to Rule 12(C).  Said

Motion requests judgment, as a matter of law, on all Plaintiffs' Denna Ullom and Thomas Ullom

(hereinafter "Plaintiffs") claims against the Agoston Defendants asserted in their Complaint.  For

reasons set forth more fully below, this Court hereby GRANTS Defendants' Motion for Judgment

on the Pleadings.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 2017, Plaintiffs contracted with the Agoston Defendants for the purchase

of residential real estate in Brecksville, Ohio.  Incorporated in the Purchase Agreement was a

Residential Property Disclosure Form, wherein the Defendants were to disclose to the Plaintiffs

certain latent and patent defects on the premises.  On January 22, 2019, Plaintiffs filed a Complaint

against Defendants alleging breach of contract and negligent misrepresentation (Case No. CV. 19-

909957).  Specifically, the Complaint alleged that the foundation and support systems of the home were faulty, and that such condition and the failure of the Defendants to disclose this condition to the Plaintiffs breached the Purchase Agreement signed by the parties.  On February 20, 2019, Plaintiffs filed a First Amended Complaint adding Erie Insurance Company, their homeowner's insurance company, as a Defendant, asserting a bad faith claim against them.  On April 17, 2019, Defendant Erie Insurance Company filed an Answer, a Counterclaim against Plaintiffs, and a Cross-Claim against the Agoston Defendants.

On May 16, 2019, Allstate Insurance Company, Defendants' homeowner's insurance company, filed an Intervention Complaint against Plaintiffs and the Agoston Defendants.  On July 17, 2019, Intervenor Allstate Insurance Company filed a Motion for Judgment on the Pleadings against the Agoston Defendants.  The Agoston Defendants filed their Motion for Judgment on the Pleadings against Plaintiffs and Defendant Erie Insurance Company on July 12, 2019.

On September 11, 2019, this Court granted the Agoston Defendants' Motion for Judgment on the Pleadings against Plaintiffs and Defendant Erie Insurance Company.  This Court also granted Intervenor Allstate Insurance Company's Motion for Judgment on the Pleadings.  The claims against Erie Insurance Company and Erie Insurance Company's counterclaims were the only claims left pending.  On October 9, 2019, Plaintiffs filed a Notice of Appeal.  On October 16, 2019, the Court of Appeals for the Eighth District dismissed the appeal for lack of a final appealable order because Plaintiffs' claims against Erie Insurance Company and Erie Insurance Company's counterclaims remained pending.  On November 9, 2019, Plaintiffs sought leave to amend their Complaint to bring back in the Defendants who were dismissed from the case.  This Court denied the Motion to Amend.

On July 7, 2020, counsel notified this Court that a settlement had been reached on all remaining claims between Plaintiffs and Defendant Erie Insurance Co. On August 7, 2020, Plaintiffs filed a Notice of Voluntary Dismissal, dismissing the remaining Defendant, Erie Insurance Co., without prejudice pursuant to Ohio Civ. R. 41(A). On August, 27, 2020, this Court entered a final order dismissing the case (Case No. CV. 19- 909957). Consequently, on that same date, August 27, 2020, this Court's Order granting the Agoston Defendants' Motion for Judgment on the Pleadings, became a final appealable order. No appeal was filed by the Plaintiffs.

On November 16, 2020, Plaintiffs filed the instant Complaint setting forth allegations, causes of actions, and requests for damages stemming from the same sale of the Agoston Defendants' home to Plaintiffs that was the subject of Case Number CV-19-909957. The Complaint contained three causes of action: breach of contract, fraudulent misrepresentation, and fraudulent concealment. On January 19, 2021, the Defendants filed their Motion for Judgment on the Pleadings pursuant to Rule 12(C).

On February 1, 2021, Plaintiffs filed their First Amended Complaint where they added additional information concerning Defendants' alleged fraud against Plaintiffs. On January 26, 2021, the Defendants filed their Answer to Plaintiffs' Amended Complaint. In their Answer, the Defendants raised a number of Affirmative Defenses including the following:

39. The plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel based on this court's journal entry of September 11, 2019, which granted judgment on pleadings in favor of the defendants in the original action. The journal entry and the plaintiffs' first amended complaint in the original action have been attached and are incorporated by reference.

