IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | **DEFENDANTS EAST PARK** |
| | ) | **RETIREMENT COMMUNITY, INC.,** |
| LAURA DiVINCENZO, et al. | ) | **LAURA DIVINCENZO AND SARA** |
| | ) | **THURMER'S REPLY IN SUPORT OF** |
| Defendants | ) | **PARTIAL MOTION TO DISMISS** |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer for their Reply in Support of Partial Motion to Dismiss state as follows:

**I. INTRODUCTION**

In their Partial Motion to Dismiss, Defendants established for the **third time** that a number of Plaintiffs' claims fail on their face and cannot survive a preliminary dispositive motion, based on the pleading allegations alone. Plaintiffs opposed Defendants' motion, but have not raised any legal or factual arguments that would preclude dismissal of Claims 1, 2, 3, 4, 5, and 10 contained in the third Complaint filed by Plaintiffs' against the same Defendants arising out of the same conduct. Defendants' Motion must be granted.

**II. LAW AND ARGUMENT**

    A. **Regardless of whether Claims 1, 2, 3, and 4 are characterized as medical claims or claims for general negligence, they fail as a matter of law and must be dismissed.**

Plaintiffs attempt to avoid dismissal through creative pleading, misplaced reliance on the law, and legal gymnastics. These efforts are insufficient to justify forcing Defendants to continue

1

to defend against claims that fail, as a matter of law. Defendants are entitled to the relief requested.

> **1.** ***Clawson*** **applies and Claims 1 and 2 of Plaintiffs' Complaint fail because Plaintiffs failed to sue the alleged negligent employees or agents of East Park.**

The Ohio Supreme Court has clarified the law as it relates to a principle's liability for the negligence of its employees or agents for medical claims. *Clawson v. Height Chiropractic Physicians, LLC*, 2022-Ohio-4151. Where there is no liability assigned to the agent, there can be no liability imposed upon the principal for the agent's actions. *Id*.

Here, Plaintiffs did not timely sue any agent or employee of East Park who allegedly provided negligent medical care. The time for doing so has long since passed. Accordingly, Plaintiffs cannot pursue a medical claim against East Park. Plaintiffs attempt to avoid application of the clear and unambiguous Ohio Supreme Court precedent by arguing that the Complaint does not include a medial claim.  Plaintiffs' argument is disingenuous at best.

Plaintiffs rely on an Eighth District case to avoid application of the Ohio Supreme Court's decision in *Clawson*. (Gina Criscione and Estate of Dorothy Mandanici's Opposition to Defendants' Motions to Dismiss, ["Motion to Dismiss"] p. 3). Interestingly, Plaintiffs filed this case in Cuyahoga County, which is in the Eighth Appellate District, **twice** before filing in this Court, hoping to obtain a different outcome, i.e., dismissal of all claims. Further, the *Orac v. Montefiore Found.*, 2024-Ohio-4904 was decided **after** the dismissal of both state court cases. This is a perfect example of why a plaintiff should not be permitted to repeatedly refile the same claims in hopes of a different outcome. Claims 1 and 2 of Plaintiffs' Complaint must be dismissed.

### 2. Plaintiffs' attempt to avoid dismissal of multiple claims in the Complaint by arguing that the Complaint does not include medical claims is disingenuous.

The first case filed by Plaintiffs in the Cuyahoga County Court of Common Pleas, Case No. CV 22 964883 was dismissed due to Plaintiffs' failure to include an affidavit of merit. The affidavit of merit requirement applies to complaints "that contains a medical claim." Ohio Civ. R. 10(D)(2). Claims One and Two of the original Complaint were identical to Claims One and Two in this case.

In the first refiled case filed by Plaintiffs in the Cuyahoga County Court of Common Pleas, Case No. CV 23 976445, Plaintiffs attached an affidavit of merit to the Complaint.[1] In the affidavit of merit, Mark Shoag, MD states that he is familiar with the standard of care for nursing homes and opines that the standard of care was breached and that such breach caused injury to the Plaintiff. Count One and Two of that Complaint were identical to Count One and Two of the Complaint in this case.

Setting aside the affidavit of merit issue, which conclusively establishes that Plaintiffs' Complaint includes medical claims, the Complaint is clear on its face. In the Response in Opposition to Defendants' Motion to Dismiss, Plaintiffs even cite ¶28(d) of the Complaint, wherein Plaintiffs allege that Defendants failed to treat her mother's pressure ulcers. (Opposition to Defendants' Motions to Dismiss, p. 3). The Complaint is replete with similar allegations related to the medical care provided to the Plaintiff's decedent. The medical claims in Plaintiffs' Complaint are time-barred and must be dismissed.

---

[1] An affidavit of merit was not attached to the Amended Complaint. Defendants argued in the Motion for Judgment on the Pleadings that Claims One and Two failed due to Plaintiffs' failure to attach an affidavit of merit. Defendants' motion was granted.

### 3. The discovery rule does not apply to claims for general negligence; if Plaintiffs are pursuing non-medical claims, such claims are time-barred.

