IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | **DEFENDANTS EAST PARK** |
| | ) | **RETIREMENT COMMUNITY, INC.,** |
| LAURA DiVINCENZO, et al. | ) | **LAURA DIVINCENZO AND** |
| | ) | **SARA THURMER'S MOTION TO** |
| Defendants | ) | **STAY DISCOVERY** |

Now come Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer and hereby move for a stay of discovery, including the exchange of Rule 26 initial disclosures. Defendants further request an order incorporating the discovery conducted in the original and first refiled cases. Lastly, Defendants seek leave to file the Motion for Summary Judgment that was pending in the Cuyahoga County Court of Common Pleas when the case was dismissed by the Court. A Memorandum in Support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/Emily R. Yoder*

Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      INTRODUCTION**

The claims in Plaintiffs' Complaint have already been litigated and discovery has already been completed. The Cuyahoga County Court of Common Pleas previously determined that a number of Plaintiffs' claims fail, as a matter of law. Defendants filed a Partial Motion to Dismiss for certain claims. Although this Court denied that Motion, in many respects, the denial was procedural in nature. The arguments needed factual support and are better suited for summary judgment. For example, Plaintiffs' Claim 1 is time barred as a matter of law since they failed to bring a medical negligence claim within one year of Ms. Mandanici's death. This Court denied Defendants' Motion to Dismiss the claim because the date of death is not included in the Complaint. The date of death can be established with Rule 56 evidence, making dismissal proper.

The claims not addressed in Defendants' Partial Motion to Dismiss also fail, as set forth in Defendants' Motion for Summary Judgment that was pending when the first refiled case was dismissed. Under these circumstances, it is appropriate to stay discovery until this Court has an opportunity to determine whether the Complaint includes any viable claim against any Defendant.

**II.     LAW AND ARGUMENT**

**A.      A discovery stay in this case is appropriate and should be granted.**

A discovery stay in this case is appropriate and should be granted because discovery has already been conducted and most, if not all, of Plaintiffs' claims fail as a matter of law. Permitting discovery to proceed before ruling on dispositive issues that were pending when the prior case was dismissed will result in unnecessary litigation. Further, Plaintiff will not be

prejudiced by a stay. In fact, a stay is beneficial to all parties because it will streamline this case and avoid unnecessary expenditures of time, resources, and money.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). "One argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a case-dispositive motion." *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio March 4, 2008). Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, **or unless it is patent that the case lacks merit and will almost certainly be dismissed**, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion. *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio March 4, 2008). But in "special circumstances," a court may find a discovery stay appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2.

A court typically evaluates the following factors before determining if a stay is appropriate:

> (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court.

*Hubbel v. NCR Corp.*, No. 2:17-CV-807, 2018 WL 1638882 at *1.

The movant bears the burden of showing the need for a stay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). Here, a stay is appropriate because it promote judicial efficiency, the issues will be simplified, and the non-moving party will not be prejudiced.

-2-

  i.      **A stay is necessary.**

This case represents the third filing of this matter. The parties have conducted significant discovery and this case was on the eve of trial when it was last dismissed. At the time of dismissal, a motion for summary judgment was pending. A stay is necessary to avoid re-opening discovery in a case that was set to proceed to trial, duplicating efforts, and relitigating the same issues. For these reasons, a stay is appropriate.

  ii.     **The stage of litigation is consistent staying discovery.**

This case is in the initial stages. Entering a stay will permit this Court to address dispositive issues **<u>before</u>** the parties engage in additional and potentially unnecessary discovery. Further, even though no discovery has been conducted in this case, discovery was conducted in the underlying cases. Accordingly, there is sufficient evidence for the parties to brief, and this Court to rule on, dispositive issues. The stage of this litigation supports entering a stay of discovery.

  iii.    **Plaintiffs will not be prejudiced or tactically disadvantaged if this Court grants a discovery stay.**

If this Court grants Defendants' Motion to Stay, the non-moving party will not be disadvantaged or prejudiced in any way, and the burden of litigation will be reduced for both parties. The Southern District of Ohio has previously held that plaintiffs deserve to have their case be heard "in a timely and efficient manner." *Young v. Mesa Underwriters Specialty Ins. Co.,* No. 2:19-CV-3820, 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020). Defendants would first argue that Plaintiffs have not handled this case in a timely and efficient manner considering this is the third time it has been filed. With respect to the most recent filing, Plaintiffs filed the Complaint, but never served the Defendants. Thus, the case sat dormant for months until this Court intervened. There is no indication that Plaintiffs are seeking a quick resolution to this case

or that they would be prejudice by a stay. Additionally, as previously stated, a majority of discovery has been conducted, so Plaintiffs' opportunity to fairly litigate this case would not be hampered. A stay in discovery would not prejudice Plaintiffs.

