**STANDARD**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| Plaintiff(s),<br><br>v.<br><br>Defendant(s). | )<br>)  Case No.<br>)<br>)  Judge Pamela A. Barker<br>)<br>)  <u>REPORT OF PARTIES' PLANNING</u><br>)  <u>MEETING UNDER FED. R. CIV.</u><br>)  <u>P. 26(f) AND LR 16.3(b)(3)</u><br>)<br>) |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), a meeting was held on __June 20, 2025__, and was attended by:

   __Brian D. Bardwell__ counsel for plaintiff(s) _____

   _____ counsel for plaintiff(s) _____

   __Michael Ockerman__ counsel for defendant(s) _____

   __Emily Yoder__ counsel for defendant(s) _____

2. The parties:

___ have exchanged the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order;

_x_ will exchange such disclosures by __within seven days of the Court's ruling on the Defendants' motion to stay__

_____ have not been required to make initial disclosures.

3. The parties recommend the following track:

_____ Expedited     __x__ Standard     _____ Complex

_____ Administrative     _____ Mass Tort

4. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

_____ Early Neutral Evaluation     __x__ Mediation     _____ Arbitration

_____ Summary Jury Trial     _____ Summary Bench Trial

_____ Case not suitable for ADR

5. The parties _____ do/ __x__ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. Electronically Stored Information. The Parties: **(indicate one):**

_____ agree that there will be no discovery of electronically-stored information; or

_____ have agreed to a method for conducting discovery of electronically-stored information; or

__x__ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to Northern District of Ohio Local Rules).

7. Recommended Discovery Plan:

   (a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

   The parties have already exchanged some discovery in the state court. Defendants plan to move for a stay of discovery. Plaintiffs expect to need only limited additional discovery with respect to the new claim in the federal complaint and a small number of issues that were still outstanding when the state court case was dismissed.

   (b) Discovery cut-off date: December 17, 2025

8. Recommended dispositive motion date: March 30, 2026

9. Recommended expert discovery date: May 1, 2026

   Expert report(s) by party initially seeking to introduce expert testimony recommended due date January 5, 2026

   Responsive expert report(s) due date: March 9, 2026

10. Recommended cut-off date for amending the pleadings and/or adding additional parties: December 15, 2025

11. Recommended date for Status Hearing: January 12, 2026

12. Other matters for the attention of the Court: The parties will discuss the need for a protective order governing the disclosure of medical and financial records.

_____

Attorney for Plaintiff(s) _s/Brian D. Bardwell_

_____

Attorney for Plaintiff(s) _____

_____

Attorney for Defendant(s) _s/Emily Yoder (by consent)_

_____

Attorney for Defendant(s) _____