IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GINA CRISCIONE**, *et al.*,<br>    *Plaintiffs,*<br>v.<br>**LAURA DIVINCENZO**, *et al.*,<br>    *Defendants.* | Case No.: 1:24-cv-01446-PAB<br><br>Judge Pamela A. Barker<br><br>Magistrate Judge James E. Grimes Jr. |
| **GINA CRISCIONE AND ESTATE OF DOROTHY MANDANICI'S<br>OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** | |

    Plaintiffs Gina Criscione and Estate of Dorothy Mandanici respectfully oppose Defendants' motion for a protective order staying discovery. As laid out below, Defendants' motion begins with a crucial misrepresentation of the facts. Ms. Criscione's claims *have not* been litigated, and discovery *has not* been completed. Instead, Defendants obstructed discovery at every turn in state court, frustrating attempts to resolve the case there. As a result, they were on the losing end of two different motions to compel compliance with Ms. Criscione's discovery demands, and they were on the verge of being sanctioned for violating that order when the case was dismissed without prejudice.

    Ms. Criscione concedes that the scope of discovery required is meaningfully narrower today than it was when she first issued her discovery demands in state court. Nonetheless, she still requires substantive responses to the interrogatories that Defendants never answered, she still requires documents that Defendants never produced, and she still requires an opportunity to follow up on those productions with additional discovery, if necessary. The Court should therefore deny the motion for a protective order.

FACTS

Ms. Criscione first filed this action in the Cuyahoga County Court of Common Pleas on behalf of herself and her mother's estate. While Ms. Criscione sought throughout that case to negotiate to complete discovery and move the case toward a resolution—offering to extend deadlines, proposing meet-and-confer calls, drafting a protective order to allay privacy concerns—but Defendants consistently refused to cooperate with those efforts.[1] Given their disregard for their discovery obligations, the trial court granted two separate motions to compel, ordering Defendants to answer Ms. Criscione's interrogatories and produce the documents she had requested.[2]

But Defendants thumbed their noses at the Court's order to produce discovery. Instead, they made a small supplemental disclosure with a disclaimer that they were only complying with the judge's order to the extent they believed doing so was "appropriate." Where the Court had ordered responses to 25 requests for inspection, Defendants only supplemented their responses to three. Where the Court had ordered responses to 11 interrogatories, they supplemented their responses to zero.[3]

Ms. Criscione's motion for sanctions remained pending when the trial court dismissed the case without prejudice on August 25, 2023. Ms. Criscione therefore never received—and still does not have—full responses to the vast majority of the demands that the trial court ordered Defendants to serve.

---

[1] The factual history surrounding Ms. Criscione's efforts to obtain discovery and secure voluntary compliance with her requests is laid out more fully in her motions to compel from that case, attached as Exhbits 1 and 2 (ECF #27-1 and ECF #27-2).

[2] That order is attached as Exhibit 3 (ECF #27-3).

[3] The factual history surrounding Defendant's defiance of the state-court order is laid out more fully in Ms. Criscione's motion for sanctions, attached as Exhibit 4 (ECF #27-4).

## LAW & ARGUMENT

**I.  Because Defendants have not certified that they have in good faith attempted to confer with Ms. Criscione to resolve their desire for a stay, the Court should deny their motion.**

"A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery." *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988).[4] Therefore, such a motion "is governed by Rule 26(c) of the Federal Rules of Civil Procedure." *Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-CV-00596-JAD, 2014 WL 60216, at *3 (D. Nev. Jan. 7, 2014).

But Rule 26(c)(1) permits parties to move for such an order only if they certify that they have "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Defendants include no such certification in their motion. Nor could they, as Ms. Criscione can represent that Defendants have made no effort to confer about the need for a stay, the proposed terms of an order to incorporate discovery, or the scope of the motion for summary judgment that they seek leave to file. Indeed, even though she affirmatively reached out to Defendants on July 9 to discuss their motion and a proposed stipulation, Ms. Criscione has received no response to that message at all, more than two weeks later.[5]

Because they have not complied with Rule 26's mandate to confer in good faith before seeking a protective order, the Court should deny Defendants' motion.

---

[4] *Accord*, *Shatsky v. Palestine Liberation Org.*, No. CV 02-2280 (RJL), 2013 WL 12438035, at *2 (D.D.C. Nov. 19, 2013); *Graham v. Tr. Serv. of Carolina, PLLC*, No. 5:22-CV-00454-M-RN, 2023 WL 6035681, at *1 (E.D.N.C. Apr. 17, 2023); *Silva v. TEKsystems, Inc.*, No. 12-CV-05347-LHK, 2013 WL 3388255, at *2 (N.D. Cal. July 8, 2013); *Wilson v. First Class Patrol Officers Michael Slager*, No. 2:15-CV-02170-DCN, 2016 WL 1253179, at *3 (D.S.C. Mar. 31, 2016); *Wymes v. Lustbader*, No. CIV. WDQ-10-1629, 2012 WL 1819836, at *3 (D. Md. May 16, 2012).

