Motion No. 5103829



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**MOTION TO...**
July 15, 2023 09:07

By: BRIAN BARDWELL 0098423

Confirmation Nbr. 2910093

GINA CRISCIONE, ET AL.            CV 23 976445

    vs.

LAURA DIVINCENZO, ET AL.          **Judge:** NANCY MARGARET RUSSO

**Pages Filed:** 11



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **GINA CRISCIONE**, *et al.* <br>     *Plaintiffs,* <br> v. <br> **LAURA DIVINCENZO**, *et al.* <br>     *Defendants.* | Case No.: 23-CV-976445 <br><br> Judge Nancy Margaret Russo |
| **PLAINTIFF ESTATE OF DOROTHY MANDANICI'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR INSPECTION** ||

Plaintiff Estate of Dorothy Mandanici respectfully moves the Court for an order compelling Defendants to properly respond to their discovery demands.

## FACTS

The background of Plaintiffs' requests and efforts to resolve the current discovery disputes are laid out in Plaintiff Estate of Dorothy Mandanici's Motion to Compel Responses to Interrogatories.

## LAW & ARGUMENT

**I. Ms. Criscione has in good faith attempted to confer with the East Park Defendants to obtain discovery without court action.**

"[A] party may move for an order compelling discovery," but only after he has "in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action."[1] As detailed in Plaintiff Estate of Dorothy Mandanici's Motion to Compel Responses to Interrogatories, Plaintiffs have repeatedly asked Defendants to meet and confer, but Defendants have consistently ignored those requests, agreeing to discuss their deficiencies only once, with an offer that was extended and expired in a single weekend.

---

[1] Civ.R. 37(A)(1).

II.     **Defendants' objections to their requests for inspection are unjustified.**

A.      **Request 5**

Request 5 asks for "documents supporting each affirmative defense you have asserted." Defendants object that the request is premature because "discovery in this matter is ongoing." But again Rule 26(D) explicitly prohibits this objection: "methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery."

East Park also objects that Rule 26 does not allow "discovery of any facts upon which a party premises their affirmative defenses." This statement relies on *Sawyer v. DeVore*, No. 65306 (8th Dist. 1994), but *Sawyer* is no longer good law. As the Eighth District noted in *Blue Techs. Smart Sols., LLC v. Ohio Collaborative Learning Sols., Inc.*, 2022-Ohio-1935, ¶ 29 (8th Dist.), *Sawyer* was decided "before significant changes were made to Ohio's discovery rules," including the addition of language in Rule 26(B)(3) explicitly requiring Defendants to disclose "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."

Because Rule 26 explicitly requires the disclosure of these documents, the Court should compel East Park to produce them.

B.      **Request 6**

Request 6 asks for "all e-mails including of the following words in any field or attachment from April 2017 forward: (A) Dorothy; (B) Mandanici; (C) Gina; (D) Criscione; (E) 20CRB01262; (F) Sackett; (G) Horvath." East Park objects that the request is "vague, ambiguous, and unclear" and that it is "overly broad and unduly burdensome."

But it does not explain how the request is vague, ambiguous, unclear, overly broad, or unduly burdensome," and it has therefore waived those objections. But these records are relevant

because they are likely to discuss facts about the case and document the interactions that led up to the charges against Ms. Criscione. Those communications would assist a jury in determining whether the prosecution was undertaken for purposes other than those for which it was designed, an element of Ms. Criscione's abuse-of-process claim.

### C. Request 9

Request 9 asks for "all documents related to the investigation or prosecution of Ms. Criscione." East Park objects that this request is "vague, ambiguous, overly broad, and unduly burdensome."

It does not explain how the request is vague, ambiguous, overly broad, or unduly burdensome, and it has therefore waived those objections. These records are relevant because the investigation and prosecution of Ms. Criscione form the gravamen of her complaint. She is entitled to documents about the investigation to determine whether it was undertaken for purposes other than those for which it was designed, an element of her abuse-of-process claim, and whether it was undertaken in retaliation for protected conduct, which is an element of her claims for whistleblower retaliation and electronic-monitoring discrimination.

### D. Request 11

Request 11 asks for "all inspection reports and surveys from the Bureau of Survey and Certification between 2019 and 2021, as well as all other formal reports regarding any aspect of East Park's quality of care." East Park objects that the request "seeks information that is irrelevant and not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. The information is relevant because Ms. Criscione must demonstrate that she made a good-faith report of suspected neglect to support her claim for whistleblower

retaliation, and these records will demonstrate that the conditions at East Park would support a good-faith suspicion that it was neglecting its residents.

