IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | **DEFENDANTS EAST PARK** |
| | ) | **RETIREMENT COMMUNITY, INC.,** |
| LAURA DiVINCENZO, et al. | ) | **LAURA DiVINCENZO AND SARA** |
| | ) | **THURMER'S REPLY IN SUPPORT OF** |
| Defendants | ) | **MOTION TO STAY DISCOVERY** |
| | ) | |

Now come Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer and for their Reply in Support of Motion to Stay Discovery state as follows:

**RESPONSE TO PLAINTIFFS' STATEMENT OF "FACTS"**

Plaintiffs oppose Defendants' Motion to Stay by relying on "facts" that are inaccurate and incomplete. This is the same tactic Plaintiffs used in the underlying matter. Defendants must not be forced to re-litigate this case based on misinformation.

On July 15, 2023, Plaintiffs filed two Motions to Compel in the underlying refiled case. The Court granted these motions on July 18, 2023, **prior** to the expiration of the 14-day response period and without the benefit of the Defendants' opposition briefs

> 07/18/2023  N/A      JE     COURT IN RECEIPT OF MOTIONS TO COMPEL DEFENDANT TO RESPOND TO OUTSTANDING DISCOVERY. AS THE DEFENDANT HAS NOT SOUGHT NOR OBTAINED A PROTECTIVE ORDER. ALL OUTSTANDING RESPONSES ARE DUE ON OR BEFORE 4PM ON 7/19/23. COUNSEL FOR PLAINTIFF IS ORDERED TO NOTIFY THE COURT OF THE COMPLIANCE OR NON-COMPLIANCE WITH THIS ORDER BY 4:30PM ON 7/19/23. NOTICE TO BE MADE BY PHONE TO THE COURT. ALL OTHER DATES AND ORDERS REMAIN IN EFFECT. DEFENDANTS WRITTEN RESPONSE TO THE PLAINTIFFS MOTION FOR PROTECTIVE ORDER IS DUE TO THE COURT BY 4PM ON 7/24/23. NOTICE ISSUED

On July 19, 2023, Defendants filed a Motion for Leave to respond to Plaintiffs' Motion to Compel. (Attached hereto as Exhibit A). Attached to the Motion were Defendants' proposed response briefs, which detailed why Plaintiffs' Motions to Compel were not well-taken, including

outlining multiple misstatements in Plaintiffs' briefing. Subsequently, a notation was entered that this motion was denied on July 25, 2023, but there is no judgment entry reflected on the trial court's docket:

| 07/19/2023 D | MO | MOTION FILED FOR DEFENDANT(S) LAURA DIVINCENZO(D1), SARA THURMER(D2) and EAST PARK CARE CENTER(D3) EMILY R. YODER 0084013 LEAVE TO FILE RESPONSE IN OPPOSITION TO MOTIONS TO COMPEL 07/25/2023 - DENIED | 🗎 |

On August 7, 2023, Plaintiffs filed a Motion for Sanctions. Defendants filed a Brief in Opposition on August 11, 2023. (Attached as Exhibit B). In this Motion, Defendants addressed each discovery item in Plaintiffs' Motions to Compel. In many cases, the discovery had been provided or responsive information does not exist. *See id.* On August 17, 2023, Plaintiff filed a Notice Regarding Motion to Compel, withdrawing several discovery requests. (Attached as Exhibit C). Plaintiffs' Motion for Sanctions was denied[1] on August 17, 2025:

| 08/07/2023 P | MO | MOTION FILED FOR PLAINTIFF(S) GINA CRISCIONE(P1) and ESTATE OF DOROTHY MANDANICI(P2) BRIAN BARDWELL 0098423 MOTION FOR SANCTIONS 08/17/2023 - DENIED | 🗎 |

Plaintiffs' Motion for Sanctions was **not** pending when the case was dismissed on August 25, 2023, as represented to this Court by Plaintiffs. (Plaintiffs' Opposition to Defendants' motion for Protective Order, p. 2). Further, "the vast majority of the demands that the trial court ordered Defendants to serve" were **not** outstanding, as represented by Plaintiffs. *See* Exhibit B.

