Motion No.  <u>5104662</u>



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION FOR...**
**July 19, 2023 15:20**

By: EMILY R. YODER 0084013

Confirmation Nbr. 2913582

GINA CRISCIONE, ET AL.                    CV 23 976445

vs.

LAURA DIVINCENZO, ET AL.          **Judge:**  NANCY MARGARET RUSSO

**Pages Filed:**  54


DEFENDANT'S EXHIBIT

A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. CV 23 976445 |
| | ) | |
| Plaintiffs | ) | JUDGE NANCY MARGARET RUSSO |
| | ) | |
| vs. | ) | **DEFENDANTS' MOTION FOR LEAVE** |
| | ) | **TO FILE RESPONSE IN OPPOSITION** |
| LAURA DiVINCENZO, et al. | ) | **TO PLAINTIFF ESTATE OF** |
| | ) | **DOROTHY MANDANICI'S MOTION** |
| Defendants | ) | **TO COMPEL RESPONSES TO** |
| | ) | **INTERROGATORIES AND RESPONSE** |
| | ) | **IN OPPOSITION TO PLAINTIFF** |
| | ) | **ESTATE OF DOROTHY MANDANICI'S** |
| | ) | **MOTION TO COMPEL RESPONSES** |
| | ) | **TO REQUEST FOR INSPECTION** |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer respectfully request leave to file the attached Briefs in Opposition to Plaintiff Estate of Dorothy Mandanici's Motions to Compel. Plaintiffs' motions were filed on Monday, July 17, 2023. Before defense counsel had an opportunity to review and respond to these motions, the Court entered an Order on Tuesday, July 18, 2023 compelling Defendants to respond to the discovery requests. Plaintiffs' motions however are incomplete and inaccurate. Most importantly, Plaintiffs exclude important and highly relevant information contained in Defendants' Interrogatory Answers and Responses to Request for Inspection. Plaintiffs also fail to inform the Court that Defendants did provide supplemental information to Plaintiffs on July 14, 2023 **before** Plaintiffs filed their Motions to Compel and in response to the discovery conference on July 10, 2023. Plaintiffs' Motions are incomplete and misleading. Defendants should have an opportunity to

apprise the Court of all of the facts and circumstances surrounding these discovery issues before the Court rules on such issues.

Defendants request an opportunity to present the complete story with respect to the discovery to the Court. Defendants' briefs in opposition are attached hereto as Exhibit A (Defendants' Response in Opposition to Plaintiff Estate of Dorothy Mandanici's Motion to Compel Responses to Interrogatories) and Exhibit B (Defendants' Response in Opposition to Plaintiff Estate of Dorothy Mandanici's Motion to Compel Responses to Requests for Inspection). Defendants respectfully request leave to file the attached briefs.

Respectfully submitted,

*/s/Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## CERTIFICATE OF SERVICE

Pursuant to Civil Rule 5(B)(2)(f), I hereby certify that copy of the foregoing ***Motion for Leave to File Response in Opposition to Plaintiff Estate of Dorothy Mandanici's Motion to Compel Responses to Interrogatories and Response in Opposition to Plaintiff Estate of Dorothy Mandanici's Motion to Compel Responses to Request for Inspection*** was sent via electronic mail, this 19th day of July, 2023, to:

Brian D. Bardwell, Esq.
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland OH 44113-1326
brian.bardwell@speech.law

William A. Carlin, Esq.
29325 Chagrin Blvd., Suite 305
Pepper Pike OH 44122
wcarlinesq@aol.com
Attorney for Plaintiffs

*/s/ Emily R. Yoder*
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1296123-v1>>

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. CV 23 976445 |
| | ) | |
| Plaintiffs | ) | JUDGE NANCY MARGARET RUSSO |
| | ) | |
| vs. | ) | **RESPONSE IN OPPOSITION TO** |
| | ) | **PLAINTIFF ESTATE OF DOROTHY** |
| LAURA DiVINCENZO, et al. | ) | **MANDANICI'S MOTION TO COMPEL** |
| | ) | **RESPONSES TO INTERROGATORIES** |
| Defendants | ) | |

Defendants East Park Retirement Community, Inc. and Sara Thurmer for their Brief in Opposition to Plaintiff Estate of Dorothy Mandanici's Motion to Compel Responses to Interrogatories state as follows:

## I. INTRODUCTION

At the outset of this litigation, Plaintiffs' Complaint included eighteen separate causes of action against eight defendants. A number of these claims were not supported on their face. Accordingly, Defendants engaged in motion practice to have the improper claims dismissed. Specifically, these Defendants sought judgment on the pleadings on Plaintiffs' Claims One, Two, Three, Four, Ten, and Eighteen. Defendants' motion was granted on May 23, 2023. Additionally, the claims against the Brook Park Defendants were dismissed in their entirety.

Prior to dismissal of these claims, Plaintiffs served Defendants with voluminous discovery requests including 187 separate requests for admissions propounded on Laura DiVincenzo, Sara Thurmer, and East Park Care Center; 15 interrogatories propounded on Defendant Sara Thurmer; 14 interrogatories propounded on East Park Care Center; and 66 "requests for inspection" to Defendants East Park Care Center, Laura DiVincenzo, and Sara

DEFENDANT'S
EXHIBIT
ALL-STATE LEGAL®
4

Thurmer. Obviously, significant time was needed to respond to the voluminous discovery requests. Notably, many of the requests related to claims asserted in the First Amended Complaint that were dismissed by the Court in response to Defendants' Motion for Judgment on the Pleadings. Plaintiffs did not serve revised discovery requests tailored to the remaining claims, after a significant number of their claims were dismissed.

Defendants were responding to Plaintiffs voluminous and largely improper discovery requests at the same time that the parties were scheduling the depositions of East Park's 30(B)(5) witness and Plaintiff Gina Criscione. Also at that time, Plaintiffs were making multiple document "drops" on Defendants which included 10,000 plus pages of documents. Many of these documents were not responsive in any way and had nothing to do with any of the pending claims. Defendants however were forced to wade through the excessive document production, which included reviewing hundreds of individual files. At the same time, Defendants were preparing for depositions. Thus, Plaintiffs' suggestion that Defendants were ignoring Plaintiffs' counsel's request to meet and confer concerning supposed discovery discrepancies paints an incomplete and inaccurate picture of exactly what was occurring in discovery in this case. Rather, Plaintiffs had effectively buried defense counsel with their document production.

The parties did ultimately engage in a meet and confer following the Court's July 10, 2023 settlement conference. At that time, Plaintiffs' counsel identified specific interrogatories propounded on Ms. Thurmer and East Park to which Plaintiff claimed supplemental answers were needed. This was the first time that Plaintiffs' counsel identified specific interrogatory answers that were in dispute. The defense advised that each of the interrogatories and answers would be reviewed and a response would be provided to Plaintiffs' counsel by the end of the week.

In Plaintiffs' Motion to Compel, Plaintiffs' incorrectly represent to this Court that the Defendants, "Would not agree to any definite timeline for providing additional records or responses to requests, nor did they agree to provide any additional records or responses at all." (Plaintiffs' Motion at p. 3). This is completely inaccurate. More importantly, Defendants did respond to each of the specific discovery items raised by Plaintiffs' during that meeting by way of a letter served on Plaintiffs' counsel on July 14, 2023 (*see* attached Exhibit 1). Plaintiffs' representation to this Court that the Defendants have not submitted any further information since the July 10, 2023 meet and confer is false.

## II.    LAW AND ARGUMENT

### A.    <u>Legal Standard</u>

While the Ohio Rules of Civil Procedure allow for liberal discovery of information, they are not without limitation. *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 214, 2010-Ohio-6275, 943 N.E.2d 514. Discovery is expressly limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Civ. R. 26(B)(1). Civil Rule 26(B)(1) provides:

> In General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding **<u>any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case</u>**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(emphasis added). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ohio Evid. R. 401.

> Relevancy is not an inherent characteristic of any item of evidence. When it exists, it is a relationship between an item of evidence and a matter properly provable in the case. Evidence is relevant when it tends as a matter of common experience and logic to prove a matter of consequence...

*Reinhart v. Toledo Blade, Co.*, 21 Ohio App. 3d 274, 278 (Third Dist., 1985).

A trial court is vested with the authority to limit pretrial discovery in order to prevent an abuse of the discovery process. *Arnold v. American Nat'l. Red Cross*, 93 Ohio App.3d 564, 575 (Eighth Dist., 1994). "Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." *State, ex rel. Grandview Hosp. & Medical Ctr. v. Gorman*, 51 Ohio St.3d 94, 95 (1990) (internal citations omitted).

"The court has the same, if not greater right and duty, to regulate discovery as it does to control the trial and to impose reasonable limits and conditions, consistent with the rules, to expedite the administration of justice." *Penn Central Transportation Co. v. Armco Steel Corp.*, 27 Ohio Misc. 76, 80 (Montgomery County Common Pleas, 1971). A trial court's extensive jurisdiction and power over discovery is reflected in the Staff Notes to Civ. R. 26:

> All provisions as to scope of discovery are subject to the initial qualification that the court may order otherwise in accordance with these rules. [Rule 26(C)]... confers broad powers on the courts to regulate or prevent discovery even though the materials sought are within the scope of [26(B)], and these powers have always been freely exercised.

Ohio courts have recognized a trial court's inherent power to control discovery:

> Notwithstanding the liberal discovery provisions contained in the Civil Rules, a trial court is vested with the authority to limit pretrial discovery in order to prevent an abuse of the discovery process. Civ. R. 26(C) provides in part that: "for good cause shown, the court may make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense. The decision to grant a motion for a protective order is left to the sound discretion of the trial court."

*Arnold*, 93 Ohio App.3d at 575-576.

