

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**BRIEF IN OPPOSITION**
**August 11, 2023 15:35**

By: EMILY R. YODER 0084013

Confirmation Nbr. 2935019

| | |
|---|---|
| GINA CRISCIONE, ET AL. | CV 23 976445 |
| vs. | |
| LAURA DIVINCENZO, ET AL. | **Judge:**  NANCY MARGARET RUSSO |

**Pages Filed:**  26



DEFENDANT'S EXHIBIT

**B**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. CV 23 976445 |
| | ) | |
| Plaintiffs | ) | JUDGE NANCY MARGARET RUSSO |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS' MEMORANDUM IN** |
| LAURA DiVINCENZO, et al. | ) | **OPPOSITION TO PLAINTIFFS'** |
| | ) | **MOTION FOR SANCTIONS** |
| Defendants | ) | |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer oppose the improper and untimely Motion for Sanctions filed by Plaintiffs for the following reasons:

(1) Plaintiffs' Motions to Compel presented inaccurate, incomplete and misleading facts to the Court when filed on July 17, 2023;

(2) This Court lacked the benefit of Defendants' response brief and the facts and arguments contained therein when it granted Plaintiffs' Motions to Compel on July 18, 2023;

(3) Defendants filed a Motion for Leave to Respond to each of the Motions to Compel on July 19, 2023 within the timeframe provided by Civil Rule 6(C)(1) for responding to a motion with each of the proposed response filings attached as exhibits;

(4) Defendants' Motion for Leave to Respond remains pending before this Court;

(5) For each of the reasons set forth in Defendants' Responses to Plaintiffs' Motions to Compel, Plaintiffs' Motions are without merit; and

(6) The sanctions sought by Plaintiffs in the Motion for Sanctions are inappropriate under these circumstances and appear to simply be a transparent effort to avoid judgment on the merits of the Motion for Summary Judgment filed by Defendants on July 24, 2023.

For each of the reasons discussed above, Plaintiffs' motion for sanctions must be rejected as untimely and without merit. Additionally, Defendants incorporate herein their Motion for

Leave and attached Response Briefs filed on July 19, 2023 as well Defendants' Motion for Leave to File Motion for Summary Judgment filed on July 24, 2023 herein.

## I.    INTRODUCTION

At the outset of this litigation, Plaintiffs' Complaint included eighteen separate causes of action against eight defendants. A number of these claims were not supported by the pleadings. Specifically, Defendants sought judgment on the pleadings with respect to Counts 1, 2, 3, 4, 10 and 18. Defendants' Motion was granted on May 23, 2023. Prior to the Court dismissing these claims, Plaintiffs served Defendants with voluminous discovery requests including 187 separate requests for admissions propounded on Laura DiVincenzo, Sara Thurmer, and East Park Care Center; 15 interrogatories propounded on Defendant Sara Thurmer; 14 interrogatories propounded on East Park Care Center; and 66 "requests for inspection" to Defendants East Park Care Center, Laura DiVincenzo, and Sara Thurmer.

Obviously, significant time was needed to respond to the voluminous discovery requests. Additionally, many of the requests related to claims asserted in the First Amended Complaint that were dismissed by the Court in response to Defendants' Motion for Judgment on the Pleadings.

Defendants responded to Plaintiffs' discovery requests. Around this same time, the parties were scheduling the depositions of East Park's 30(B)(5) witness and Plaintiff Gina Criscione. Plaintiffs were simultaneously making multiple document "drops" on Defendants which included 10,000 plus pages of documents. Many of these documents were not responsive in any way to Defendants' discovery requests and had nothing to do with any of the pending claims. Due to Plaintiff's tactics, Defendants were forced to wade through the excessive document production, which included hundreds of individual documents, to identify which, if

any, were responsive. At the same time, Defendants were preparing for depositions. Thus, Plaintiffs' suggestion that Defendants were ignoring Plaintiffs' counsel's request to meet and confer concerning supposed discovery discrepancies paints an incomplete and inaccurate picture of exactly what was occurring with the discovery in this case.

The parties did engage in a meet and confer following the Court's July 10, 2023 Settlement Conference. At that time, Plaintiffs' counsel identified responses to specific, limited document requests with which he took issue. Plaintiffs' counsel also identified specific concerns regarding several specific interrogatories. Defense counsel advised that they would review these specific requests and interrogatories and get back to Plaintiffs' counsel by the end of the week. On Friday, July 14, 2023, Defendants did in fact respond to each of the specific discovery items raised by Plaintiffs' counsel during the meet and confer session.

In Plaintiffs' Motion, they incorrectly represent to this Court that the Defendants, "Would not agree to any definite timeline for providing additional records or responses to requests, nor did they agree to provide any additional records or responses at all." (Plaintiffs' Motion at p. 3). Indeed, defense counsel indicated that they would review Plaintiffs' discovery issues. Defense counsel further agreed that a response to Plaintiffs' inquiries would be provided by the end of the week i.e., on or before July 14, 2023. Defendants did in fact respond to Plaintiffs on July 14, 2023. Thus, Plaintiffs' representation to this Court that the Defendants have not submitted any further information since the July 10, 2023 meet and confer is a further misrepresentation to this Court. In contrast, defense counsel has repeatedly stated that despite the fact that no more responsive documents are under the possession and control of Defendants, efforts were continuing to see if any responsive documents could be obtained from third parties, and if there were, Defendants would get them and produce them.

