IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GINA CRISCIONE**, *et al.*,<br>           *Plaintiffs,*<br>v.<br>**LAURA DIVINCENZO**, *et al.*,<br>           *Defendants.* | Case No.: 1:24-cv-01446-PAB<br><br>Judge Pamela A. Barker<br><br>Magistrate Judge James E. Grimes Jr. |
| **GINA CRISCIONE AND ESTATE OF DOROTHY MANDANICI'S<br>MOTION TO STRIKE DEFENDANTS' REPLY BRIEF AND EXHIBITS** ||

Plaintiffs Gina Criscione and Estate of Dorothy Mandanici respectfully move for an order striking Defendants' reply in support of their motion to stay discovery (ECF #29) and the supporting exhibits (ECF #30).

"Generally, '[n]ew evidence and new arguments are not appropriate in a reply brief.'" *Jones v. City of Cleveland*, No. 1:19-CV-01275-PAB, 2020 WL 3270706, at *4 (N.D. Ohio June 17, 2020). For instance, in *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481–82 (6th Cir. 2003), the plaintiff in a Title VII case sought to strike evidence from a reply brief because it had not been first submitted with the underlying motion. The district court denied the motion because it believed the plaintiff already knew the facts addressed in the new evidentiary filings and therefore could have addressed them in his opposition brief. But the Sixth Circuit reversed, holding that a trial court abuses its discretion when it grants a motion based on evidence that the non-moving party has not had an opportunity to address:

> "When new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated, a problem arises … It is only logical that the purposes of notice and opportunity to respond extend … to the situation where the moving party submits in a reply brief new

reasons and evidence in support of its motion … This is particularly true when the district court relies on the new evidentiary submissions."

Here, Defendants moved for a protective order (ECF #24) but chose not to support their motion with any evidence whatsoever. After Ms. Criscione opposed the motion, Defendants submitted a reply brief supported with nearly 100 pages of new exhibits, some of which contain inaccuracies regarding the discovery at issue in their motion, as well as a new argument that Ms. Criscione is not entitled to discovery because she has not identified what discovery she needs to respond to their motion for summary judgment.

Because the Court's local rules do not call for surreplies, Ms. Criscione does not have an opportunity to address Defendants' arguments or evidence. The Court should therefore strike Defendants' reply brief and the evidence submitted in support of it. If the Court denies Ms. Criscione's motion to strike, it should instead grant her seven days' leave to file a surreply.

> Respectfully submitted,
>
> /s/Brian D. Bardwell
> Brian D. Bardwell (0098423)
> Speech Law, LLC
> 4403 Saint Clair Ave, Suite 400
> Cleveland, OH 44103-1125
> 216-912-2195 Phone/Fax
> brian.bardwell@speech.law
> *Attorney for Plaintiffs Gina Criscione and Estate of Dorothy Mandanici*