IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | **DEFENDANTS EAST PARK** |
| | ) | **RETIREMENT COMMUNITY, INC.,** |
| LAURA DiVINCENZO, et al. | ) | **LAURA DiVINCENZO AND SARA** |
| | ) | **THURMER'S RESPONSE IN** |
| Defendants | ) | **OPPOSITION TO PLAINTIFFS'** |
| | ) | **MOTION TO STRIKE DEFENDANTS'** |
| | ) | **REPLY BRIEF AND EXHIBITS** |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer for their Response in Opposition to Plaintiffs' Motion to Strike Defendants' Reply Brief and Exhibits state as follows:

Plaintiffs seek to strike Defendants' Reply Brief and Exhibits. In support of their Motion, Plaintiffs selectively cite to this Court's decision in *Jones v. City of Cleveland*, No. 1:19-CV-01275-PAB 2020 WL 3270706 (N.D. Ohio June 17, 2020) for the proposition that new evidence and arguments are not appropriately asserted in a reply brief. Although Plaintiffs' citation is correct, when read in its entirety, it is clear that their reliance on this case is misplaced. Specifically, this Court noted that reply briefs *reply* to arguments in the opposition brief and explained:

> In this case, Jones argues that the City improperly raised two new arguments in its Reply. First, Jones asserts that the City argued for the first time in its Reply that "claims" and "grievances" are the same. (Doc. No. 25 at 1-2.) The City contends, however, that its position has consistently been that a release of all claims includes a release of grievances, and that in its Reply, the City was responding to Jones's

>assertion that grievances and claims are distinct from one another. (Doc. No. 27 at 1-3.) **The Court finds that the City was entitled to respond to Jones's arguments in this regard, and denies Jones's request to strike this portion of the City's Reply**.

*Id*. at *4 (emphasis added).

Plaintiffs' reliance on *Seay v. Tennessee Valley Authority*, 339 F.3d 454 (6th Cir. 2003) is also misplaced. Notably, Plaintiffs' block quote from the *Seay* case specifically excludes statements that make the case distinguishable. At issue in *Seay* was a motion for summary judgment and the application of FRCP 56(c). Moreover, the court in *Seay* concluded that the movant had submitted new evidence in its reply brief. Here, Defendants did not submit any new evidence.

As explained by this Court in *Jones*, the purpose of a reply brief is to reply to the arguments raised by the non-movant. That is precisely what Defendants did here. Defendants' position has consistently been that discovery in the underlying case was complete. In response, Plaintiffs relied on their Motion to Compel and Motion for Sanctions in the underlying refiled case, for the proposition that there was outstanding discovery. Absent however from Plaintiffs' Motion was the procedural history whereby the trial court granted the Motion to Compel before Defendants had an opportunity to respond. Further, Plaintiffs falsely represented that the Motion for Sanctions was pending when the case was dismissed. In reality, the Motion for Sanctions was denied. Notably, the Motion for Sanctions was denied after the trial court had the benefit of the Defendants' briefing establishing that there were no outstanding discovery matters which would warrant an order compelling discovery or sanctions.

Defendants' reply brief addressed the arguments raised in Plaintiffs' brief. That is the precise purpose of a reply brief. Plaintiffs' Motion to Strike is not well-taken and must be denied.

Respectfully submitted,

*/s/Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing *Defendants East Park Retirement Community, Inc., Laura DiVincenzo, and Sara Thurmer's Response in Opposition to Plaintiffs' Motion to Strike Defendants' Reply Brief and Exhibits* was filed electronically on August 13, 2025, with the Clerk using the CM/ECF system, which will notify all parties. Parties may access this document through the court's electronic-filing system.

*/s/ Emily R. Yoder*
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1412885-v1>>