IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GINA CRISCIONE, et al., | Case No. 1:24-CV-1446-PAB |
| Plaintiffs, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| LAURA DIVINCENZO, et al, | |
| Defendants. | MEMORANDUM OPINION & ORDER |

Currently pending before the Court is the Motion to Stay Discovery of Defendants East Park Retirement Community, Inc. ("East Park"), Laura DiVincenzo ("DiVincenzo"), and Sara Thurmer ("Thurmer") (together, "Defendants"), filed on July 3, 2025 ("Defendants' Motion"). (Doc. No. 24.) On July 24, 2025, Plaintiff Gina Criscione ("Criscione" or "Plaintiff"), individually and on behalf of the Estate of Dorothy Mandanici ("the Estate") filed an Opposition to Defendants' Motion ("Plaintiff's Opposition"). (Doc. No. 27.) On August 7, 2025, Defendants' Reply in support of Defendants' Motion ("Defendants' Reply") was filed. (Doc. No. 29.)

Also pending before the Court is Plaintiff's Motion to Strike Defendants' Reply Brief and Exhibits ("Plaintiffs' Motion"), filed on August 11, 2025. (Doc. No. 31.) On August 13, 2025, Defendants filed a Response in Opposition to Plaintiff's Motion ("Defendants' Opposition"). (Doc. No. 32.)

For the following reasons, Defendants' Motion (Doc. No. 24), construed as a motion for protective order, is GRANTED. Criscione's Motion (Doc. No. 31) is DENIED. Defendants need not engage in further discovery pending resolution of Defendants' forthcoming Motion for Summary Judgment.

I.  **Background**

This Court incorporates the background relevant to this case and its two precedecessor cases, *Criscione I* and *Criscione II*,[1] set forth in the Court's June 9, 2025, Memorandum Opinion and Order ("MOO"). (Doc. No. 22-1.) Therein, this Court dismissed Criscione's claims against the City of Brook Park, George Sakellakis, Harold Duncan, Ryan Walsh, and Thomas Sensel, leaving only her claims against the remaining Defendants.[2] (Doc. No. 22-1 at PageID# 383.)

On June 6, 2025, the Court set a Case Management Conference ("CMC") to be held on July 15, 2025. (Doc. No. 23.) After Defendants' Motion was filed on July 3, 2025, the Court cancelled the CMC pending its ruling thereon. (*See* Entry of July 7, 2025.) In Defendants' Motion, Defendants request that the Court "(1) incorporate the discovery already conducted in the previously filed cases; (2) permit Defendants to file a Motion for Summary Judgment based on the discovery previously conducted; and (3) stay discovery pending ruling on Defendants' Motion for Summary Judgment." (Doc. No. 24 at PageID# 392.) Defendants' Motion does not include a certification that the parties attempted to confer in good faith. (*See generally id.*)

On July 24, 2025, Criscione filed Plaintiff's Opposition, and on August 7, 2025, Defendants' Reply was filed. (Doc. Nos. 27, 29.) On August 8, 2025, Defendants filed a Notice of Filing Exhibits to their Reply (Doc. No. 30), which included seven (7) exhibits, six (6) of which are publicly available

---

[1] *See Criscione, et al. v. DiVincenzo, et al.*, Case No. CV-22-964883, C.P. Cuyahoga ("*Criscione I*"), and *Criscione, et al. v. DiVincenzo, et al.*, Case No. CV-23-976445, C.P. Cuyahoga ("*Criscione II*").

[2] The remaining claims are: Survivorship Action (Claim 1); Wrongful Death (Claim 2); Breach of Contract (Claim 3); violations of Nursing Home Bill of Rights ("NHBR") under Ohio Rev. Code § 3721.01 *et seq.* (Claim 4); Malicious Prosecution (Claim 5); Abuse of Process (Claim 6); Whistleblower Retaliation under Ohio Rev. Code § 3721.24 (Claim 7); Falsification under Ohio Rev. Code § 2921.13 (Claim 8); Intimidation under Ohio Rev. Code § 2921.03 (Claim 9); Interference with Civil Rights under Article I, § 11 of the Ohio Constitution, the Fourteenth Amendment right to equal protection of the laws, and Ohio Rev. Code §§ 2921.45, 2923.03, and 2307.60 (Claim 10); Conversion (Claim 11); Intentional Infliction of Emotional Distress (Claim 12); and Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985(3) (Claim 18). (Doc. No. 1 at PageID#s 14-25.)

filings on the docket for *Criscione II* (Doc. Nos. 30-1, 30-2, 30-3, 30-4, 30-5, 30-6) and one (1) of which is an email from Defendants' Counsel to Criscione's Counsel. (Doc. No. 30-7.) On August 11, 2025, Criscione filed her Motion (Doc. No. 31), to which Defendants filed their Opposition on August 13, 2025. (Doc. No. 32.)

