In the Berea Municipal Court

Cuyahoga County, Ohio

| | |
|---|---|
| City of Brookpark, | : Case 20 CRB 1262-1-2 |
| Plaintiff | : |
| | : Acting Judge Chris Greene |
| v. | : |
| | : |
| Gina Crisione, | : Decision and Journal Entry |
| Defendant | : |

On March 5, 2021, this matter came for hearing upon Defendant's Motion to Dismiss. The court has bifurcated the Motion. The Court will only address the Probable Cause/Rule 4 issue. The Court has reviewed the Motion to Dismiss, The City's Reply, and the Arguments of Counsel. Based on the above the Motion is well taken. The charges of Menacing by Stalking (R.C. 2903.211) and Telephone Harassment (2917.21) are hereby Dismissed without Prejudice. The Court's written decision is attached hereto and incorporated herein as if fully rewritten.

It is so ordered.

Acting Judge Chris Greene

EXHIBIT C

CRISCIONE_000295

## FACTS

This matter was commenced by the filing of two complaints on October 15th, 2020 by the alleged victim. The complaints were for Menacing by Stalking in violation of Revised Code Section 2903.211 and for Telephone Harassment in violation of Revised Code Section 2917. 21. The complaints were signed by the alleged victim, under oath, and notarized by a notary public. The complaints stated the statutory elements and a brief conclusory statement. A summons was issued by the Brookpark Police Department for the Defendant to appear for arraignment on October 29th, 2020. Defendant did appear on that date and entered a Not Guilty plea to both charges. At no time prior to the issuance of summons or arraignment was probable cause established pursuant to Criminal Rule 4.

## RULING

Rule 3 of the Ohio Rules of Criminal Procedure governs the substance of the criminal complaint. Criminal Rule 3 states:

" *The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths.* "

The complaint commences the criminal prosecution. The complaint has a two-fold purpose. The complaint serves to instruct a defendant of the charge(s) filed against them. Also, the complaint enables the defendant to prepare a defense to the charge(s).

When a complaint is filed with a court, or prior to filing, a determination of whether probable cause exists to sustain the complaint must be made pursuant to Rule 4 of the Ohio Rules of Criminal Procedure. Typically the vehicle that allows the court to determine

probable cause is the affidavit in support of the complaint. However, the complaint can stand alone if it has sufficient facts to determine 1) that the offense alleged has been committed; and 2) that the defendant either committed that offense or was complicit in committing that offense. *Giordenello v. U.S.*, 357 U.S. 480 (1958).

Criminal Rule 4 of the Ohio Rules of Criminal Procedure governs the determination of probable cause and the issuance of warrants and summons. Criminal Rule 4 (A) (1) states in pertinent part:

" *If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, **a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge,** to any law enforcement officer authorized by law to execute or serve it.*"

The Rule makes no procedural difference between the issuance of a warrant and the issuance of a summons. The court does not have a probable cause affidavit in this matter. The complaint does set forth the statutory elements but the conclusory states in the "to wit" section would fail to establish probable cause. See *U.S. v. Ventresca*, 380 U.S. 102, 109 (1965). Moreover, the Rule 4 forms have blank lines where the issuing officer signatures should appear. Thus, in this case no determination of probable cause was made by a person designated under Criminal Rule 4. See *Ohio v. Hoffman* 141 Ohio St. 3d. 428, 2014-Ohio-4795. If a warrant or summons is issued without sufficient probable cause, or a probable cause determination under Rule 4, the warrant/summons is void and cannot be resurrected if probable cause is later determined to exist. See *Coolidge v. New Hampshire*, 403 U.S. 443 (1971); *Whiteley v. Warden*, 401 U.S. 560 (1971).

CRISCIONE_000297

A Motion to Dismiss is generally used when a defendant requests a court to dismiss an entire action based upon some defect or clearly defined transgression. For example- defects in an indictment/complaint; speedy trial violations; discovery violations, etc.

Criminal Rule 48 (B) of the Ohio Rules of Criminal Procedure recognizes, by implication, that trial judges may dismiss a criminal action, over objection or argument to the contrary. The dismissal must be in the interest of justice. While Rule 48 (B) does not limit the reasons for dismissing a case, the dismissal must be in writing and set forth the reasoning for the dismissal.

The Court finds that the failure to comply with Criminal Rule 4, in this matter, is tantamount to a defect in the complaints. This Court firmly believes that cases should, in the interest of justice, be decided on their merits not by procedural errors. Therefore, in the interest of justice the complaints are dismissed without prejudice.

Chris Greene, Acting Judge

BEREA MUNICIPAL COURT
FILED
2021 MAR 11 AM 8:49
RAYMOND J. WOHL
CLERK OF COURTS

CRISCIONE_000298