IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, OHIO

PHILLIP WEBB, :

    Plaintiff, :

  -vs- : Case No. 24 CV G 07 0697

MORNING VIEW DELAWARE, INC., :
et al.,
     :
    Defendants.

## Judgment Entry Granting
## Defendants' 9/23/25 Motion for Summary Judgment

    Defendants Morning View Delaware, Inc. dba Country View of Sunbury, Foundations Health, LLC, and Foundations Health Solutions, LLC (collectively, "Defendants") filed a motion for summary judgment on the wrongful-death claim filed by Plaintiff Phillip Webb, individually and on behalf of the Estate of Roxie Webb ("Plaintiff"). For the reasons explained below, the court grants that motion.

### I. Undisputed facts

    Roxie Webb ("Decedent") was a resident at Defendants' nursing home. (10/4/24 Am. Compl. ¶¶ 8, 19.) Defendants allegedly failed to adequately care for Decedent, resulting in her death on May 1, 2023. (*Id.* at ¶¶ 39–40, 52.) On July 22, 2024, Plaintiff filed this case against Defendants in his individual capacity and as the representative of Decedent's estate. Only Plaintiff's wrongful-death claim remains pending.

Termination Code: __18__

**EXHIBIT D**

## II. Law and analysis

### A. Standard for summary judgment

Summary judgment is governed by Ohio Rule of Civil Procedure 56(C) and the interpretation of that rule by the Supreme Court of Ohio. *See, e.g., State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996). The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

The moving party cannot discharge its burden with a conclusory assertion that the nonmoving party possesses no evidence to prove its case; rather, the moving party must point to evidence of the type listed in Civil Rule 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support its claims. *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). In doing so, the moving party must rely exclusively on "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" to establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila* at 429. Summary judgment should be granted where the nonmoving party does not respond with, or fails to set forth by affidavit or as otherwise provided in Civil Rule 56, specific facts demonstrating that there is a genuine issue for trial. *Dresher* at 293; Civ.R. 56(E). A motion for summary judgment may not be granted unless the court

determines that: (1) no genuine issue as to any material fact remains for trial; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion; and (4) viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Tompkins*, 75 Ohio St.3d at 448.

### B. Statute of limitations for wrongful-death claims

The statute of limitations for medical claims is one year from the date of accrual. R.C. 2305.113(A). The statute of limitations for wrongful-death claims is two years. R.C. 2125.02(F)(1). R.C. 2305.113(E)(3) defines a medical claim as:

> any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

This court has already determined that the facts establish a medical claim under the statutory definition. (7/29/25 J. Entry 7.) This court has also determined that Plaintiff's survivorship claims are barred by the statute of limitations for medical claims. (*Id.* at 10.)

In *Everhart v. Coshocton County Memorial Hospital*, the Supreme Court of Ohio held that a wrongful-death claim arising out of the diagnosis, care, or treatment of a patient is a "medical claim" and that the statute of repose for medical claims applies to those claims, even though there is a separate Chapter of the Revised Code that addresses wrongful-death claims. 2023-Ohio-4670, ¶ 13. The wrongful-death statute does not include a statute of repose, except as to product-liability claims. *See*

3

R.C. 2125.02(F)(2)(a). The Court reasoned that the General Assembly included both types of claims—those resulting in death and those resulting in injury—within its definition of a "medical claim" in R.C. 2305.113(E)(3). *Id.* The Court expressly rejected any argument that wrongful-death claims are fundamentally different from other medical claims that do not result in a death. *Id.*

The principal distinction between the analysis in *Everhart* and in this case is that the wrongful-death statute is silent on the statute of repose, and the medical-claim statute includes a statute of response. Here, the wrongful-death statute has a statute of limitations, and the medical-claim statute has a conflicting statute of limitations.

Yet the determining factor in *Everhart* was not the absence of a statute of repose in the wrongful-death statute but the broad definition of a "medical claim." The Court held that a "medical claim" is "defined very broadly to include wrongful-death claims based on medical care" and that "[w]rongful-death claims based on medical care are clearly and unambiguously included in the broad definition of 'medical claim'" in R.C. 2305.113(E)(3). *Everhart* at ¶¶ 24, 33. With that analysis as our guide, the one-year statute of limitations for medical claims applies to Plaintiff's wrongful-death claim because it would be at odds with the plain language of the statute to apply a different statute of limitations depending on whether the medical claim resulted in a death.

The statute of limitations in the wrongful-death statute applies to other wrongful-death claims that lack their own more specific statute of limitations. This includes wrongful-death claims based on products liability, premises liability, and negligence outside of the medical context. Plaintiff's wrongful-death claim, therefore, is time-barred.

4

Case: 1:24-cv-01446-PAB  Doc #: 35-4  Filed: 11/26/25  5 of 5.  PageID #: 795

## III. Conclusion

The court grants Defendants' motion for summary judgment. Plaintiff is ordered to pay all court costs.

*[signature]*

signed by mhemmeter 10/31/2025 10:12:53 NEpAFh94

MARIANNE T. HEMMETER, JUDGE

**THIS IS A FINAL APPEALABLE ORDER.
THERE IS NO JUST CAUSE FOR DELAY.**

**The Clerk is ordered to serve upon the parties not in default to appear, notice of the judgment and date of entry upon the journal within three days of journalization.**

The Clerk of this Court is hereby ordered to serve a copy of this Judgment Entry upon all parties or their counsel through the Clerk's e-filing system, by regular mail, or by fax.