**Declaration of Dr. George F. Klemperer, Ph.D.**

I, George F. Klemperer, declare as follows based upon personal knowledge:

1. I am over the age of 18 and competent to testify to the facts below based on personal knowledge.

2. I am a clinical psychologist with a master's degree from the Center for Humanistic Studies (now called the Michigan School of Psychology), and a Ph.D. from Union Institute & University.

3. I authored the letter attached as Ex. A as part of the litigation of Gina Criscione's lawsuit in the Cuyahoga County Court of Common Pleas.

4. I continue to endorse all its conclusions.

5. Those conclusions were based on several factors, including:

    a. the longitudinal treatment relationship with Gina, which spans approximately 30 years;

    b. the notes I have maintained in the ordinary course of that treatment;

    c. clinical interviews before, during, and after the events at issue;

    d. Gina's reports of her symptom over that time, including discussions of their onset, duration, severity, and functional impact;

    e. the timing and content of the precipitating stressors—especially the developments in her criminal charges—as described to me and reflected in my records;

    f. comparisons with similarly situated patients; and

    g. additional information where available, such as communications and records from family members or other treating providers.

6. My opinions apply standard clinical-psychology reasoning used in routine patient care, including:

    a. longitudinal baseline comparison;

    b. temporal sequencing;

    c. analysis of patterns in the patient's symptoms;

    d. identifying plausible alternative causes and evaluating their relative contribution; and

    e. functional impairment assessment.

7. Because I treated Gina for decades before the incident(s) at issue, I have direct clinical knowledge of her pre-event baseline functioning, symptom levels, coping repertoire, and triggers. My opinions factor in:

    a. her symptom severity and functional status in the months and years preceding the criminal charges;

    b. how her symptoms escalated around the time of the criminal case; and

    c. qualitative or quantitative changes from her established pattern.

8. While treating Gina, I evaluated whether her symptoms escalated following the Defendants' conduct in a clinically plausible timeframe, whether symptom intensity correlated with ongoing stressors related to that conduct (such as hearings, communications, and the discovery of new evidence), and whether symptoms improved or worsened as those stressors came and passed. This pattern—worsening with increased exposure to the stressor and partial improvement with reduction in exposure—supports causal linkage. I also monitored the persistence of symptoms after stressors abated and whether persistence was consistent with clinically recognized trajectories.

9. I considered and evaluated alternative explanations for Ms. Criscione's symptoms, including:

    a. preexisting mental health conditions and their typical course in her case;

    b. stressors unrelated to her criminal case;

    c. medical issues and treatment;

    d. independent traumatic events; and

    e. symptom exaggeration.

    I did not assume any single cause of her symptoms. Instead, I assessed whether the alleged conduct was a substantial contributing factor by examining timing, self-reported and objective manifestations of Gina's symptoms, functional impairments specifically triggered by case-related cues, and the relative explanatory power of competing causes.

    For instance, Gina's symptoms were at times the result of multiple factors beyond Defendants' conduct, including lingering grief over her mother's death and whatever other everyday stressors she might encounter, but it was equally clear that Gina's ability to deal with those events was seriously diminished while her criminal case was pending, as compared to patterns she had demonstrated over the preceding decades.

10. My clinical opinions regarding Gina's symptoms and their causes were formed in the course of treatment, contemporaneously with those changes, for diagnosis and treatment planning purposes, not solely for litigation. To the extent I have been asked to express

Doc ID: 7b9e12edd9e03886403b3639dad4fdb124952275

opinions in litigation language, that request did not create the underlying clinical conclusions; it required me to summarize and explain them.

11. Psychological causation opinions involve clinical judgment rather than laboratory certainty. Based on the above methods and data, and to a reasonable degree of psychological certainty, it is my opinion that the criminal charges were a substantial contributing factor in causing or materially aggravating Gina's clinically significant anxiety and depressive symptoms, as reflected by a marked change from her longstanding baseline, temporally associated escalation following the precipitating stressor, symptoms and triggers specifically tied to the charges, and the insufficiency of alternative explanations to account for the observed course and severity.

