IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | **DEFENDANTS EAST PARK** |
| | ) | **RETIREMENT COMMUNITY, INC.,** |
| LAURA DiVINCENZO, et al. | ) | **LAURA DIVENCENZO AND SARA** |
| | ) | **THURMER'S REPLY IN SUPPORT OF** |
| Defendants | ) | **MOTION FOR SUMMARY JUDGMENT** |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer hereby submit their Reply in Support of Motion for Summary Judgment. In their Motion for Summary Judgment, Defendants established that dismissal of all 13 claims asserted against them is appropriate, as a matter of law. Plaintiffs opposed Defendants Motion, but failed to address many of Defendants' arguments. In other instances, Plaintiffs try to avoid dismissal by shifting the burden to Defendants, which is inconstant with FRCP 56 and well-settled case law. For the reasons set forth herein, as well as those in Defendants' Motion for Summary Judgment, judgment in favor of Defendants is warranted. Plaintiffs' claims must be dismissed.

Respectfully submitted,

*/s/ Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ii

ISSUES PRESENTED ............................................................................................................. 1

SUMMARY OF ARGUMENT ................................................................................................ 3

I.       LAW AND ARGUMENT............................................................................................ 3

      A.      Standard of Review ........................................................................................ 3

      B.      Plaintiff's Federal Claims Fails as a Matter of Law (Claims 10 and 18) .................. 6

      C.      Plaintiffs' State Law Claims Should be Dismissed Pursuant to 28 USC § 1367(c). Plaintiffs Do Not Argue Otherwise. (Claims 1-9, 11, and 12)................ 11

      D.      Plaintiffs' Survivorship Claim is Time-Barred. (Claim 1) ........................................ 11

      E.      Plaintiffs' Wrongful Death Claim is Barred by the Statute of Repose and Statute of Limitations. (Claim 2).................................................................... 14

      F.      Plaintiffs' Breach of Contract Claim Fails as a Matter of Law. (Claim 3)............... 15

      G.      Plaintiffs' Claims for Violation of the NHBR are Time-Barred and Not Supported by the Facts. (Claim 4).................................................................... 18

      H.      The Claim for Malicious Prosecution Fails Because the Criminal Matter was not Terminated in Plaintiff Criscione's Favor and There is no Evidence of Malice. (Claim 5) .................................................................... 19

      I.      Plaintiffs' Abuse of Process Claim Fails for Multiple Reasons. (Claim 6)............... 20

      J.      Plaintiffs' Whistleblower Retaliation Claim is Time-Barred and not Supported by the Facts. (Claim 7).................................................................... 21

      K.      Plaintiffs Failed to Timely File Their Falsification Claim and the Statements at Issue are Privileged. (Claim 8) .................................................................... 23

      L.      Plaintiffs' Intimidation Claim is Time-Barred and Not Supported by the Facts. (Claim 9) .................................................................... 24

      M.      The Facts Do Not Support a Claim for Interference with Civil Rights and it is Time-Barred. (Claim 10) .................................................................... 25

N.      The Property at Issue Was Returned to Plaintiffs. The Conversion Claim
        Fails. (Claim 11) ............................................................................................25

O.      There is no Conduct to Support a Claim for Intentional Infliction of
        Emotional Distress Nor Did Plaintiff Criscione Suffer Severe Emotional
        Distress. (Claim 12) .......................................................................................25

P.      Plaintiffs Cannot Recover Punitive Damages ............................................26

II.     CONCLUSION .......................................................................................................27

CERTIFICATE OF SERVICE AND COMPLIANCE ...................................................28

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) .................................................. 4

*Arendale v. City of Memphis*, 519 F.3d 587, 601 (6th Cir. 2008).................................... 4

*B & B Ent., Inc. v. Dunfee*, 630 F. Supp. 2d 870 (S.D. Ohio 2009) ............................. 10

*Ball v. Victor K. Browning & Co., Inc.*, 21 Ohio App.3d 175, 177 (Eleventh Dist.) .................. 12

*Barley v. Hearth and Care of Greenfield, LLC*, 2013-Ohio-279 at ¶ 1 (Fourth Dist.) ................ 19

*Bookman v. St. Peter's High Sch.*, Fifth Dist. 97-CA-124 (July 6, 1998) .................................... 26

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) ......................................... 9

*Buffalo Wild Wings, Inc. v. BW-3 of Akron, Inc.*, 763, Fed.Appx. 558, 567
 (6th Cir., 2019) ................................................................................................... 17, 18

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................... passim

*Cf. Totman v. Louisville Jefferson Cnty. Metro Gov't,* 391 F. App'x 454, 464 (6th Cir. 2010)...... 4

*Chappell v.  City of Cleveland*, 585 F.3d 901, 912-913 (6th Cir. 2009)................................ 3, 5, 6

*Doe v. Keane*, 658 F. Supp. 216, 221–22, 1987 WL 1596663 (W.D. Mich. 1987) .................... 10

*Filing v. Phipps,* No. 5:07CV1712, 2008 WL 11380153, at *11 (N.D. Ohio Oct. 17, 2008)...... 11

*Garrett v. Morgan Cnty. Sheriff's Off., et al.*, No. 1:23CV2011, 2025 WL 2371892,
 at *9 (N.D. Ohio Aug. 14, 2025)................................................................................ 11

*Gooden v. City of Memphis Police Dep't*, 67 F. App'x 893, 894 (6th Cir. 2003) .......................... 4

*Graham v. Conner*, 490 U.S. 386, 396-397 (1989) ....................................................... 3

*Griffin v. Breckenridge*, 403 U.S. 88 (1971).......................................................... 8, 9

*Harrow Prod., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1020 (6th Cir. 1995) ........................ 4

*Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 245 (2014)........................ 22

*Jennings v. County of Monroe*, 630 F. App'x 547, 555 (6th Cir. 2015) ......................................... 4

*Jones v. City of Cleveland*, ND Ohio 1:18 CV 7, 2018 WL 3118276 (June 30, 2015)................. 7

*Jones v. City of Middletown, Ohio*, No. 1:06-CV-007, 2007 WL 9729105, at \*5 (S.D.Ohio Aug. 10, 2007) ................................................................. 5

*K.V.G. Properties, Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 823 (6th Cir. 2018) ........................ 4

*Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) ..................................... 4

*Marquardt v. Calton,* N.D. Ohio 1:18 CV 333, 2019 WL 1491966 (April 2, 2019).................. 22

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986)............. 3

*Moniz v. Cox*, 512 Fed.Appx. 495, 499 (6th Cir. 2013)................................................... 9

*Norwell v. Cincinnati*, 133 Ohio App.3d 790, 805 (1st Dist., 1999) ............................... 7

*Quest Workforce Sols., L.L.C. v. Job1USA, Inc.*, 2016-Ohio-8380 at ¶ 40 (6th Dist.)................ 16

*Royal Oak Entertainment, LLC v. City of Royal Oak, Michigan,* 205 Fed.Appx. 389, 399 (6th Cir., 2006) ................................................. 10

*Samonas v. St. Elizabeth Health Center*, 2006-Ohio-671 at ¶ 7 (Seventh Dist.)........................ 12

*Scott v. Harris*, 550 U.S. 372, 380-381 (2007) ...................................................... 3, 4

*Shelton v. LTC Management Services*, 2004-Ohio-507, ¶ 1 (Fourth Dist.) ................................ 19

