IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | **RESPONSE IN OPPOSITION TO** |
| LAURA DiVINCENZO, et al. | ) | **PLAINTIFFS' RULE 56(d) REQUEST** |
| | ) | **FOR ADDITIONAL DISCOVERY** |
| Defendants | ) | |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer oppose Plaintiffs' request to defer consideration of Defendants' Motion for Summary Judgment to allow time for additional discovery. This issue has already been raised by Plaintiffs and addressed by this Court. Plaintiffs' Motion must be denied.

This is the third filing of this case. The first refiled case was dismissed days before it was scheduled to go to trial due to Plaintiffs' failure to submit trial filings in accordance with the Court's orders. At the time of the dismissal, Defendants' Motion for Summary Judgment was pending. Notably, prior to the dismissal, Plaintiffs were granted leave to conduct additional discovery to respond to the Motion for Summary Judgment. Plaintiffs conducted the requested discovery, but still did not oppose the dispositive motion. At the time of dismissal, Plaintiffs had not requested a continuance of the trial or sought additional discovery.

At the outset of this case, Defendants filed a Motion to Stay Discovery. In opposition to that Motion, Plaintiffs raised similar arguments to those asserted here. Defendants responded to

these claims and established compliance with discovery in the underlying matters. (Doc. No. 29).

In response to Plaintiffs' argument, this Court explained:

> The burden will be on Criscione (who would be seeking discovery), rather than on Defendants (who currently seek to stay discovery), to explain why the already completed state-court discovery is insufficient. *See Scadden v. Werner*, 677 Fed. Appx. 996, 999 (6th Cir. 2017) (quoting *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002)) ("'The non-movant bears the obligation to inform the district court of its need for discovery, however.'"). Indeed, that is where the burden should be at this stage of the litigation, when, as now, **it is Criscione who needs to account for the fact that she *already* completed discovery in *Criscione II*, *already* received Defendants' state-court Motion for Summary Judgment, and *already* used Ohio R. Civ. P. 56(F) (i.e., the Ohio analog to Rule 56(d)) to successfully obtain the depositions of Defendants DiVincenzo and Thurmer.** (Doc. No. 30-4.)
>
> To the extent Criscione suggests that Rule 56(d) will open up the door to discovery anyways, **she apparently misses that she would still not be able to obtain information that she could have obtained (or did obtain) in state-court discovery or requested through her Ohio R. Civ. P. 56(F) Motion because that rule already enabled her to obtain the discovery she needed to oppose summary judgment in *Criscione II*.** *See* 10B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2741 (4th ed.) ("[Rule 56(d)] will not be applied to aid a party who has been lazy or dilatory. Thus . . . a request for relief under Rule 56(d) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.") (footnotes omitted). Allowing Defendants to file their Motion for Summary Judgment facilitates bringing this case to a timely conclusion because it will at the very least illuminate for Criscione—and the Court—precisely what information she still needs now but was not able to get then.

(Doc. No. 33 at PageID#s 600-601) (emphasis added).

In support of the request for additional discovery, Plaintiffs submit the affidavit of Plaintiff Criscione. This affidavit must be stricken as set forth in Defendants' Motion to Strike. Even if the affidavit is considered, it is insufficient to meet Plaintiffs' Rule 56(d) burden. Plaintiff Criscione's affidavit fails to establish why the discovery sought could not have been obtained through discovery in the state court cases.

Plaintiffs attempt to blame their former counsel. However, this argument ignores the fact that Attorney Carlin was co-counsel with Plaintiffs' current counsel who has represented Plaintiffs continuously throughout this litigation. Further, Plaintiff Criscione avers:

> For reasons I do not know, Attorney Carlin has essentially disappeared from the case. I have not heard from **since 2023**, and my understanding is that Attorney Bardwell has repeatedly attempted to secure his assistance, to no avail.

(Doc. No. 42-8 at PageID# 2204) (emphasis added).

Attorney Carlin was present at the deposition of Laura DiVincenzo, as the corporate representative of East Park, on July 3, 2023 and July 5, 2025. (Doc. No. 40-1 PageID#s 1693, 1694, 1808, and 1809). On August 16, 2023, Attorney Carlin filed a motion pursuant to Civil Rule 56(F) to extend discovery to conduct the depositions of Ms. DiVincenzo and Ms. Thurmer. Attorney Carlin was also present at the deposition of Sarah Thurmer on August 21, 2023. (Doc. No. 38-1 at Page ID# 1507). The case was dismissed on August 25, 2023. Thus, it is unclear how Attorney Carlin's alleged disappearance "since 2023" is relevant. Clearly it did not impact Plaintiffs' ability to obtain discovery in the state court cases, as he was involved in the state court litigation days before it was dismissed.

Additionally, Plaintiffs suggestion that an unnamed witness has been located is insufficient to justify the relief requested. Plaintiff Criscione clearly was aware of this witness during the state court proceedings; she avers that the witness was willing to appear in her criminal case, which pre-dated any civil litigation. (Doc. No. 42-8 at PageID# 2204). Plaintiffs could have deposed this witness in the state court case, but chose not to. Further, Plaintiffs have offered no indication of the testimony that is anticipated or how it would support the class-based discrimination theory. This is particularly important since Plaintiffs' arguments related to class-

based discriminatory animus are not legally supported. (Doc. No. 45 at PageID# 2237-2239). Thus, it is difficult to understand why such testimony is necessary or relevant.

Plaintiffs have failed to meet their burden under FRCP 56(d). Additionally, Plaintiffs have failed to comply with this Court's prior directive. (Doc. No. 33 at PageID#s 600-601). Accordingly, their request to defer consideration of Defendants' Motion for Summary Judgment to permit additional discovery must be denied.

            Respectfully submitted,

            */s/ Emily R. Yoder*
            Michael Ockerman (0053403)
            Emily R. Yoder (0084013)
            **HANNA, CAMPBELL & POWELL, LLP**
            3737 Embassy Parkway, Suite 100
            Akron OH  44333
            (330) 670-7338 (T) * (330) 670-7462 (FAX)
            (330) 670-7612 (T) * (330) 670-7453 (FAX)
            mockerman@hcplaw.net
            eyoder@hcplaw.net

            Attorney for Defendants
            East Park Retirement Community, Inc.,
            Laura DiVincenzo and Sara Thurmer

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing ***Response in Opposition to Plaintiffs' Rule 56(d) Request for Additional Discovery*** was filed electronically on January 30, 2026, with the Clerk using the CM/ECF system, which will notify all parties. Parties may access this document through the court's electronic-filing system.

            */s/ Emily R. Yoder*
            Emily R. Yoder (0084013)
            Attorney for Defendants
            East Park Retirement Community, Inc.,
            Laura DiVincenzo and Sara Thurmer

<<HCP #1442749-v1>>