IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GINA CRISCIONE**, *et al.*,<br>    *Plaintiffs,*<br>v.<br>**LAURA DIVINCENZO**, *et al.*,<br>    *Defendants.* | Case No.: 1:24-cv-01446-PAB<br><br>Judge Pamela A. Barker<br><br>Magistrate Judge James E. Grimes Jr. |
| **GINA CRISCIONE AND ESTATE OF DOROTHY MANDANICI'S<br>BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE** ||

  Plaintiff Gina Criscione respectfully opposes Defendants' Motion to Strike (ECF #44). As laid out below, Defendants' motion disregards the standards for evaluating evidentiary objections and relies primarily on unsupported—and unsupportable—arguments.

**I. Because all the contested affidavits are explicitly based on personal knowledge, the Court should not strike any of them.**

  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed. R. Civ. P. 56(c)(4). "Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. And even when the witness has not confirmed their personal knowledge, there is no need for "magic words" to prove that knowledge; the Court may simply "conclude from the context of the declaration whether those requirements are satisfied." *Ondo v. City of Cleveland*, 795 F.3d 597, 604 (6th Cir. 2015).

  For instance, in *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990), the defendant raised personal-knowledge objections to testimony from a cocaine-addicted informant who admitted to a faulty memory, uncertainty as to facts he testified about, and inconsistencies in his own story. The trial court overruled the objection and the Sixth Circuit affirmed, holding that

despite the shortcomings, a reasonable juror could still accept the witness's testimony: "[T]he threshold of Rule 602 is low. … Testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about."

Here, Defendants contest the admissibility of the Affidavit of Tricia Tessmer (ECF #42-1), Affidavit of Jason Frederick (ECF #42-2), Affidavit of Yolanda Odom (ECF #42-6), and Declaration of Gina Criscione (ECF #42-8), arguing that none of them is based on personal knowledge. But Defendants never acknowledge—let alone address—the fact that each of these witnesses *explicitly* testifies that their statements are based on personal knowledge: The Tessmer, Frederick, and Odom affidavits each begins with sworn testimony that the affiants "have personal knowledge of … the matters set forth in this affidavit."

While the Court may have discretion to strike or disregard such testimony if other facts nonetheless make clear that such assertions cannot be true, the plain language of Rule 603 establishes that these affidavits satisfy the personal-knowledge requirement. If Defendants want to contest that personal knowledge, they need facts—not speculation—on which to base those arguments. If they have no such facts, they are free to attempt an impeachment, but not to exclude the evidence.

Their arguments on personal knowledge are, for the most part, completely contrived. Fed. R. Civ. P. 56 requires evidence of personal knowledge, and Fed. R. Evid. 602 says that the evidence can come in the form of the witness's own testimony. Unsurprisingly, then, they are unable to offer any support for the vast majority of these objections. They merely identify testimony they don't like, evaluate the evidence of personal knowledge, and then conclude that more evidence is required:

- For instance, when Ms. Tessmer testified to being an East Park employee for five years, Defendants argued that she can't have personal knowledge of the happenings there because she hasn't testified to her job title and responsibilities.

- But when Ms. Odom testified to her job title and responsibilities, Defendants demanded more, objecting that she can't have personal knowledge of whether any of her own work was actually performed by Ms. Criscione because she didn't explicitly testify that she has "firsthand knowledge or observations" of those occurrences.

- But when Mr. Frederick did exactly that, swearing that he has "seen firsthand" how East Park treated its residents, Defendants raised the bar again, asking several questions about the source of his knowledge and concluding that because they have questions, Mr. Frederick cannot have personal knowledge "[w]ithout more specificity" about the source of that knowledge.

East Park could no doubt find questions to ask about any affidavit placed in the record, no matter how fully it addressed the personal-knowledge requirement. Such questions are undoubtedly fair game for impeachment, but under *Hickey*, the question at this stage is only whether a "reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." Defendants never even bother to make that argument. Given Ms. Tessmer's five years working at East Park, a reasonable juror could of course believe she had the ability and opportunity to perceive paychecks bouncing. Of course a juror could believe that a 10-year STNA at East Park had the ability and opportunity to perceive a resident being helped to the bathroom by her daughter. Of course a juror could believe that a maintenance worker perceived other employees being "rude."

The same is true of Ms. Criscione's declaration. She starts by testifying that she has personal knowledge and then discusses the work performed by one of her attorneys, saying that he has "essentially disappeared from the case" and providing examples. Although she phrases some of those examples as her "understanding," the context of those statements makes plain that she is not disclaiming personal knowledge of the evidence she lacks, but rather accounting for

the uncertainty inherent in offering "specified reasons" for failing to obtain discovery when she is unable to communicate with the person she hired for that purpose. While she may "understand" that Attorney Carlin has either never gathered expert reports or gathered them but failed to turn them over, for instance, she concedes that without knowing more, there may be other explanations for his failures.