40. The plaintiffs' claims are barred by the law of the case, as they had the opportunity to appeal this court's prior ruling following final judgment in the original case, and the plaintiffs elected not to appeal. They are bound by this court's prior ruling and cannot now appeal or revisit it.

On March 19, 2021, the Defendants re-filed their Motion for Judgment on the Pleadings. For purposes of the motion at issue, the Court must take all allegations as true.

For all the reasons set forth below, this Court GRANTS Defendants' Motion for Judgment on the Pleadings.

## II.   APPLICABLE LAW AND ANALYSIS

### A.   12(C) Motion for Judgment on the Pleadings

The appropriate test to determine whether a Court can dismiss a complaint pursuant to Civ. R. 12(C) is as follows:

> Under Civ. R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.

*Carson v. Carrick*, 8th Dist. Cuyahoga No. 108129, 2019-Ohio-4260. A review of a Civ. R. 12(C) motion for judgment on the pleadings raises only questions of law and may take into consideration both the complaint, the answer and any material attached as exhibits to those pleadings. *Id.; Jordan v. Giant Eagle Supermarket*, 8th Dist. Cuyahoga No. 109304, 2020-Ohio-5622, ¶ 20, citing *Schmitt v. Educational Serv. Ctr.*, 8th Dist. Cuyahoga No. 97623, 2012-Ohio-2210, ¶ 9. The original civil action in this matter was raised in both Plaintiffs' Complaint, First Amended Complaint, and Defendants' answer and this Court takes judicial notice of the prior proceedings.

The Defendants raise the following issues in their Motion for Judgment on the Pleadings: 1) The Plaintiffs must plead a factual basis for their claims in order to survive a motion to dismiss the Complaint; 2) Ohio does not permit claims for negligent failure to disclose defects in real

estate; 3) The Plaintiffs have failed to allege fraud with particularity; and 4) The Plaintiffs may not relitigate a case they have already lost.

This Court will address the 4th issue raised by the Defendants first.

**B.**   **The Doctrine of Res Judicata**

Pursuant to the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grill v. Artistic Renovations*, 8th Dist. Cuyahoga No. 105882, 2018-Ohio-747. It is well established under Ohio law that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit. *Id.* "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or forever be barred from asserting it." (Citations omitted.) *Nat'l Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60, 558 N.E.2d 1178, 1180 (1990).

A court must apply claim preclusion and dismiss a subsequent suit where the party seeking to invoke the doctrine demonstrates the following four elements:

> (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) there is a second action that involves the same parties, or their privies, as the first action; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of a transaction or occurrence that was the subject matter of the first action.

*Daniel v. Shorebank Cleveland*, 8th Dist. No. 92832, 2010-Ohio-1054. "Res judicata involves both claim preclusion and issue preclusion" and can operate to bar "the same issue between the same parties or those in privity with them." *McAdams v. Mercedes-Benz USA, L.L.C.*, Slip Opinion No. 2020-Ohio-3702, ¶ 21, citing *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7.

Applying the facts of this case to the elements of res judicata doctrine, the following is apparent:

1. **There is a final valid decision on the merits by a court of competent jurisdiction.** This Court reached a valid, final decision on the merits in the original action with respect to the Agoston Defendants when it granted the Agostons' Motion for Judgment on the Pleadings on September 11, 2019. The Plaintiffs could have appealed that Order within thirty (30) days of dismissing without prejudice the remaining defendant in the original case, Erie Insurance. The Plaintiffs did not appeal Case Number CV-19-909957.

2. **There is a second action that involves the same parties, or their privies, as the first action.** In the first action (Case No. CV-19-909957), the Plaintiffs were Deena and Thomas Ullom. The Defendants were Edward and Sharon Agoston, and Erie Insurance. In the current case, the Plaintiffs are Deena and Thomas Ullom, and the Defendants are Edward and Sharon Agoston. There are no parties in this case who were not present in the original case.