Non-medical claims included in Claims 1, 3, and 4 of the Complaint are time-barred. Non-medical claims for bodily injury must be filed within two years after the cause of action accrues. R.C.§ 2305.10(A). Unlike claims for medical malpractice, **non-medical claims accrue when the injury occurs**. *Id*.

Plaintiffs argue that not all care that occurs in a medical facility constitutes "medical care." (Opposition to Defendants' Motion to Dismiss, p. 5). Plaintiffs then list certain conduct that occurred while Ms. Mandanici was a resident at East Park that Plaintiffs' claim did not arise out of medical care. *Id*. at p. 4. These non-medical claims are subject to a two-year statute of limitations, which started to run when the conduct occurred.

In their Partial Motion to Dismiss, Defendants argued that while it was clear that Plaintiffs were aware of the alleged negligence while Ms. Mandanici was a resident at East Park, "[f]or purposes of this motion, at the very latest, the cognizable event was the death of Ms. Mandanici on June 20, 2020." (Partial Motion to Dismiss, p. 8). Thus, the one-year statute of limitations was calculated from the date of death, based on the discovery rule that applies to **medical claims**. *Id*. at pp. 7-8; *Flowers v. Walker*, 63 Ohio St.3d 546, 548 (1992). As set forth above, the discovery rule typically does not apply in cases involving claims of general negligence. Thus, the statute of limitations on any claim for general negligence began to run at the time the negligence occurred.

Here, we know that Ms. Mandanici was discharged from East Park on May 20, 2020. Any negligent conduct by Defendants necessarily occurred **before** May 20, 2022. Plaintiffs did not initiate litigation against these Defendants until June 17, 2022; more than two years later.

4

Plaintiffs' efforts to label Claims 1, 3, and 4 as non-medical claims does not change the outcome; these claims are time-barred and must be dismissed.

### B. Plaintiffs' claim for malicious prosecution is time-barred.

The parties agree that a one-year statute of limitations applies to Plaintiffs' claim for malicious prosecution. The parties also agree that the criminal charges against Plaintiff Criscione were dismissed on March 11, 2021 and the original Complaint was not filed until June 17, 2022; more than one year after dismissal of the criminal charges. The parties, however, disagree on when the malicious prosecution claim accrued.

Plaintiffs argue that because the claims were dismissed without prejudice, Plaintiff Criscione "did not secure a favorable termination of those charges and could not have filed a malicious-prosecution claim until October 15, 2022 when the statute of limitations expired on those misdemeanor charges." (Opposition to Defendants' Motions to Dismiss, p. 8). Plaintiffs continue by arguing that the claim therefore accrued on October 15, 2022 and her Complaint was filed on March 10, 2023 – five months later. *Id*.

Plaintiffs' argument that the claim accrued on October 15, 2022 is not supported by law or fact. First, and perhaps most telling, if Plaintiffs' position is accepted, the malicious prosecution claim had not even accrued when this litigation was first initiated on June 17, 2022. Nonetheless, the Complaint in the Cuyahoga County Court of Common Pleas, Case No. CV 22 964883 included a claim for malicious prosecution. Clearly, Plaintiffs do not believe the cause of action did not accrue until October 15, 2022. Additionally, the artificial accrual date is apparently based on the statute of limitations for prosecution to be commenced for a misdemeanor. *See* R.C. § 2901.13(A)(1)(b); *see also,* Opposition to Defendants' Motions to Dismiss, p. 8. This is not consistent with Ohio law. Claims for malicious prosecution accrue on the dismissal of the charge. *Darris v. Whitelow*, Tenth Dist. No. 08ap-545, 2008-Ohio-6314, ¶ 5;

*see also* R.C. § 2305.11. The charge against Plaintiff Criscione was dismissed in March 2021, more than one year **before** Plaintiffs filed a claim for malicious prosecution. Plaintiffs' claim for malicious prosecution is time-barred.

Plaintiffs' reliance on *Mann v. Genoa Twp.*, 2002-Ohio-727 (Fifth Dist.) is misplaced. In *Mann*, the prosecution dismissed the case without prejudice and ***subject to the representation to the grand jury***. *Id*. at ¶36. The Court held that under these circumstances, summary judgment was appropriate on the claim for malicious prosecution because the plaintiff "was unable to show a termination of the prosecution in her favor." *Id*. at ¶37. The Court further held that because the prosecution could re-submit the evidence to the grand jury, i.e., dismissal without prejudice subject to representation to the grand jury, the claim for malicious prosecution should have been dismissed without prejudice. *Id.* The *Mann* case stands for the proposition that the prosecutor's dismissal of the claim, without prejudice, was not a "termination of the prosecution in favor of the accused." *Id*. at ¶¶ 34 and 36. The *Mann* case does not support Plaintiffs' position that a claim for malicious prosecution accrues upon the expiration of the statute of limitations for prosecution of the claim.