### iv.    A discovery stay will simplify the issues and reduce the burden of litigation for the parties and the Court.

A discovery will serve the interests of judicial economy by eliminating the claims that are not supported by the facts at the outset. For example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery appears" or where "**it appears that the complaint will almost certainly be dismissed**." *Id.* (citations omitted). Further in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Id.* (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)).

In *CrossCountry Mortgage, Inc. v. Messina*, No. 1:19cv1021, 2019 WL 13195209, the defendants filed a motion to stay discovery pending ruling on their Motions to Dismiss for Lack of Personal Jurisdiction. The district court denied their motion holding "courts within this Circuit have consistently found that good cause is not shown simply by the fact that a motion to dismiss is pending." *Id*. at *2. Further, the court held:

> That is particularly the case under the circumstances presented herein where, regardless of the outcome of Defendants' pending Motions to Dismiss for lack of personal jurisdiction, this case will likely proceed, if not in this Court then in another where jurisdiction lies

*Id*.

Additionally, in *Slate Rock Const. Co., Ltd. v. Admiral Ins. Co.*, No. 2:20-cv-01031, 2011 WL 1641470, the court denied a motion to stay notwithstanding the pending motion to dismiss

for lack of personal jurisdiction and held that limited discovery was permissible. The court reasoned that even if the Motion was granted, the case would most likely proceed in a proper venue with the discovery that was conducted.

A stay is appropriate in this case because it is different from *Slate Rock Const.* and *CrossCountry Mortgage*. First, there is no pending motion for the Court to rule on. Courts are hesitant to "delve into the merits of dispositive motions" that are pending to determine whether a stay is appropriate. *See City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-cv-01041, 2011 WL 1326280, at *4 (N.D. Ohio Apr. 5, 2011). Despite the high likelihood of Plaintiffs' pending claims being dismissed, the Court here is not obligated to rule on dispositive issues before granting a stay because there is no pending motion for the Court to rule on. Second, Defendants do not anticipate this case to proceed. Because discovery is nearly complete, Rule 56 evidence will be available for summary judgment, and most, if not all, of Plaintiffs' claims will be dismissed.

Plaintiffs' Complaint contains 18 Claims against Defendants. On May 4, 2023, the East Park Defendants filed a Motion for Judgment on the Pleadings in the Common Pleas case. On May 23, 2023, the Cuyahoga Court of Common Pleas granted Defendants Motion and dismissed Plaintiffs' claims for Survivorship (Claim 1); Wrongful Death (Claim 2); Violations of the Nursing Home Bill of Rights (Claim 4); Malicious Prosecution (Claim 5); Interference with Civil Rights (Claim 10); and Conspiracy to Interfere with Civil Rights (Claim 18). On January 9, 2025, Defendants filed a Partial Motion to Dismiss with this Court asking the same claims to be dismissed. This Court denied that Motion; however, Plaintiffs' claims will not prevail. Because Defendants intend on filing a Motion for Summary Judgment, Rule 56 evidence is available and

admissible. Based on the discovery already completed, this case will either not proceed or be greatly limited.

The Cuyahoga County Court of Common Pleas has already determined a number of Plaintiffs' claims fail as a matter of law. Defendants' Motion for Summary Judgment would address why the remainder of the claims also fail as a matter of law. Granting this Motion would dismiss the case. Therefore, unlike a motion to change forums, Defendants do not anticipate this case to proceed upon granting their Motion for Summary Judgment. If it does, it will be limited.