[5] Ms. Criscione has likewise received no response to a follow-up e-mail or a follow-up phone call.

II. **Because Defendants dodged discovery through the very last day of the state-court proceedings, the Court should not stay discovery.**

Defendants concede that a trial court should stay discovery only in "special circumstances."[6] While it has authority under Rule 26(c) to "to issue a protective order staying discovery during the pendency of a motion," this Court has warned that it nonetheless "must tread carefully in granting a stay of proceedings," because "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *CrossCountry Mortg., Inc. v. Messina*, No. 1:19CV1021, 2019 WL 13195209, at *2 (N.D. Ohio Oct. 8, 2019). Before the Court will grant such a motion, "[t]he movant bears the burden of showing both a need for delay and that neither the other party nor the public will suffer harm from entry of the order." *CrossCountry Mortg., Inc. v. Messina*, No. 1:19CV1021, 2019 WL 13195209, at *2 (N.D. Ohio Oct. 8, 2019).

As Defendants also concede, the Court should not grant their motion simply because their lawyer "intends to file, or has already filed, a case-dispositive motion." ECF #24 at 2 (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio*, Inc., No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio March 4, 2008)). Instead, Defendants urge the Court to look for the following signs of extraordinary circumstances warranting a stay:

> (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court.[7]

For instance, in *Ohio Bell*, the trial court denied a motion to dismiss contract claims for lack of personal jurisdiction, so the defendant moved for a discovery stay while it sought a

---

[6] ECF #24, PageID 386 (citing *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *1 (S.D. Ohio May 20, 2019).
[7] ECF #24, PageID 386.

dismissal for lack of subject-matter jurisdiction instead. The trial court denied the motion, holding that a stay was not appropriate where the case had already been pending for more than a year, it had already cleared a first motion to dismiss, the parties had already started exchanging discovery, and it was not clear that a dispositive motion would dispose of the entire case: "For all of these reasons, the Court concludes that the defendants in this case, like most defendants, should not receive a free pass on their discovery obligations simply because they have raised an issue that may ultimately lead to dismissal of the case." *Ohio Bell Tel. Co.* at *2.

The arguments for a stay are even weaker here. Like in *Ohio Bell*, this case will likely have been pending in federal court for more than a year before the motion for a stay is decided. It has already cleared Defendants' motion to dismiss. And the parties have already begun exchanging discovery. But Defendants want a stay so they can refile a motion for summary judgment[8]—supplemented to "include claims that were addressed in Defendants' Partial Motion to Dismiss that was denied by this Court"[9]—but the motion they describe *cannot* dispose of the case. Even in their best-case scenario, the Court would still need to resolve the claim at the heart of the dispute between Ms. Criscione and Defendants, as neither the state-court motion for summary judgment nor their recently denied motion to dismiss (ECF #15) addresses Claim 15, which alleges that Defendants conspired with officials from the City of Brook Park to deprive Ms. Criscione of her civil rights.

Under these circumstances, any argument for a stay under Defendants' proposed five-factor test evaporates.

---

[8] Although Defendants chose not to not put their motion before the Court in support of this motion, Ms. Criscione can represent that it addressed only Claims 6–9 and Claims 11 and 12. It did not address Claims 1–5, 10, or 18.
[9] ECF #24, PageID # 392.

**A.     A discovery stay is not necessary to achieve any higher purpose.**

Defendants argue that a stay is "necessary" for two reasons, but neither of them withstands scrutiny.

**First,** Defendants say a discovery stay is necessary "to avoid re-opening discovery." While Ms. Criscione concedes that a discovery stay is one way to avoid re-opening discovery, she submits that this factor requires more than tautology. A stay of discovery for its own sake cannot be "necessary."

**Second,** Defendants say a stay is necessary to avoid "duplicating efforts and relitigating the same issues." But then they acknowledge that a stay is *not necessary* for this purpose, as the Court can achieve the same objectives with an order incorporating state-court discovery responses. Doing so, they admit, would "alleviate further efforts to complete discovery,"[10] as the only discovery left would be that which Defendants failed to permit in state court.