### E. Requests 13, 16, 17, 18, 19

These requests seek:

- "all East Park loan applications from January 2015 forward."
- "tax returns from tax year 2015 forward."
- "business ledgers from January 1, 2015 forward."
- "profit and loss statements from January 1, 2015 forward."
- "bank statements for all accounts you controlled from January 1, 2015 forward."

East Park objects that each request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case." It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. These records are relevant and necessary to allow the jury to calculate an appropriate amount of punitive damages.

East Park further objects that the request "seeks the production of documents that are confidential, proprietary and not subject to discovery." But Rule 26 does not exclude "confidential" or "proprietary" records from the scope of discovery. During their July 10 conference, Defendants argued that because they are willing to produce tax returns and profit and loss statements, any other financial records were unnecessary. That argument fails for two reasons: First, because East Park still has not produced any of those records; second, because even if it had, it does not get to choose which evidence Ms. Criscione uses to make her case. If she thinks a jury would find business ledgers or bank statements more compelling or easier to understand than tax returns, she is entitled to make her case as she sees fit.

### F. Request 15

Request 15 seeks "all East Park's agreements with third parties for management services, consulting services, health care services, or administrative services from January 2015 forward."

East Park objects that the request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. But these records are relevant because they would allow Ms. Criscione to identify additional witnesses to subpoena for trial to testify about the neglect suffered by East Park's residents and support her claim that she had a good-faith basis for suspecting abuse, neglect or exploitation.

G.  **Request 20**

Request 20 seeks "the complete employment and personnel file for Sara Thurmer, including documents of training, discipline, and allegations or reports of misconduct from the beginning of employment through your receipt of this request." East Park objects that the request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. But these records are relevant because they would allow a jury to see whether and how East Park held Ms. Thurmer accountable for her staff's errors. If it was diligent in attempting to correct her failures, a jury could conclude that punitive damages were less appropriate; if it ignored complaints about her failures, a jury could conclude that punitive damages were necessary to deter similar behavior in the future.

H.  **Requests 26 through 28**

Request 26 seeks "the staffing records required by 42 C.F.R. 483.35(g)(1) from April 2017 through May 2020." Request 27 seeks "a list of all East Park employees from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses."

Request 28 seeks "a list of all agency aides who staffed East Park from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses."

East Park objects that each request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case." It does not explain how this information is irrelevant or disproportional and has therefore waived those objections.

These records are relevant because they would provide Ms. Criscione with a list of witnesses to subpoena for trial to testify that the conditions at East Park would have given her a good-faith basis for suspecting that East Park was abusing, neglecting, or exploiting its residents, a necessary element of her whistleblower-retaliation claim.

## I. Request 29

Request 29 seeks "all communications complaining about the conditions at East Park Care Center from January 1, 2020 forward." East Park objects that the request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. But the records are relevant, as they would give the jury additional information with which to determine whether Ms. Criscione had a good-faith suspicion that East Park was abusing, neglecting, or exploiting its residents.

East Park also objects that the requested information is protected by HIPAA and the physician-patient privilege. But it offers no explanation how these rules would apply to complaints to administrators, rather than doctors, or why they would apply to complaints from family or their own employees, who are not its patients in the first place.

Even when applied to complaints by residents, HIPAA's Privacy Rule permits the disclosure of protected health information for purposes of civil litigation. A covered entity such as East Park "may disclose protected health information in the course of any judicial or

administrative proceeding … [i]n response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal." 45 CFR § 164.512(e)(1)(ii)(B). All that is required to permit such a disclosure is notice from the requesting party "that reasonable efforts have been made by such party to secure a qualified protective order." East Park was served with that notice when Ms. Criscione first requested a protective order and again when she requested another.

And these records are not protected by physician-patient privilege, as the privilege only covers communications made to a "physician, advanced practice registered nurse, or dentist," Ohio Rev. Code § 2317.02(B)(1), that are "necessary to enable a physician, advanced practice registered nurse, or dentist to diagnose, treat, prescribe, or act for a patient." Ohio Rev. Code § 2317.02(B)(5)(a). Complaints to East Park's administration about bedbugs or bad food or broken air vents are not protected, as they are neither made to a physician, nurse, or dentist, nor are they necessary to enable a physician, nurse or dentist to diagnose, treat, prescribe, or act for a patient.