Importantly, for purposes of this Motion, Plaintiffs have not identified any alleged outstanding discovery items that are necessary for purposes of summary judgment. In fact, in the underlying refiled case, Defendants filed for Summary Judgment on July 25, 2023. On August 16, 2023, Plaintiffs filed a Rule 56(F) Motion arguing that the depositions of Ms. Thurmer and Ms. DiVincenzo were necessary for purposes of responding to Defendants' Motion for Summary

---

[1] Again, a Judgement Entry is not entered on the docket, but the Motion is marked as "DENIED."

Judgment. (Attached as Exhibit D). There was no reference in this Motion to Interrogatories or Request for Production of Documents. *See id*. The Court granted this Motion and Plaintiff was granted leave to respond to the Summary Judgment Motion until August 25, 2023. (Attached as Exhibit E). The depositions were conducted.

The case was dismissed by the Court on August 25, 2023, due to Plaintiffs' failure to timely file a trial brief. (Attached as Exhibit F). Plaintiffs did not file a brief in opposition to Defendants' Motion for Summary Judgment prior to the dismissal. More importantly, Plaintiffs never argued that additional discovery was necessary to respond to the pending Motion for Summary Judgment or to proceed to trial on August 30, 2023.

## LAW AND ARGUMENT

### I.     Defendants did not file a Motion for Protective Order

Plaintiffs argue that Defendants failed to certify that they have made a good faith attempt to resolve a discovery dispute as required by FRCP 26(c)(1) prior to filing a motion for protective order. (Opposition to Defendants' Motion for a Protective Order, p. 3). As this Court knows, Defendants did not file a Motion for Protective Order. *See* July 15, 2025 Order. Plaintiffs' argument is not well-taken.[2]

Plaintiffs' argument that a motion to stay discovery is tantamount to a motion for protective order is also not well-taken. Plaintiffs rely on a from the Middle District of North Carolina and the Nevada Federal District Court. These cases are not binding, nor do they stand for the proposition that a motion to stay should be denied for lack of certification of an attempt to resolve the desire for a stay.

---

[2] Even though Defendants are not required to certify attempts to resolve this matter, defense counsel did reach out to Plaintiffs' counsel on August 6, 2025 to discuss the pending Motion to Stay. During that call, it was agreed that defense counsel would prepare a draft stipulation for Plaintiffs'' counsel's review. A draft stipulation was emailed to Plaintiffs' counsel on August 7, 2025. (Attached as Exhibit G).

II.     **Defendants did not dodge discovery in the underlying cases. Discovery was completed and a discovery stay in this case is appropriate.**

As set forth in the Defendants' motions filed in the underlying refiled case, Defendants did not dodge discovery. *See* Exhibits A and B. Rather, discovery was complete and the case was scheduled to proceed to trial. Notably, Defendants filed for summary judgment. Plaintiffs argued that additional discovery in the way of two depositions, was necessary to respond to the summary judgment motion. Those depositions were conducted. Plaintiffs did not argue that any additional discovery was necessary to respond to the summary judgment motion. Likewise, here, Plaintiffs have not identified any discovery items that were allegedly withheld in the underlying case that are necessary for purposes of responding to a dispositive motion.

A.      **A stay is necessary.**

Plaintiffs argue that a stay is not necessary to avoid duplicating efforts and relitigating the same issues because the same outcome can be achieved by incorporating the discovery from the underlying cases. Plaintiffs' argument only withstands scrutiny if discovery in this matter is limited to those claims that were not litigated in the underlying cases. Defendants however, anticipate that Plaintiffs intend to use the third filing of this case to obtain discovery that could have been, but was not, obtained in the prior two cases. Discovery should not be re-opened to give Plaintiffs yet another bite at the apple. Nor should Defendants be forced to start at square one in a case that was dismissed by the Court five days before trial due to Plaintiffs' failure to file a trial brief.

B.      **The stage of litigation is consistent staying discovery.**

In their Motion, Defendants established that this case is in the early stages of litigation, which supports a discovery stay. In response, Plaintiffs incorrectly equate the stage of **this** litigation with the **entire** history of the matter, including the two previously filed and dismissed cases. Plaintiffs' argument is not well-taken. Even if Plaintiffs' reasoning were correct, a stay is

still appropriate. If Plaintiffs' argument is adopted, this case has been pending since March 10, 2023, discovery has been completed in its entirety, and the case is ready for trial. The stage of litigation supports Defendants' Motion for Stay.