**B.** **Plaintiffs' Motion to Compel Answers to Interrogatories Propounded on Sara Thurmer is not well-taken and must be denied.**

    **1.** **As previously explained to Plaintiffs, Defendants are in the process of obtaining the Verification of Ms. Thurmer.**

Defendants have advised Plaintiffs that the verification page will be produced as soon as it is available. As set forth in Defendants' July 14, 2023 correspondence, Ms. Thurmer reviewed and approved the interrogatory answers before they were served. She has the verification page, but has not had an opportunity to sign and return the verification page. As soon as the verification page is returned, it will be forwarded to Plaintiffs' counsel. Filing a motion to compel on this issue is unwarranted and a waste of judicial resources.

    **2.** **Ms. Thurmer's Answer to Interrogatory No. 1 is appropriate.**

Interrogatory No. 1 is an improper attempt to circumvent the Civil Rules. The interrogatory and Defendant's answer are as follows:

1. Affirm that all your responses to requests for production and requests for admission in this matter are the truth, the whole truth, and nothing but the truth.

**ANSWER:** Objection. This Interrogatory is improper and inconsistent with the Civil Rules to the extent it seeks certification of discovery responses that are prepared and signed by counsel and not required to be verified by a party.

As set forth in the objections, this interrogatory is inappropriate. Specifically, Plaintiffs seek to circumvent the civil rules by seeking verification of discovery responses that are not prepared or verified by an individual defendant. The answer to this Interrogatory is appropriate. Compelling Ms. Thurmer to verify discovery responses that are not prepared or verified by a party is improper.

3.     **Interrogatory No. 2 serves only to harass and annoy Ms. Thurmer. This interrogatory serves no logical relation to any pending claim.**

Throughout the Motion, Plaintiffs argue that certain objections were waived because Defendants failed to explain the basis for the objections. Plaintiffs' arguments in this regard are not well-taken. With respect to Interrogatory No. 2, Ms. Thurmer did not waive her objections by failing to explain why this interrogatory is overly broad or unduly burdensome. In Interrogatory No. 2, Plaintiffs seek every phone number, e-mail address, and social media account Ms. Thurmer has ever used or controlled since April 1, 2017. An explanation as to overbreadth and the burden created by such interrogatory is unnecessary.

More importantly, as indicated in the interrogatory answer, this interrogatory seeks information that is irrelevant and not proportional to the needs of this case. Plaintiffs have no logical basis for obtaining this highly personal information related to Ms. Thurmer. This is especially true in a case where Ms. Thurmer went to the police because she had concerns about the threatening and unhinged conduct of the Plaintiff Gina Criscione. Providing Plaintiffs with this information is not appropriate under these circumstances.

Nonetheless, Ms. Thurmer did provide an answer as follows:

Without waiving and subject to these objections, all text messages between Ms. Thurmer and Plaintiff have been produced. Further answering, I do not have any social media accounts.

Further information was provided in the July 14, 2023 letter including the following:

You believe that Ms. Thurmer's answer is incomplete and claim that because Ms. Thurmer accused Plaintiff Gina Criscione of telecommunications harassment, you are entitled to know the phone numbers, social media accounts, and email addresses that Plaintiff used to contact Ms. Thurmer. While I don't necessarily agree with your analysis, as indicated in the interrogatory answer, Ms. Thurmer does not have any social media accounts. Additionally, text messages between Ms. Thurmer and Plaintiff were produced. This document includes Ms. Thurmer's cell phone number. Plaintiff also contacted Ms. Thurmer at East Park by calling

the front desk. To the best of Ms. Thurmer's recollection, she did not receive any emails from Plaintiff. If Plaintiff did contact Ms. Thurmer via email, it would have been through her East Park email address which was SThurmer@EPRetire.com. Ms. Thurmer no longer has access to that email account.

Finally, Plaintiffs suggestion that Ms. Criscione must demonstrate that she did not actually commit telecommunications harassment against Ms. Thurmer is not supported by the law. Moreover, Ms. Criscione should be uniquely aware of any phone number, e-mail address, or social media account at which she contacted Ms. Thurmer. It is clear that this interrogatory is nothing more than a fishing expedition meant to further harass and annoy Ms. Thurmer.

### 4. Interrogatory Nos. 9 and 10 were not the subject of the meet and confer and are not properly before this Court.

Civil Rule 27(A) provides as follows:

(A) Motion for an order compelling discovery (1) In general On notice to other parties and all affected persons, a party may move for an order compelling discovery. The motion shall include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action.

Plaintiffs did not raise Ms. Thurmer's Answer to Interrogatory Nos. 9 and 10 during the July 10, 2023 meet and confer. Including these interrogatories in the Motion to Compel is an improper ambush by Plaintiffs. More importantly, Plaintiffs have failed to comply with Civil Rule 37 which requires Plaintiffs to confer concerning the discovery at issue before seeking Court intervention.

During the July 10, 2023 meeting, Plaintiffs' counsel identified specific interrogatory answers that Plaintiffs' counsel believed were insufficient or improper. Ms. Thurmer's answers to Interrogatory Nos. 9 and 10 were not discussed in any way. Thus, Plaintiffs have not made a good faith attempt to resolve this discovery dispute prior to seeking the Court's intervention. Moreover, the interrogatory is inappropriate as set forth in the objections to this interrogatory.

Specifically, Plaintiffs seek to circumvent the civil rules by seeking verification of discovery responses that are not prepared or verified by an individual defendant.

Plaintiffs seek to ambush Defendants by requesting a meet and confer and conducting that meeting, but then including additional discovery requests in a motion to compel. This is absolutely inappropriate and should not be permitted.

Moreover, notably absent from Plaintiffs' motion are the interrogatories and Ms. Thurmer's answers. Had Plaintiffs actually included the discovery requests and answers, the Court could see that Ms. Thurmer did in fact answers these interrogatories to the best of her ability, subject to the noted objections. Specifically:

9. In a September 28, 2020, e-mail, Laura DiVincenzo said that "several people in the industry" had contacted you about Ms. Criscione's statements. Identify each of those people, including their name, employer, home address, phone number, and e-mail address.

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Additionally, this Interrogatory seeks information that is irrelevant and not proportional to the needs of this case. Without waiving and subject to these objections, I do not recall the names of all of the people who contacted me about Plaintiff. I did however receive calls from several people in the industry, including, but not limited to Nikki Garcia.

10. In a September 28, 2020, e-mail, Laura DiVincenzo said that "employees witnessed Ms. Criscione driving on the grounds of East Park Retirement Community." Identify each of those employees, including their name, current employer, home address, phone number, and e-mail address.

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Additionally, this Interrogatory seeks information that is irrelevant and not proportional to the needs of this case. Without waiving and subject to these objections, I do not recall every employee who witnessed Plaintiff driving on the grounds of East Park Retirement Community. To the best of my recollection, this incident was observed by Yolanda Odom, Amanda Wetherell, Renee, Tina Vondrak, Dina McBee, and two STNAs whose names I cannot remember. There may have been other people as well.

Plaintiffs are clearly attempting to paint Defendants in an improper and negative light by mischaracterizing the Defendants' discovery responses. Ms. Thurmer answered these interrogatories. These interrogatories were not part of the meet and confer. There is no basis for including these interrogatories in a motion to compel other than for purposes of making the Defendants look bad.

### 5. Ms. Thurmer provided a supplemental answer to Interrogatory No. 14.

As indicated during the meet and confer, Defendants stand by their objections to Interrogatory No 14. Nonetheless, Defendants provided a supplemental answer to this interrogatory. Plaintiffs however conveniently do not include any of this information in their Motion to Compel. Again, Plaintiffs are engaged in gamesmanship meant to reflect poorly on these Defendants by mischaracterizing what has occurred with respect to discovery.

Specifically, on July 14, 2023, the following was provided to Plaintiffs' counsel:

**Interrogatory No. 14:** Detail the substance of every communication about Ms. Criscione or her criminal case that you had with any of your co-defendants or their agents that you did not produce in response to Request for Inspection #1.

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Additionally, this Interrogatory seeks information that is irrelevant and not proportional to the needs of this case. This Defendant further objects to the extent that this Interrogatory seeks information that is protected by the attorney-client privilege and/or work-product doctrine. Further, this Interrogatory seeks a narrative response that is better suited for a deposition.

Although I believe that this answer is appropriate, in the spirit of cooperation and in a good faith attempt to resolve a discovery dispute, this answer is supplemented as follows:

**SUPPLEMENTAL ANSWER:** Without waiving and subject to these objections, I am unable to recall every conversation or the details of such conversations. I did have several conversations with Ms. DiVincenzo about Plaintiff's behavior and information brought to me by staff members that Plaintiff posted online. I talked to Ms. DiVincenzo about my concerns for my safety based on Plaintiff's conduct.

Following the July 10, 2023 meet and confer, Ms. Thurmer provided a supplemental answer to Interrogatory No. 14. Plaintiffs do not take issue with this supplemental answer and in fact do not even reference it in the Motion to Compel. Plaintiffs' Motion to Compel with respect to Interrogatory No.14 is not well-taken.

**C.      Defendant East Park Care Center Appropriately Responded to Interrogatories Propounded by Plaintiffs**

**1.      East Park's Answer to Interrogatory No. 1 is appropriate.**

Interrogatory No. 1 is inappropriate as set forth in the objections to this interrogatory. Specifically, Plaintiffs seek to circumvent the civil rules by seeking verification of discovery responses that are not prepared or verified by the defendant. Plaintiffs' Motion to Compel an Answer to Interrogatory No. 1 is not well-taken.

**2.      East Park Care Center appropriately objected to Interrogatories 4, 5, and 6.**

Interrogatory Nos. 4, 5, and 6 seek information related to care provided to other residents. East Park Care Center appropriately objected to each of these interrogatories. This information is not discoverable. This was appropriately noted in East Park's interrogatory answers. This was further explained to Plaintiffs' counsel during the July 10, 2023 conference and again in the July 14, 2023 correspondence. Plaintiffs have failed to establish that such information is discoverable.