As explained in Defendants' discovery responses and July 14, 2023 correspondence, East Park Retirement Community, Inc. was sold on October 29, 2021. Limited information and documents were retained by the former owners. Defendants have been working diligently to identify any responsive documents that are not in Defendants' possession, but that may be maintained by the current owners. In addition to emailing and calling the current administration, Defendants have also gone to the facility multiple times to look for and gather responsive information. Defendants have also contacted former employees to determine where documents were maintained after the sale of the facility.

Defendants have fully responded to written discovery requests to the best of their ability and continue to try to locate responsive documents. Under the circumstances, many of the requested documents are no longer available to Defendants. Additionally, many of the requested documents do not exist or are not relevant to any remaining claim.

Finally, Defendants filed a Motion for Summary Judgment with this Court on July 24, 2023. Defendants' Motion clearly demonstrates the legal insufficiencies of Plaintiffs' claims, as well as evidentiary deficiencies. It is not lost on Defendants that the Motion for Sanctions seeks relief that would not only save Plaintiffs' claims from factual deficiencies, but also asks this Court to make purported "findings" which are directly contrary to the legal elements of causes of action as established by statute and applicable case law.

## II. SANCTIONS CLAIMED AS TO THE INTERROGATORIES RESPONSES ARE INAPPROPRIATE

### A. Defendants produced the Verification of Ms. Thurmer on July 19, 2023.

Defendants advised Plaintiffs that the verification page would be produced as soon as it was available. As set forth in Defendants' July 14, 2023 correspondence, Ms. Thurmer reviewed

and approved the interrogatory answers before they were served. The verification page was returned, and forwarded to Plaintiffs' counsel on July 19, 2023.

B.     **Ms. Thurmer's Answer to Interrogatory No. 1 is appropriate**.

Interrogatory No. 1 is an improper attempt to circumvent the Civil Rules. The interrogatory and Defendant's answer are as follows:

> 1.    Affirm that all your responses to requests for production and requests for admission in this matter are the truth, the whole truth, and nothing but the truth.

> **ANSWER:**     Objection. This Interrogatory is improper and inconsistent with the Civil Rules to the extent it seeks certification of discovery responses that are prepared and signed by counsel and not required to be verified by a party.

As set forth in the objections, this interrogatory is inappropriate. Specifically, Plaintiffs seek to circumvent the Civil Rules by seeking verification of discovery responses that are not prepared or verified by an individual defendant. The answer to this interrogatory is appropriate. Compelling Ms. Thurmer to verify discovery responses that are not prepared or verified by a party is improper.

3.     **Interrogatory No. 2 serves only to harass and annoy Ms. Thurmer and this interrogatory serves no logical relation to any pending claim.**

In Interrogatory No. 2, Plaintiffs seek every phone number, e-mail address, and social media account Ms. Thurmer has ever used or controlled since April 1, 2017. An explanation as to overbreadth and the burden created by such interrogatory is unnecessary.

More importantly, as indicated in the interrogatory answer, this interrogatory seeks information that is irrelevant and not proportional to the needs of this case. Plaintiffs have no logical basis for obtaining this highly personal information related to Ms. Thurmer. This is especially true in a case where Ms. Thurmer went to the police because she had concerns about

the threatening and unhinged conduct of the Plaintiff Gina Criscione. Providing Plaintiffs with this information is not appropriate under these circumstances.

> Nonetheless, Ms. Thurmer did provide an answer as follows:

> Without waiving and subject to these objections, all text messages between Ms. Thurmer and Plaintiff have been produced. Further answering, I do not have any social media accounts.

Further information was provided in the July 14, 2023 letter including the following:

> You believe that Ms. Thurmer's answer is incomplete and claim that because Ms. Thurmer accused Plaintiff Gina Criscione of telecommunications harassment, you are entitled to know the phone numbers, social media accounts, and email addresses that Plaintiff used to contact Ms. Thurmer. While I don't necessarily agree with your analysis, as indicated in the interrogatory answer, Ms. Thurmer does not have any social media accounts. Additionally, text messages between Ms. Thurmer and Plaintiff were produced. This document includes Ms. Thurmer's cell phone number. Plaintiff also contacted Ms. Thurmer at East Park by calling the front desk. To the best of Ms. Thurmer's recollection, she did not receive any emails from Plaintiff. If Plaintiff did contact Ms. Thurmer via email, it would have been through her East Park email address which was SThurmer@EPRetire.com. Ms. Thurmer no longer has access to that email account.

Finally, Plaintiffs suggestion that Ms. Criscione must demonstrate that she did not actually commit telecommunications harassment against Ms. Thurmer is not supported by the law. Moreover, Ms. Criscione should be uniquely aware of any phone number, e-mail address, or social media account at which she contacted Ms. Thurmer. It is clear that this interrogatory is nothing more than a fishing expedition meant to further harass and annoy Ms. Thurmer.

### D. <u>Interrogatory Nos. 9 and 10 were not the subject of the meet and confer and were not properly before this Court, further Defendants' response is appropriate.</u>

Civil Rule 27(A) provides as follows:

(A) Motion for an order compelling discovery (1) In general on notice to other parties and all affected persons, a party may move for an order compelling discovery. The motion shall include a certification that the movant has in good

faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action.