II.     **Legal Standard**

While Defendants' Motion is submitted as, and sets forth arguments in favor of a request to stay discovery, Plaintiff submits that in essence it is and should be evaluated as a Rule 26 motion for a protective order. For the reasons set forth below, the Court agrees with Criscione that Rule 26(c) governs Defendants' Motion but declines to enforce the Rule 26(c)(1) certification requirement.

To determine the applicable legal standard governing a motion, it is well known that "[a] court should consider the substance of a motion rather than the label used by the party." *Seidl v. Hope Homes, LLC*, 2025 WL 1744898 at *1 (W.D. Mich. Feb. 11, 2025) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)); *see also Rivera v. PNS Store, Inc.*, 647 F.3d 188, 193 n.7 (5th Cir. 2011) (quoting *Britt v. Whitmire*, 956 F.2d 509, 513 (5th Cir. 1992)) ("[I]t is not the label that a party places on a motion[,] but the true nature of the relief sought that determines under which rule a motion should be classified.").

In Defendants' Motion, Defendants cite *Hubbel v. NCR Corp.*, 2018 WL 1638882 (S.D. Ohio Apr. 4, 2018) to provide the applicable standard for evaluating their Motion to Stay Discovery. (Doc. No. 24 at PageID# 386.) Criscione argues that despite Defendants' avoidance of the word "protective order" in their Motion, Defendants have essentially requested a protective order governed by Rule 26(c). (Doc. No. 27 at PageID# 403.)

3

In *Hubbel*, the defendant had filed a motion to dismiss and compel arbitration, arguing that the arbitration agreement divested the court of jurisdiction to hear the plaintiff's claims. *See* 2018 WL 1638882 at *1. While that motion was pending, the defendants filed a motion to stay discovery. *See id.*[3] Citing *Grice Eng'g, Inc., v. JG Innovs., Inc.*, 691 F. Supp. 2d 915 (W.D. Wis. 2010), the district court exercised its "inherent power" recognized by the Supreme Court in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936) to stay its proceedings and considered the following five factors: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether [the] burden of litigation will be reduced for both the parties and the court." *Hubbel*, 2018 WL 1638882 at *1 (citing *Grice*, 691 F. Supp 2d at 920.) The court ultimately concluded that staying discovery was appropriate pending resolution of the defendant's motion to dismiss and compel arbitration because the federal rules would compel disclosure of information not available in arbitration. *See id.* at *2. However, given the different postures of *Hubbel* and this case, the Court is not persuaded that in deciding Defendants' Motion it must evaluate the five factors outlined in *Hubbel*.

Indeed, Criscione accurately points out that several district courts have acknowledged that a motion to stay discovery is, in effect, a motion for a protective order under Rule 26(c). (Doc. No. 27 at PageID# 403) (citing *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988); *Grand Canyon Skywalk Dev. LLC v. Steele*, 2014 WL 60216 at *3 (D. Nev. Jan. 7, 2024); *Shatsky v. Palestine Liberation Org.*, 2013 WL 12438035 at *2 (D.D.C. Nov. 19, 2013); *Silva v. TEKsystems, Inc.*, 2013 WL 3388255 at *2 (N.D. Cal. July 8, 2013); *Graham v. Tr. Serv. of Carolina, PLLC*, 2023 WL 6035681 at *1 (E.D.N.C. Apr. 17, 2023); *Wilson v. First Class Patrol Officers Michael Slager*,

---

[3] *See also Regina Hubbel v. NCR Corp.*, 2:17-CV-807-ALM-EPD, Doc. No. 15 (S.D. Ohio Feb. 2, 2018).

2016 WL 1253179 at *3 (D.S.C. Mar. 31, 2016); *Wymes v. Lustbader*, 2012 WL 1819836 at *3 (D. Md. May 16, 2012)).

The plain text of Rule 26(c) reveals that where the relief a party requests is an order specifying the time for discovery and the court then issues that order, the court has acted pursuant to Rule 26(c). Under Rule 26(c)(1)(B), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (B) specifying terms, ***including time*** and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B) (emphasis added). Thus, "[b]ecause a motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Fed. R. Civ. P. 26(c)(1)(B), authorizing the court to specify the time for discovery, a motion to stay discovery may be granted pursuant to Rule 26, but the moving party bears the burden of showing good cause and reasonableness." 10A Federal Procedure, Lawyer's Edition § 26:317 (2025) (titled, "Showing good cause for order to stay discovery, generally") (footnotes omitted). That is why "[s]everal courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order under Fed. R. Civ. P. 26(c)(1)." *See, e.g.*, *Ethnix Grp., LLC v. Jimenez Distributors, Inc.*, 2024 WL 6821611 at *2 (M.D. Tenn. Dec. 19, 2024). Therefore, the Court evaluates Defendants' Motion under the Rule 26(c)(1) standard.[4]