12. I understand that the Court of Common Pleas rejected a challenge to my report, as reflected in Ex. B.

13. I understand further federal-court requirements may be more stringent but that Gina has been ordered to suspend her attempts at gathering further discovery in this case. If that stay is lifted, I can make myself available to testify or prepare a new, fuller report to meet federal standards, if required.

I declare the above to be true under penalty of perjury of the laws of the United States of America.

_[signature]_

Dr. George F. Klemperer, Ph.D.

01 / 09 / 2026

Date

July 31, 2023

Re: **Gina Marie Criscione**

Dear Mr. Carlin,

I apologize that I was not able to get this report to you sooner, however I was in the process of moving to Vermont.

Gina Marie Criscione contacted me in 2001. She had moved back to Ohio from Rhode Island where she had discovered her husband was involved with another woman. She subsequently left her home, her successful beauty parlor, and her husband. She moved back to her mother's home in Ohio where she was faced with the task of reconstructing her life. I worked with her over those years. She dated and then married Michael who is a wonderful, brilliant man. Their marriage has been successful. They rented a house that, I believe, they are now buying. They also now own a successful business that transports electricians to areas that have been devastated by storms. In addition to working with Michael, Gina has become immersed in her cooking blog. I am happy to have witnessed the extent to which Gina rebuilt her life.

In 2017, Gina's mother, whom Gina was very close to, was placed in East Park Care Center and in 2018 and 2019 Gina began to experience concerns about how her mother was being treated. In approximately January and February of 2020, these concerns spiked and had a negative impact on her mental health. In approximately May of 2020, Gina was finally able to transfer her mother to Mt. Alverna which helped provide Gina with some comfort. In June of 2020, Gina's mother died, and she was still so upset with the treatment that her mother had received at East Park Care Center that she protested in July, 2020, by appearing with signs for three successive days on the sidewalk outside the nursing home. She then decided to re-focus on her cooking blog. This seemed to relieve much of her anxiety over her mother's treatment.

However, in October of 2020, Gina had a criminal complaint filed against her in Brookpark, Ohio. At that time, I was aware that her anxiety increased significantly. She also reported accompanying physical maladies that were apparently treated by Dr. Modi. Based on a reasonable degree of psychological certainty, these physical maladies and her severe anxiety and depression were caused by a seemingly specious criminal complaint that was filed against her.

My memory of the dates may not be exact. If you need more exact dates, I can access the files that are packed away.

Sincerely,



PLAINTIFF'S EXHIBIT A

G.F. Klemperer, Psychologist



155518922

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

GINA CRISCIONE, ET AL.
    Plaintiff

Case No: CV-23-976445

Judge: NANCY MARGARET RUSSO

LAURA DIVINCENZO, ET AL.
    Defendant

## JOURNAL ENTRY

MOTION TO EXCLUDE PLAINTIFFS EXPERT FROM TESTIFYING IS DENIED.

_____
Judge Signature     08/16/2023



PLAINTIFF'S EXHIBIT
B

08/16/2023

RECEIVED FOR FILING
08/16/2023 14:20:22
NAILAH K. BYRD, CLERK



# Dropbox Sign

Audit trail

| | |
|---|---|
| Title | 2026-01-09 Declaration of Fritz Klemperer.pdf |
| File name | 2026-01-09%20Decl...z%20Klemperer.pdf |
| Document ID | 7b9e12edd9e03886403b3639dad4fdb124952275 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT** — **01 / 09 / 2026** 17:42:08 UTC-5 — Sent for signature to George F. Klemperer (fritzklemp@yahoo.com) from general@speech.law
IP: 65.25.30.23

**VIEWED** — **01 / 09 / 2026** 17:43:47 UTC-5 — Viewed by George F. Klemperer (fritzklemp@yahoo.com)
IP: 71.235.108.113

**SIGNED** — **01 / 09 / 2026** 17:44:38 UTC-5 — Signed by George F. Klemperer (fritzklemp@yahoo.com)
IP: 71.235.108.113

**COMPLETED** — **01 / 09 / 2026** 17:44:38 UTC-5 — The document has been completed.