*Smith v. Gibson*, 524 F. Supp. 664 (E.D. Mich. 1981) ................................................. 10

*Smith v. Mentor Ridge Health and Rehabilitation*, 2023-Ohio-4659 (8th Dist.).................. 13, 19

*Smith v. P.A.M. Transp., Inc.*, No. 3:21-CV-00262, 2024 WL 2097102, at \*22 (M.D.Tenn. May 9, 2024) ................................................................. 5

*Smithers ex rel. Norris v. City of Flint,* 602 F.3d 758, 765 (6th Cir. 2010)........................ 9

*State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes,* 2017-Ohio-7727 at ¶ 130 (8th Dist.) ................................................. 22

*Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir.1989) ..................................... 4

*Talbot v. Cuyahoga Cnty. Bd. of Mental Retardation & Developmental Disabilities,* No. 1:07CV2862, 2009 WL 312941, at \*7 (N.D.Ohio Feb. 6, 2009) ....................... 6

*Vaduva v. City of Xenia, Ohio*, 3:17-cv-41, 2017 WL 4773076 at \*3 (S.D. Ohio, Oct. 23, 2017) ................................................................. 10

*Wilson v. Durrani*, 164 Ohio St.3d 419, 429 (2020).................................................................. 14

*Wysong v. City of Heath*, 260 F. App'x 848, 857-858 (6th Cir. 2008) ........................................ 6

**Statutes**

§ 1983 for Fourteenth Amendment.............................................................................. 6, 7, 8

28 USC § 1331 ................................................................................................................ 6

28 USC § 1367 .............................................................................................................. 11

42 U.S.C. § 1985 ................................................................................................ 7, 8, 9, 10

Ohio Rev. Code § 2305.10................................................................................... 11, 12, 19

Ohio Revised Code § 3721.24 ...................................................................................... 22

R.C.  §  3721.24(B)(2) .................................................................................................. 23

R.C. § 2305.133(C) ...................................................................................................... 14

R.C. § 2307.60 .............................................................................................................. 21

R.C. § 2921.13 .............................................................................................................. 24

R.C. § 2921.45 .............................................................................................................. 25

R.C. § 3721.24(A) ........................................................................................................ 23

R.C. § 3721.24(B)(3) .................................................................................................... 23

R.C. 2305.113 ........................................................................................................ 12, 18

**Rules**

Civ. R. 10(D)(1) ............................................................................................................ 16

## ISSUES PRESENTED

1.  FRCP 56 and Ohio Supreme Court case *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) set the standard for moving for and opposing summary judgment. Plaintiffs seek to hold Defendants to a different, more stringent standard, of affirmatively negating the elements of Plaintiffs' claims. Should this Court allow Plaintiffs to continue to pursue unsupported claims based on a different standard than the standard set forth in FRCP 56 and Supreme Court precedent?

2.  For the first time in the history of this litigation, Plaintiffs have asserted federal claims for alleged violations of their 14th Amendment rights and 42 USC § 1985(3). These claims are subject to a two-year statute of limitation and are time-barred. Plaintiffs do not argue that the federal claims were timely filed. Should Plaintiffs be permitted to pursue federal claims that were not timely filed?

3.  Plaintiffs' 14th Amendment claim is not supported by the facts and Plaintiffs do not argue otherwise. Should Plaintiffs be permitted to pursue a claim where there are no material questions of fact?

4.  Plaintiffs argue that dismissal of the 42 USC § 1985(3) claim is improper because Plaintiff Criscione was in a class of people who complained about East Park or because she was in a "class of one." Plaintiffs' arguments are not consistent with the legal requirements for asserting a § 1985(3) claim. Should this Court expand the law as it relates to the requirements for asserting claims under § 1985(3), so that Plaintiffs can avoid summary judgment?

5.  The basis for this Court's jurisdiction is the Federal claims asserted in Claims 10 and 18 of the Complaint. If these claims fail, the Court has discretion under 28 USC § 1367(c) to dismiss any remaining state law claims. Plaintiffs do not argue that this Court should retain jurisdiction. Should this Court retain jurisdiction over Claims 1-9, 11, and 12, if the Federal claims are dismissed?

6.  Ms. Mandinici was discharged from East Park in May of 2020. Plaintiffs did not initiate any litigation until June 17, 2022. Defendants submitted evidence that Ms. Mandanici was discharged from East Park more than two years before Plaintiffs initiated any litigation. This information is not in the pleadings and was not previously before this Court. Should this Court consider Rule 56 evidence that was not available when the Motion for Judgment on the Pleadings was denied?

7.  Plaintiffs have filed a claim for whistleblower retaliation under R.C. § 2307.60. This statutory provision provides protection to employees or others in similar positions. The clear language of this statutory provision does not extend to family members of nursing home residents. Should this Court extend the plain language of R.C. § 2307.60(A) to non-employee family members?

8. When deciding claims, the crucial consideration is the nature or subject matter of the cause of action, not the label given to the claim. A number of Plaintiffs' claims fall within the statutory definition of medical claim either as the phrase has traditionally been used or as personal care services. Such claims are subject to a one-year statute of limitations. Should this Court apply the statute of limitations applicable to medical claims regardless of how the claims are labeled in the Complaint.

9. A dismissal of the criminal case due to a procedural defect is not a termination in the plaintiff's favor. The criminal case against Plaintiff Criscione was dismissed due to a procedural deficiency. In dismissing the claims, the criminal court noted that cases should be decided on the merits, not by procedural errors. Is this dismissal a termination in Plaintiff Criscione's favor, for purposes of the malicious prosecution claim.?

10. The doctrine of absolute privilege protects any person who makes a statement or submits an affidavit to a prosecutor for the purpose of reporting the commission of a crime, even if the statements are false and are made in bad faith with knowledge of their falsity and with actual malice. Plaintiffs argue that the doctrine does not apply to the alleged false statements at issue in Plaintiffs' falsification claim under R.C. § 2921.13. Plaintiffs' argument is not supported by the law. Does the doctrine of absolute privilege apply?

## SUMMARY OF ARGUMENT

The current litigation represents Plaintiffs third bite at the apple. The initial filing of this case was dismissed by the Cuyahoga County Court of Common Pleas due to Plaintiff's Failure to submit an Affidavit of Merit as required by Ohio Civil Rule 10(D)(2) when medical claims are asserted. In the refiled case, the Common Pleas Court dismissed Plaintiffs' claims for survivorship, wrongful death, violations of the Nursing Home Bill of Rights, malicious prosecution, interference with civil rights, and conspiracy to interfere with civil rights, at the outset pursuant to Defendants' Motion for Judgment on the Pleadings. An unopposed Motion for Summary Judgment was pending when the refiled case was dismissed in its entirety due to Plaintiffs' failure to comply with the Trial Court's Order concerning pre-trial filings. Despite these repeated failures, Plaintiffs initiated this second refiled case. The claims are not supported by fact or law. Defendants are entitled to have these matters resolved in their favor.

## I.   LAW AND ARGUMENT

### A.   <u>Standard of Review</u>

To withstand a properly supported motion for summary judgment, plaintiff must do more than rely on *metaphpysical doubt* or *hypothetical plausibility based on a lack of evidence*. Rather, Plaintiff must present specific evidence demonstrating a "genuine" dispute of material fact. *Chappell v. City of Cleveland*, 585 F.3d 901, 912-913 (6th Cir. 2009); *Scott v. Harris*, 550 U.S. 372, 380-381 (2007); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586-587 (1986). A "genuine" issue of material fact does not exist when a court and Plaintiff rely on theoretical speculation or draw an inference based upon a lack of evidence in the record. *Id*.; *see also Graham v. Conner*, 490 U.S. 386, 396-397 (1989).