Because Defendants argue only that these affidavits could have included greater elaboration on the basis of the affiants' personal knowledge but never address whether a reasonable juror could believe that personal knowledge existed, they have not identified any basis for striking the affidavits on personal-knowledge grounds.

## II. Because all the affidavits are evidence that Defendants retaliated against Ms. Criscione for exercising her right to free speech, the Court should not strike any of them as irrelevant.

The standard for relevancy is "extremely liberal." … Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009)

Defendants object that four statements are irrelevant:

1. *"I was simultaneously working for a second nursing home at the time, and management there was uncomfortable with me working at East Park given its failure to adhere to basic health protocols."* Tessmer Aff., ¶ 4.
2. *"Our paychecks bounced."* Tessmer Aff., ¶ 5.
3. *"Working at East Park is like working in a prison."* Tessmer Aff., ¶ 5.
4. *"Due to the shockingly low quality of care I have seen at East Park Care Center, I would never admit [my mother-in-law] here."* Frederick Aff., ¶ 12.

Statement 1 is relevant to Claims 1 and 2, which assert that East Park is responsible for Ms. Mandanici's death; if other nursing homes have concluded that East Park does not adhere to

basic health protocols, it is more likely that Defendants breached their duty of care to Ms. Mandanici. The statement is also relevant to Claim 4; if East Park does not adhere to basic health protocols, it is more likely that they have violated their obligations to provide "adequate and appropriate medical treatment and nursing care" and "a safe and clean living environment."

And each of these statements is relevant to Claims 5–7, Claim 10, and Claim 18. If East Park cannot adhere to basic health protocols, cannot meet its most basic financial obligations, and cannot earn the endorsement of the employees who work there every day, it would likely want to keep those facts a secret, making it more likely that Defendants' legal maneuverings against Ms. Criscione were aimed at punishing her for telling the truth about East Park, rather than remedying any cognizable injury.

Because all the affidavits help to establish facts material to the parties' claims and defenses, the Court should not strike any of them on relevance grounds.

### III. Respondents remaining objections are largely nonsense.

Defendants throw a few more frivolous objections at the wall in hopes that they will stick. The Court need not dwell long on them.

### A. The hearsay objection is wrong.

Defendants object to a single statement as hearsay: "When I have brought up concerns about the quality of care for residents, the HR director and administrator have told me to mind my own business." Frederick Aff., ¶ 11.

This statement cannot be hearsay because it is an imperative command, not an assertion of fact. *United States v. Rodriguez-Lopez*, 565 F.3d 312, 314 (6th Cir. 2009) ("[I]f the statements were questions or commands, they could not—absent some indication that the statements were actually code for something else—be offered for their truth because they would not be assertive speech at all.")

Moreover, the statement is not hearsay because Ms. Criscione is offering it against an opposing party—the "administrator" in question is Defendant Sara Thurmer—who made the statement. *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) ("Of course, under Fed.R.Evid. 801(d)(2)(A), a party's own statement that is offered against [her] is 'not hearsay.'").[1]

### B.   The expert-report argument is wrong.

Defendants argue that expert reports may not be considered on summary judgment because they are not admissible at trial. While the premise may typically be true, the conclusion has no support in law. On the contrary, expert reports are often *required* to allow a plaintiff past summary judgment. *See*, *e.g.*, *Lewandowski v. Penske Auto Grp.*, 2010-Ohio-6160, ¶ 16 (8th Dist.) (reversing summary judgment on IIED claim based on PTSD and generalized-anxiety diagnoses).

### C.   The declaration-affirmation argument is wrong.

Defendants argue that because Dr. Fritz Klemperer declared his statement to be "true under penalty of perjury," the Court must strike it because it did not also say that it was "correct," as suggested in 28 U.S.C. § 1746. But that statute does not require declarants to quote it; it merely requires that they provide a "substantially" similar statement. The Sixth Circuit has rejected as reversible error the exclusion of declarations with even greater deviations for the statutory language. *In re FirstEnergy Corp.*, 154 F.4th 431, 439 (6th Cir. 2025) ("When someone swears a statement 'under ... penalty of perjury,' that person 'is presumed to tell the truth.'").

---

[1] Defendants also object that several statements by Ms. Tessmer and Mr. Frederick constitute inadmissible legal conclusions. For purposes of this motion, Ms. Criscione does not object to the Court disregarding those statements.

## CONCLUSION

Defendants fail to identify legitimate grounds for striking any of Ms. Criscione's evidence. The Court should deny their motion to strike.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
4403 Saint Clair Ave, Suite 400
Cleveland, OH 44103-1125
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiffs Gina Criscione and Estate of Dorothy Mandanici*

## CERTIFICATE OF SERVICE

I certify that on February 13, 2026, this document was served on opposing counsel as provided by Fed. R. Civ. P. 5(b)(2)(E).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiffs Gina Criscione and Estate of Dorothy Mandanici*