3. **The second action raises claims that were or could have been litigated in the first action.** The subject matter of both lawsuits are the same: the foundation and support systems of the home purchased by the plaintiffs from the defendants are alleged to be faulty and this condition and the failure of the defendants to disclose this condition has caused the Plaintiffs damage. In the first lawsuit, Plaintiffs' causes of action were breach of contract and negligent misrepresentation. In the current lawsuit, Plaintiffs' causes of action are breach of contract, fraudulent misrepresentation, and fraudulent concealment. There are no additional interactions between the parties alleged by the

Plaintiffs other than what was alleged in the original action. Consequently, this Court finds that the claims raised in the instant lawsuit were and/or could have been litigated in the first action.

4. **The second action arises out of a transaction or occurrence that was the subject matter of the first action.** Plaintiff's claims are admittedly stemming from the sale of the Defendants' home to Plaintiffs in November 2017 and the alleged defects in the foundation. *Plaintiffs' First Amended Complaint at ¶ 1–3.* This was the exact same subject matter of the first action.

Based upon the above analysis of the res judicata doctrine, and its application to the instant case, the Court finds that the Defendants have met their burden and established that res judicata is applicable to the facts of this case.

The Court now examines the Plaintiffs' response.

### C.    Ohio Civ. R. 41(A)(1)

Plaintiffs argue that res judicata does not apply to the facts of this case. They rely on Rule 41(A)(1) of the Ohio Rules of Civil Procedure. Rule 41(A)(1) reads as follows:

> Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following: (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant; (b) filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

In short, 41(A) provides that a plaintiff, without order of the court, may voluntarily dismiss all claims asserted against a defendant by filing a notice of dismissal at any time before the

commencement of trial. Such a dismissal is without prejudice unless the claims were previously dismissed, then it operates as an adjudication on the merits.

Plaintiffs' defense to the assertion of res judicata is based on their claim that the voluntary dismissal of their case against Defendant Erie Insurance, on August 7, 2020, effectively nullified this Court's September 11, 2019 Order granting the Agoston Defendants' Motion for Judgment on the Pleadings. They argue that a voluntary dismissal under Civ. R. 41(A)(1) leaves the parties as if no action had been brought at all. *See Plaintiffs' Brief in Opposition at* 30–31. Therefore, they can bring the instant action without violating the doctrine of res judicata. This argument misconstrues the holding of *Denham v. New Carlisle*, 86 Ohio St.3d 594, 716 N.E.2d 184 (1999), syllabus.

*Denham v. New Carlisle* is an Ohio Supreme Court case that addresses when a ruling is a final appealable order. The Ohio Supreme Court held that "a voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed *against only the dismissed parties*." (Emphasis added.) *Denham* at 597. The Court read 41(A)(1) to mean that all claims against a defendant, specified in the notice of dismissal, would be dismissed. The language does not apply to defendants who were specified in the complaint but had been dismissed by prior Order, and therefore could not have been specified in the dismissal order. The *Denham* court observed that other courts have found that voluntarily dismissing one or more parties did not void every claim brought against every defendant, but only the claims brought against those parties dismissed under rule 41(A). *Id.* at 597. Thus, a trial court's interlocutory decision granting summary judgment for one defendant will become final when the plaintiff voluntarily dismisses the remaining parties under Civ.R. 41(A). *Id.* at syllabus. The holding of *Denham* was codified by language added to Civil Rule 41(A)(1), effective July 1, 2001, which provides that plaintiffs "may

dismiss all claims asserted by that plaintiff against a defendant ... ," and later on, that the dismissal applies to "any claim" of that plaintiff.