The Ohio Supreme Court's decision in *Froehlich v. Ohio Dept. of Mental Health*, 114 Ohio St.3d 286 (2007) is instructive. Specifically, the Court held that there was a termination of prosecution in favor of Froehlich when the grand jury returned a no-bill. *Id* at ¶21. The fact that discussion about seeking an indictment on a second charge continued after the no-bill, did not extend the statute of limitations. The Court explained:

> Our holding that the proceedings against Froehlich were terminated in her favor for purposes of malicious prosecution when the grand jury returned the no-bill also determines the issue of whether the action was filed within the applicable statute of limitations. R.C. 2305.11(A) states that "[a]n action for libel, slander, [and] malicious prosecution * * * shall be commenced within one year after the cause of action accrued * * *." Since the statute of limitations began to run after

6

>  the grand jury refused to indict Froehlich on April 4, 2000, her claim for malicious prosecution was required to have been filed by April 4, 2001. See R.C. 2301.11(A). Froehlich's lawsuit for malicious prosecution thus was time-barred when she filed it on August 8, 2001.
>
> **Conclusion**
> We therefore affirm the judgment of the court of appeals and hold that when criminal proceedings terminate in favor of an accused upon a no-bill of indictment, a cause of action for malicious prosecution accrues upon issuance of the no-bill and the statute of limitations is not extended by continuing conversations with a prosecutor about additional criminal charges.

*Id*. at ¶¶ 23-24.

Here, the criminal charges against Plaintiff Criscione were dismissed in March 2021. Plaintiff first filed a claim for malicious prosecution on June 17, 2022, more than one year after the criminal charges were dismissed. Plaintiffs' malicious prosecution claim is time-barred and must be dismissed.

### C. **There is no private cause of action for interference with civil rights, as alleged by Plaintiffs.**

In their Opposition to Defendants' Motions to Dismiss, Plaintiffs do not dispute that there is no private cause of action for an alleged violation of Art. I, Sec. 11 of the Ohio Constitution, as plead in Claim 10 of the Complaint. Dismissal of this portion of Claim 10 is appropriate.

With respect to the alleged statutory violations, it is clear that neither R.C. § 2921.45 nor R.C. § 2923.03 create a private cause of action. To avoid dismissal, Plaintiffs argue that R.C. § 2307.60 creates a private cause of action. As noted by Plaintiffs, they made this same argument in the state court. (Gina Criscione and Estate of Dorothy Mandanici's Opposition to Defendants' Motion to Dismiss, p. 9). The state court rejected Plaintiffs' argument and dismissed Plaintiffs' claim for inference with civil rights. Accordingly, Defendants' argument is not frivolous, nor is it in violation of Rule 3.3. Likewise, there is solid ground for this Court to once again dismiss this claim.

To the extent Plaintiffs rely on R.C. § 2307.60 to pursue a private cause of action for interference with civil rights, dismissal is still appropriate. Plaintiffs' Complaint does not allege sufficient facts to support a claim that Plaintiffs suffered damages as a result of any alleged interference with civil rights. *Simpson v. Voiture Nationale La Societe Des Quarante Hommes*, 2021-Ohio-2131, ¶ 28. Further, any such claim is time-barred. This Court has held:

> Based on the uniform authority in the State and federal courts that have considered the issue, the Court predicts the Ohio Supreme Court would determine that a one-year statute of limitations applies to claims under Section 2307.60.

*Brack v. Budish*, 539 F.Supp.3d 794, 801 (N.D. Ohio 2021),[2] *c.f. Garner v. Cleveland Clinic Foundation*, 735 F.Supp.3d 867 (N.D. Ohio 2024). Plaintiffs' claim that Defendants interfered with Defendant Criscione's right to speak freely. (*See* Complaint at Claim 10). From the face of the Complaint it is clear that the conduct at issue occurred from May 23, 2020 through October 15, 2020. *See id.* at ¶¶ 61 and 72. The alleged conspiracy culminated in charges being filed on October 15, 2020. *Id*. at ¶75. The criminal charges were dismissed on March 11, 2022. *Id*. at ¶79. Litigation was first initiated on June 17, 2022, well over a year after any alleged conspiracy.

There is no question that claims set forth in Count 10 of Plaintiffs' Complaint must be dismissed. There is no private cause of action for the claims asserted. To the extent Plaintiffs are pursing these claims under R.C. § 2307.60, the Complaint does not allege sufficient damages and such claims are time-barred. For each of these reasons, Claim 10 of the Complaint must be dismissed.

### III.     CONCLUSION

For the reasons set forth herein, as well as those in Defendants' Partial Motion to Dismiss, Claims 1, 2, 3, 4, 5 and 10 of Plaintiffs' Complaint must be dismissed.

---

[2] To the extent Plaintiffs' counsel wishes to make aspersions about frivolous legal arguments and violations of Rules of Professional Conduct, counsel clearly is aware of the Court's decision in *Brack* as he represented the plaintiff.

Respectfully submitted,

*/s/Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net
Attorney for Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing ***Defendants East Park Retirement Community, Inc., Laura Divincenzo and Sara Thurmer's Reply in Support of Partial Motion to Dismiss*** was filed electronically on March 7, 2025, with the Clerk using the CM/ECF system, which will notify all parties. Parties may access this document through the court's electronic-filing system.

*/s/ Emily R. Yoder*
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1385503-v1>>