**B. An order incorporating discovery conducted in the original and refiled cases promotes efficiency and should be granted.**

An order incorporating discovery from the original and refiled case is proper. The Court has broad discretion to "tailor discovery narrowly and to dictate the sequence of discovery." *In re Suboxone (Buprenorphine/Naloxone) Film Products Liability Litig.*, No. 1:24-md-3092, 2024 WL 3157608, at *2 (N.D. Ohio Jun. 24, 2024), quoting *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

FRCP 26(b)(2)(C)(i) provides (emphasis added):

(C) *When Required*. On motion or on its own, **the court must limit the frequency or extent of discovery** otherwise allowed by these rules or by local rule if it determines that:

(i) the **discovery sought is unreasonably cumulative or duplicative**, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

The Note of the Advisory Committee on the Federal Rules of Civil Procedure provides (emphasis added):

The desirability of some judicial control of discovery can hardly be doubted. **Rule 16**, as revised, requires that the court set a time for completion of discovery and **authorizes various other orders affecting the scope, timing, and extent of discovery and disclosures**. Before entering such orders, the court should consider the views of the parties, preferably by means of a conference, but at the least

through written submissions. Moreover, it is desirable that the parties' proposals regarding discovery be developed through a process where they meet in person, informally explore the nature and basis of the issues, and discuss how discovery can be conducted most efficiently and economically.

Fed. R. Civ. P. 26, Advisory Committee Notes.

A majority of discovery has already been conducted in this case. To date, the parties have exchanged and answered Interrogatories, Admissions, and Request for Production of Documents. Defendants produced a few hundred pages worth of discovery, including medical records, time schedules, and other records. Plaintiffs also produced hundreds of pages of discovery. It would be costly, counterproductive, and duplicative if the parties started the discovery process over. An order incorporating discovery would avoid and alleviate further efforts to complete discovery, and it will promote judicial efficiency. Accordingly, Defendants respectfully request that this Court enter an order incorporating discovery conducted in the original and refiled cases.

**C.    Leave to file Defendants' Motion for Summary Judgment will not cause prejudice or delay and should be granted.**

"District courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Securities and Exchange Commission v. Bongiorno*, 594 F.Supp.3d 938, No. 1:20-cv-0046, at *942 (N.D. Ohio Mar. 28, 2022), quoting *Dietz v. Bouldin*, 579 U.S. 40, 136 S.Ct. 1885, 195 L.E.2d 161 (2016). Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Further, FRCP Rule 6(b) provides:

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Graiser v. Visionworks of America, Inc.*, No. 1:15-CV-2306, 2016 WL 47293019 at *1(N.D. Ohio Sept. 12, 2016), citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807 (8th Cir. 2001) (internal citations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id*.

This Court has not yet set a deadline for dispositive motions. This motion is timely and granting the requested leave will not prejudice any of the parties. Instead, this Motion promotes judicial economy, as the Motion for Summary Judgment will simplify this case by only permitting viable claims to proceed. Further, no trial date has been set, so granting leave will not delay the Court's docket in any way. Accordingly, Defendants respectfully request that this Honorable Court grant Defendants' Motion for Leave to file the Summary Judgment that was pending in the Cuyahoga County Court of Common Pleas.[1]

## III.  CONCLUSION

This case represents the third filing of the same claims. The parties previously conducted discovery and briefed dispositive arguments. The parties were prepared to proceed to trial when the court dismissed the case. It is improper and inefficient to require the parties to relitigate this case. Notions of fair play, substantial justice, and judicial economy demand that this Court 1) incorporate the discovery already conducted in the previously filed cases; 2) permit Defendants to file a Motion for Summary Judgment based on the discovery previously conducted; and 3) stay discovery pending ruling on Defendants Motion for Summary Judgment.

---

[1] In addition to the arguments set forth in the previously filed Motion for Summary Judgment, the dispositive motion would also include claims that were addressed in Defendants' Partial Motion to Dismiss that was denied by this Court, to the extent appropriately included in a Rule 56 Motion.

Respectfully submitted,

/s/ Emily R. Yoder
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing ***Defendants East Park Retirement Community, Inc., Laura DiVencenzo, and Sara Thurmer's Motion to Stay Discovery*** was filed electronically on July 3, 2025, with the Clerk using the CM/ECF system, which will notify all parties. Parties may access this document through the court's electronic-filing system.

*/s/ Emily R. Yoder*
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1378097-v1>>