**B.     The stage of litigation is too advanced to support a discovery stay.**

A discovery stay makes no more sense when considering the stage of litigation. A stay may be warranted early in litigation, when a Rule 12 motion could dispose of the entire matter, but that is not the case here. Although Defendants classify the case as being in its "initial stages"[11] when discussing this one factor where that fact would cut in their favor, their motion admits the opposite is true at every other opportunity, saying the claims "have already been litigated," that this case is "the third filing of this matter," that it has already reached "the eve of trial," and that they are already "prepared to proceed to trial."[12]

---

[10] ECF #24, 391.
[11] ECF #24, 387.
[12] ECF #24, *passim*.

Even on the question of discovery, which is the only aspect of the case that they are actually seeking to stay, Defendants' concessions—that the "parties have conducted significant discovery," that "a majority of discovery has been conducted," that "discovery is nearly complete," that Ms. Criscione has already "answered Interrogatories, Admissions, and Request for Production of Documents" and "produced hundreds of pages of discovery"[13]—make plain that the case has already developed beyond the point where staying discovery makes any sense.

There is therefore little to be gained from postponing discovery solely to tee up a motion for summary judgment, especially when doing so would only tee up Ms. Criscione's motion under Rule 56(d)(2) to defer consideration of the motion long enough to "allow time … to take discovery," bringing the parties right back where they would have been otherwise—resuming and completing discovery.

    **C.    A discovery stay would unduly prejudice and tactically disadvantage Ms. Criscione.**

Without any apparent irony, Defendants argue that Ms. Criscione "will not be disadvantaged or prejudiced in any way" if they can force her to defend against a motion for summary judgment before they produce the discovery she sought to prove her case.

The proposition is absurd, and Defendants spend little time defending it, saying only that "a majority of discovery has been conducted." If they are referring to the fact that *Ms. Criscione* has complied with her half of the discovery obligations in the case, Ms. Criscione concedes that it is true. But, as discussed above and in the state-court motions to compel and for sanctions, Defendants have come nowhere close to fulfilling their discovery obligations. As laid out in the state-court motion for sanctions, Ms. Criscione still does not have full responses to the vast

---

[13] ECF #24, *passim*.

majority of the information she requested in her first round of requests,[14] nor has she had an opportunity to use that information to chase down any additional leads that may have been revealed in those responses.

So even if they were correct that "a majority" of discovery is complete, that does not mean that a stay would not tactically disadvantage Ms. Criscione. On the contrary, tactical advantage is exactly what Defendants are seeking: having gathered discovery from a plaintiff who respected the rules and complied with the court's discovery orders, they demand permission to move directly to summary judgment while Ms. Criscione remains empty-handed.

Indeed, Defendants come close to admitting the prejudice that will naturally result from granting their motion. As they read it, the Court's order denying their motion to dismiss indicated that their arguments were "better suited for summary judgment" because they "needed factual support."[15] But if the success of these arguments depends on factual support, Ms. Criscione is entitled to counter them with factual support—the same factual support that they are asking the Court to prohibit Ms. Criscione from accessing. The undue prejudice and tactical disadvantage resulting from Defendants' demanded relief is manifest, and it is the entire purpose that Rule 56(d) exists.

Even if the Court were to stay discovery and move directly to Defendants' motion for summary judgment, the rules would simply call for Ms. Criscione to request that the Court lift the stay so she can gather the evidence she needs to defeat the motion. In the end, a stay would

---

[14] The unanswered discovery demands are listed in her motion for sanctions. ECF #27-4, p. 3.

[15] ECF #24, PageID #385. Ms. Criscione notes, though, that this argument is essentially made up as well. The only question they identify as needing factual support—Ms. Mandanici's date of death—was pleaded in the Complaint, admitted in the Answer, noted in the motion to dismiss, and accepted in the Order.

achieve nothing but further delay, unnecessary motion practice, and additional burdens on the Court.

      **D.    A discovery stay would not simplify the issues or reduce the burden of litigation.**

For the exact same reasons, staying discovery would not simplify the issues or reduce the burden of litigation. It would simply move the parties to an asymmetric motion for summary judgment, forcing Ms. Criscione to move to defer consideration of the motion under Rule 56(d), then move into discovery, and then come back to square one. Defendants barely even try to suggest otherwise—while they cite three cases, each of them actually undercuts their motion:[16]

1. In *CrossCountry Mortg., Inc. v. Messina*, No. 1:19CV1021, 2019 WL 13195209 (N.D. Ohio Oct. 8, 2019), the defendant moved for a discovery stay pending resolution of a motion to dismiss for lack of personal jurisdiction, but this Court rejected the motion, noting that a stay would only delay resolution of the case because the motion would not dispose of it.