J. **Request 31**

Request 31 seeks "a copy of all documentation required under Ohio Rev. Code § 3721.12(A)(3)." East Park objects that the request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. But this information is relevant because Ohio Rev. Code § 3721.12(A)(3) entitles residents to copies of a nursing home's policies, procedures and rules, which would allow a jury to determine whether Ms. Criscione violated any East Park policies when she installed a camera in her mother's bedroom. That information would be helpful to a jury in determining whether the decision to confiscate the camera and prosecute Ms. Criscione

was a reaction to a violation of East Park's policies or simply retaliation for her attempt to monitor its conduct, an element of her claim for electronic-monitoring discrimination.

### K.     Requests 33, 34, and 36

Requests 33 through 36 seek "cleaning logs for April 2017 forward," "records of East Park checking and changing Ms. Mandanici's bedding from April 2017 forward" and "all records of Ms. Mandanici's food and liquid intake, including breakfast, lunch, dinner, snacks, water and other drinks." East Park objects that the requests seek "the production of documents that are irrelevant and is not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. But this information is relevant because the claim for whistleblower retaliation requires Ms. Criscione to demonstrate that she had a good-faith basis for her suspicion that East Park was abusing, neglecting, or exploiting its residents. These records would provide the jury with objective metrics about the amount of care Ms. Mandanici was receiving and whether she was being neglected.

### L.     Request 41

Request 41 seeks "all communications with the Ohio Department of Health regarding Ms. Mandanici." East Park objects that the request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. But this information is relevant, as Ms. Criscione's claim for falsification alleges that East Park "made false statements to public officials at the Ohio Department of Health … during an official proceeding with purpose to mislead them in performing their official functions." The jury is entitled to see those communications to determine whether they contain any false statements.

M.  **Requests 47 through 49**

Requests 47 through 49 seek "logs of phone calls to or from Sara Thurmer from September 2018 through March 2021," "logs of phone calls to or from Laura DiVincenzo from June 2020 through March 2021" and "logs of phone calls to or from East Park Care Center from September 2018 through March 2021." East Park objects that the request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. But these records are relevant because East Park has accused Ms. Criscione of telecommunications harassment; Ms. Criscione is entitled to phone records showing exactly how often she contacted Defendants so the jury can determine whether it amounts to harassment.

The records are also relevant because they will permit Ms. Criscione to determine when and how often Defendants were in touch to discuss her case so that she can inquire into the substance of those calls at trial. The details of those conversations would permit a jury to evaluate whether Defendants were motivated by retaliatory animus when they prosecuted Ms. Criscione.

N.  **Request 56**

Request 56 seeks "all communications to or from Carol Horvath from January 1, 2020 forward." East Park objects that the request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. But these communications are relevant because they would allow a jury to determine the nature and extent of Defendants' relationship with Ms. Horvath, who approved the decision to prosecute Ms. Criscione. That information would permit a jury to evaluate

whether the decision to prosecute was made for a proper purpose or whether Ms. Horvath had any biases or other motivation to pursue the charges to protect the reputational interests of the East Park Defendants.

### O.     Request 63

Request 63 seeks "all communications to or from the Berea Municipal Court or its employees from January 1, 2020 forward." East Park objects that the request "seeks the production of documents that are irrelevant and is not proportional to the needs of this case."

It does not explain how this information is irrelevant or disproportional and has therefore waived those objections. But these records are relevant because these communications document East Park's involvement with the prosecution of Ms. Criscione, which lies at the heart of the case. A jury could find these records helpful in determining whether that prosecution was pursued for a proper purpose or perverted to achieve an ulterior motive, an element of Ms. Criscione's claim for abuse of process.

### CONCLUSION

Plaintiffs have attempted in good faith to obtain Defendants' voluntary compliance with their obligations to produce the requested documents, but Defendants continue to rest on baseless boilerplate objections. The Court should strike their objections and compel them to provide full responses to each request.

Respectfully submitted,

*/s/Brian D. Bardwell*
Speech Law LLC
Brian D. Bardwell (0098423)
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law

William A. Carlin (0009144)
29325 Chagrin Blvd., Suite 305
Pepper Pike, Ohio 44122
Phone: 216-831-4935
Fax: 216-831-9526
wcarlinesq@aol.com

*Attorneys for Plaintiffs Gina Criscione and Estate of Dorothy Mandanici*

### CERTIFICATE OF SERVICE

I certify that on July 15, 2023, this document was served on opposing counsel as provided by Civ. R. 5(B)(2)(f).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiffs Gina Criscione and Estate of Dorothy Mandanici*