      **C.**    **Plaintiffs will not be prejudiced or tactically disadvantaged if this Court grants a discovery stay.**

Defendants also established that a stay will not prejudice the parties. In response, Plaintiffs argue that they will be prejudiced due to Defendants' alleged failure to comply with discovery in the underlying refiled case. Plaintiffs' continued reliance on this factually inaccurate statement does not establish prejudice. Not only is Plaintiffs' argument incorrect, as set forth in the motions attached as Exhibits A and B, Plaintiffs have failed to identify any specific discovery item that was allegedly withheld that is necessary to respond to a dispositive motion.

Plaintiffs' response to Defendants' Motion for Summary Judgment was due the day the Court dismissed the underlying refiled case, due to Plaintiffs' failure to file a trial brief. There were no pending Rule 56(F) motions, nor had Plaintiffs requested additional time to oppose the Motion for Summary Judgment. Presumably Plaintiffs would have filed a response brief that day, had the Court not first dismissed the case. Plaintiffs' conclusory allegations of prejudice are not well-taken.

      **D.**    **A discovery stay will simplify the issues and reduce the burden of litigation for the parties and the Court.**

Defendants are not seeking a discovery stay to file a hypothetical motion for summary judgment. Plaintiffs' suggestion that the discovery stay will not simplify the issues because Defendants may file a summary judgment motion at some future date is not well-taken. This stay is not sought for purposes of placing this case in a holding pattern until some undetermined time when Defendants decide to file a dispositive motion. To the contrary, Defendants are anxious to

proceed with resolving this mater as expeditiously and efficiently as possible. Defendants are prepared to file a dispositive motion within 14 days of a ruling from this Court.

Further Plaintiffs' argument that a stay is not appropriate because the state law claim for violation of Plaintiff Gina Criscione's civil rights will not be resolved on summary judgment, is not determinative of Defendants' Motion. The underlying refiled case did not include a claim for violation of Revised Code 2921.45. Thus, discovery was not conducted on this single claim. This should not deter this Court from granting Defendants' motion. If only a single state law claim remains after summary judgment, clearly the requested relief will simplify the issues and reduce the litigation burden for the parties and this Court.

## III.     An order incorporating discovery conducted in the original and refiled cases promotes efficiency and should be granted.

It appears that the parties are in agreement that discovery from the prior cases should be incorporated herein.

## IV.     Leave to file Defendants' Motion for Summary Judgment will not cause prejudice or delay and should be granted.

Plaintiff argues that Defendants' Motion should be denied because it would not move the case towards resolution because the filing of a Motion for Summary Judgment would prompt Plaintiffs to file a Rule 56(d) motion for discovery. Essentially, Plaintiffs argue that this Court should deny Defendants' Motion because if the Motion is granted Plaintiffs will simply ignore this Court's order staying discovery. Plaintiffs' preemptive non-compliance is not a legitimate reason for this Court to deny Defendants' Motion.

## CONCLUSION

This case represents the third filing of the same claims. The parties previously conducted discovery and briefed dispositive arguments. The parties were prepared to proceed to trial when

the court dismissed the case. It is improper and inefficient to require the parties to relitigate this case. In response, Plaintiffs have not advanced any argument that supports denial of Defendants' Motion. Defendants request an order 1) incorporating the discovery already conducted in the previously filed cases; 2) permitting Defendants to file a Motion for Summary Judgment based on the discovery previously conducted; and 3) staying discovery pending ruling on Defendants' Motion for Summary Judgment.

Respectfully submitted,

*/s/ Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing *Defendants East Park Retirement Community, Inc., Laura DiVincenzo, and Sara Thurmer's Reply in Support of Motion to Stay Discovery* was filed electronically on August 7, 2025, with the Clerk using the CM/ECF system, which will notify all parties. Parties may access this document through the court's electronic-filing system.

/s/ *Emily R. Yoder*
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1412165-v1>>