Revised Code 2317.02 governs the physician-patient privilege. Pursuant to R.C. 2317.02(B)(3)(a), the physician-patient privilege can be waived only with respect to communications that are related causally or historically to physical or mental injuries that are relevant to the issues in a particular claim. In *Roe v. Planned Parenthood Southwest Ohio Region*, 122 Ohio St.3d 399, 2009-Ohio-912 N.E.2d 61, the Ohio Supreme Court held that the

physician-patient privilege of R.C. 2317.02 protects medical records of non-parties. Also, *redaction of personal, identifying information does not remove the privileged status of records*. *Id.* at 400.

Similarly, in both *Gress v. Coshocton Cty. Mem. Hosp.*, No. 2:07-cv-434, 2009 U.S. Dist. LEXIS 86446 (S.D. Ohio, Sept. 8, 2009) and *Bednarik v. St. Elizabeth Health Ctr.,* 7th Dist. No. 09MA34, 2009-Ohio-6404, the Courts applied the *Roe* Decision and held that *confidential medical records of non-parties cannot be disclosed through discovery even if identifying information was redacted*. The key holding in these cases was that the information contained in the medical records is privileged and protected from discovery.

Additionally, HIPAA prevents the disclosure of an individual's protected health information unless a valid authorization for its release is issued. 45 CFR 164.512. Production of protected health information under HIPAA is only authorized under strict procedural safeguards to ensure the privacy rights of patients. *Id.* A medical provider can disclose protected health information only if it is assured that reasonable efforts were made to notify the patient of the request or to secure a qualified protective order. *Id.*

Not only is the requeted information privileged, it is also irrelevant and not proportional to the needs of this case. Plaintiffs' claims with respect to the care provided to Ms. Mandanici were dismissed. Further, alleged inadequate care to other patients has absolutely no bearing on the care provided to Ms. Mandanici or any of the remaining claims. Plaintiffs Motion to Compel answer to these interrogatories is improper.

### 3. Interrogatories 12 and 13 were not the subject of the meet and confer and are not properly before this Court.

Again, Plaintiffs had the opportunity to discuss their perceived issues with Defendants' discovery responses. During the meet and confer, Interrogatories 12 and 13 were not discussed.

Thus, this is not the appropriate subject of a motion to compel. Nonetheless, as indicated in Plaintiffs' motion, Interrogatories 12 and 13 seek information about employees that were terminated from April 1, 2017 to the present. Plaintiffs complain that Defendants did not explain how this information is irrelevant or disproportional to the needs of this case. All claims related to the care provided to the decedent Dorothy Mandanici have been dismissed.

Further, Plaintiffs argue that the information is relevant because former employees can testify about East Park's operations, its staffing levels, its cleanliness, and its policies. Regardless of whether former employees could testify on these topics, such topics have absolutely no bearing on any of the remaining claims.

Finally, Plaintiffs argue that the information is also relevant because Ms. Criscione has alleged that East Park retaliated against her by restricting its workers' ability to facilitate calls between her and her mother. According to Plaintiffs, the requested information will establish that East Park terminated workers who undermined its attempts to retaliate against Ms. Criscione.

Whistleblower retaliation pursuant to R.C. § 3721.24 prohibits retaliation against an employee or other individual used by the entity to perform work or services and against residents. Ms. Criscione was not an employee or other individual used by East Park to perform work or services, nor was Ms. Criscione a resident. She does not have a valid claim for whistleblower retaliation. Thus, the fact that these discovery requests may establish retaliation is irrelevant.

Moreover, during her mother's residency, Ms. Criscione was at the facility daily and communicated with the staff multiple times a day. There has been no indication that there were employees at East Park with whom Ms. Criscione was not familiar. Further, Ms. Criscione's allegation of retaliation is limited to a very short time period. Plaintiffs' interrogatories however

are not limited in any way. Thus, these interrogatories are inappropriate and serve only to harass and annoy.[1] Plaintiffs' Motion to Compel answers to Interrogatory Nos. 12 and 13 is not well-taken and must be denied.

## III.    CONCLUSION

Plaintiffs have misrepresented the status of discovery and Defendants' attempts to resolve these discovery disputes. Additionally, a meet and confer was conducted on July 10, 2023. Specific interrogatories were discussed during that meeting. Plaintiffs' motion to compel however includes interrogatories that were not discussed. It is clear that Plaintiffs are engaged in gamesmanship. Further evident is that Defendants have complied with discovery and have responded appropriately to Plaintiffs' interrogatories. Therefore, Defendants respectfully request that Plaintiff's Motion to Compel Responses to Interrogatories be denied.

Respectfully submitted,

*/s/ Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

---

[1] Additionally, to the extent that this information relates to Plaintiff's retaliation claim, such claim is time-barred.

## CERTIFICATE OF SERVICE

Pursuant to Civil Rule 5(B)(2)(f), I hereby certify that copy of the foregoing ***Defendants'***

***Response in Opposition to Plaintiff Estate of Dorothy Mandanici's Motion to Compel***

***Responses to Interrogatories*** was sent via electronic mail, this 19th day of July, 2023, to:

Brian D. Bardwell, Esq.
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland OH 44113-1326
brian.bardwell@speech.law

William A. Carlin, Esq.
29325 Chagrin Blvd., Suite 305
Pepper Pike OH  44122
wcarlinesq@aol.com
Attorney for Plaintiffs

/s/ *Emily R. Yoder*
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1296209-v1>>



# HANNA CAMPBELL & POWELL, LLP

July 14, 2023

*Via e-mail:* brian.bardwell@speech.law
Brian D. Bardwell, Esq.
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland OH 44113-1326

*Via e-mail:* wcarlinesq@aol.com
William A. Carlin, Esq.
29325 Chagrin Blvd., Suite 305
Pepper Pike OH  44122

**Re:**     ***Gina Criscione, et al. v. Laura DiVincenzo, et al.***
        **Cuyahoga County Court of Common Pleas Case No. CV 23 976445**

Dear Mr. Bardwell and Mr. Carlin:

As a follow up to our conference on Monday, July 10, 2023 wherein you raised issues with respect to Defendants' discovery responses, the following is noted:

## DEFENDANT SARA THURMER'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

**Verification:** Ms. Thurmer reviewed and approved the interrogatory answers before they were served. She has the verification page, but has not yet signed and returned it. I have asked her to send me the verification page as soon as possible. I will forward it to you upon receipt.

**Interrogatory No. 2:** Identify every phone number, e-mail address, and social media account you have used or controlled since April 1, 2017.

> **ANSWER:     Objection. This Interrogatory is overly broad and unduly burdensome. Additionally, this Interrogatory seeks information that irrelevant and not proportional to the needs of this case. Without waiving and subject to these objections, all text messages between Ms. Thurmer and Plaintiff have been produced. Further answering, I do not have any social media accounts.**



Electronically Filed 07/19/2023 15:20 / MOTION / CV 23 976445 / Confirmation Nbr. 2913562 / BATCH 333
(P) 330.670.7612 · (F) 330.670.7453 · eyoder@hcplaw.net
www.hcplaw.net

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 2

You believe that Ms. Thurmer's answer is incomplete and claim that because Ms. Thurmer accused Plaintiff Gina Criscione of telecommunications harassment, you are entitled to know the phone numbers, social media accounts, and email addresses that Plaintiff used to contact Ms. Thurmer. While I don't necessarily agree with your analysis, as indicated in the interrogatory answer, Ms. Thurmer does not have any social media accounts. Additionally, text messages between Ms. Thurmer and Plaintiff were produced. This document includes Ms. Thurmer's cell phone number. Plaintiff also contacted Ms. Thurmer at East Park by calling the front desk. To the best of Ms. Thurmer's recollection, she did not receive any emails from Plaintiff. If Plaintiff did contact Ms. Thurmer via email, it would have been through her East Park email address which was SThurmer@EPRetire.com. Ms. Thurmer no longer has access to that email account.

**Interrogatory No. 14:** Detail the substance of every communication about Ms. Criscione or her criminal case that you had with any of your co-defendants or their agents that you did not produce in response to Request for Inspection #1.

> **ANSWER:** **Objection. This Interrogatory is overly broad and unduly burdensome. Additionally, this Interrogatory seeks information that is irrelevant and not proportional to the needs of this case. This Defendant further objects to the extent that this Interrogatory seeks information that is protected by the attorney-client privilege and/or work-product doctrine. Further, this Interrogatory seeks a narrative response that is better suited for a deposition.**

Although I believe that this answer is appropriate, in the spirit of cooperation and in a good faith attempt to resolve a discovery dispute, this answer is supplemented as follows:

> **SUPPLEMENTAL ANSWER: Without waiving and subject to these objections, I am unable to recall every conversation or the details of such conversations. I did have several conversations with Ms. DiVincenzo about Plaintiff's behavior and information brought to me by staff members that Plaintiff posted online. I talked to Ms. DiVincenzo about my concerns for my safety based on Plaintiff's conduct.**

## DEFENDANT EAST PARK RETIREMENT COMMUNITY INC.'S ANSWER TO INTERROGATORIES

**Interrogatory No. 4:** Identify every resident who has complained that East Park was providing inadequate care to its residents from April 2017 forward.

> **ANSWER:** **Objection. This Interrogatory seeks private health information of non-parties. Such information is protected from disclosure by the physician-patient privilege and HIPAA and is otherwise**

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 3

> **not discoverable. Additionally, this Interrogatory seeks information that is irrelevant and is not proportional to the needs of this case.**

As set forth in East Park's answer and as I further explained during our conference, information related to other residents is not discoverable. Revised Code 2317.02 governs the physician-patient privilege. Pursuant to R.C. 2317.02(B)(3)(a), the physician-patient privilege can be waived only with respect to communications that are related causally or historically to physical or mental injuries that are relevant to the issues in a particular claim. In *Roe v. Planned Parenthood Southwest Ohio Region*, 122 Ohio St.3d 399, 2009-Ohio-912 N.E.2d 61, the Ohio Supreme Court held that the physician-patient privilege of R.C. 2317.02 protects medical records of non-parties. Also, ***redaction of personal, identifying information does not remove the privileged status of records***. *Id.* at 400.