Plaintiffs did not raise Ms. Thurmer's Answer to Interrogatory Nos. 9 and 10 during the July 10, 2023 meet and confer. Including these interrogatories in the Motion to Compel was an improper ambush by Plaintiffs. More importantly, Plaintiffs have failed to comply with Civil Rule 37 which requires Plaintiffs to confer concerning the discovery at issue before seeking Court intervention. A motion for sanctions based upon an inappropriately obtained order is equally improper and should be rejected.

During the July 10, 2023 meeting, Plaintiffs' counsel identified specific interrogatory answers that Plaintiffs' counsel believed were insufficient or improper. Ms. Thurmer's answers to Interrogatory Nos. 9 and 10 were not discussed in any way. Thus, Plaintiffs have not made a good faith attempt to resolve this discovery dispute prior to seeking the Court's intervention. Moreover, the interrogatory is inappropriate as set forth in the objections to this interrogatory.

Notably absent from Plaintiffs' motion were the interrogatories and Ms. Thurmer's answers themselves. Had Plaintiffs actually included the discovery requests and answers, this Court could see that Ms. Thurmer did in fact answers these interrogatories to the best of her ability, subject to the noted objections. Specifically:

9.      In a September 28, 2020, e-mail, Laura DiVincenzo said that "several people in the industry" had contacted you about Ms. Criscione's statements. Identify each of those people, including their name, employer, home address, phone number, and e-mail address.

**ANSWER:**   Objection. This Interrogatory is overly broad and unduly burdensome. Additionally, this Interrogatory seeks information that is irrelevant and not proportional to the needs of this case. Without waiving and subject to these objections, I do not recall the names of all of the people who contacted me about Plaintiff. I did however receive calls from several people in the industry, including, but not limited to Nikki Garcia.

10.     In a September 28, 2020, e-mail, Laura DiVincenzo said that "employees witnessed Ms. Criscione driving on the grounds of East Park Retirement

Community." Identify each of those employees, including their name, current employer, home address, phone number, and e-mail address.

**ANSWER:**   Objection. This Interrogatory is overly broad and unduly burdensome. Additionally, this Interrogatory seeks information that is irrelevant and not proportional to the needs of this case. Without waiving and subject to these objections, I do not recall every employee who witnessed Plaintiff driving on the grounds of East Park Retirement Community. To the best of my recollection, this incident was observed by Yolanda Odom, Amanda Wetherell, Renee, Tina Vondrak, Dina McBee, and two STNAs whose names I cannot remember. There may have been other people as well.

Plaintiffs are clearly attempting to paint Defendants in an improper and negative light by mischaracterizing the Defendants' discovery responses. Ms. Thurmer answered these interrogatories. These interrogatories were not part of the meet and confer. There is no basis for sanctioning Defendants for these appropriate responses.

E.    **Ms. Thurmer provided a supplemental answer to Interrogatory No. 14.**

As indicated during the meet and confer, Defendants stand by their objections to Interrogatory No 14. Nonetheless, Defendants provided a supplemental answer to this interrogatory. Plaintiffs however conveniently did not include any of this information in their Motion to Compel. Again, Plaintiffs are engaged in gamesmanship meant to reflect poorly on these Defendants by mischaracterizing what has occurred with respect to discovery; and to seek sanctions to correct legal deficiencies in their claims.

Specifically, on July 14, 2023, the following was provided to Plaintiffs' counsel:

**Interrogatory No. 14:** Detail the substance of every communication about Ms. Criscione or her criminal case that you had with any of your co-defendants or their agents that you did not produce in response to Request for Inspection #1.

**ANSWER:**   Objection. This Interrogatory is overly broad and unduly burdensome. Additionally, this Interrogatory seeks information that is irrelevant and not proportional to the needs of this case. This Defendant further objects to the extent that this Interrogatory seeks information that is protected by the attorney-client privilege and/or

work-product doctrine. Further, this Interrogatory seeks a narrative response that is better suited for a deposition.

Although I believe that this answer is appropriate, in the spirit of cooperation and in a good faith attempt to resolve a discovery dispute, this answer is supplemented as follows:

**SUPPLEMENTAL ANSWER:** Without waiving and subject to these objections, I am unable to recall every conversation or the details of such conversations. I did have several conversations with Ms. DiVincenzo about Plaintiff's behavior and information brought to me by staff members that Plaintiff posted online. I talked to Ms. DiVincenzo about my concerns for my safety based on Plaintiff's conduct.

Following the July 10, 2023 meet and confer, Ms. Thurmer provided a supplemental answer to Interrogatory No. 14. Plaintiffs do not take issue with this supplemental answer and in fact do not even reference it in the Motion to Compel. Plaintiffs' attempt to obtain sanctions against Defendants with respect to Interrogatory No. 14 therefore is inappropriate.

## III.  SANCTIONS CLAIMED AS TO REQUEST TO INSPECTION ARE NOT APPROPRIATE

### A.  <u>Requests for a party to identify all documents supporting each affirmative defense are not appropriate.</u>

In Request No. 5, Plaintiffs seek production of all documents supporting each affirmative defense. This is not the proper subject of discovery and Defendants responded appropriately as follows:

**RESPONSE:** Objection. This Request is premature. Discovery in this matter is ongoing. Additionally, this Request seeks information that is protected by the attorney-client privilege and/or work-product doctrine. Civil Rule 26 does not provide for discovery of any facts upon which a party premises their affirmative defenses. *Sawyer v. DeVore*, Cuy. No. 65306, 1994 WL 614978 (Nov. 3, 1994), *see also*, *Owens v. ACH Hotels, LLC*, 9th Dist. 27787, 2016-Ohio-5506. Defendant is obligated, pursuant to Civil Rules 8 and 12 to raise affirmative defenses in the answer or risk waiving those defenses.