---

[4] Defendants also argue that the Court has already determined that their motion is not one for a protective order. They cite to this Court's July 15, 2025 Order which provides as follows: "The Court has reviewed Plaintiffs Gina Criscione and Estate of Dorothy Mandanici's Motion for Extension of Time to Oppose Defendants' Motion for a Protective Order ('Plaintiffs' Motion'). However, *Defendants did not file a Motion for a Protective Order, but rather, filed a Motion to Stay Discovery.* The Court nonetheless construes Plaintiff's Motion as requesting an extension of time to file a Brief in Opposition to Defendants' Motion to Stay Discovery. Accordingly, Plaintiff's Motion is granted. Plaintiff's Brief in Opposition to Defendants' Motion to Stay Discovery shall be filed by 7/31/25." (Entry of July 15, 2025) (emphasis added). The Court issued the July 15 Order *before* Criscione advanced her argument (on July 24, 2025) in her Oppposition that Defendants' Motion "is tantamount to" a Motion for a Protective Order under Rule 26. The Court, therefore, was not offering an opinion on Criscione's not-yet-made argument that such motions are procedurally equivalent, but rather clarifying the record on the docket that Criscione's request for an extension was directed at Defendants' Motion by noting

A protective order under Rule 26(c)(1) "shall only be entered upon a showing of 'good cause' by the party seeking protection." *HD Media Co., LLC v. United States Dep't of Justice (In re Nat'l Prescription Opiate Litig.)*, 927 F.3d 919, 929 (6th Cir. 2019). "To show good cause for a protective order, the moving party is required to make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Id.* (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) and *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)); *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236-37 (6th Cir. 2016) (quoting *Father M. v. Various Tort Claimants* (*In re Roman Catholic Archbishop*), 661 F.3d 417, 424 (9th Cir. 2011)) ("Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order.").[5]

---

its proper title, rather than directed at some other filing. Defendants, who are obviously aware that this Court's intention was not to opine on the equivalence of staying discovery with issuing a protective order before Criscione had even argued they were equivalent, have therefore misinterpreted the meaning of that Order. *See Detrick v. KCS Int'l Inc*, 2025 WL 2161507 at *3 (N.D. Ohio July 30, 2025) (Barker, J.) (quoting *In re Zevitz*, 230 F.3d 1361 (6th Cir. 2000)) ("In construing a court order, the most important factor in determining the meaning is the intention of the judge who entered the order."). The Court therefore rejects Defendants' argument.

[5] While the Court is construing Defendants' Motion as one for a protective order, the Court nevertheless rejects Criscione's argument that Defendants' Motion is necessarily subject to Federal Rule of Civil Procedure Rule 26(c)(1)'s certification requirement, which provides that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). (Doc. No. 27 at PageID# 403.) "[I]t remains within the discretion of the court to consider a [Rule 26(c)(1)] motion on the merits and waive strict compliance with the meet-and-confer requirement." *King v. City of Fishers*, 2020 WL 13984593 at *2 (S.D. Ind. Feb. 3, 2020) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996)); *Jackson v. Unicity Int'l, Inc.*, 2025 WL 2222767 at *1 n.1 (D. Nev. Aug. 5, 2025) ("A motion to stay discovery is, at bottom, a motion for protective order brought pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff is correct that a prefiling conference is required. Nonetheless, the parties are clearly at an impasse and there is no point in denying this motion without prejudice just so that it may be refiled. The Court in its discretion declines to enforce the prefiling conference requirement in the circumstances of this case.") (internal citations omitted).

**III.   Analysis**

    **A.   Protective Order Regarding Discovery**

        **1.   Summary of the Parties' Positions**

In Defendants' Motion, they essentially argue that "even though no discovery has been conducted in this case, discovery was conducted in the underlying cases. Accordingly, there is sufficient evidence for the parties to brief, and this Court to rule on dispositive issues." (Doc. No. 24 at PageID# 387.) According to Defendants, because *Criscione II* was "set to proceed to trial," allowing more discovery now will result in "duplicating efforts, and relitigating the same issues." Defendants' submit that without a protective order, they will be forced to undergo duplicative discovery. (*Id.* at PageID# 389.)