The Sixth Circuit Court of Appeals in *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir.1989) accepted this "new era" of summary judgment motions in light of the U.S. Supreme Court decisions in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The trial court has more discretion now than in the "old" summary judgment era in evaluating the respondent's evidence. *Street, id.,* at 1480.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Scott*, 550 U.S. at 380 (emphasis added), *quoting Anderson*, 477 U.S. at 247-248. "A party cannot defeat summary judgment with 'conclusory allegations, speculation, and unsubstantiated assertions.'" *Jennings v. County of Monroe*, 630 F. App'x 547, 555 (6th Cir. 2015) (*quoting Gooden v. City of Memphis Police Dep't*, 67 F. App'x 893, 894 (6th Cir. 2003). "In order to survive a motion for summary judgment, the non-moving party must be able to show 'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004); *Arendale v. City of Memphis*, 519 F.3d 587, 601 (6th Cir. 2008); *K.V.G. Properties, Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 823 (6th Cir. 2018); *Jennings v. County of Monroe*, 630 F.App'x 547, 555 (6th Cir. 2015); *Gooden v. City of Memphis Police Dep't*, 67 F. App'x 893, 894 (6th Cir. 2003). "[R]ank speculation is insufficient to withstand summary judgment." *Harrow Prod., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1020 (6th Cir. 1995).

Correlatively, "[i]t is not enough for [a plaintiff] to cite to deposition testimony containing only 'personal belief[1] and speculation,' as mere citations to such testimony 'do not create genuine issues of material fact that may be used to defeat a motion for summary

---

[1] *Cf. Totman v. Louisville Jefferson Cnty. Metro Gov't,* 391 F. App'x 454, 464 (6th Cir. 2010)(finding, in the context of testimony presented via declaration or affidavit, that "**beliefs**, however, **do not meet the evidentiary standard** set forth in Rule 56(e)(1) of the Federal Rules of Civil Procedure.")(emphasis added).

judgment.'" *Smith v. P.A.M. Transp., Inc.*, No. 3:21-CV-00262, 2024 WL 2097102, at *22 (M.D.Tenn. May 9, 2024); *Jones v. City of Middletown, Ohio*, No. 1:06-CV-007, 2007 WL 9729105, at *5 (S.D.Ohio Aug. 10, 2007) (personal knowledge "must concern facts as opposed to conclusions, assumptions, or surmise.").

The Sixth Circuit emphasized the significance of these doctrines in *Chappell v. City of Cleveland*, where Cleveland Police Officers executed a search warrant at a suspect's home, at 5:00 a.m., to look for evidence of an armed robbery. The house was dark, and the officers searched from room to room with flashlights. As the officers entered the suspect's room, they spotted the suspect hiding in the closet and ordered him to come out. The suspect hesitated, but came out of the closet with a knife in his right hand, pointed upward. Ignoring the officer's command to drop the knife, the suspect continued to move toward the officers. Believing they were threatened with imminent bodily harm, the officers shot and killed the suspect. The entire encounter transpired in a matter of seconds. The trial court ruled a disputed fact existed as to whether the officer's conduct was reasonable under the circumstances because (a) the knife was pointed upward and was not in a position to directly threaten the officers, (b) there was no evidence that the suspect had sufficient time to drop the knife before he was shot, and (c) two officers outside the house did not hear the officers inside the house announce themselves – which contradicted the testimony of the officers inside the house who said they did announce themselves.

On appeal, the Sixth Circuit first pointed out that the exact position of the knife was immaterial to the fact that it was perceived as a threat of imminent harm. *Chappell, supra*, at p. 912. "[T]he district court's musing about the significance of the knife's position in [the

suspect's] hand…represents exactly the sort of theoretical speculation that the courts are prohibited from engaging in." *Id.*

> It represents the impermissible substitution of the district judge's own personal notions – about what might have been, could have been, or should have been – in a "sanitized world of … imagination" quite unlike the dangerous and complex world where the detectives were required to make an instantaneous decision.

*Id.*, *quoting Boyd v. Baeppler*, 215 F.3d 594, 602 (6th Cir.2000).

The Sixth Circuit also pointed out that the trial court impermissibly drew an inference that it was "plausible" that the suspect may not have had time to comply with the officer's command because there was "no evidence" indicating the suspect had enough time. Thus, the trial court incorrectly drew its inference not from evidence in the record, but from a lack of evidence in the record. *Id.* "[A] plaintiff must do more than rely merely on...metaphysical doubt or hypothetical "plausibility" based on a lack of evidence." *Id.* In the face of a defendant's admissible evidence, the plaintiff "cannot beat something with nothing." *Wysong v. City of Heath*, 260 F. App'x 848, 857-858 (6th Cir. 2008); *Rudolph v. Babinec*, 939 F.3d 742, 754 (6th Cir. 2019); *Talbot v. Cuyahoga Cnty. Bd. of Mental Retardation & Developmental Disabilities*, No. 1:07CV2862, 2009 WL 312941, at *7 (N.D.Ohio Feb. 6, 2009)

### B. Plaintiffs' Federal Claims Fail as a Matter of Law (Claims 10 and 18).

The basis for jurisdiction in this Court is federal question jurisdiction under 28 USC § 1331. Plaintiffs' Complaint arguably contains two federal claims including a claim under § 1983 for Fourteenth Amendment violations (Doc. No. 1 at PageID#s 20-21) and "Conspiracy to Interfere with Civil Rights – 42 U.S.C. 1985(3)" (*Id.* at Page ID# 25). In their Motion for Summary Judgment, Defendants established that these federal claims fail as a matter of law. Plaintiffs have failed to submit any Rule 56 evidence to the contrary. Summary judgment is warranted.

### 1.  Plaintiffs' federal claims are time-barred (Claims 10 and 18).

The law is clear and Plaintiffs do not argue otherwise; claims under § 1983 and § 1985(3) are subject to a two-year statute of limitations. *Jones v. City of Cleveland*, ND Ohio 1:18 CV 7, 2018 WL 3118276 (June 30, 2015). Although Plaintiffs argue that the state law claims asserted in Claim 10 are not time-barred (Doc. No. 42 at PageID# 2157), Plaintiffs do not argue that their federal claims were timely plead. Presumably Plaintiffs do not dispute the timeliness of these claims because it is clear from the face of the Complaint that these federal claims are time-barred. Specifically, the federal claims are based on the Defendants' alleged request that Ohio Department of Insurance ("ODH") evict Ms. Mandanici, Defendants' requests to City of Brook Park that Ms. Criscione be criminally charged, and Defendants' participation in the criminal investigation and prosecution. (Doc. No. 1 at PageID# 21 [Claim 10] and PageID# 25 [Claim 18]). The ODH hearing was conducted on May 5, 2020 (Doc. No. 35 PageID# 628) – more than four years **before** the Complaint in this case was filed. The criminal investigation and prosecution were concluded when the case was dismissed on March 11, 2021 (*Id.*) – more than three years **before** the Complaint in this case was filed.  Accordingly, there is no dispute, **and Plaintiffs do not argue otherwise**, that Plaintiffs' federal claims are time-barred. The federal claims asserted in Claims 10 and 18 of the Complaint must be dismissed, as a matter of law.