But the above scenarios are not applicable here. In the instant case, Defendant Erie Insurance Company was the only party dismissed under 41(A)(1) on August 7, 2020. This did not void *every* claim brought against *every* defendant, but only the claims brought against Defendant Erie Insurance Company. Voluntary dismissal without prejudice under Civil Rule 41(A)(1), which leaves the dismissed parties as if the suit had not been brought, applies only to those parties designated in the dismissal notice and does not nullify claims against defendants that were either not dismissed, or were dismissed earlier in the case. It is not possible to voluntarily dismiss claims against a party, where the Court already dismissed the parties entirely and granted judgment in their favor. Although Plaintiffs' Notice of Voluntary Dismissal, filed on August 7, 2020, purports to dismiss the "action" without prejudice, the only party left to be dismissed was Erie Insurance Company. Pre-*Denham*, Civil Rule 41(A) read that "an action" could be dismissed by the plaintiff; Post-*Denham*, Civil Rule 41(A) reads, a plaintiff "may dismiss all claims asserted by that plaintiff against a defendant." Thus, Plaintiffs' Notice of Voluntary Dismissal on August 7, 2020 dismissed Defendant Erie Insurance Company only, not the entire "action" pertaining to every Defendant named in the Complaint.

The Court recognizes that Plaintiffs cite to several court of appeals cases that have continued to follow pre-*Denham* law or have misconstrued the holding of *Denham*. *See Plaintiffs' Brief in Opposition*, pgs. 30–31. However, the Court chooses to follow the clear rule of the Ohio Supreme Court, which is still good law. The Ohio Supreme Court has not determined whether the appellate courts' analyses and conclusions are correct. The Court had previously accepted the issue for review, but dismissed it as improvidently accepted. *Fairchilds v. Miami Valley Hospital*, 109

Ohio St.3d 1229, 2006-Ohio-3055, 849 N.E.2d 292. Two justices dissented to the dismissal and in Justice Lundberg Stratton's dissent she explained that it was of her opinion that "plaintiffs cannot nullify or dissolve a summary judgment decision, albeit interlocutory, by filing a Civ.R. 41(A) voluntary dismissal." *Id.* at ¶ 2. She further added:

> This court intends to refer this matter to the Supreme Court's Commission on the Rules of Practice and Procedure in light of the potential for abuse of Civ.R. 41(A). I agree that a rule amendment may be necessary. However, I believe that we should take action now to stop this abusive maneuvering by parties who want a second bite at the apple following an unfavorable interlocutory decision. A party who believes that it was unfairly denied discovery to defend a motion for summary judgment may appeal from that decision, but that party is not entitled to refile the entire case.
>
> In *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 1999-Ohio-128, 716 N.E.2d 184, we sanctioned a Civ.R. 41(A) voluntary dismissal of fewer than all of the defendants in a case, and we held that that dismissal caused an interlocutory summary judgment order in favor of the remaining defendant to become final and appealable. I would hold that the plaintiffs' voluntary dismissal applied to Landis only and extend the reasoning of Denham to finalize the summary judgment in favor of MVH. Therefore, I respectfully dissent.

*Id.* at ¶ 9–10.

The Supreme Court of Ohio in *Denham* was explicit in its position:

> Denham, however, argues that the voluntary dismissal of the remaining parties to the suit does leave the parties as if no action had been brought, but only with regard to the parties who were voluntarily dismissed from the action. Therefore, Denham contends that the trial court summary judgment decision for New Carlisle is no longer an interlocutory order, but is now a final appealable order. We find merit in this argument.

*Denham* at 596.

This Court previously granted judgment upon the pleadings, in the original lawsuit, in favor of the Agoston Defendants, against the same Plaintiffs, for the same dispute. When viewing both the First Amended Complaint and Answer as true, this Court finds that Plaintiffs' claims should have been brought in the original action and are now barred by res judicata. Consequently, Defendants' Motion for Judgment on the Pleadings is hereby GRANTED.

III.    **CONCLUSION**

Pursuant to Civ. R. 12(C), having considered all the evidence and having construed the evidence in a light most favorable to the Plaintiffs, the Court determines that Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief.

Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(C) is hereby GRANTED in full.  Judgement is hereby entered in favor of the Agoston Defendants and against Plaintiffs.  Plaintiffs' First Amended Complaint is hereby dismissed.  Final.

**IT IS SO ORDERED.**

7/14/2021

JUDGE CASSANDRA COLLIER-WILLIAMS