2. In *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-CV-01041, 2011 WL 1326280, at *4–5 (S.D. Ohio Apr. 5, 2011), the plaintiff in a contract action moved to stay discovery, arguing that the court could resolve the case relying on the contract language alone, but the court rejected the motion, noting that it was not sufficiently obvious that the claims would fail, that the promise of a forthcoming dispositive motion was insufficient to justify a stay, and that the plaintiff had made "no effort" to explain what specific undue burdens it faced or how they were different than those facing any other litigant.

3. In *Young v. Mesa Underwriters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020), the defendant moved to stay discovery because it had filed a motion for judgment on the pleadings, but the court rejected it, noting Defendants had not identified any of the "special circumstances" that would

---

[16] Defendants do cite a fourth case here, but contrary to their representations, it explicitly *does not* deal with the standards for a discovery stay at all. *See*, *Slate Rock Const. Co. v. Admiral Ins. Co.*, No. 2:10-CV-01031, 2011 WL 1641470, at *4 (S.D. Ohio May 2, 2011) ("As OneBeacon emphasizes, this matter is before the Court on a motion for expedited discovery and not on a motion to stay discovery.").

support a stay, such as an immunity defense or an overwhelming showing that "the case lacks merit and will almost certainly be dismissed."

By these standards, Defendants have no business asking for a stay. Where each case rejected the requested stays because the pending motions were not strong enough to persuade the Court that the claims would fail, Defendants comically insist this case is different because they haven't filed their dispositive motion at all. In other words, Defendants want the Court to stop everything so it can consider a motion for summary judgment that may be filed at some future date. When is that motion coming? What arguments might it make? How likely would they be to succeed? No one knows. Instead, Defendants assure the Court that it need not trouble itself "to rule on dispositive issues before granting a stay because there is no pending motion for the Court to rule on."[17] Instead, the Court can simply excuse them from discovery because they have a secret plan and therefore "do not anticipate this case to proceed."[18]

Although their motion for summary judgment remains only hypothetical, what we do know about it makes clear that—just like in *CrossCountry*—it will not actually dispose of the entire case. As discussed above, even if the motion includes *everything* Defendants have represented that they intend it to address, it will still leave unresolved the central allegations in this case: that Defendants conspired with officials from the City of Brook Park to deprive Ms. Criscione of her civil rights.

So even if the Court grants Defendants' motion to stay discovery, waits for Defendants' motion for summary judgment, denies Ms. Criscione's motion to defer ruling on that motion, and grants summary judgment without permitting Ms. Criscione to take the discovery she needs to oppose it, the parties will still find themselves in front of the Court for a case-management

---

[17] ECF #24, PageID 389.
[18] ECF #24, PageID 389.

conference to set a deadline for discovery on Claim 18—likely the most legally and factually complex of Ms. Criscione's claims—followed by *another* motion for summary judgment. In other words, the parties and the Court will be right back where they are today; the only thing different will be the number of months the case has been sitting on the docket. The Court should therefore deny the motion for a protective order and permit the parties to move forward on the normal track.

III.  **Ms. Criscione does not oppose a limited order incorporating state-court discovery into this case.**

Defendants' motion for a protective order also requests that the Court "enter an order incorporating discovery conducted in the original and refiled cases." Ms. Criscione is unaware of any authority discussing the appropriate terms or procedure for entering such an order, but she notes that she is not, in principle, opposed to it. Given Defendants' apparent unwillingness to discuss the appropriate bounds of such an order voluntarily, Ms. Criscione suggests that this topic would be best discussed at the case-management conference, if the Court reschedules it. If not, Ms. Criscione would not oppose an order that (1) incorporates all state-court discovery requests and responses; (2) incorporates the state-court order compelling Defendants to serve full responses to her requests; and (3) incorporates the state-court protective order.

IV.  **Because it would not move the parties toward a resolution, the Court should not yet grant Defendants' leave to move for summary judgment.**

As laid out above, a motion for summary judgment filed now would only trigger a Rule 56(d) motion to defer its consideration until Defendants have satisfied their discovery obligations and enabled her to present a full defense. The Court should therefore deny their motion for a protective order and permit the parties to move forward on the normal track.

**CONCLUSION**

The procedural posture of this case may have warranted a stay if Defendants had voluntarily cooperated with their discovery obligations or complied with the trial court's order to make full productions, but that was not how Defendants chose to litigate in state court. Especially when it appears they intend to continue on the same path here—given their failure to engage with Ms. Criscione's efforts to informally resolve the incorporation order—the court should not reward them by staying discovery and forcing Ms. Criscione to defend against a motion for summary judgment without the evidence they were ordered to produce in state court. The Court should therefore deny Defendants' motion for a protective order staying discovery and their motion for leave to move for summary judgment.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
4403 Saint Clair Ave, Suite 400
Cleveland, OH 44103-1125
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiffs Gina Criscione and Estate of Dorothy Mandanici*