Similarly, in both *Gress v. Coshocton Cty. Mem. Hosp.*, No. 2:07-cv-434, 2009 U.S. Dist. LEXIS 86446 (S.D. Ohio, Sept. 8, 2009) and *Bednarik v. St. Elizabeth Health Ctr.*, 7th Dist. No. 09MA34, 2009-Ohio-6404, the Courts applied the *Roe* Decision and held that ***confidential medical records of non-parties cannot be disclosed through discovery even if identifying information was redacted***. The key holding in these cases was that the information contained in the medical records is privileged and protected from discovery.

Additionally, HIPAA prevents the disclosure of an individual's protected health information unless a valid authorization for its release is issued. 45 CFR 164.512. Production of protected health information under HIPAA is only authorized under strict procedural safeguards to ensure the privacy rights of patients. *Id.* A medical provider can disclose protected health information only if it is assured that reasonable efforts were made to notify the patient of the request or to secure a qualified protective order. *Id.*

Not only is this information privileged, it is also irrelevant and not proportional to the needs of this case. Plaintiffs' claims with respect to the care provided to Ms. Mandanici were dismissed. Further, alleged inadequate care to other patients has absolutely no bearing on the care provided to Ms. Mandanici or any of the remaining claims. East Park stands by its answer to this interrogatory.

**Interrogatory No. 5:** Identify every family member of a resident who has complained that East Park was providing inadequate care to its residents from April 2017 forward.

> **ANSWER:** **Objection. This Interrogatory seeks private health information of non-parties. Such information is protected from disclosure by the physician-patient privilege and HIPAA and is otherwise not discoverable. Additionally, this Interrogatory seeks information that is irrelevant and is not proportional to the needs of this case.**

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 4

For the reasons set forth with respect to Interrogatory No. 4 above, East Park's answer to Interrogatory No. 5 is appropriate.

**Interrogatory No. 6:** Identify every employee or agent who has complained that East Park was providing inadequate care to its residents from April 2017 forward.

**ANSWER:** **Objection. This Interrogatory seeks private health information of non-parties. Such information is protected from disclosure by the physician-patient privilege and HIPAA and is otherwise not discoverable. Additionally, this Interrogatory seeks information that is irrelevant and is not proportional to the needs of this case.**

For the reasons set forth with respect to Interrogatory No. 4 above, East Park's answer to Interrogatory No. 6 is appropriate.

### DEFENDANTS EAST PARK RETIREMENT COMMUNITY, INC., LAURA DIVINCENZO AND SARA THURMER'S RESPONSE TO REQUESTS FOR INSPECTION

As explained in Defendants' discovery responses, East Park Retirement Community, Inc. was sold on October 29, 2021. Limited information and documents were retained by the former owners. We have been working diligently to identify any responsive documents that are not in Defendants' possession, but that may be maintained by the current owners. In addition to emailing and calling the current administration, we have also gone to the facility two times to look for and gather responsive information. We have also contacted former employees to determine where documents were maintained after the sale of the facility.

**Request No. 6:** Produce all e-mails including of the following words in any field or attachment from April 2017 forward:

- A. Dorothy
- B. Mandanici
- C. Gina
- D. Criscione
- E. 20CRB01262
- F. Sackett
- G. Horvath

**RESPONSE: Objection. This Request is vague, ambiguous, and unclear. Further, this Request is overly broad and unduly burdensome.**

As indicated in our response, this request is vague, ambiguous, unclear, overly broad and unduly burdensome. It is not limited in any way to email correspondence related to the subject matter of

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 5

this litigation. For example, terms such as Dorothy, Gina, and Horvath are likely to return emails concerning patients other than Ms. Mandanici and issues completely unrelated and irrelevant to this case. Additionally, Defendants do not have access to this information due to the sale of the facility.

**Request No. 13:** Produce all East Park loan applications from January 2015 forward.

> **RESPONSE:** **Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Additionally, this Request seeks the production of documents that are confidential, proprietary and not subject to discovery.**

Evidence of a defendant's wealth is relevant when considering an award of punitive damages. As such, Plaintiffs are entitled to discovery on this issue. As indicated in Defendants discovery responses, Defendants will produce tax returns and profit and loss statements. Production of additional financial documents is unnecessary and serves only to harass and annoy.

**Request No. 20:** Produce the complete employment and personnel file for Sara Thurmer, including documents of training, discipline, and allegations or reports of misconduct from the beginning of employment through your receipt of this request. This request also includes documents removed from the employee's personnel file or maintained in separate benefits file, confidential file, disciplinary file, investigative file, medical file, payroll file, or other file.

> **RESPONSE:** **Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving and subject to this objection, will supplement.**

We have been unable to locate a personnel file for Ms. Thurmer. As indicated, the response will be supplemented if the personnel file is located.

**Request No. 26:** Produce the staffing records required by 42 C.F.R. 483.35(g)(1) from April 2017 through May 2020.

> **RESPONSE:** **Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving, and subject to these objections, will supplement if responsive documents are identified.**

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 6

We believe that we have located some staffing records at the facility. We are in the process of reviewing these records and will produce any responsive, discoverable information, as indicated in the response to Request No. 26.

**Request No. 27:** Produce a list of all East Park employees from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses.

> **RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.**

Defendants stand by their response to this Request. There is no legitimate basis for providing the name, phone numbers, home addresses, and email addresses for every employee for a three year period, without limitation. This Request serves no purpose but to harass and annoy. Employee names will be included in the staffing information that will be provided in supplement to Request No. 26.

**Request No. 28:** Produce a list of all agency aides who staffed East Park from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses.

> **RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.**

This request is not appropriate for the same reasons set forth in response to Request No. 27.

**Request No. 31:** Produce a copy of all documentation required under Ohio Rev. Code § 3721.12(A)(3).

> **RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.**

As set forth in Defendants' response, any claim that the requested documents arguably or potentially pertained to have been dismissed. That being said, additional records were identified earlier this week that may be responsive to this request. We are in the process of reviewing these records and will produce any responsive, discoverable information.

**Request No. 33:** Produce cleaning logs for April 2017 forward.

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 7

> **RESPONSE:** Objection. **This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.**

**Request No. 34:** Produce records of East Park checking and changing Ms. Mandanici's bedding from April 2017 forward.

> **RESPONSE:** Objection. **This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.**

**Request No. 36:** Produce all records of Ms. Mandanici's food and liquid intake, including breakfast, lunch, dinner, snacks, water and other drinks.

> **RESPONSE:** Objection. **This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.**

With respect to Request Nos. 33, 34, and 36, Defendants' responses to these requests are appropriate. Nonetheless, for purposes of making a good faith attempt to resolve a discovery dispute, some or all of this information may be contained in the medical records. Otherwise, Defendants are not in possession of and have not located any responsive documents.

**Request No. 41:** Produce all communications with the Ohio Department of Health regarding Ms. Mandanici.

> **RESPONSE:** Objection. **This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case.**

Although Defendants' response is appropriate as it stands, we have identified additional documents that may be responsive to this request. In order to resolve this discovery dispute, we are in the process of reviewing these documents and will produce any responsive, discoverable information.

**Request No. 47:** Produce logs of phone calls to or from Sara Thurmer from September 2018 through March 2021.

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 8

> **RESPONSE:** Objection. This Request is overly broad, unduly burdensome, vague and ambiguous. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.

Defendants' response to this Request was appropriate. To the extent that such documents even exist, this Request serves no purpose but to harass and annoy. The same is true with respect to Request Nos. 48 and 49.

**Request No. 56:** Produce all communications to or from Carol Horvath from January 1, 2020 forward.

> **RESPONSE:** Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving, and subject to this objection, will supplement if responsive documents are identified.

To date, we have not identified any responsive documents. As indicated in the response, if responsive documents are identified, they will be produced. The same is true with respect to Request Nos. 57 and 58.

I hope that this resolves the discovery issues that you raised during our conference.

Sincerely,

*Emily R. Yoder*

ERY/dar

cc:     Michael Ockerman, Esq. – Via e-mail

<<HCP #1295374-v1>>

**Denise Reddy**

| | |
|---|---|
| **From:** | Denise Reddy |
| **Sent:** | Friday, July 14, 2023 10:44 AM |
| **To:** | brian.bardwell@speech.law; wcarlinesq@aol.com |
| **Cc:** | Mike Ockerman |
| **Subject:** | Criscione v. DiVincenzo |
| **Attachments:** | Letter to Counsel.07.14.23.pdf |

This will be the only form of transmittal.

Thank you.

*Denise Reddy*
*Legal Assistant to R. Brian Borla,*
*Emily R. Yoder and Frank G. Mazgaj. Jr.*
HANNA, CAMPBELL & POWELL, LLP
3737 Embassy Parkway, Suite 100
Akron, Ohio 44333
Direct:  (330) 670-7632
Fax:  (330) 670-7453

This transmission may contain confidential and/or privileged information which is intended solely for the use of the intended recipient(s).  If you are not an intended recipient, or a person responsible for delivering this transmission to an intended recipient, please do not disseminate this transmission or take any action in reliance on its contents.  If you have received this transmission in error, please delete this transmission and immediately notify the sender of the error.

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

GINA CRISCIONE, et al.                )    CASE NO. CV 23 976445
                                      )
                    Plaintiffs        )    JUDGE NANCY MARGARET RUSSO
                                      )
vs.                                   )    **DEFENDANTS' RESPONSE IN**
                                      )    **OPPOSITION TO PLAINTIFF ESTATE**
LAURA DiVINCENZO, et al.              )    **OF DOROTHY MANDANICI'S**
                                      )    **MOTION TO COMPEL RESPONSES**
                    Defendants        )    **TO REQUESTS FOR INSPECTION**

Defendants East Park Retirement Community, Inc., Laura DiVincenzo, and Sara Thurmer

for their Brief in Opposition to Plaintiff Estate of Dorothy Mandanici's Motion to Compel

Responses to Requests for Inspection state as follows:

**I.       INTRODUCTION**

At the outset of this litigation, Plaintiffs' Complaint included eighteen separate causes of

action against eight defendants. A number of these claims were not supported by the pleadings

and have been dismissed. Prior to the Court dismissing these claims, Plaintiffs served Defendants

with voluminous discovery requests including 187 separate requests for admissions propounded

on Laura DiVincenzo, Sara Thurmer, and East Park Care Center; 15 interrogatories propounded

on Defendant Sara Thurmer; 14 interrogatories propounded on East Park Care Center; and 66

"requests for inspection" to Defendants East Park Care Center, Laura DiVincenzo, and Sara

Thurmer.