During the meet and confer, Plaintiffs' counsel was advised that case law supports Defendants' discovery response. Defense counsel specifically asked Plaintiffs' counsel to provide contrary

authority. Plaintiffs' counsel did not and instead, filed a Motion to Compel, also without any contrary authority or describing the dispute as to the authority cited by Defendants.

The law on this is well-settled as set forth in Defendants' response. Plaintiffs' reliance on (and selective citation to) *Blue Techs. Smart Sols., LLC v. Ohio Collaborative Learning Sols., Inc.*, 2022-Ohio-1935, ¶ 29 (8th Dist.) is misplaced. The Court in *Blue Techs. Smart Sols., LLC* specifically noted:

> Sawyer does not directly deal with this issue. There, this court found the discovery requests at issue unduly burdensome and would allow a party to take undue advantage of the other party's efforts. *Sawyer* at 18-21. However, Decuzzi and N.E. Monarch, 8th Dist. Cuyahoga No. 109845, 2021-Ohio-2438, did conclude that the type of discovery request here sufficiently raised the work-product doctrine to support a colorable claim that such discovery requests could require the disclosure of privileged materials. We will follow these cases in that they establish that appellants have at least put forth a colorable claim that the discovery requests at issue could result in the disclosure of materials covered by the work-product doctrine.

*Id.* at ¶ 28.

Plaintiffs' Request No. 5 is not appropriate. Plaintiffs' Motion for Sanctions must be denied.

**B.**  **Request No. 6 is vague, ambiguous, unclear, overly broad and unduly burdensome.**

Plaintiffs' Request No. 6 and Defendants' Response are as follows:

**Request No. 6:** Produce all e-mails including of the following words in any field or attachment from April 2017 forward:

    A. Dorothy
    B. Mandanici
    C. Gina
    D. Criscione
    E. 20CRB01262
    F. Sackett
    G. Horvath

**RESPONSE:** Objection. This Request is vague, ambiguous, and unclear. Further, this Request is overly broad and unduly burdensome.

Plaintiffs argue that Defendants have failed to explain how the request is vague, ambiguous, unclear, overly broad, or unduly burdensome. An explanation is not required or necessary. Plaintiffs are asking a nursing home to search their entire e-mail database and produce all emails that contain words such as Dorothy, Gina, and Horvath. These are common names. A search of the email database will likely return documents that have absolutely no bearing on this litigation and that are likely related to other residents.

Nonetheless, Plaintiffs argue that these records are relevant because are likely to discuss facts about this case and document interactions that led up to the charges against Ms. Criscione. If in fact that is what Plaintiffs seek in response to discovery requests, the requests should be drafted to request such records. Plaintiffs however have submitted overly broad discovery requests that are not tailored to this case in any way. Accordingly, Defendants response was completely appropriate.

Furthermore, as explained in Defendants' July 14, 2023 correspondence, Defendants do not have access to this information due to the sale of the facility. Thus, even if Plaintiffs' request was proper, which it clearly is not, Defendants do not have access to the records sought, if they do in fact exist.

### C.  Request No. 9 was not the subject of the meet and confer and is not an appropriate subject of a Motion for Sanctions.

Request No. 9 was not discussed during the July 10, 2023 meet and confer. Thus, it is not an appropriate subject of the Motion to Compel or this Motion for Sanctions. Plaintiffs have failed to comply with Civil Rule 37. More importantly, although Defendants objected to this request, a complete response was provided:

9.    Produce all documents related to the investigation or prosecution of Ms. Criscione.

**RESPONSE:** Objection. This Request seeks production of documents that are protected from disclosure by the attorney-client privilege and work-product doctrine. Further, this Request is vague, ambiguous, overly broad, and unduly burdensome. Without waiving and subject to this objection *see* documents produced herein.

Plaintiffs are attempting to improperly influence this Court against Defendants by misrepresenting what has actually occurred with respect to written discovery. Such conduct should not be tolerated and Plaintiffs' Motion for Sanctions should not be granted.

> **D.**    **Request No. 11 was not the subject of the meet and confer and is not an appropriate subject of a Motion for Sanctions.**

Again, Plaintiffs included Request No. 11 in the Motion to Compel. Plaintiffs failed to raise this request during the July 10, 2023 meet and confer. Plaintiffs' Motion should be denied on this basis alone.

Regardless, Defendants appropriately responded to this request. Specifically, Defendants responded that any claim that this request arguably related to has been dismissed. Thus, there is no basis for Defendants to produce responsive documents.

> 11.    Produce all inspection reports and surveys from the Bureau of Survey and Certification between 2019 and 2021, as well as all other formal reports regarding any aspect of East Park's quality of care.

> **RESPONSE:** Objection. This Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

Further, Ms. DiVincenzo offered deposition testimony on this issue and advised Plaintiffs' counsel that any responsive information is publicly available.