In Plaintiff's Opposition, Criscione responds that some discovery still remains. While she agrees that the Court can incorporate the state-court discovery, she notes that the state court granted Criscione's two Motions to Compel (Doc. Nos. 27-1, 27-2), indicating thereby that Defendants have not fulfilled their discovery obligations. (Doc. No. 27 at PageID# 402.) According to Criscione, not allowing additional discovery "would simply move the parties to an asymmetric motion for summary judgment[.]" (*Id.* at PageID# 409.) According to Criscione, "[w]here the [state court] had ordered responses to 25 requests for inspection, Defendants only supplemented their responses to three; and where the [state court] had ordered responses to 11 interrogatories, they supplemented their responses to zero." (*Id.* at PageID# 402.) Criscione asserts:

> Ms. Criscione's motion for sanctions remained pending when the trial court dismissed the case without prejudice on August 25, 2023. Ms. Criscione therefore never received—and still does not have—full responses to the vast majority of the demands that the trial court ordered Defendants to serve.

(*Id.*)

7

Criscione also points out that Defendants' state-court Motion for Summary Judgment did not address Criscione's "Conspiracy to Interfere with Civil Rights" claim under 42 U.S.C. § 1985 (Claim 18), so "it will still leave unresolved the central allegations in this case[.]"[6] (*Id.* at PageID#s 405, 410.) Thus, according to Criscione, not allowing discovery now, and yet ruling on Defendants' Motion for Summary Judgment would require the Court to entertain a second dispositve motion on Claim 18. (*Id.* at PageID# 411.)

In Defendant's Reply, they claim that the state court did not fully evaluate Criscione's Motions to Compel when it granted them—Criscione filed them on July 15, 2023, but the Court granted them only three (3) days later, on July 18, 2023, well before the fourteen-day (14) responsive period had elapsed. (Doc. No. 29 at PageID# 473.) Defendants concede that the state court also denied their post-denial Motion for Leave to Respond to Criscione's two Motions to Compel. (*Id.*) However, they emphsasize that *after* they attempted to comply with the Court's order granting Criscione's two Motions to Compel, Criscione followed up on August 7, 2023 with her Motion for Sanctions (Doc. No. 27-4), which, after Defendants filed an opposition brief thereto on August 11, 2023, the state court *denied* Criscione's Motion for Sanctions on August 17, 2023—contrary to Criscione's representation that it "remained pending." (*Id.* at PageID# 474.)

Defendants then point out that after they filed their state-court Motion for Summary Judgment, Criscione moved under Ohio R. Civ. P. 56(F) to compel the depositions of Defendants Thurmer and DiVincenzo so that Criscione could adequately oppose summary judgment, and those depositions

---

[6] Criscione appears to mistakenly describe her conspiracy claim as "Claim 15" in her Opposition. Claim 15 was an Abuse of Process claim under 42 U.S.C. § 1983 claim against the Brook Park Defendants, which this Court already dismissed, not the still remaining "Conspiracy to Interfere with Civil Rights" claim under 42 U.S.C. § 1985 against only the East Park Defendants. (*Compare* Doc. No. 1 at PageID# 24 *with id.* at PageID# 25.) She correctly refers to it as Claim 18 in n.8. (*Id.*)

8

took place. (*Id.*) Thus, according to Defendants, "discovery was complete" and Criscione has still not "identified any alleged outstanding discovery items that are necessary for purposes of summary judgment." (*Id.* at PageID#s 474, 476.)

### 2. Defendants have shown good cause for a protective order staying discovery.

For the following reasons, the Court finds that Defendants have pointed to particular and specific facts, namely, the extent of discovery the parties already conducted on identical claims, and the state court's ruling on Criscione's Motion for Sanctions, such that Defendants have shown good cause for a protective order.

First, as Defendants accurately highlight, Criscione's assertion that her "motion for sanctions remained pending when the trial court dismissed the case on August 25, 2023" is flatly incorrect. Her Motion for Sanctions (Doc. No. 27-4) demanded sanctions for Defendants' failure to comply with the Court's order to compel responses to the eleven (11) interrogatories and twenty-five (25) requests for inspection, the very discovery requests to which Criscione asserts in Plaintiff's Opposition Defendants failed to respond. (Doc. No. 27 at PageID# 402; Doc. No. 27-4 at PageID#s 440-41.)[7] However, Defendants' Opposition to Criscione's Motion for Sanctions (Doc. No. 30-2) systematically addressed each of those requests. Therein, Defendants submitted that they had "fully responded to written discovery requests to the best of their ability and continue to try to locate responsive documents. Under the circumstances, many of the requested documents are no longer

---

[7] The discovery requests Criscione maintains were outstanding due to Defendants' failure to comply with the state court's order to compel were the following thirty-six (36) discovery requests: Interrogatories 1, 2, 9, 10, and 14 directed at Thurmer; Interrogatories 1, 4, 5, 6, 12, and 13 directed at East Park; and Requests for Inspection 5, 6, 9, 11, 13, 16, 17, 18, 19, 15, 20, 26, 27, 28, 29, 33, 34, 36, 47, 48, 49, 56, and 63, as well as incomplete requests to Requests for Inspection 31 and 41. (Doc. No. 27-4 at PageID#s 440-41; *Criscione II*, Entry of Aug. 7, 2023, Motion for Sanctions, pgs. 2-3.)