### 2.  The facts do not support Plaintiffs' federal claim for violation of their 14th Amendment rights and Plaintiffs do not argue otherwise (Claim 10).

Not only is Plaintiffs' claim time-barred, it is also legally insufficient. To the extent Plaintiffs seek to assert a claim under § 1983 for Fourteenth Amendment violations, they must establish that the alleged violations were committed under color of state law. *Norwell v. Cincinnati*, 133 Ohio App.3d 790, 805 (1st Dist., 1999). There is no evidence of Defendants

acting under color of state law. Plaintiffs do not make any such allegation in their Complaint. *See* Complaint [Doc. No. 1]. Most importantly, Plaintiffs do not address this issue in their Response Brief. Presumably Plaintiffs agree that any claim under § 1983 fails as a matter of law and must be dismissed.

> ### 3. In addition to being time-barred, Plaintiffs' 42 USC § 1985(3) claims are not supported by the facts and Plaintiffs' arguments to the contrary are not supported (Claim 18).
>
> #### a) Ms. Criscione is not a member of clearly defined class.

To avoid summary judgment, Plaintiffs attempt to apply cases piecemeal to convince this Court that well-settled law does not apply to their claims. Plaintiffs' creative, albeit inaccurate, arguments fail to address the applicable legal standard.

Plaintiffs rely on the United States Supreme Court ruling in *Griffin v. Breckenridge*, 403 U.S. 88 (1971) to argue for a broad interpretation of § 1983(5) and extension of the "class-based discriminatory animus" requirement to "all manner of classes within the ambit of normal American anti-discrimination law." (Doc. No. 42 at PageID#s 2173-2174). Plaintiffs' argument is not supported by subsequent Supreme Court rulings or the application of *Griffin* in the Sixth Circuit.

There is no question that a plaintiff must prove the following four elements to succeed on a claim brought under 42 U.S.C. § 1985(3):

> (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States."

*Moniz v. Cox*, 512 Fed.Appx. 495, 499 (6th Cir. 2013). "The plaintiff must allege that 'the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.'" *Id*.

Plaintiffs' argument for the broad application of *Griffin* is based on the Court's use of the phrase "perhaps otherwise class-based, invidiously discriminatory animus." *Griffin*, 403 U.S. at 102. However, Plaintiffs ignore subsequent Supreme Court caselaw interpreting this language:

> We have not yet had occasion to resolve the "perhaps"; only in *Griffin* itself have we addressed and upheld a claim under § 1985(3), **and that case involved race discrimination. Respondents assert that there qualifies alongside race discrimination**, as an "otherwise class-based, invidiously discriminatory animus" covered by the 1871 law, opposition to abortion. Neither common sense nor our precedents support this.
>
> To begin with, **we reject the apparent conclusion of the District Court (which respondents make no effort to defend) that opposition to abortion constitutes discrimination against the "class" of "women seeking abortion**." Whatever may be the precise meaning of a "class" for purposes of *Griffin's* speculative extension of § 1985(3) beyond race, the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors. Otherwise, innumerable tort plaintiffs would be able to assert causes of action under § 1985(3) by simply defining the aggrieved class as those seeking to engage in the activity the defendant has interfered with. This definitional ploy would convert the statute into the "general federal tort law" it was the very purpose of the animus requirement to avoid. *Ibid.* As Justice BLACKMUN has cogently put it, **the class "cannot be defined simply as the group of victims of the tortious action."** *Carpenters, supra,* 463 U.S., at 850, 103 S.Ct., at 3367 (dissenting opinion). "Women seeking abortion" is not a qualifying class.

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) (emphasis added). Thus, there is no question that in order to "sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it." *Smithers ex rel. Norris v. City of Flint,* 602 F.3d 758, 765 (6th Cir. 2010).

Courts in the Sixth Circuit have consistently dismissed claims under § 1985(3) where there is no class-based, invidiously discriminatory animus:

- ***B & B Ent., Inc. v. Dunfee*, 630 F. Supp. 2d 870 (S.D. Ohio 2009):** "As in *Bray,* 'persons who ... engage in freedom of speech/expression by operating an adult cabaret business' do not qualify as a class under § 1985(3). Thus, Plaintiffs' 1985(3) claim fails as a matter of law because there is no 'class-based, invidiously discriminatory animus.'"

- ***Doe v. Keane*, 658 F. Supp. 216, 221–22, 1987 WL 1596663 (W.D. Mich. 1987):** The "clearly defined class" of "surrogate mothers" of which plaintiff contends she is a member, is not a class defined by inherent characteristics. It is, in fact, a class exclusively defined by the conduct of the parties entering into surrogate parenting agreements. When an individual's status as a member of a class depends on the defendants' actions, it is impossible to prove that the defendants acted out of a class-based, discriminatory animus. Individuals cannot conspire to discriminate against a class that does not exist except by virtue of the alleged discriminatory acts.

- ***Smith v. Gibson*, 524 F. Supp. 664 (E.D. Mich. 1981):** In an effort to guard against expansion of § 1985(3) to tort liability, lower courts have rejected 1985(3) claims based on treatment of classes of people which are presumably defined by the actual conduct engaged in by putative class members, or classes which presumably could include everyone.

Plaintiff Criscione's alleged membership in a class of people critical of East Park is insufficient to establish class-based, invidiously discriminatory animus necessary to assert a claim under § 1985 (3). Plaintiffs' claim fails as a matter of law.

### b) Class of one theory does not apply.

Plaintiffs argue that Plaintiff Criscione is protected under § 1985(3) as a "class of one." The "class of one" theory is inapplicable to § 1985(3) claims, which explicitly require class-based animus. *See Royal Oak Entertainment, LLC v. City of Royal Oak, Michigan*, 205 Fed.Appx. 389, 399 (6th Cir., 2006); *see also Vaduva v. City of Xenia, Ohio*, 3:17-cv-41, 2017 WL 4773076 at *3 (S.D. Ohio, Oct. 23, 2017). Even if it were applicable, Plaintiffs do not identify any similarly situated individuals who were treated differently. Plaintiffs have failed to identify any material question of fact as it relates to their conspiracy claim. Summary judgment is appropriate.

C.  **Plaintiffs' State Law Claims Should be Dismissed Pursuant to 28 USC §1367(c). Plaintiffs Do Not Argue Otherwise. (Claims 1-9, 11, and 12).**

In their Motion for Summary Judgment, Defendants established that Plaintiffs' federal claims fail, as a matter of law. In their response brief, Plaintiffs did not provide any Rule 56 evidence to establish a genuine issue of material fact for trial. Because the federal claims fail, Plaintiffs' state law claims should be dismissed pursuant to 28 USC § 1367(c), as set forth in Defendants' Motion for Summary Judgment. Indeed, Courts in this District routinely decline to exercise supplemental jurisdiction under such circumstances. *See Garrett v. Morgan Cnty. Sheriff's Off., et al.*, No. 1:23CV2011, 2025 WL 2371892, at *9 (N.D. Ohio Aug. 14, 2025); *see also, Filing v. Phipps,* No. 5:07CV1712, 2008 WL 11380153, at *11 (N.D. Ohio Oct. 17, 2008).

Notably, Plaintiffs do not argue that this Court should retain jurisdiction over the state law claims. Accordingly, this Court should dismiss Plaintiffs' state claims.