Obviously, significant time was needed to respond to the voluminous discovery requests.

Additionally, many of the requests related to claims asserted in the First Amended Complaint



DEFENDANT'S
EXHIBIT
B

that were dismissed by the Court in response to Defendants' Motion for Judgment on the Pleadings.

Defendants responded to Plaintiffs' discovery requests. Around the same time the parties were scheduling the depositions of East Park's 30(B)(5) witness and Plaintiff Gina Criscione. Also at that time, Plaintiffs were making multiple document "drops" on Defendants which included 10,000 plus of documents. Many of these documents were not responsive in any way and had nothing to do with any of the pending claims. Defendants however were forced to wade through the excessive document production, which included hundreds of individual documents. At the same time, Defendants were preparing for depositions. Thus, Plaintiffs' suggestion that Defendants were ignoring Plaintiffs' counsel's request to meet and confer concerning supposed discovery discrepancies paints in incomplete and inaccurate picture of exactly what was occurring in discovery in this case.

The parties did engage in a meet and confer following the Court's July 10, 2023 settlement conference. At that time, Plaintiffs' counsel identified responses to specific document requests with which he took issue. The defense advised that they would review the requests and responses and get back to Plaintiffs' counsel by the end of the week. On Friday, July 14, 2023, Defendants did in fact respond to each of the specific discovery items raised by Plaintiffs' counsel during that meeting. (*See* attached Exhibit 1).

In Plaintiffs' motion, they incorrectly represent to this Court that the Defendants, "Would not agree to any definite timeline for providing additional records or responses to requests, nor did they agree to provide any additional records or responses at all." (Plaintiffs' Motion at p. 3). Indeed, Defense counsel indicated that they would review Plaintiffs' discovery issues. Defense counsel further agreed that a response to Plaintiffs' inquiries would be provided by the end of the

week i.e., on or before July 14, 2023. Defendants did in fact respond to Plaintiffs on July 14, 2023. Thus, Plaintiffs' representation to this Court that the Defendants have not submitted any further information since the July 10, 2023 meet and confer is a further misrepresentation to this Court.

As explained in Defendants' discovery responses and July 14, 2023 correspondence (*see* attached Exhibit 1), East Park Retirement Community, Inc. was sold on October 29, 2021. Limited information and documents were retained by the former owners. Defendants have been working diligently to identify any responsive documents that are not in Defendants' possession, but that may be maintained by the current owners. In addition to emailing and calling the current administration, Defendants have also gone to the facility two times to look for and gather responsive information. Defendants have also contacted former employees to determine where documents were maintained after the sale of the facility.

Defendants have fully responded to written discovery requests to the best of their ability and continue to try to locate responsive documents. Under the circumstance, many of the requested documents are no longer available to Defendants. Additionally, many of the requested documents do not exist or are not relevant to any pending claim. Plaintiffs' Motion to Compel is not well-taken and must be denied.

## II.    LAW AND ARGUMENT

### A.    <u>Legal Standard</u>

While the Ohio Rules of Civil Procedure allow for liberal discovery of information, they are not without limitation. *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 214, 2010-Ohio-6275, 943 N.E.2d 514. Discovery is expressly limited to "any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case." Civ. R.

26(B)(1). Civil Rule 26(B)(1) provides:

> In General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding **any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(emphasis added). "'Relevant evidence' means evidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or

less probable than it would be without the evidence." Ohio Evid. R. 401.

> Relevancy is not an inherent characteristic of any item of evidence. When it exists, it is a relationship between an item of evidence and a matter properly provable in the case. Evidence is relevant when it tends as a matter of common experience and logic to prove a matter of consequence...

*Reinhart v. Toledo Blade, Co.*, 21 Ohio App. 3d 274, 278 (Third Dist., 1985).

A trial court is vested with the authority to limit pretrial discovery in order to prevent an

abuse of the discovery process. *Arnold v. American Nat'l. Red Cross*, 93 Ohio App.3d 564, 575

(Eighth Dist., 1994). "Upon motion by any party or by the person from whom discovery is

sought, and for good cause shown, the court in which the action is pending may make any order

that justice requires to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense..." *State, ex rel. Grandview Hosp. & Medical Ctr. v. Gorman*, 51 Ohio

St.3d 94, 95 (1990) (internal citations omitted).

"The court has the same, if not greater right and duty, to regulate discovery as it does to

control the trial and to impose reasonable limits and conditions, consistent with the rules, to

expedite the administration of justice." *Penn Central Transportation Co. v. Armco Steel Corp.*,

27 Ohio Misc. 76, 80 (Montgomery County Common Pleas, 1971). A trial court's extensive

jurisdiction and power over discovery is reflected in the Staff Notes to Civ. R. 26:

> All provisions as to scope of discovery are subject to the initial qualification that
> the court may order otherwise in accordance with these rules. [Rule 26(C)]…
> confers broad powers on the courts to regulate or prevent discovery even though
> the materials sought are within the scope of [26(B)], and these powers have
> always been freely exercised.

Ohio courts have recognized a trial court's inherent power to control discovery:

> Notwithstanding the liberal discovery provisions contained in the Civil Rules, a
> trial court is vested with the authority to limit pretrial discovery in order to
> prevent an abuse of the discovery process. Civ. R. 26(C) provides in part that:
> "for good cause shown, the court may make any order which justice requires to
> protect the party or person from annoyance, embarrassment, oppression, or undue
> burden or expense. The decision to grant a motion for a protective order is left to
> the sound discretion of the trial court."

*Arnold*, 93 Ohio App.3d at 575-576.

### B. <u>Requests for a party to identify all documents supporting each affirmative defense are not appropriate.</u>

In Request No. 5, Plaintiffs seek production of all documents supporting each affirmative

defense. This is not the proper subject of discovery and Defendants responded appropriately as

follows:

> <u>RESPONSE:</u> Objection. This Request is premature. Discovery in this matter is
> ongoing. Additionally, this Request seeks information that is
> protected by the attorney-client privilege and/or work-product
> doctrine. Civil Rule 26 does not provide for discovery of any facts
> upon which a party premises their affirmative defenses. *Sawyer v.
> DeVore*, Cuy. No. 65306, 1994 WL 614978 (Nov. 3, 1994), *see
> also*, *Owens v. ACH Hotels, LLC*, 9th Dist. 27787, 2016-Ohio-
> 5506. Defendant is obligated, pursuant to Civil Rules 8 and 12 to
> raise affirmative defenses in the answer or risk waiving those
> defenses.

During the meet and confer, Plaintiffs' counsel advised that case law supports this discovery

response. Defense asked Plaintiffs' counsel to provide the referenced authority. Plaintiffs'

counsel did not and instead, filed a Motion to Compel.

The law on this is well-settled as set forth in Defendants' response. Plaintiffs attempt

undermine this well-settled law. Plaintiffs' reliance (and selective citation to) *Blue Techs. Smart*

*Sols., LLC v. Ohio Collaborative Learning Sols., Inc.*, 2022-Ohio-1935, ¶ 29 (8th Dist.) is

misplaced. The Court in *Blue Techs. Smart Sols., LLC* specifically noted:

> Sawyer does not directly deal with this issue. There, this court found the
> discovery requests at issue unduly burdensome and would allow a party to take
> undue advantage of the other party's efforts. *Sawyer* at 18-21. However, Decuzzi
> and N.E. Monarch, 8th Dist. Cuyahoga No. 109845, 2021-Ohio-2438, did
> conclude that the type of discovery request here sufficiently raised the work-
> product doctrine to support a colorable claim that such discovery requests could
> require the disclosure of privileged materials. We will follow these cases in that
> they establish that appellants have at least put forth a colorable claim that the
> discovery requests at issue could result in the disclosure of materials covered by
> the work-product doctrine.

*Id.* at ¶ 28.

Plaintiffs' Request No. 5 is not appropriate. Plaintiffs' Motion to Compel a response is

not well-taken and must be denied.

**C.**    <u>**Request No. 6 is vague, ambiguous, unclear, overly broad and unduly
burdensome.**</u>

Plaintiffs' Request No. 6 and Defendants' Response are as follows:

**Request No. 6:** Produce all e-mails including of the following words in any field
or attachment from April 2017 forward:

    A. Dorothy
    B. Mandanici
    C. Gina
    D. Criscione
    E. 20CRB01262
    F. Sackett
    G. Horvath

**<u>RESPONSE:</u>** Objection. This Request is vague, ambiguous, and unclear. Further,
this Request is overly broad and unduly burdensome.

Plaintiffs argue that Defendants have failed to explain how the request is vague,

ambiguous, unclear, overly broad, or unduly burdensome. An explanation is not required or

necessary. Plaintiffs are asking a nursing home to search their entire e-mail database and produce all emails that contain words such as Dorothy, Gina, and Horvath. These are common names. A search of the email database will likely return documents that have absolutely no bearing on this litigation and that are likely related to other residents.

Nonetheless, Plaintiffs argue that these records are relevant because are likely to discuss facts about this case and document interactions that led up to the charges against Ms. Criscione. If in fact that is what Plaintiffs seek in response to discovery requests, the requests should be drafted to request such records. Plaintiffs however have submitted overly broad discovery requests that are not tailored to this case in any way. Accordingly, Defendants response was completely appropriate.

Furthermore, as explained in Defendants' July 14, 2023 correspondence, Defendants do not have access to this information due to the sale of the facility. Thus, even if Plaintiffs' request was proper, which it clearly is not, Defendants do not have access to the records sought.