Finally, Plaintiffs argue that "the information is relevant because Ms. Criscione must demonstrate that she made a good-faith report of suspected neglect to support her claim for whistleblower retaliation, and these records will demonstrate that the conditions at East Park would support a good-faith suspicion that it was neglecting its residents." (Plaintiffs' Motion to

Compel at pp. 3 and 4). Revised Code §3721.24 relates to entities who retaliate against "an employee or another individual used by the person or government entity to perform any work or services" and "a resident." Ms. Criscione was neither an employee nor was she a resident. Accordingly, any suggestion that this discovery is necessary for Ms. Criscione to support her whistleblower claim is incorrect.[1]

   **E.     As explained by Defendants, loan applications from January 2015 to the present are irrelevant and not discoverable.**

Plaintiffs' Request No 13 and Defendants' response are as follows:

**Request No. 13:** Produce all East Park loan applications from January 2015 forward.

**RESPONSE:** Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Additionally, this Request seeks the production of documents that are confidential, proprietary and not subject to discovery.

Evidence of a defendant's wealth is relevant when considering an award of punitive damages. As such, Plaintiffs are entitled to discovery on this issue. As indicated in Defendants discovery responses, Defendants will produce tax returns and profit and loss statements. Production of additional financial documents is unnecessary and serves only to harass and annoy. Plaintiffs have not identified any law to support their claim for the production of loan applications in a case such as this.

   **F.     Requests 16, 17, 18, and 19 were not the subject of the meet and confer and Defendants have agreed to produce tax returns and profit and loss statements.**

Defendants have agreed to produce financial information including tax returns and profit and loss statements subject to the appropriate protective order. Defendants are prepared to produce these records upon entry of an appropriate court order. Requests for additional financial

---

[1] Defendants' Motion for Leave to File Motion for Summary Judgment more fully explains these issues.

records are improper. Plaintiffs have not identified any case law to suggest otherwise. That protective order was submitted to this Court on July 19, 2023.

**G.** **Request No. 15 was not the subject of the meet and confer and is not a proper part of this Motion for Sanctions.**

Plaintiffs had the opportunity to raise all discovery issues with Defendants during the July 10, 2023 meet and confer. Request No. 15 was not raised. Thus, it was not appropriately before this Court on Plaintiffs' Motion to Compel, and should not be a topic for potential sanctions.

As explained in Defendants' discovery responses, this request relates only to claims that were previously dismissed by this Court. Forcing Defendants to respond to discovery requests related to claims which this Court has already found were never supported by the pleadings is not appropriate. This was noted in Defendants' response to this request:

> 15. Produce all East Park's agreements with third parties for management services, consulting services, health care services, or administrative services from January 2015 forward.

> **RESPONSE:** Objection. This Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

In essence, Plaintiffs are asking this Court to penalize Defendants for Plaintiffs' conduct in asserting unsupported claims. This is not the purpose or intent of discovery in civil litigation. Plaintiffs' motion must be denied.

**H.** **Defendants have been unable to locate documents responsive to Request No. 20 and have advised Plaintiffs of the same.**

In Request No. 20, Plaintiffs seek the complete employment and personnel file for Sara Thurmer. Although Defendants initially objected to this request, following the meet and confer, Defendants attempted to locate responsive information. Defendants however have been unable to

locate Ms. Thurmer's personnel file. Defendants notified Plaintiffs of this, but Plaintiffs have

failed to notify this Court of Defendants' attempts and inability to locate the personnel file. The

lack of transparency in Plaintiffs' Motion to Compel, and now a motion seeking sanctions is

noteworthy. Specifically, in the July 14, 2023 correspondence, Defendants advised:

> **Request No. 20:** Produce the complete employment and personnel file for Sara
> Thurmer, including documents of training, discipline, and allegations or reports of
> misconduct from the beginning of employment through your receipt of this
> request. This request also includes documents removed from the employee's
> personnel file or maintained in separate benefits file, confidential file, disciplinary
> file, investigative file, medical file, payroll file, or other file.

> **RESPONSE:** Objection. This Request seeks the production of documents that
> are irrelevant and is not proportional to the needs of this case.
> Without waiving and subject to this objection, will supplement.

> We have been unable to locate a personnel file for Ms. Thurmer. As indicated, the
> response will be supplemented if the personnel file is located.

Defendants cannot produce what they are not in possession of and have not been able to

locate. Defendants reiterate that this facility was sold prior to this litigation. These records were

not kept by Defendants following the sale. Defendants have made a good faith effort to locate

them through third parties. Those efforts were unsuccessful. Plaintiffs are fully aware of this.

Their Motion is not well-taken.

**I.**     **Plaintiffs' representations to this Court with respect to Request
Nos. 26, 27, and 28 are incomplete and misleading.**

Absent from Plaintiffs' Motion to Compel is Defendants' complete response, wherein

Defendants indicated that they would supplement if responsive documents were found through

third parties. Specifically, the request and response to Request No. 26 were as follows:

> 26.     Produce the staffing records required by 42 C.F.R. 483.35(g)(1) from
> April 2017 through May 2020.

> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome.
> Additionally, this Request seeks the production of documents that
> are irrelevant and is not proportional to the needs of this case.

Without waiving, and subject to these objections, will supplement if responsive documents are identified.