available to Defendants. Additionally, many of the requested documents do not exist or are not relevant to any remaining claim." (*Id.* at PageID# 542.) Without issuing an opinion, the docket reflects that the state court **denied** Criscione's Motion for Sanctions on August 17, 2023, as indicated in the docket entry associated with her Motion for Sanctions: "Motion filed for Plaintiff(s) Gina Criscione (P1) and Estate of Dorothy Mandanici (P2) Brian Bardwell 0098423 Motion for Sanctions **08/17/23 – Denied**." (Doc. No. 29 at PageID# 474; *Criscione II*, Entry of Aug. 17, 2023) (emphasis added and capitalization removed).[8]

That denial matters here because it underscores that the state court already concluded that Defendants had satisfied their discovery obligations. Indeed, in Criscione's Motion for Sanctions, she explained that the state court was obligated to order sanctions if a party failed to obey a discovery order:

> When a party fails to obey an order to provide or permit discovery, "the court shall order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure.". . . Because the Court here has already entered an order compelling Defendants to provide discovery, attorney's fees are mandatory unless Defendants' failure was substantially justified or other circumstances make an award of expenses unjust. Neither is true here.

(Doc. No. 27-4 at PageID#s 445-46) (quoting Ohio R. Civ. P. 37(B)(3)). As she correctly emphasizes, Ohio law provides that ***if*** a party fails to abide by a discovery order, ***then*** the court must order sanctions. *See* Ohio R. Civ. P. 37(B)(3) ("the court shall order . . ."); Ohio R. Civ. P. 37(D)(3) ("the court shall require . . .").[9]

---

[8] The denial is reflected in docket text associated with the filing of the Motion on August 7, 2023. (*Criscione II*, Entry of Aug. 7, 2023.)

[9] "[T]he award of reasonable expenses and attorney fees caused by the non-moving party's failure to serve a written response to a request for inspection is mandatory 'unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.'" *Roth v. Schildhouse*, 2000 WL 574373 at *11-12 (Ohio App. 8th Dist. May 11, 2000) (quoting Ohio R. Civ. P. 37(D)); *see also Shikner v. S & P Sols.*, 2006 WL 727681 at *4 (Ohio App. 8th Dist. Mar. 23, 2006) ("In fact, under Civ.R. 37(D), the imposition of attorney fees for failure to

10

Here, the state court did not order sanctions. (*See Criscione II*, Entry of Aug. 17, 2023 [denying Crisicone's Motion].) Therefore, it necessarily follows that because the state court declined to impose sanctions, as a matter of law, the state court already determined that Defendants did not fail to abide by the state court's discovery order.[10] Put differently, by denying Criscione's Motion for Sanctions, albeit without a written judgment entry or opinion, the state court signalled that it agreed with Defendants' Opposition to Criscione's Motion for Sanctions. *See Ferguson v. Shewalter*, 2011 WL 2711415 at *5 (N.D. Ohio Apr. 26, 2011) (Knepp, J.), *report and recommendation adopted*, 2011 WL 2711393 (N.D. Ohio July 13, 2011) (quoting *Ylst v. Nunnemaker,* 501 U.S. 797, 804 (1991)) ("When a court issues an unexplained order, 'the maxim is that silence implies consent, not the opposite—and courts generally behave accordingly, affirming without further discussion when they agree, not when they disagree, with the reasons given below.'"). While Criscione might object to the state court's conclusions, this Court has no reason to second-guess the state court's determination that Defendants' Opposition to Crisicone's Motion for Sanctions was well-taken and that Defendants had satisfied their discovery obligations in response to Criscione's thirty-six (36) discovery requests.

Second, Criscione already filed a Ohio R. Civ. P. 56(F) Motion to Extend Discovery in response to Defendants' Motion for Summary Judgment. (Doc. No. 30-4; *Criscione II*, Entry of Aug.

---

timely provide discovery is mandatory unless the court makes an express finding that the withholding of discovery was justified or that an award would be unjust."). Indeed, it is Criscione herself who cites these cases in her Motion for Sanctions. (Doc. No. 27-4 at PageID#s 445-46.) Criscione also admits that it is not "true" that the two exceptions apply, i.e., that "Defendants' failure was substantially justified" or that "other circumstances make an award of expenses unjust." (*Id.* at PageID# 446.)

[10] *See, e.g.*, *Xpedior Creditor Tr. v. Credit Suisse First Boston (USA), Inc.*, 309 F. Supp. 2d 459, 462 (S.D.N.Y. 2003) ("This reasoning is known as the 'contrapositive.' If 'if X then Y' is true, then "if not Y then not X" is also *necessarily* true."); *Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*, 387 F. Supp. 2d 175, 185 (E.D.N.Y. 2005), *aff'd*, 199 Fed. Appx. 29 (2d Cir. 2006) ("[A]s elementary logic teaches, the contrapositive of [a] statement is equally true[.]").