D.  **Plaintiffs' Survivorship Claim is Time-Barred. (Claim 1)**

Unfortunately, Plaintiffs have caused confusion through imprecise pleading allegations and vague identification of claims in the Complaint. Specifically, Claim 1 of the Complaint is captioned "Survivorship Action." The pleading paragraphs under this claim generally reference Defendants' "wrongful acts, neglect, or default," but do not identify any specific conduct giving rise to this claim. (Doc No. 1 at PageID#s 20-21). The general pleading allegations applicable to all claims include broad-based allegations of conduct that arguably support claims for general negligence **and** medical claims.

Plaintiffs create further confusion by arguing that "Claim 1 remains subject at worst to the four-year statute of limitations in Ohio Rev. Code § 2305.10 for injuries to person or property." (Doc No. 42 at PageID# 2152). Plaintiffs offer no factual or legal explanation for this

conclusory statement. Importantly, this statutory provision provides for a **two-year** limitation period for actions for bodily injury or injury to personal property. R.C. § 2305.10(A).

Despite the confusion created by Plaintiffs, it is clear that medical claims are subject to a one-year statute of limitations and general negligence claims are subject to a two-year statute of limitations. Also clear is that regardless of the nature of the claims asserted in Claim 1 of the Complaint, they are time-barred.

### 1. Medical claims for survivorship are subject to a one-year statute of limitations.

Claims for medical negligence, including survivorship claims, must be commenced within one year of the date upon which the cause of action accrued. R.C. 2305.113; *Samonas v. St. Elizabeth Health Center*, 2006-Ohio-671 at ¶ 7 (Seventh Dist.). Any alleged medical negligence occurred while Ms. Mandanici was a resident at East Park Care Center. There is no dispute that Ms. Mandanici was discharged from East Park Care Center on May 22, 2020. Also undisputed is that Ms. Mandanici passed away on June 20, 2020. Plaintiffs did not initiate litigation against Defendants until June 17, 2022, far beyond the one-year limitation period for asserting a claim for medical negligence.

### 2. Survivorship actions stemming from claims for personal injury are subject to a two-year statute of limitations.

To the extent Plaintiffs allege that the "Survivorship Action" pled in Claim 1 of the Complaint includes claims for general negligence, subject to a two-year limitation period, such claims are also time-barred. *Ball v. Victor K. Browning & Co., Inc.*, 21 Ohio App.3d 175, 177 (Eleventh Dist.). Notably, such argument ignores the fact that the alleged negligence arises out of conduct that falls within the statutory definition of medical claim either as the phrase has traditionally been used or as personal care services. *Smith v. Mentor Ridge Health and*

*Rehabilitation*, 2023-Ohio-4659 (8th Dist.). As such, the entire survivorship claim is subject to the one-year statute of limitations applicable to medical claims. This issue however, does not need to be resolved as it relates to the survivorship claim because the claims are untimely even if arising out of non-medical negligence.

Plaintiffs attempt to avoid dismissal by arguing that this Court already addressed this issue in connection with Defendants' Motion for Judgment on the Pleadings. (Doc. No. 42 at PageID# 2151). Plaintiffs further argue that "Defendants' motion for summary judgment cites to literally *no evidence whatsoever* to undercut those allegations on a Rule 56 analysis, pointing instead at the exact same allegations from the Complaint that the Court already said had adequately pleaded the claims." *Id*.

Plaintiffs, however, ignore an integral part of this Court's decision ruling on the Motion for Judgment on the Pleadings. Specifically, this Court made a point of noting –

> Finally, the Court cannot accept the East Park Defendants' argument that Criscione's claims nevertheless fail as general negligence claims because the two-year statute of limitations applies to bar them (Doc No. 21 at PageID# 289.) While they contend that Criscione's claims necessarily accrued before Mandanici was discharged on May 20, 2020, the Complaint does not allege that she was discharged on May 20, 2020. Instead, it alleges only that she died on June 17, 2020. (Doc. No. 1 at PageID# 9).) Thus, because Criscione initiated her suit on June 17, 2020, it is possible that the injuries alleged in the Complaint continued to occur on June 18 or June 19, 2020, before she moved to Mt. Alverna [sic]. (*Id.*) Because the Complaint must be construed in favor of Criscione as the non-moving party, and **because the Complaint does not allege Mandanici's date of discharge,** the Court cannot consider the East Park Defendants' extrinsic allegations. (Doc. No. 21 at PageID# 289.)

(Doc. No. 22-1 at PageID# 362). Importantly, in denying Defendants' Motion for Judgment on the Pleadings, this Court noted that the decision was "**based <u>only</u>** on the allegations in the Complaint." (*Id*.).

Based on the foregoing, Defendants submitted Rule 56 evidence establishing that Ms. Mandanici was discharged from East Park Care Center on May 22, 2020. (*See* Doc. No. 35 at PageID#610; *see* also Deposition of Gina Criscione at 108:19-20). Plaintiffs have not submitted any Rule 56 evidence to the contrary. Accordingly, as a matter of law, Plaintiffs were required to file any claim for general negligence by May 22, 2022, i.e., within two years of Ms. Mandanici's discharge. Plaintiffs' original Complaint was filed on June 17, 2022, more than two years after any alleged negligence could have occurred. The survivorship claims asserted in Claim 1 of Plaintiffs' Complaint are clearly time-barred and must be dismissed.

### E.  Plaintiffs' Wrongful Death Claim is Barred by the Statute of Repose and Statute of Limitations. (Claim 2)

#### 1.  This case was initiated more than four years after Ms. Mandanici's death and is barred by the statute of repose.

There is no dispute that medical claims cannot be commenced more than four years after the act or occurrence giving rise to the claim. R.C. § 2305.133(C). The Ohio Supreme Court has held that R.C. § 2305.133(C) is a true statute of repose and should be applied as such. *Wilson v. Durrani*, 164 Ohio St.3d 419, 429 (2020). According to the Ohio Supreme Court precedent, "[e]xpiration of the statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action." *Id*.

In response to Defendants' Motion for Summary Judgment, Plaintiffs do not dispute the applicability of the statue of repose to the wrongful death claim. Indeed, Plaintiffs' own arguments support application of the statute of repose. Specifically, Plaintiffs claim that Ms. Mandanici died from sepsis as a result of pressure ulcers that East Park failed to treat.[2] (Doc. No. 42 at PageID# 2148). Thus, by Plaintiffs' own admission, the wrongful death claim is a

---

[2] Defendants do not agree with this statement or that it is properly before the Court. Rather, Defendants merely cite to Plaintiffs' motion for purposes of establishing that the wrongful death arises out of medical care and is a medical claim subject to the statute of repose.

medical claim and is subject to the statute of repose. There is no dispute that Ms. Mandanici passed away on June 20, 2020, more than four years before the filing of this lawsuit on August 23, 2024. Plaintiffs' wrongful death claim is barred by the statute of response.

### 2. Plaintiffs' claims are barred by the one-year statute of limitations applicable to medical claims.

Not only is Plaintiffs' wrongful death claim barred by the statute of repose, it is also barred by the statute of limitations. In their Motion for Summary Judgment, Defendants advanced extensive argument as to why Plaintiffs' wrongful death claim is subject to a one-year statute of limitations, not a two-year limitations period. (Doc. No. 35 at PageID#s 616-618). Plaintiffs do not address Defendants' argument and instead make the conclusory assertion that "Claim 2 remains subject at worst to the two-year statute of limitations in Ohio Rev. Code § 2125.02 for wrongful deaths." (Doc. No. 42 at PageID# 2152). This Court should accept Defendants' well-reasoned argument that the wrongful death claim is subject to a one-year limitation period and thus, is time-barred.