**D.**     **Request No. 9 was not the subject of the meet and confer and is not an appropriate subject of this motion to compel.**

Request No. 9 was not discussed during the July 10, 2023 meet and confer. Thus, it is not an appropriate subject of this motion to compel because Plaintiffs have failed to comply with Civil Rule 37. More importantly, although Defendants objected to this request, a complete response was provided:

    9.     Produce all documents related to the investigation or prosecution of Ms. Criscione.

**RESPONSE:** Objection. This Request seeks production of documents that are protected from disclosure by the attorney-client privilege and work-product doctrine. Further, this Request is vague, ambiguous, overly broad, and unduly burdensome. Without waiving and subject to this objection *see* documents produced herein.

Plaintiffs are attempting to improperly influence this Court against Defendants by misrepresenting what has actually occurred with respect to written discovery. Such conduct should not be tolerated and Plaintiffs' Motion should not be granted.

E.  **Request No. 11 was not the subject of the meet and confer and is not an appropriate subject of this motion to compel.**

Again, Plaintiffs include Request No. 11 in the motion to compel. Plaintiffs failed to raise this request during the July 10, 2023 meet and confer. This is completely inappropriate and inconsistent with the Civil Rules. Plaintiffs' Motion should be denied on this basis alone.

Regardless, Defendants appropriately responded to this request. Specifically, Defendants responded that any claim that this request arguably related to has been dismissed. Thus, there is no basis for Defendants to produce responsive documents.

11. Produce all inspection reports and surveys from the Bureau of Survey and Certification between 2019 and 2021, as well as all other formal reports regarding any aspect of East Park's quality of care.

**RESPONSE:** Objection. This Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

Further, Ms. DiVincenzo offered deposition testimony on this issue and advised Plaintiffs' counsel that any responsive information is publicly available.

Finally, Plaintiffs argue that "the information is relevant because Ms. Criscione must demonstrate that she made a good-faith report of suspected neglect to support her claim for whistleblower retaliation, and these records will demonstrate that the conditions at East Park would support a good-faith suspicion that it was neglecting its residents." (Plaintiffs' Motion at pp. 3 and 4). Revised Code §3721.24 relates to entities who retaliate against "an employee or another individual used by the person or government entity to perform any work or services" and "a resident." Ms. Criscione was neither an employee nor was she a resident. Accordingly, any

suggestion that this discovery is necessary for Ms. Criscione to support her whistleblower claim is incorrect.[1]

**F.** **As explained by Defendants, loan applications from January 2015 to the present are irrelevant and not discoverable.**

Plaintiffs' Request No 13 and Defendants' response are as follows:

**Request No. 13:** Produce all East Park loan applications from January 2015 forward.

**RESPONSE:** Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Additionally, this Request seeks the production of documents that are confidential, proprietary and not subject to discovery.

Evidence of a defendant's wealth is relevant when considering an award of punitive damages. As such, Plaintiffs are entitled to discovery on this issue. As indicated in Defendants discovery responses, Defendants will produce tax returns and profit and loss statements. Production of additional financial documents is unnecessary and serves only to harass and annoy. Plaintiffs have not identified any law to support their claim for the production of loan applications in a case such as this.

**G.** **Requests 16, 17, 18, and 19 were not the subject of the meet and confer and Defendants have agreed to produce tax returns and profit and loss statements.**

Defendants have agreed to produce financial information including tax returns and profit and loss statements subject to the appropriate protective order. Defendants are prepared to produce these records upon entry of an appropriate court order. Requests for additional financial records are improper. Plaintiffs have not identified any case law to suggest otherwise.

---

[1] Defendants are in the process of finalizing their Motion for Leave to File Motion for Summary Judgment. Plaintiffs' deposition transcript just became available.

**H.**    **Request No. 15 was not the subject of the meet and confer and is not a proper part of this motion to compel.**

Again, Plaintiffs had the opportunity to raise all discovery issues with Defendants during the July 10, 2023 meet and confer. Request No. 15 was not raised. Thus, it is not appropriately before this Court on Plaintiffs' motion to compel.

Moreover, as explained in Defendants' discovery responses, this request relates only to claims that were dismissed by this Court. Forcing Defendants to respond to discovery requests related to claims that were never supported by the pleadings in the first place, is not appropriate. This was noted in Defendants' response to this request:

15.    Produce all East Park's agreements with third parties for management services, consulting services, health care services, or administrative services from January 2015 forward.

**RESPONSE:** Objection. This Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

In essence, Plaintiffs are asking this Court to penalize Defendants for Plaintiffs' conduct in asserting unsupported claims. This is not the purpose or intent of discovery in civil litigation. Plaintiffs' motion must be denied.

**I.**    **Defendants have been unable to locate documents responsive to Request No. 20 and have advised Plaintiffs of the same.**

In Request No. 20, Plaintiffs seek the complete employment and personnel file for Sara Thurmer. Although Defendants initially objected to this request, following the meet and confer, Defendants attempted to locate responsive information. Defendants however have been unable to locate Ms. Thurmer's personnel file. Defendants notified Plaintiffs of this, but Plaintiffs have failed to notify this Court of Defendants' attempts and inability to identify the personnel file. The

lack of transparency in Plaintiffs' motion is noteworthy. Specifically, in the July 14, 2023 correspondence, Defendants advised:

> **Request No. 20:** Produce the complete employment and personnel file for Sara Thurmer, including documents of training, discipline, and allegations or reports of misconduct from the beginning of employment through your receipt of this request. This request also includes documents removed from the employee's personnel file or maintained in separate benefits file, confidential file, disciplinary file, investigative file, medical file, payroll file, or other file.

> **RESPONSE:** Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving and subject to this objection, will supplement.

We have been unable to locate a personnel file for Ms. Thurmer. As indicated, the response will be supplemented if the personnel file is located.

Defendants cannot produce what they are not in possession of and have not been able to locate. Plaintiffs are fully aware of this. Their motion is not well-taken.

### J.      Plaintiffs' representations to this Court with respect to Request Nos. 26, 27, and 28 are incomplete and misleading

Absent from Plaintiffs' motion to compel is Defendants' complete response, wherein Defendants indicated that they would supplement if responsive documents were found. Specifically, the request and response to Request No. 26 were as follows:

> 26.      Produce the staffing records required by 42 C.F.R. 483.35(g)(1) from April 2017 through May 2020.

> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving, and subject to these objections, will supplement if responsive documents are identified.

Also absent from Plaintiffs' motion to compel is the additional information provided in Defendants' on July 14, 2023. Defendants advised that they believe that some staffing records have been located at the facility. Defendants are in the process of reviewing these records. Defendants further advised that they would produce any responsive, discoverable information (as

previously indicated in Response to Request No. 26). This discovery issue is resolved and not an appropriate part of Plaintiffs' motion to compel. Plaintiffs are misusing judicial resources by providing incomplete information to the Court in an attempt to paint Defendants in an improper light.

With respect to Request Nos. 27 and 28, Plaintiffs have also failed to advise the Court of the information provided by Defendants in their July 14, 2023 correspondence. Specifically, the following is noted:

> Request No. 27: Produce a list of all East Park employees from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses.
>
> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.
>
> Defendants stand by their response to this Request. There is no legitimate basis for providing the name, phone numbers, home addresses, and email addresses for every employee for a three year period, without limitation. This Request serves no purpose but to harass and annoy. Employee names will be included in the staffing information that will be provided in supplement to Request No. 26.
>
> Request No. 28: Produce a list of all agency aides who staffed East Park from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses.
>
> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.
>
> This request is not appropriate for the same reasons set forth in response to Request No. 27.

Plaintiffs' Motion to Compel responses to these discovery requests is not supported and must be denied.

**K.    Request No. 29 was not the subject of the meet and confer and is not appropriately included in Plaintiffs' motion to compel**

Plaintiffs include Request No. 29 in their Motion to Compel, but failed to comply with Civil Rule 37(A). For this reason alone, Plaintiffs' Motion must be denied.

Regardless, Defendants have responded to this request appropriately. The request and response to Plaintiffs' Request No. 29 are as follows:

> 29.    Produce all communications complaining about the conditions at East Park Care Center from January 1, 2020 forward.
>
> **RESPONSE:** Objection. This Request seeks production of documents that include private health information of non-parties. Such information is protected from disclosure by the physician-patient privilege and HIPAA and is otherwise not discoverable. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

Plaintiffs argue that these records are relevant "as they would give the jury additional information with which to determine whether Ms. Criscione had a good faith suspicion that East Park was abusing, neglecting, or exploiting its residents." Whether East Park was abusing, neglecting, or exploiting its residents is not a part of any claim or defense. Evidence of this is not admissible. Moreover, such evidence serves only to enflame the jury and prejudice the jury against East Park. Defendants appropriately responded to this request.

**K.    Request No. 31 seeks production of documents that relate to claims that have been dismissed**

Again, Plaintiff selectively refers to Defendants' response to request No. 31 to justify Court intervention. Plaintiff fails to include pertinent information in the response including Defendants' statement that "any claim that such documents arguably or potentially pertain to has been dismissed." Specifically, there is no pending claim for violation of R.C. §3721.12.

Also absent from Plaintiffs' motion to compel is the additional information provided by Defendants in the July 14, 2023 correspondence:

**Request No. 31:** Produce a copy of all documentation required under Ohio Rev. Code § 3721.12(A)(3).

**RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

As set forth in Defendants' response, any claim that the requested documents arguably or potentially pertained to have been dismissed. That being said, additional records were identified earlier this week that may be responsive to this request. We are in the process of reviewing these records and will produce any responsive, discoverable information.

Without a doubt, Defendants are working to identify additional responsive documents. Defendants have advised Plaintiffs of this. Plaintiffs Motion to Compel serves no purpose but to harass Defendants and misuse resources.

### L.      Defendants appropriately responded to Request Nos. 33, 34, and 36.

Plaintiffs argue that the records requested in Request Nos. 33, 34, and 36 "would provide the jury with objective metrics about the amount of care Ms. Mandanici was receiving and whether she was being neglected." Plaintiffs however fail to inform this Court that Defendants objected to these requests in part because "any claim that such documents arguably or potentially pertain to has been dismissed." There is no pending claim related to the care provided to Ms. Mandanici or any allegation of neglect. Defendants cannot be forced to produce records related to claims that never should have been included in Plaintiffs' Complaint because they were not supported by the pleadings.