Also absent from Plaintiffs' Motion to Compel was the additional information provided in Defendants' on July 14, 2023 correspondence. Defendants advised that they believe that some staffing records have been located at the facility for January through May of 2020. Defendants have now reviewed these records and they were produced on August 11, 2023. Defendants further advised that they would produce any responsive, discoverable information (as previously indicated in Response to Request No. 26). This discovery issue is resolved and not an appropriate part of Plaintiffs' Motion to Sanctions. Plaintiffs are misusing judicial resources by providing incomplete information to the Court in an attempt to paint Defendants in an improper light.

With respect to Request Nos. 27 and 28, Plaintiffs have also failed to advise the Court of the information provided by Defendants in their July 14, 2023 correspondence. Specifically, the following is noted:

Request No. 27: Produce a list of all East Park employees from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses.

**RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.

Defendants stand by their response to this Request. There is no legitimate basis for providing the name, phone numbers, home addresses, and email addresses for every employee for a three year period, without limitation. This Request serves no purpose but to harass and annoy. Employee names will be included in the staffing information that will be provided in supplement to Request No. 26.

Request No. 28: Produce a list of all agency aides who staffed East Park from April 2017 through May 2020, including names, phone numbers, home addresses, and e-mail addresses.

**RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case.

This request is not appropriate for the same reasons set forth in response to Request No. 27.

Plaintiffs' Motion for Sanctions based on these good faith responses is not supported and must be denied.

### J.     Request No. 29 was not the subject of the meet and confer and was not appropriately included in Plaintiffs' Motion to Compel.

Plaintiffs included Request No. 29 in their Motion to Compel, but failed to comply with Civil Rule 37(A). For this reason alone, Plaintiffs' Motion must be denied, and no sanctions are appropriate.

Regardless, Defendants have responded to this request appropriately. The request and response to Plaintiffs' Request No. 29 are as follows:

29.     Produce all communications complaining about the conditions at East Park Care Center from January 1, 2020 forward.

**RESPONSE:** Objection. This Request seeks production of documents that include private health information of non-parties. Such information is protected from disclosure by the physician-patient privilege and HIPAA and is otherwise not discoverable. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.

Plaintiffs argue that these records are relevant "as they would give the jury additional information with which to determine whether Ms. Criscione had a good faith suspicion that East Park was abusing, neglecting, or exploiting its residents." Whether East Park was abusing, neglecting, or exploiting its residents is not a part of any remaining claim or defense. Evidence of this is not admissible. Moreover, such evidence serves only to enflame the jury and prejudice the jury against East Park. Defendants appropriately responded to this request.

**K.**     **Request No. 31 seeks production of documents that relate to claims that have been dismissed.**

Again, Plaintiff selectively refers to Defendants' response to request No. 31 to justify Court intervention and now sanctions. Plaintiffs fail to include pertinent information in the response including Defendants' statement that "any claim that such documents arguably or potentially pertain to has been dismissed." Specifically, there is no pending claim for violation of R.C. §3721.12.

Also absent from Plaintiffs' Motion to Compel was the additional information provided by Defendants in the July 14, 2023 correspondence:

> **Request No. 31:** Produce a copy of all documentation required under Ohio Rev. Code § 3721.12(A)(3).
>
> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.
>
> As set forth in Defendants' response, any claim that the requested documents arguably or potentially pertained to have been dismissed. That being said, additional records were identified earlier this week that may be responsive to this request. We are in the process of reviewing these records and will produce any responsive, discoverable information.

Without a doubt, Defendants have worked to identify additional responsive documents. Defendants have advised Plaintiffs of this. Plaintiffs Motion to Compel serves no purpose but to harass Defendants and misuse resources. The attempt to seek sanctions is equally inappropriate.

**L.**     **Defendants appropriately responded to Request Nos. 33, 34, and 36.**

Plaintiffs argued that the records requested in Request Nos. 33, 34, and 36 "would provide the jury with objective metrics about the amount of care Ms. Mandanici was receiving and whether she was being neglected." Plaintiffs however fail to inform this Court that Defendants objected to these requests in part because "any claim that such documents arguably

or potentially pertain to has been dismissed." There is no pending claim related to the care provided to Ms. Mandanici or any allegation of neglect. Defendants cannot be forced to produce records related to claims that never should have been included in Plaintiffs' Complaint because they were not supported by the pleadings.

Plaintiffs also fail to advise the Court of additional information provided in the July 14, 2023 correspondence. Specifically, Defendants advised Plaintiffs:

> **Request No. 36:** Produce all records of Ms. Mandanici's food and liquid intake, including breakfast, lunch, dinner, snacks, water and other drinks.
>
> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks information that is irrelevant and not proportional to the needs of this case. Any claim that such documents arguably or potentially pertained to has been dismissed.
>
> With respect to Request Nos. 33, 34, and 36, Defendants' responses to these requests are appropriate. Nonetheless, for purposes of making a good faith attempt to resolve a discovery dispute, some or all of this information may be contained in the medical records. Otherwise, Defendants are not in possession of and have not located any responsive documents.

Plaintiffs' Motion for Sanctions must be denied.

> **M.** **Defendants are in the process of reviewing and producing documents responsive to Request No. 41.**

Plaintiffs are wasting judicial resources with this motion. Plaintiffs have failed to advise this Court of Defendants attempts to resolve this dispute informally and with the production of responsive documents. Specifically with respect to Request No. 41, Defendants' July 14, 2023 correspondence included the following:

> **Request No. 41:** Produce all communications with the Ohio Department of Health regarding Ms. Mandanici.
>
> **RESPONSE:** Objection. This Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case.
>
> Although Defendants' response is appropriate as it stands, we have identified additional documents that may be responsive to this request. In order to resolve

this discovery dispute, we are in the process of reviewing these documents and will produce any responsive, discoverable information.