11

16, 2023.) She requested to take the depositions of Defendants Thurmer and DiVincenzo—and the Court granted her request the next day with the following order:

> Motion to extend discovery for 2 depositions is granted. Counsel are ordered to complete these depositions by 4pm on 8/22/23 with notice to the court of compliance. As the parties had previously agreed to depose these persons outside the deadline, without court permission, they remain bound to that agreement. The defendants failure to make the deponents available has hindered the plaintiffs response to the motion for summary judgment. Should the depositions not be completed within the confines of this order, the defendants motion for summary judgment will be stricken. The court grants the plaintiff leave to file the response to the motion for summary judgment by 8/25/23. All other dates and orders remain as granted.

(*Cricione II*, Entry of Aug. 17, 2023) (capitalization removed). Defendants complied with that order as indicated by their Notice of Compliance. (*Cricione II*, Entry of Aug. 22, 2023.) But importantly, neither when Criscione filed her Ohio R. Civ. P. 56(F) Motion on August 16, 2023, nor after her Motion for Sanctions was denied on August 17, 2023, did she ever indicate that she needed any additional information to respond to Defendants' then-pending Motion for Summary Judgment. In other words, not only was discovery complete in *Criscione II*, but Criscione even successfully obtained the discovery she sought under Ohio R. Civ. P. 56(F). Rather than use any of the discovery she did get to to oppose Defendants' Motion for Summary Judgment in state court, she failed to file her trial brief on August 21, 2023, as required by the Court's April 19, 2023 Trial Order, which resulted in the state court dismissing her case without prejudice. (Doc. No. 30-6; *Cricione II*, Entry of Apr. 20, 2023, Trial Order, pg. 5) ("Complete trial briefs shall be filed and delivered to the Court by noon on 8/21/23").

In summary, requiring Defendants to undergo another round of discovery despite the discovery they already completed in state court would cause Defendants "annoyance" and impose

"undue burden or expense" on them. *See* Fed. R. Civ. P. 26(c)(1). Therefore, the Court finds that Defendants have shown "good cause" for a protective order under Rule 26(c)(1).

Accordingly, the Court GRANTS Defendants' request for a protective order until the Court rules on the Motion for Summary Judgment they intend to file.

### B. Incorporation of State-Court Discovery and Leave to Move for Summary Judgment

Defendants also request that the Court "incorporate the discovery already conducted in the previously filed cases" and "permit Defendants to file a Motion for Summary Judgment based on the discovery previously conducted[.]" (Doc. No. 24 at PageID# 392.) At this time, both forms of relief are warranted.

#### 1. The Court incorporates the state-court discovery into this case.

Defendants argue that incorporating the state-court discovery is appropriate because "[a] majority of discovery has already been conducted" and it would be inefficient to duplicate the discovery process. (Doc. No. 24 at PageID# 391.) Criscione represents that she does not oppose an order incorporating state-court discovery so long as it includes the state-court orders compelling Defendants to respond to her discovery requests and the state-court protective order, but she still "suggests this topic would be best discussed at the case-management conference if the Court reschedules it." (Doc. No. 27 at PageID# 411.) In their Reply, Defendants note that "[i]t appears that the parties are in agreement that discovery from the prior cases should be incorporated herein." (Doc. No. 29 at PageID# 478.)

First, the parties already agree that the state-court discovery should be incorporated, and Criscione provides no reason as to why the parties should continue to discuss whether to incorporate already-conducted discovery. Second, to the extent that Criscione believes there is outstanding

13

discovery she is entitled to have, as Criscione herself notes, she will be able to use Fed. R. Civ. P. 56(d) to obtain it after Defendants file their Motion for Summary Judgment. *See infra* Section III.B.2. Third, this Court's Standing Order already set forth the guidelines for protective orders to protect confidential information.[11] *See* Standing Order, pg. 2; Appendix L, N.D. Ohio Local Rules.

Accordingly, Defendants' request that the Court incorporate state-court discovery is hereby GRANTED.

### 2. Defendants are entitled to file a Motion for Summary Judgment.

#### a) Availability of Rule 56(d)

Defendants request the Court's permission to file a motion for summary judgment, but they acknowledge that "[t]his Court has not yet set a deadline for dispositive motions." (Doc. No. 24 at PageID# 392.) Criscione contends that allowing Defendants to file a Motion for Summary Judgment is futile because Criscione can use Rule 56(d) to obtain discovery anyways, so the Court should allow discovery now. (Doc. No. 27 at PageID# 411.) Defendants reply that Criscione's argument amounts to a threat to "simply ignore this Court's order staying discovery" and that "preemptive non-compliance is not a legitimate reason for the Court to deny Defendants' Motion." (Doc. No. 29 at PageID# 478.)