### F. Plaintiffs' Breach of Contract Claim Fails as a Matter of Law. (Claim 3)

In the Motion for Summary Judgment, Defendants established that Plaintiffs' breach of contract fails for three reasons – 1) the claim is time-barred; 2) Plaintiffs have failed to identify a contract or the provisions allegedly breached; and 3) Plaintiffs cannot prove damages. If Defendants succeed on any one of these arguments, Claim 3 must be dismissed in its entirety.

### 1. Plaintiffs' breach of contract claim is time-barred.

Defendants established that this Court must look at the alleged failures that form the basis for the breach of contract to determine the applicable statute of limitations. (Doc No. 35 at PageID# 620). Because the alleged conduct either falls within the statutory definition of medical claim or qualifies as personal care services, as established by Ohio case law, the claim is subject

to a one-year statute of limitations. *Id*. Plaintiffs do not dispute Defendants' interpretation of the allegations giving rise to the breach of contract claim or the application of Ohio law thereto. Instead, Plaintiffs simply posit that "at worst" the breach of contract claim is subject to an eight-year limitation period for "breach of a written contract." (Doc No. 42 at PageID# 2152). This is insufficient to avoid summary judgment. Plaintiffs' breach of contract claim is time-barred.

### 2. Plaintiffs have failed to identify a contract or the provisions breached.

"To establish a breach of contract, **the plaintiff** must establish 'by a preponderance of the evidence that (1) a contract existed, (2) one party fulfilled his obligations, (3) the other party failed to fulfill his obligations, and (4) damages resulted from that failure.'" *Quest Workforce Sols., L.L.C. v. Job1USA, Inc.*, 2016-Ohio-8380 at ¶ 40 (6th Dist.) (emphasis added). Here, Plaintiffs have not established that a contract existed, nor have they identified provisions of the contract that were allegedly breached.

Interestingly, when a breach of contract claim is asserted in an Ohio state court, Ohio Civil Rule 10 requires the plaintiff to attach a copy of the contract to the Complaint. Civ. R. 10(D)(1). Plaintiffs did not assert a breach of contract claim in either case filed in the Cuyahoga County Court of Common Pleas. Likewise, in response to Defendants' Motion for Summary Judgment, Plaintiffs have not produced a contract or identified any provision that was allegedly breached.

Instead, Plaintiffs attempt to shift the burden to Defendants to affirmatively negate the elements of their claim. (Doc. No. 42 at PageID# 2153). Absent from Plaintiffs' Motion, however, is any legal authority for their position. Indeed, Plaintiffs' position is not supported by the Supreme Court's decision in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986):

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, **against a party**

**who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial**. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. But unlike the Court of Appeals, **we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials <u>negating</u> the opponent's claim**. On the contrary, Rule 56(c), which refers to "the affidavits, if any" (emphasis added), suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment "with or without supporting affidavits" (emphasis added). The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.

*Id*. at 322-324 (internal citations omitted).

The Sixth Circuit has relied on the Supreme Court precedent when deciding summary judgment motions and determining the parties' burdens at the summary judgment stage. For example, in *Buffalo Wild Wings, Inc. v. BW-3 of Akron, Inc.*, 763, Fed.Appx. 558, 567 (6th Cir., 2019), the defendant/counterclaimant attempted to avoid summary judgment using the same logic advanced by Plaintiffs here. Specifically, defendant/counterclaimant argued that it had no

-17-

obligation to present evidence supporting its breach of contract claim. *Id.* The Sixth Circuit

rejected this argument and explained:

> BW-3 Akron misstates the parties' burdens at the summary judgment stage.
> Breach of the Licensing Agreement by BWW is an essential element of BW-3
> Akron's claim. Doner, 649 N.E.2d at 44. Therefore, BWW is entitled to summary
> judgment if BW-3 Akron cannot put forward any evidence supporting a finding
> that BWW breached the right of first refusal. As the Supreme Court explained in
> *Celotex Corp.*, 477 U.S. at 322–24, 106 S.Ct. 2548, a party seeking summary
> judgment does not have to "support its motion with affidavits or other similar
> materials negating the opponent's claim." Rather, "the plain language of Rule
> 56(c) mandates the entry of summary judgment, after adequate time for discovery
> and upon motion, against a party who fails to make a showing sufficient to
> establish the existence of an element essential to that party's case, and on which
> that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548.
> Therefore, **if BW-3 Akron has not put forward any evidence supporting its
> claim that BWW breached the right of first refusal in the Licensing
> Agreement, then BWW is entitled to summary judgment on that claim**.

*Id.* (emphasis added).

Here, Plaintiffs have not put forth any evidence of a contract or of any provision therein

that was breached. Under *Celotex*, this is essential to avoid summary judgment. Based on

Supreme Court authority, entry of summary judgment is mandated because Plaintiffs have failed

to make a showing sufficient to establish the existence of an element essential to their claim,

upon which they have the burden at trial, *i.e.,* the existence of a contract and breach thereof.

Plaintiffs' breach of contract claim also fails because Plaintiffs cannot establish damages.

Plaintiffs do not dispute this. Summary judgment must be granted for this reason as well.

### G. <u>Plaintiffs' Claims for Violation of the NHBR are Time-Barred and not Supported by the Facts. (Claim 4)</u>

Plaintiffs' Complaint includes a claim for violation of the Nursing Home Bill of Rights.

The law in this state is well-settled as it relates to the time for bringing such claims. When an

NHBR claim arises out of medical care and treatment, it is subject to the one-year statute of

limitations set forth in R.C. 2305.113. *Barley v. Hearth and Care of Greenfield, LLC*, 2013-

Ohio-279 at ¶ 1 (Fourth Dist.). Non-medical claims for NHBR violations are governed by the two-year statute of limitations in R.C. § 2305.10. *Shelton v. LTC Management Services*, 2004-Ohio-507, ¶ 1 (Fourth Dist.).[3] There is no dispute that Ms. Mandanici was discharged from East Park on May 22, 2020. Also undisputed is that Plaintiffs did not assert a claim for violation of the NHBR until June 17, 2022, more than two years later. Accordingly, Claim 4 of the Complaint is time-barred.

In response to Defendants' well-reasoned and legally sound argument, Plaintiffs make the conclusory statement that "at worst" the NHBR claim is subject to a six-year statute of limitations. (Doc. No. 42 at PageID# 2152). Absent from Plaintiffs' Motion is any legal authority for this statement. Indeed, this argument has been addressed and rejected. *Shelton v. LTC Management Services*, 2004-Ohio-507 at ¶¶ 8-12.

Defendants established that Plaintiffs' claim for NHBR violations is time-barred. In response, Plaintiffs have not submitted any Rule 56 evidence or legal authority that would create a genuine issue of fact for trial. Rather, Plaintiffs rely on an unsupported legal theory that at least one Ohio Court previously rejected. Summary judgment is proper.