Plaintiffs also fail to advise the Court of additional information provided in the July 14, 2023 correspondence. Specifically, Defendants advised Plaintiffs:

**Request No. 36:** Produce all records of Ms. Mandanici's food and liquid intake, including breakfast, lunch, dinner, snacks, water and other drinks.

**RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

With respect to Request Nos. 33, 34, and 36, Defendants' responses to these requests are appropriate. Nonetheless, for purposes of making a good faith attempt to resolve a discovery dispute, some or all of this information may be contained in the medical records. Otherwise, Defendants are not in possession of and have not located any responsive documents.

Plaintiffs' Motion to Compel must be denied.

### M. Defendants are in the process of reviewing and producing documents responsive to Request No. 41.

Plaintiffs are wasting judicial resources with this motion. Plaintiffs have failed to advise this Court of Defendants attempts to resolve this dispute informally and produce responsive documents. Specifically with respect to Request No. 41, Defendants' July 14, 2023 correspondence included the following:

**Request No. 41:** Produce all communications with the Ohio Department of Health regarding Ms. Mandanici.

**RESPONSE:** Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case.

Although Defendants' response is appropriate as it stands, we have identified additional documents that may be responsive to this request. In order to resolve this discovery dispute, we are in the process of reviewing these documents and will produce any responsive, discoverable information.

Request No. 41 is not the appropriate subject of a Motion to Compel. Plaintiffs' motion must be denied.

### N. Defendants have appropriately responded to Request Nos. 47, 48, and 49

Plaintiffs' Requests Nos. 47, 48, and 49 seek phone call logs for each of the Defendants for a 2½ year period without any limitation and without any attempt to tailor the requests to the

specific needs of this case. Thus, these requests are absolutely improper as noted in Defendants' responses. Indeed, Plaintiffs argue, "the records are also relevant because they will permit Ms. Criscione to determine when and how often Defendants were in touch to discuss her case so that she could inquire into the substance of those calls at trial. The details of those conversations would permit a jury to evaluate whether Defendants were motivated by retaliatory animus when they prosecuted Ms. Criscione."

First, the requests are not limited to phone records showing how often Ms. Criscione contacted Defendants. Further, to the extent that Ms. Criscione's telephone contact with Defendants is relevant, all of that information is within Plaintiffs' possession. Moreover, Plaintiffs' suggestion that the content of such communications is irrelevant as phone logs would not include the content of those conversations. Plaintiffs' own arguments in the motion to compel exactly explain why these requests are improper.

Simply by being a defendant in a lawsuit, a party does not subject themselves to disclosure of their entire phone records including all incoming and outgoing phone calls over a 2½ year period simply by being a defendant in a lawsuit. There is no question that this request serves no purpose but to harass and annoy.

**O.**     **Defendants have responded to Request No. 56.**

Again, Plaintiffs have selectively provided information to the Court in an attempt to make Defendants look bad. Specifically, although Defendants objected to this request as indicated in Plaintiffs' motion, Defendants also responded, "Without waiving, and subject to this objection, will supplement if responsive documents are identified.

On July 14, 2023, Defendants advised Plaintiffs that, "To date, we have not identified any responsive documents. As indicated in the response, if responsive documents are identified, they will be produced."

This request is not appropriately included in Plaintiffs' motion to compel. Defendants have not identified any responsive documents. Thus, there is nothing for Defendants to produce in response to this request.

**P.**      **Request No. 63 was not the subject of the meet and confer and is not appropriately included in Plaintiff's motion to compel**

Plaintiffs have included Request for Production No. 63 in their motion to compel, but did not include this during the meet and confer. Moreover, Defendants have provided a complete and full response to this request:

> 63      Produce all communications to or from the Berea Municipal Court or its employees from January 1, 2020 forward.

> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving, and subject to these objections, *see* documents produced herein. Will supplement if additional, responsive documents are identified.

As set forth in Defendants' response, responsive documents were produced. Additionally, to the extent that additional documents are identified, those will be produced. However, at this time, Defendants have fully responded to Request No. 63. Plaintiffs' suggestion to this Court that Defendants did not respond to this request and only objected, is not only inaccurate, but inappropriate. Plaintiffs' conduct should not be permitted or awarded.

**III.**      **CONCLUSION**

Plaintiffs' motion to compel is not well taken. Plaintiffs have misstated the facts and status of the alleged discovery dispute. Defendants have fully complied with all discovery related

to the remaining claims. Defendants should not be forced to produce documents in response to discovery requests that were propounded prior to the Court's ruling on Defendants' Motion for Judgment on the Pleadings and that relate solely to claims that were dismissed. Requiring Defendants to respond to such discovery requests rewards Plaintiffs for including unsubstantiated claims in the pleadings. This is improper and should not be permitted. Therefore, Defendants respectfully requests that Plaintiffs' motion to compel be denied.

Respectfully submitted,

*/s/Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## CERTIFICATE OF SERVICE

Pursuant to Civil Rule 5(B)(2)(f), I hereby certify that copy of the foregoing ***Defendants'***

***Response in Opposition to Plaintiff Estate of Dorothy Mandanici's Motion to Compel***

***Responses to Request for Inspection*** was sent via electronic mail, this 19th day of July, 2023, to:

> Brian D. Bardwell, Esq.
> Speech Law, LLC
> 1265 West Sixth Street, Suite 400
> Cleveland OH 44113-1326
> brian.bardwell@speech.law
>
> William A. Carlin, Esq.
> 29325 Chagrin Blvd., Suite 305
> Pepper Pike OH  44122
> wcarlinesq@aol.com
> Attorney for Plaintiffs

/s/ Emily R. Yoder
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1296230-v1>>



HANNA CAMPBELL & POWELL, LLP

July 14, 2023

*Via e-mail:* brian.bardwell@speech.law
Brian D. Bardwell, Esq.
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland OH 44113-1326

*Via e-mail:* wcarlinesq@aol.com
William A. Carlin, Esq.
29325 Chagrin Blvd., Suite 305
Pepper Pike OH  44122

**Re:**   ***Gina Criscione, et al. v. Laura DiVincenzo, et al.***
     **Cuyahoga County Court of Common Pleas Case No. CV 23 976445**

Dear Mr. Bardwell and Mr. Carlin:

As a follow up to our conference on Monday, July 10, 2023 wherein you raised issues with
respect to Defendants' discovery responses, the following is noted:

**DEFENDANT SARA THURMER'S ANSWERS TO PLAINTIFF'S
INTERROGATORIES**

**Verification:** Ms. Thurmer reviewed and approved the interrogatory answers before they were
served. She has the verification page, but has not yet signed and returned it. I have asked her to
send me the verification page as soon as possible. I will forward it to you upon receipt.

**Interrogatory No. 2:** Identify every phone number, e-mail address, and social media account
you have used or controlled since April 1, 2017.

> <u>**ANSWER:**</u>   **Objection. This Interrogatory is overly broad and unduly
> burdensome. Additionally, this Interrogatory seeks
> information that irrelevant and not proportional to the needs
> of this case. Without waiving and subject to these objections,
> all text messages between Ms. Thurmer and Plaintiff have been
> produced. Further answering, I do not have any social media
> accounts.**

Electronically Filed 07/19/2023 15:20 / MOTION / CV 23 976445 / Confirmation Nbr. 2913582 / BATCH
Emily R. Yoder  ·  3737 Embassy Parkway, Suite 100  ·  Akron, Ohio  44333
(P) 330.670.7612  ·  (F) 330.670.7453  ·  eyoder@hcplaw.net
www.hcplaw.net



DEFENDANT'S
EXHIBIT
1

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 2

You believe that Ms. Thurmer's answer is incomplete and claim that because Ms. Thurmer accused Plaintiff Gina Criscione of telecommunications harassment, you are entitled to know the phone numbers, social media accounts, and email addresses that Plaintiff used to contact Ms. Thurmer. While I don't necessarily agree with your analysis, as indicated in the interrogatory answer, Ms. Thurmer does not have any social media accounts. Additionally, text messages between Ms. Thurmer and Plaintiff were produced. This document includes Ms. Thurmer's cell phone number. Plaintiff also contacted Ms. Thurmer at East Park by calling the front desk. To the best of Ms. Thurmer's recollection, she did not receive any emails from Plaintiff. If Plaintiff did contact Ms. Thurmer via email, it would have been through her East Park email address which was SThurmer@EPRetire.com. Ms. Thurmer no longer has access to that email account.

**Interrogatory No. 14:** Detail the substance of every communication about Ms. Criscione or her criminal case that you had with any of your co-defendants or their agents that you did not produce in response to Request for Inspection #1.

> **ANSWER:** **Objection. This Interrogatory is overly broad and unduly burdensome. Additionally, this Interrogatory seeks information that is irrelevant and not proportional to the needs of this case. This Defendant further objects to the extent that this Interrogatory seeks information that is protected by the attorney-client privilege and/or work-product doctrine. Further, this Interrogatory seeks a narrative response that is better suited for a deposition.**

Although I believe that this answer is appropriate, in the spirit of cooperation and in a good faith attempt to resolve a discovery dispute, this answer is supplemented as follows:

> **SUPPLEMENTAL ANSWER: Without waiving and subject to these objections, I am unable to recall every conversation or the details of such conversations. I did have several conversations with Ms. DiVincenzo about Plaintiff's behavior and information brought to me by staff members that Plaintiff posted online. I talked to Ms. DiVincenzo about my concerns for my safety based on Plaintiff's conduct.**

## DEFENDANT EAST PARK RETIREMENT COMMUNITY INC.'S ANSWER TO INTERROGATORIES

**Interrogatory No. 4:** Identify every resident who has complained that East Park was providing inadequate care to its residents from April 2017 forward.