Request No. 41 is not the appropriate subject of a motion to compel. Plaintiffs' motion must be denied. Supplemental documents were in fact located. They have not been reviewed and produced.

### N.  <u>Defendants have appropriately responded to Request Nos. 47, 48, and 49</u>.

Plaintiffs' Requests Nos. 47, 48, and 49 seek phone call logs for each of the Defendants for a 2½ year period without any limitation and without any attempt to tailor the requests to the specific needs of this case. Thus, these requests are absolutely improper as noted in Defendants' responses. Indeed, Plaintiffs argue, "the records are also relevant because they will permit Ms. Criscione to determine when and how often Defendants were in touch to discuss her case so that she could inquire into the substance of those calls at trial. The details of those conversations would permit a jury to evaluate whether Defendants were motivated by retaliatory animus when they prosecuted Ms. Criscione."

First, the requests are not limited to phone records showing how often Ms. Criscione contacted Defendants. Further, to the extent that Ms. Criscione's telephone contact with Defendants is relevant, all of that information is within Plaintiffs' possession. Moreover, Plaintiffs' suggestion that the records are necessary to discovery the content of such communications is misplaced as phone logs would not include the content of those conversations. Plaintiffs' own arguments in the Motion to Compel explain why these requests are improper.

Simply by being a defendant in a lawsuit, a party does not subject themselves to disclosure of their entire phone records including all incoming and outgoing phone calls over a 2½ year period. There is no question that this request serves no purpose but to harass and annoy.

Further, Defendants no longer own or operate this facility and no such records are in their possession or control.

**O.** **Defendants have responded to Request No. 56.**

Again, Plaintiffs have selectively provided information to the Court in an attempt to make Defendants look bad. Specifically, although Defendants objected to this request as indicated in Plaintiffs' motion, Defendants also responded, "Without waiving, and subject to this objection, will supplement if responsive documents are identified.

On July 14, 2023, Defendants advised Plaintiffs that, "To date, we have not identified any responsive documents. As indicated in the response, if responsive documents are identified, they will be produced."

This request is not appropriately included in Plaintiffs' Motion for Sanctions. Defendants have not identified any responsive documents. Thus, there is nothing for Defendants to produce in response to this request.

**P.** **Request No. 63 was not the subject of the meet and confer and is not appropriately included in Plaintiff's Motion for Sanctions.**

Plaintiffs included Request for Production No. 63 in their Motion to Compel, but did not include this during the meet and confer. Moreover, Defendants have provided a complete and full response to this request:

> 63    Produce all communications to or from the Berea Municipal Court or its employees from January 1, 2020 forward.

> **RESPONSE:** Objection. This Request is overly broad and unduly burdensome. Additionally, this Request seeks the production of documents that are irrelevant and is not proportional to the needs of this case. Without waiving, and subject to these objections, *see* documents produced herein. Will supplement if additional, responsive documents are identified.

As set forth in Defendants' response, responsive documents were produced. Additionally, to the extent that additional documents are identified, those will be produced. However, at this time, Defendants have fully responded to Request No. 63. Plaintiffs' suggestion to this Court that Defendants did not respond to this request and only objected, is not only inaccurate, but inappropriate. Plaintiffs' conduct should not be permitted or rewarded for filing needless motions nor should Defendants be sanctioned for this appropriate response.

**III.    PLAINTIFFS' MOTION FOR SANCTIONS IS CONTRARY TO LAW AND SEEKS RELIEF WHICH IS CONTRARY TO FACTS ESTABLISHED IN THE CASE AND THE LEGAL ELEMENTS GOVERNING HER CLAIMS AS SET FORTH IS THE OHIO REVISED CODE AND APPLICABLE CASE LAW**

As is described herein, Plaintiffs' Motion for Sanctions should be denied on the facts alone. Legally, Plaintiffs are not entitled to the relief they seek either. Specifically, Plaintiffs request an order prohibiting Defendants from advancing <u>any</u> affirmative defenses, as well as attorneys' fees. While a trial court has discretion over discovery orders, sanctions of that severity are only permitted in the most extreme cases. *Billman v. Hirth*, 115 Ohio App.3d 615 (10th Dist. 1996). This matter is not one of those.

The standard for evaluating the reasonableness of sanctions was set forth in *Russo*, where the court held:

> The appropriateness of the choice is reviewable to the extent that an abuse may have occurred in the exercise of the trial court's discretion in the selection of the sanction. Thus, the trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate.

> In deciding, the trial court should look to several factors: the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate.

*Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 178 (1987)

Pursuant to Ohio public policy, the trial court should impose the "**least severe sanction**" that effectively redresses the sanctioned party's wrongdoing. *Huntington Nat'l Bank v. Jasar Recycling Inc.,* 7th Dist. Columbiana No. 11-CO-24, 2013-Ohio-426, ¶ 30 (citing *Loukinas v. Roto-Rooter Servs. Co.,* 167 Ohio App.3d 559, 2006-Ohio-3172, ¶16 (1st Dist.); *Transamerica Ins. Group v. Maytag,* 99 Ohio App.3d 203, 207 (1994)). Additionally, it is a "basic tenet of Ohio jurisprudence that cases should be decided on their merits." *Perotti v. Ferguson,* 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983).