The Court agrees with Defendants; Criscione overlooks that the availability of Rule 56(d) discovery cuts *against* allowing more wide-ranging discovery before considering a dispositive motion

---

[11] The Court pauses to note that the "protective order" contemplated by Appendix L of the Local Civil Rules and the "stay of discovery" Defendants' seek are technically both "protective orders" under Rule 26(c)(1) even though they serve different functions. *See HD Media Co., LLC*, 927 F.3d at 929-30 (quoting *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 229 n.1 (6th Cir. 1996) (Brown, J., dissenting) and *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)) (explaining that it is "'common practice for parties to stipulate to protective orders'" under Rule 26(c)(1), and that such stipulated protective orders "'are often blanket it nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection.'").

because the Federal Rules of Civil Procedure already provide for a more tailored approach. Rule 56(d) provides as follows:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>>
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>>
>> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Criscione is right: she will be able to utilize Rule 56(d)(2) to review Defendants' anticipated Motion for Summary Judgment, and then submit an affidavit or declaration explaining why she is still unable to present facts essential to her opposition.

The burden will be on Criscione (who would be seeking discovery), rather than on Defendants (who currently seek to stay discovery), to explain why the already completed state-court discovery is insufficient. *See Scadden v. Werner*, 677 Fed. Appx. 996, 999 (6th Cir. 2017) (quoting *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002)) ("'The non-movant bears the obligation to inform the district court of its need for discovery, however.'"). Indeed, that is where the burden should be at this stage of the litigation, when, as now, it is Criscione who needs to account for the fact that she *already* completed discovery in *Criscione II*, *already* received Defendants' state-court Motion for Summary Judgment, and *already* used Ohio R. Civ. P. 56(F) (i.e., the Ohio analog to Rule 56(d)) to successfully obtain the depositions of Defendants DiVincenzo and Thurmer. (Doc. No. 30-4.)[12]

---

[12] *See Criscione II*, Aug. 22, 2023, Notice of Compliance.

15

To the extent Criscione suggests that Rule 56(d) will open up the door to discovery anyways, she apparently misses that she would still not be able to obtain information that she could have obtained (or did obtain) in state-court discovery or requested through her Ohio R. Civ. P. 56(F) Motion because that rule already enabled her to obtain the discovery she needed to oppose summary judgment in *Criscione II*. *See* 10B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2741 (4th ed.) ("[Rule 56(d)] will not be applied to aid a party who has been lazy or dilatory. Thus . . . a request for relief under Rule 56(d) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.") (footnotes omitted). Allowing Defendants to file their Motion for Summary Judgment facilitates bringing this case to a timely conclusion because it will at the very least illuminate for Criscione—and the Court—precisely what information she still needs now but was not able to get then.

In short, Criscione's reliance on Rule 56(d) backfires—Rule 56(d), if anything, mitigates any potential prejudice of staying discovery because it provides a tailored procedural vehicle to ensure she obtains exactly the discovery she is entitled to have, but no more.

        **b)**      **The Court can entertain a Rule 56(d) Motion or limit the stay for any outstanding discovery as to Criscione's remaining claims.**

Defendants represent that the discovery the parties already conducted can resolve the claims in their forthcoming Motion for Summary Judgment that this Court previously declined to dismiss, but that the state court already dismissed, i.e., Criscione's claims for Survivorship Action (Claim 1), Wrongful Death (Claim 2),[13] Violations of the NHBR (Claim 3 in *Criscione II*; Claim 4 here), Malicious Prosecution (Claim 4 in *Criscione II*; Claim 5 here), Interference with Civil Rights (Claim

---

[13] Unlike in *Criscione II*, Criscione asserts a breach of contract claim as Claim 3 in this case, which this Court declined to dismiss. (Doc. No. 1 at PageID#s 15-16; Doc. No. 22-1 at PageID#s 353, 362.)

16

10) and Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985 (Claim 18). (Doc. No. 22-1; *Criscione II*, Entry of May 23, 2023) ("DIS. W/PREJ – Partial."). Criscione disagrees that the existing discovery can resolve the claims, but does not explain what evidence is still missing. (Doc. No. 27 at PageID# 408.)

By dismissing those claims, the state court did preclude Criscione from accessing discovery related *solely* to those individual claims, and here, in contrast, Defendants acknowledge that those claims survived Defendants' Motion to Dismiss. (Doc. No. 22-1; Doc. No. 24 at PageID#s 389-90, 392 n.1.) Ordinarily, of course, a plaintiff would be entitled to discovery related to claims that survived a motion to dismiss; but here, the parties *already* engaged in extensive discovery on a set of related claims that arise from the same factual predicates, so the more judicially efficient path is to protect Defendants from having to engage in additional discovery, but entertain a Rule 56(d) Motion from Criscione explaining why the state-court discovery process she already received was insufficient to obtain enough information necessary to oppose Defendants' Motion Summary Judgment.