## H. The Claim for Malicious Prosecution Fails Because the Criminal Matter was not Terminated in Plaintiff Criscione's Favor and There is no Evidence of Malice. (Claim 5)

In their Motion for Summary Judgment, Defendants established that the criminal case was dismissed due to a procedural defect with the Complaint. A procedural defect is insufficient to satisfy the "termination in favor of the accused," element of Plaintiffs' claim. Defendants further established that there is no evidence of malice. In response, Plaintiffs argue that the

---

[3] Again, it is Defendants' position that all claims for alleged violation of the NHBR are medical claims as the phrase has been traditionally used or as personal care services. *See, Smith v. Mentor Ridge Health and Rehabilitation*, 2023-Ohio-4659 (8th Dist.). Because the NHBR claims are time-barred regardless of whether a one or two- year statute of limitations applies, this issue is not determinative.

dismissal was sufficient to meet the "favorable termination" requirement. (Doc. No. 42 at PageID3 2153-2154). Plaintiffs' argument ignores the plain language of the decision in the criminal case

> The Court finds that the failure to comply with Criminal Rule 4, in this matter, is tantamount to a defect in the complaints. This court firmly believes that cases should, in the interest of justice, **be decided on the merits not by procedural errors. Therefore,** in the interest of justice **the complaints are dismissed without prejudice.**

(Doc. No. 1-3 at PageID# 34) (emphasis added).

The Berea Municipal Court clearly stated that its decision was based upon a procedural error, and was not on the merits. The criminal matter was not terminated in Plaintiff Criscione's favor, which is an essential element of her claim. Without evidence of a favorable termination, the claim fails and summary judgment must be granted.

With respect to the malice element of their claim, Plaintiffs again attempt to shift the burden to Defendants, which is inconsistent with *Celotex Corp.* (Doc. No. 42 at Page ID#2154). Plaintiffs also make general references to alleged lies to the police and dismissal for lack of probable cause. Construing this evidence most favorably to Plaintiffs, it is still insufficient to create an issue of fact on the malice element. Summary judgment is warranted.

I. **Plaintiffs' Abuse of Process Claim Fails for Multiple Reasons. (Claim 6)**

Plaintiffs' claim for Abuse of Process fails and summary judgment is appropriate if there are no questions of fact as to any one of the three elements of the claim. Here, Plaintiffs have failed to identify a question of fact as to **any** of the elements of the claim.

1. **Plaintiffs do not claim that the criminal proceeding was set in motion in proper form with probable cause.**

In their Motion for Summary Judgment, Defendants cited Plaintiff Criscione's deposition testimony wherein she testified that information provided by Defendants to the Brook Park police was improper, that the criminal complaint was insufficient, and that the charges were not

appropriate. (Doc. No. 35 at PageID# 624). Plaintiffs do not dispute that their Abuse of Process claim fails, based on Plaintiff Criscione's own testimony. Rather, Plaintiffs argue that Defendant Thurmer's testimony that the charges were proper is sufficient to avoid summary judgment. (Doc. No. 42 at PageID# 2156). Thus, in order to avoid summary judgment, Plaintiffs argue that this Court should ignore Plaintiff Criscione's own testimony. A legal argument that requires the Court to disregard the party's own sworn statement cannot hold water.

**2. Plaintiffs do not dispute that there is no evidence that the criminal proceeding was perverted.**

The second element of Plaintiffs' claim is that the criminal proceeding was perverted. There is however no evidence to support this element and Plaintiffs do not argue otherwise. Instead, Plaintiffs again attempt to shift the burden to the Defendants'. (Doc. No. 42 at PageID# 2156). As set forth above, the burden is not on Defendants to negate an element of the claim; the burden is on Plaintiffs to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 323-324. Having met their burden to inform the Court the basis for summary judgment and Plaintiffs failing to designate a material question of fact for trial, summary judgment is proper.

**3. Plaintiffs are unable to establish damages.**

With respect to the third element of their claim, Plaintiffs again ask this Court to apply an incorrect legal standard. (Doc. No. 42 at PageID#s 2156-2157). Plaintiffs cannot avoid summary judgment by shifting the burden to Defendants in contravention to well-settled law.

**J. Plaintiffs' Whistleblower Retaliation Claim is Time-Barred and not Supported by the Facts. (Claim 7)**

**1. Plaintiffs' claim for whistleblower retaliation is time-barred.**

The Northern District of Ohio has already held that claims for civil liability arising out of criminal acts, pursuant to R.C. § 2307.60, are subject to a one-year statute of limitations.

*Marquardt v. Calton,* N.D. Ohio 1:18 CV 333, 2019 WL 1491966 (April 2, 2019); *see also*, *State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes*, 2017-Ohio-7727 at ¶ 130 (8th Dist.). Nonetheless, Plaintiffs argue that this Court should apply a six-year limitations period. Plaintiffs' argument is not supported by the law in this District. Summary judgment is proper.

### 2. Plaintiff Gina Criscione was not an employee and was not retaliated against.

Claims for whistleblower retaliation under Ohio Revised Code § 3721.24 arise in the context of an employee/employer or similar relationship. There is no dispute that Plaintiff Criscione was not an employee of East Park. In order to avoid dismissal, Plaintiffs selectively cite Ohio Supreme Court case *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 245 (2014) for the proposition that "Ohio Rev. Code § 3721.24(A) creates a statutory cause of action to protect against retaliation 'for reporting suspected abuse or neglect of long-term-care-facility and residential-care-facility-residents.'" (Doc No. 42 at PageID# 2159). Plaintiffs even go so far as to represent to this Court that the *Hulsmeyer* case "says nothing to support [Defendants'] theory." (*Id*. at PageID#s 2156-2160). Absent from the quote in Plaintiffs' motion is critically important language – "the purpose of R.C. 3721.24 is to protect persons from **<u>retaliatory discharge</u>**." *Hulsmeyer*, 142 Ohio St.3d at 245 (emphasis added).

In essence, Plaintiffs ask this Court to ignore the entire context of this statutory provision as it relates to employment protection and instead read the statute so broadly as to apply to retaliation of any kind against any "individual." If that truly was the legislature's intent, there would be no reason to reference an employee or define retaliatory actions. Indeed, when looking at the definition of retaliatory actions, the intended scope of the statute is clear. Perhaps more importantly, a different subsection of the statute specifically prohibits retaliation against a resident whose "family member, guardian, sponsor, or personal representative reports or causes

to be reported suspected abuse, neglect, exploitation, or misappropriation." R.C. § 3721.24(B)(2). Clearly, if the legislature intended for subsection A to apply to family members, such language would have been included. Plaintiffs' argument is not well-taken.

Moreover, there is no evidence of conduct that meets the statutory definition of "retaliatory actions." Plaintiffs argue that Defendants retaliated by discharging Ms. Criscione from the facility, isolating Ms. Criscione, refusing to produce medical records, confiscating personal property, and finagling criminal charges. (Doc. No. 42 at PageID# 2161-2162). Such alleged conduct does not fall within the meaning of "retaliatory actions," which specifically identifies employment-related conduct such as discharging, demoting or transferring the employee, giving negative employment reviews, or reducing pay, benefits or privileges. R.C. § 3721.24(A). Notably, the conduct complained of is more akin to the definition of "retaliatory actions" related to retaliation against a resident (which is not the claim being pursued). *See* R.C. § 3721.24(B)(3) ("For purposes of divisions (B)(1) and (2) of this section, retaliatory actions include abuse, verbal threats or other harsh language, change of room assignment, withholding of services, failure to provide care in a timely manner, and any other action intended to retaliate against the resident.").