> **ANSWER:** **Objection. This Interrogatory seeks private health information of non-parties. Such information is protected from disclosure by the physician-patient privilege and HIPAA and is otherwise**

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 3

> **not discoverable. Additionally, this Interrogatory seeks information that is irrelevant and is not proportional to the needs of this case.**

As set forth in East Park's answer and as I further explained during our conference, information related to other residents is not discoverable. Revised Code 2317.02 governs the physician-patient privilege. Pursuant to R.C. 2317.02(B)(3)(a), the physician-patient privilege can be waived only with respect to communications that are related causally or historically to physical or mental injuries that are relevant to the issues in a particular claim. In *Roe v. Planned Parenthood Southwest Ohio Region*, 122 Ohio St.3d 399, 2009-Ohio-912 N.E.2d 61, the Ohio Supreme Court held that the physician-patient privilege of R.C. 2317.02 protects medical records of non-parties. Also, *redaction of personal, identifying information does not remove the privileged status of records*. *Id.* at 400.

Similarly, in both *Gress v. Coshocton Cty. Mem. Hosp.*, No. 2:07-cv-434, 2009 U.S. Dist. LEXIS 86446 (S.D. Ohio, Sept. 8, 2009) and *Bednarik v. St. Elizabeth Health Ctr.*, 7th Dist. No. 09MA34, 2009-Ohio-6404, the Courts applied the *Roe* Decision and held that *confidential medical records of non-parties cannot be disclosed through discovery even if identifying information was redacted*. The key holding in these cases was that the information contained in the medical records is privileged and protected from discovery.

Additionally, HIPAA prevents the disclosure of an individual's protected health information unless a valid authorization for its release is issued. 45 CFR 164.512. Production of protected health information under HIPAA is only authorized under strict procedural safeguards to ensure the privacy rights of patients. *Id.* A medical provider can disclose protected health information only if it is assured that reasonable efforts were made to notify the patient of the request or to secure a qualified protective order. *Id.*

Not only is this information privileged, it is also irrelevant and not proportional to the needs of this case. Plaintiffs' claims with respect to the care provided to Ms. Mandanici were dismissed. Further, alleged inadequate care to other patients has absolutely no bearing on the care provided to Ms. Mandanici or any of the remaining claims. East Park stands by its answer to this interrogatory.

**Interrogatory No. 5:** Identify every family member of a resident who has complained that East Park was providing inadequate care to its residents from April 2017 forward.

> <u>**ANSWER:**</u>   **Objection. This Interrogatory seeks private health information of non-parties. Such information is protected from disclosure by the physician-patient privilege and HIPAA and is otherwise not discoverable. Additionally, this Interrogatory seeks information that is irrelevant and is not proportional to the needs of this case.**

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 4

For the reasons set forth with respect to Interrogatory No. 4 above, East Park's answer to Interrogatory No. 5 is appropriate.

**Interrogatory No. 6:** Identify every employee or agent who has complained that East Park was providing inadequate care to its residents from April 2017 forward.

ANSWER:    **Objection. This Interrogatory seeks private health information of non-parties. Such information is protected from disclosure by the physician-patient privilege and HIPAA and is otherwise not discoverable. Additionally, this Interrogatory seeks information that is irrelevant and is not proportional to the needs of this case.**

For the reasons set forth with respect to Interrogatory No. 4 above, East Park's answer to Interrogatory No. 6 is appropriate.

### DEFENDANTS EAST PARK RETIREMENT COMMUNITY, INC., LAURA DIVINCENZO AND SARA THURMER'S RESPONSE TO REQUESTS FOR INSPECTION

As explained in Defendants' discovery responses, East Park Retirement Community, Inc. was sold on October 29, 2021. Limited information and documents were retained by the former owners. We have been working diligently to identify any responsive documents that are not in Defendants' possession, but that may be maintained by the current owners. In addition to emailing and calling the current administration, we have also gone to the facility two times to look for and gather responsive information. We have also contacted former employees to determine where documents were maintained after the sale of the facility.

**Request No. 6:** Produce all e-mails including of the following words in any field or attachment from April 2017 forward:

A.    Dorothy
B.    Mandanici
C.    Gina
D.    Criscione
E.    20CRB01262
F.    Sackett
G.    Horvath

RESPONSE: **Objection. This Request is vague, ambiguous, and unclear. Further, this Request is overly broad and unduly burdensome.**

As indicated in our response, this request is vague, ambiguous, unclear, overly broad and unduly burdensome. It is not limited in any way to email correspondence related to the subject matter of

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 5

this litigation. For example, terms such as Dorothy, Gina, and Horvath are likely to return emails concerning patients other than Ms. Mandanici and issues completely unrelated and irrelevant to this case. Additionally, Defendants do not have access to this information due to the sale of the facility.

**Request No. 13:** Produce all East Park loan applications from January 2015 forward.

> **RESPONSE: Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Additionally, this Request seeks the production of documents that are confidential, proprietary and not subject to discovery.**

Evidence of a defendant's wealth is relevant when considering an award of punitive damages. As such, Plaintiffs are entitled to discovery on this issue. As indicated in Defendants discovery responses, Defendants will produce tax returns and profit and loss statements. Production of additional financial documents is unnecessary and serves only to harass and annoy.

**Request No. 20:** Produce the complete employment and personnel file for Sara Thurmer, including documents of training, discipline. and allegations or reports of misconduct from the beginning of employment through your receipt of this request. This request also includes documents removed from the employee's personnel file or maintained in separate benefits file, confidential file, disciplinary file, investigative file, medical file, payroll file, or other file.

> **RESPONSE: Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving and subject to this objection, will supplement.**

We have been unable to locate a personnel file for Ms. Thurmer. As indicated, the response will be supplemented if the personnel file is located.

**Request No. 26:** Produce the staffing records required by 42 C.F.R. 483.35(g)(1) from April 2017 through May 2020.

> **RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving, and subject to these objections, will supplement if responsive documents are identified.**

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 6

We believe that we have located some staffing records at the facility. We are in the process of reviewing these records and will produce any responsive, discoverable information, as indicated in the response to Request No. 26.

**Request No. 27:** Produce a list of all East Park employees from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses.

> **RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.**

Defendants stand by their response to this Request. There is no legitimate basis for providing the name, phone numbers, home addresses, and email addresses for every employee for a three year period, without limitation. This Request serves no purpose but to harass and annoy. Employee names will be included in the staffing information that will be provided in supplement to Request No. 26.

**Request No. 28:** Produce a list of all agency aides who staffed East Park from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses.

> **RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.**

This request is not appropriate for the same reasons set forth in response to Request No. 27.

**Request No. 31:** Produce a copy of all documentation required under Ohio Rev. Code § 3721.12(A)(3).

> **RESPONSE: Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.**

As set forth in Defendants' response, any claim that the requested documents arguably or potentially pertained to have been dismissed. That being said, additional records were identified earlier this week that may be responsive to this request. We are in the process of reviewing these records and will produce any responsive, discoverable information.

**Request No. 33:** Produce cleaning logs for April 2017 forward.

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 7

> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

**Request No. 34:** Produce records of East Park checking and changing Ms. Mandanici's bedding from April 2017 forward.

> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

**Request No. 36:** Produce all records of Ms. Mandanici's food and liquid intake, including breakfast, lunch, dinner, snacks, water and other drinks.

> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

With respect to Request Nos. 33, 34, and 36, Defendants' responses to these requests are appropriate. Nonetheless, for purposes of making a good faith attempt to resolve a discovery dispute, some or all of this information may be contained in the medical records. Otherwise, Defendants are not in possession of and have not located any responsive documents.

**Request No. 41:** Produce all communications with the Ohio Department of Health regarding Ms. Mandanici.

> **RESPONSE:** Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case.

Although Defendants' response is appropriate as it stands, we have identified additional documents that may be responsive to this request. In order to resolve this discovery dispute, we are in the process of reviewing these documents and will produce any responsive, discoverable information.

**Request No. 47:** Produce logs of phone calls to or from Sara Thurmer from September 2018 through March 2021.

Brian D. Bardwell, Esq.
William A. Carlin, Esq.
July 14, 2023
Page 8

---

>   **RESPONSE: Objection. This Request is overly broad, unduly burdensome, vague and ambiguous. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.**

Defendants' response to this Request was appropriate. To the extent that such documents even exist, this Request serves no purpose but to harass and annoy. The same is true with respect to Request Nos. 48 and 49.

**Request No. 56:** Produce all communications to or from Carol Horvath from January 1, 2020 forward.

>   **RESPONSE: Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving, and subject to this objection, will supplement if responsive documents are identified.**

To date, we have not identified any responsive documents. As indicated in the response, if responsive documents are identified, they will be produced. The same is true with respect to Request Nos. 57 and 58.

I hope that this resolves the discovery issues that you raised during our conference.

Sincerely,

*Emily R. Yoder*

ERY/dar

cc:     Michael Ockerman, Esq. – Via e-mail

<<HCP #1295374-v1>>

## Denise Reddy

| | |
|---|---|
| **From:** | Denise Reddy |
| **Sent:** | Friday, July 14, 2023 10:44 AM |
| **To:** | brian.bardwell@speech.law; wcarlinesq@aol.com |
| **Cc:** | Mike Ockerman |
| **Subject:** | Criscione v. DiVincenzo |
| **Attachments:** | Letter to Counsel.07.14.23.pdf |

This will be the only form of transmittal.

Thank you.

*Denise Reddy*

*Legal Assistant to R. Brian Borla,*
*Emily R. Yoder and Frank G. Mazgaj. Jr.*
HANNA, CAMPBELL & POWELL, LLP
3737 Embassy Parkway, Suite 100
Akron, Ohio 44333
Direct: (330) 670-7632
Fax: (330) 670-7453

This transmission may contain confidential and/or privileged information which is intended solely for the use of the intended recipient(s). If you are not an intended recipient, or a person responsible for delivering this transmission to an intended recipient, please do not disseminate this transmission or take any action in reliance on its contents. If you have received this transmission in error, please delete this transmission and immediately notify the sender of the error.