"The exclusion of reliable and probative evidence is a severe sanction and should be invoked only when clearly necessary to enforce willful noncompliance or to prevent unfair surprise." *Billman* at 620 (quoting *Nickey v. Brown* (1982), 7 Ohio App.3d 32, 34, 454 N.E.2d 177, 180); *Jasar* at ¶ 36. The Ohio Supreme Court has stated that even where discovery is provided untimely, this alone does not show willfulness or bad faith on the part of the responding party. *State ex rel. Dispatch Printing Company v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384 ¶ 49 (2005). "It is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party." *Id.* at ¶ 49 quoting *Toney v. Berkemer*, 6 Ohio St.3d 455, 453 N.E.2d 700 (1983) at syllabus. This is also true where the discovery sanction sought would have the practical effect of a default judgment. *Id.*

In *Billman, supra,* the trial court had granted a motion to compel against plaintiff for failing to comply with defendant's discovery requests. Thereafter, plaintiff failed to complete its expert depositions during the discovery period. In response, the trial court imposed sanctions that excluded the testimony. On appeal, the appellate court held that the exclusion of testimony, which prejudiced the sanctioned party to the practical effect of a dismissal, was an abuse of

discretion. 115 Ohio App.3d at 621. In reaching this holding, the court reasoned that, although Plaintiff had not made its experts available for deposition during the discovery timeframe as ordered, Plaintiff had made efforts to do so. *Id.* Further complicating this was the number of depositions that had needed to be completed. *Id.* However, the Court noted that the exclusion of testimony was not the most severe sanction permitted and also considered that defendant had already been granted a motion to compel and that trial was approaching. Despite these facts, it was still "unreasonable for the trial court to have excluded the witnesses at issue as a sanction for violation of the court's pretrial order." *Id.*

In another similar matter, plaintiff was granted a motion to compel after a year of defendant failing to respond to discovery requests. *Jasar*, 2013-Ohio-426, ¶ 13. Later, plaintiff filed a second motion to compel for failure to provide additional requested discovery. *Id.* at ¶ 17. Following a hearing, the court awarded sanctions including barring defendant from presenting affirmative defenses. *Id.* Although the sanctions imposed were not the most severe, the court appellate court nonetheless found that the trial court abused its discretion in imposing severe sanctions. *Id.* at ¶ 38. Despite defendant's failure to timely comply with discovery necessitating two motions to compel, the record demonstrated that plaintiff did ultimately provide what responsive evidence it had in its possession. *Id.* Even with the delays involved, this did not amount to willful noncompliance with discovery. Thus, the trial court abused its discretion in imposing severe sanctions. *Id.*

In the present case, Defendants have not engaged in willful non-compliance with their discovery obligations. To the contrary, Defendants have provided voluminous responsive documents to Plaintiffs' overly broad and burdensome discovery requests. Imposing sanctions to the severity which Plaintiffs seek would violate Ohio policies that cases be decided on their

merits and that discovery violations should be redressed using the "lease severe" sanction. As is laid out in this response, as well as Defendants' Response in Opposition to Plaintiff's Motion to Compel (Attached as Exhibit A to Defendants' Motion for Leave…, filed 7/19/2023), this is not an extraordinary case wherein Defendants have been derelict in their discovery obligations.

Finally the relief sought by Plaintiff is inappropriate. Here Plaintiffs propose a series of fifty-five (55) "findings" which are not only factually contrary to the evidence in the case, but also are contrary to the elements for the claims as set forth in case law and the Ohio Revised Code. For example, Plaintiffs seek findings that disputed conduct by Defendants not only occurred, but that it constituted "retaliation" against Plaintiff. As more fully explained in Defendants' Motion for Summary Judgment, Plaintiff is not one of the protected persons under the statute R.C. § 3721.24. Any sanction imposed, include an award of attorney's fees and expenses, would be unjust under the circumstances.

## IV.    CONCLUSION

Plaintiffs Motion for Sanctions must be rejected. First and foremost the Motions to Compel on which it was based were granted without Defendants being permitted to respond. Further, those Motions withheld pertinent information from this Court and significantly misrepresented the conduct and responses of Defendants. Finally the relief sought by Plaintiffs is not only inappropriate under these circumstances, but would lead this Court to making "findings" that are contrary to Plaintiffs' own sworn testimony and the legal elements governing Plaintiffs claim as set forth in the Ohio Revised Code and applicable case law as more fully described in the Motion for Summary Judgment attached to Defendants' Motion for Leave. For all these reasons Plaintiffs' Motion for Sanctions must be denied.

Respectfully submitted,

*/s/ Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Civil Rule 5(B)(2)(f), I hereby certify that copy of the foregoing ***Defendants'***

***Memorandum in Opposition to Plaintiffs' Motion for Sanctions*** was sent via electronic mail,

this 11th day of August, 2023, to:

Brian D. Bardwell, Esq.
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland OH 44113-1326
brian.bardwell@speech.law

William A. Carlin, Esq.
29325 Chagrin Blvd., Suite 305
Pepper Pike OH  44122
wcarlinesq@aol.com
Attorney for Plaintiffs

*/s/ Emily R. Yoder*
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1299586-v1>>