Next, Defendants' state-court Motion for Summary Judgment sought judgment on Criscione's claims for Abuse of Process (Claim 5 in *Criscione II*; Claim 6 here), Whistleblower Retaliation (Claim 6 in *Criscione II*; Claim 7 here), Falsification (Claim 8), Intimidation (Claim 9), Conversion (Claim 11), Intentional Infliction of Emotional Distress (Claim 12), and punitive damages.[14] (*Criscione II*, Entry of July 24, 2023, Defendants' Motion for Summary Judgment, pgs. 3-4.) Thus, allowing Defendants to file a Motion for Summary Judgment encompassing all the claims at issue in the Motion to Dismiss they filed in this Court (Doc. No. 15) (Claims 1, 2, 3, 4, 5, and 10) and the

---

[14] Defendants also moved summary judgment on Criscione's claim for Electronic Monitoring Discrimination, but Criscione does not reassert that claim here. (Compare Doc. No. 1 at PageID#s 14-25 *with Criscione II*, Complaint, Entry of Mar. 10, 2023.)

17

Motion for Summary Judgment they filed in state court (*Criscione II*, Entry of July 24, 2023) (Claims 6, 7, 8, 9, 11, and 12) would represent a request for summary judgment on Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 but not as Criscione points out, her only other claim, Claim 18 for "Conspiracy to Interfere with Civil Rights" under 42 U.S.C. § 1985. (Doc. No. 27 at PageID# 411.) However, while Defendants did not include Claim 18 in their Motion to Dismiss as filed here, the state court still dismissed Claim 18. (*Criscione II*, Entry of May 23, 2023.) If Defendants do not include Claim 18 in their forthcoming Motion for Summary Judgment, the Court can of course narrow the protective order to permit discovery related solely to that claim because such an omission would represent an admission by Defendants that summary judgment is not proper, i.e., that more discovery is necessary.

Accordingly, the Court GRANTS Defendants' request for leave to file a Motion for Summary Judgment.

### C. Criscione's Motion

In Criscione's Motion, she argues that Defendants introduced new evidence (the state-court filings) and new arguments (that Criscione had not identified the information she still seeks) in their Reply, and therefore it should be stricken. (Doc. No. 31 at PageID#s 579-90.) In Defendants' Opposition, they respond that they merely replied to Criscione's position that her two "Motion[s] to Compel and Motion for Sanctions [show] that there was outstanding discovery[,]" and Defendants simply included the absent procedural history and corrected her misrepresentation that her Motion for Sanctions was outstanding. (Doc. No. 32 at PageID# 582.)

The Court agrees with Defendants. Criscione relied on the procedural history of the case to rebut Defendants' argument that they are entitled to a stay of discovery, and Defendants merely directed the Court to publicly available filings that contradict or add context to Criscione's assertions.

18

That is not, as she asserts a "new argument" based on "new evidence." (Doc. No. 31 at PageID# 580.) The Court finds that Defendants' arguments are proper replies because their arguments attempt to disprove the contentions in Plaintiff's Opposition or explain why the conclusions Criscione asks the Court to draw from those assertions are unwarranted. Additionally, the Court rejects that Criscione's failure to identify any outstanding information in Plaintiff's Opposition entitles her to a sur-reply. To the extent Criscione intends to identify any such missing discovery in the post-discovery posture of this litigation, as noted above, that is the proper subject of a Rule 56(d) Motion, not a sur-reply to compensate for her inadvertence.

Accordingly, Criscione's Motion is hereby DENIED. (Doc. No. 31.)

## IV. Conclusion

For the reasons set forth above, Defendants' Motion (Doc. No. 24), construed as a motion for protective order, is GRANTED. Criscione's Motion (Doc. No. 31) is DENIED. Defendants need not engage in further discovery pending resolution of Defendants' forthcoming Motion for Summary Judgment. Defendants shall file their Motion for Summary Judgment within fourteen (14) days of this Order.[15] Criscione shall file her Opposition to Defendants' Motion for Summary Judgment within thirty (30) days of the service of Defendants' Motion for Summary Judgment. Defendants' Reply in support of their Motion for Summary Judgment must be filed within fourteen (14) days after service of Criscione's Opposition to Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

   *s/Pamela A. Barker*
PAMELA A. BARKER
Date: November 12, 2025   U. S. DISTRICT JUDGE

---

[15] Defendants represent that they "are prepared to file a dispositive motion within 14 days of a ruling from this Court." (Doc. No. 29 at PageID# 478.)