Plaintiffs' claim for Whistleblower Retaliation fails as a matter of law. Plaintiffs have not identified any questions of fact for trial and instead ask this Court to apply R.C. § 3721.24(A) far beyond any reasonable interpretation of the statutory language. Summary judgment is proper.

### K. **Plaintiffs Failed to Timely File Their Falsification Claim and the Statements at Issue are Privileged. (Claim 8)**

In their Motion for Summary Judgment, Defendants established that Plaintiffs' falsification claim is time-barred. In response, Plaintiffs argue for application of a different statute of limitations. Plaintiffs' argument is not well-taken and should be denied.

-23-

Regardless of the timeliness of Plaintiffs' claim, it still fails because the alleged false statements were privileged. Defendants presented sound legal authority in support of their position. (Doc. No. 35 at PageID#s 629-631). In opposition, Plaintiffs argue that absolute privilege does not apply to claims brought under R.C. § 2921.13. (Doc. No. 42 at PageID# 2164). Absent from Plaintiffs' motion is any legal authority for this position. Indeed, the cases cited do not involve claims for falsification or application of an absolute privilege from civil liability. Plaintiffs' argument must be rejected.

Lastly, Plaintiffs again attempt to avoid dismissal of their claims by arguing an incorrect standard under Rule 56. In the Complaint, allege that Defendants "knowingly made false statements to public officials at the Ohio Department of Health and the City of Brook Park during official proceeding with purpose to mislead them in performing their official functions." (Doc. No. 1 at PageID# 18). To the extent Plaintiffs' allegations are true (which Defendants dispute), the conduct is absolutely privileged. Plaintiffs have not presented any evidence to the contrary. Summary judgment must be granted in favor of Defendants.

### L. **Plaintiffs' Intimidation Claim is Time-Barred and Not Supported by the Facts. (Claim 9)**

In their Motion for Summary Judgment, Defendants established that Plaintiffs' intimidation claim is time-barred. In response, Plaintiffs argue for application of a different statute of limitations. Plaintiffs' argument is not well-taken and should be denied.

Regardless of the timeliness, there is no evidence that Defendants knowingly made false statements to ODH or the City of Brook Park and Plaintiffs do not argue otherwise. Additionally, any such statements were absolutely privileged. Plaintiffs' arguments to the contrary fail, for the reasons set forth in Section III.K. above. Summary judgment is appropriate.

M. **The Facts Do Not Support a Claim for Interference with Civil Rights and it is Time-Barred. (Claim 10)**

In Claim 10, Plaintiffs attempt to recover for alleged interference with Civil Rights under

R.C. § 2921.45, which provides,

> No public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.

(Doc. No. 1 at PageID#s 20-21). In their summary judgment motion, Defendants argued that the

Complaint does not allege sufficient facts to support such claim. In response, Plaintiffs merely

recite the allegations in the Complaint, but fail to give any explanation as to how the allegations

in the Complaint support such claim. Further, Plaintiffs' claim is time-barred.

N. **The Property at Issue Was Returned to Plaintiffs. The Conversion Claim Fails. (Claim 11)**

Plaintiffs incorrectly represent to this Court that "Defendants have admitted to all the

elements of conversion." (Doc. No. 42 at PageID# 2166). This is simply false. Regardless, the

property at issue was returned. Interestingly, Plaintiffs argue that there is a question of fact on the

issue of whether the memory card was returned. (*Id*. at PageID# 2168). This argument however

ignores Plaintiffs' counsel's statement on the record:

> MR. BARDWELL:  We're trying to relocate it.  Yeah, it came back in a tiny envelope and I've moved, but we're trying to find that.

(Deposition of Gina Criscione at 163:13-16). Plaintiffs' conversion claim cannot withstand

summary judgment and must be dismissed.

O. **There is no Conduct to Support a Claim for Intentional Infliction of Emotional Distress Nor Did Plaintiff Criscione Suffer Severe Emotional Distress. (Claim 12)**

1. **Plaintiffs fail to allege sufficiently outrageous misconduct.**

Plaintiffs argue that the conduct at issue was sufficiently outrageous to avoid summary

judgment. (Doc. No. 42 at PageID# 2169). Plaintiffs' argument however, is not well-taken. As

-25-

set forth in Defendants' Motion for Summary Judgment, the conduct necessary to avoid dismissal is extreme. Here, the conduct at issue did not go beyond all possible bounds of decency, nor was it so atrocious that it is utterly intolerable in a civilized society. Thus, even if Plaintiffs' allegations were accurate, which Defendants dispute, they are insufficient to support a claim for intentional infliction of emotional distress. Summary judgment is appropriate.

**2. The facts do not support a finding of serious emotional distress.**

Serious emotional distress for purposes of a claim for Intentional Infliction of Emotional Distress, may be found only where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case. *Bookman v. St. Peter's High Sch.*, Fifth Dist. 97-CA-124 (July 6, 1998). Plaintiffs argue that the testimony of Plaintiff Criscione concerning her generalized anxiety and PTSD and statements in the Declaration of George Kemperer are sufficient to create a genuine issue of material fact. (Doc. No. 42 at PageID# 2172-2173). Plaintiffs' argument is not well-taken. Generalized anxiety and PTSD are insufficient to establish serious emotional distress for purposes of an intentional infliction of emotional distress claim. Additionally, the Declaration of George Klemperer should not be considered for the reasons set forth in Defendants' Motion to Strike. Even if Dr. Klemperer's Declaration is considered, it is insufficient to create a genuine issue of material fact as to whether Plaintiff Criscione suffered severe emotional distress. Summary Judgment is appropriate.

**P. <u>Plaintiffs Cannot Recover Punitive Damages</u>.**

Plaintiffs argue that they have not asserted a punitive damage claim, but the Complaint clearly includes a request for punitive damage (Doc. No. 1 at PageID#26). Such claim fails for the reasons set forth in Defendants' Motion for Summary Judgment.

## III.    CONCLUSION

The claims asserted by Plaintiffs against Defendants East Park Retirement Community, Inc., Laura DiVincenzo, and Sara Thurmer are not supported by fact or law as set forth in Defendants' Motion for Summary Judgment. In response, Plaintiffs' have ignored (and apparently do not dispute) many of Defendants' arguments seeking dismissal. In other instances, Plaintiffs attempt to incorrectly shift the burden to Defendants, misstate the law, or otherwise fail to identify any material issues of fact for trial. Thus, for the reasons set forth herein, as well as those in Defendants' Motion for Summary Judgment, judgment in favor of Defendants on all of Plaintiffs' claims is appropriate.

Respectfully submitted,

/s/ Emily R. Yoder

Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## CERTIFICATE OF SERVICE AND COMPLIANCE

Pursuant to Rule 7.1(f) of the Local Rules of the Northern District of Ohio, counsel for Defendants state that this case has been assigned to the Standard Track. Counsel also certifies that this Court granted Defendants' motion for additional pages and the foregoing Reply in Support of Motion for Summary Judgment adheres to the page limitations as set forth in this Court's Order dated January 20, 2026 and it does not exceed 35 pages.

I certify that on January 30, 2026, my office sent, via electronic mail and the Court's electronic filing system, a copy of the foregoing motion in summary judgment to counsel for Plaintiff.

/s/ Emily R. Yoder
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1440449-v1>>