IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GINA CRISCIONE**, *et al.*,<br>   *Plaintiffs*,<br>v.<br>**LAURA DIVINCENZO**, *et al.*,<br>   *Defendants*. | Case No.: 1:24-cv-01446-PAB<br><br>Judge Pamela A. Barker<br><br>Magistrate Judge James E. Grimes Jr. |
| **GINA CRISCIONE AND ESTATE OF DOROTHY MANDANICI'S MOTION TO STRIKE DEFENDANTS' REPLY, MOTION TO STRIKE, AND OPPOSITION TO RULE 56(D) RELIEF** | |

  Plaintiff Gina Criscione respectfully moves for an order striking Defendants' Reply Brief (ECF #45), Motion to Strike (ECF #44), and Opposition to Rule 56(d) Relief (ECF #46).

  After Defendants evaded L.R. 7.1's page limits by filing an oversized motion for summary judgment without the required table of contents, table of authorities, statement of issues presented, or summary of argument, the Court granted them leave to file a reply brief that likewise exceeded the standard page limits—but with a warning that they otherwise "must comply in all respects with Local Rule 7.1."

  Despite leave to nearly double the limit on replies, Defendants are again circumventing the Court's briefing rules by balkanizing their filing: submitting 34 pages of reply to Ms. Criscione's legal arguments in their actual reply brief, while packing another 15 pages replying to the specific evidence Ms. Criscione has presented in a filing relabeled as a "motion to strike," and four more pages replying to Ms. Criscione's argument for deferred consideration of the motion for summary judgment into a third filing relabeled as an "opposition brief."

  The Court should strike their filings and require a single brief of no more than 35 pages.

**LAW & ARGUMENT**

I.   **Because it incorporates additional arguments that take it over the page limit, Defendants's reply brief does not comply with L.R. 7.1.**

"A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.'" *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003).[1] It may not simply point the court to different arguments in different briefs, thus securing a tactical advantage over parties who honor the court's briefing requirements. Because "[i]t would be fundamentally unfair to allow a party to use incorporation to exceed [the] word count … incorporated material counts against the litigants' word count in exactly the same manner as if it had been expressly included in the brief." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 910 (Fed. Cir. 2014).

For instance, in *Northland Ins.*, 327 F.3d 448, 452 (6th Cir. 2003), the appellant in an insurance dispute filed a brief raising three issues—one of which it argued in its 26-page brief, and two of which it sought to "incorporate by reference" to other briefs it had filed earlier in the case. But the Sixth Circuit rejected this approach as an evasion of its page limits, holding that "Stewart has failed to brief its first two issues, and therefore it has waived its argument on these issues."

Here, Defendants have done just the same thing: After securing leave to file an oversized brief, they nonetheless omitted additional arguments they sought to raise and attempted to incorporate them into the reply brief. For instance, 32 pages into the 35 pages permitted, they ask the Court to grant them summary judgment on Ms. Criscione's claim for intentional infliction of emotional distress without considering a report from her psychologist, "for the reasons set forth in Defendants' Motion to Strike," which is itself another 15 pages long.

---

[1] Quoting *DeSilva v. DiLeonardi*, 181 F.3d 865, 866–67 (7th Cir.1999).

Because that incorporated material "counts against the litigants' word count in exactly the same manner as if it had been expressly included in the brief," Defendants' brief is therefore actually 49 pages long. And that doesn't even include their separately filed brief replying to the Rule 56(d) arguments in Ms. Criscione's brief opposing summary judgment. Including those arguments brings Defendants' reply brief up to 53 pages—nearly 20 pages more than the Court permitted.

Because Defendants have not adhered to L.R. 7.1 or the page limits established by the Court, the Court should strike their reply brief.

## II. Because it raises objections that facts are not supported by admissible evidence, Defendants' motion to strike should have been incorporated into their reply brief.

"[A] motion to strike is not the proper vehicle for attacking exhibits filed in support of, or in opposition to, motions for summary judgment." *Stephenson v. Fam. Sols. of Ohio, Inc.*, No. 1:18CV2017, 2021 WL 795551, at *5 (N.D. Ohio Mar. 2, 2021). Such arguments are part of standard motion practice under Fed. R. Civ. P. 56(c), which says that when moving for summary judgment, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Such objections should be included in a moving party's motion or reply brief, and "[t]here is no need to make a separate motion to strike." *Rule 56 Committee Notes* (2010 amendment).[2]

For instance, in *St. Onge v. Livingston Cnty.*, No. 04-71329, 2005 WL 8154803, at *2 (E.D. Mich. July 8, 2005), the plaintiff attached several affidavits to oppose a motion for summary judgment, and the defendants filed a motion to strike them, arguing that several

---

[2] *See also*, *Smith v. Interim HealthCare of Cincinnati, Inc.*, No. 1:10-CV-582, 2011 WL 6012971, at *4 (S.D. Ohio Dec. 2, 2011) ("[M]otions to strike are no longer appropriate under the 2010 amendments to Rule 56.").

portions were inadmissible. The court denied the motion to strike, holding that arguments about the admissibility of a non-moving party's evidence belong in the moving party's reply brief: "To the extent Defendant objected to evidence offered by Plaintiff in her Response, Defendant should have advanced these arguments in her Reply—not in a retaliatory counter-motion."

Here, Defendants did just the same thing, seeking to oppose summary judgment by arguing that Ms. Criscione's evidence is not admissible, but granting themselves an additional 15 pages of argument space by collecting all those arguments into another brief, filed separately from their reply. This approach creates an asymmetry in the parties' ability to argue their cases: Ms. Criscione was required to submit her evidence and establish its admissibility as part of her opposition brief, in which she had to make strategic decisions as to which arguments she would develop more fully than others, and which arguments she would not make at all. Defendants, meanwhile, have unilaterally opted out of any obligation to focus their argument, instead dumping every admissibility argument they could think of into a whole new brief.

The Eastern District of Texas has well articulated the problem with Defendants' approach:

> They seem to share the misconception, popular in some circles, that motion practice exists to require federal judges to shovel through steaming mounds of pleonastic arguments in a Herculean effort to uncover a hidden gem of logic that will ineluctably compel a favorable ruling. Nothing could be further from the truth. In the context of a motion for summary judgment, for example, it is counsel's responsibility to hone in on the precise dispositive elements of a case, concerning which "there is no genuine issue as to any material fact." … Inundating the court with a veritable smorgasbord of issues from which to choose leads to the conclusion that a party is unable to articulate clear grounds for judgement as a matter of law.

*Blackboard, Inc. v. Desire2Learn, Inc.*, 521 F. Supp. 2d 575, 576 (E.D. Tex. 2007).

Defendants' filings make clear they have opted for the "steaming mounds" approach. Rather than focusing on potentially winning arguments, they seem to have slopped together any

argument that crossed their minds, including some real doozies—Defendant Thurmer argues, for instance, that her own statements are inadmissible hearsay despite being offered against her,[3] that there is no way for one employee to have personal knowledge that his co-workers "are often rude,"[4] that parties may not support or oppose summary judgment with an expert report,[5] and that "[g]eneralized anxiety and PTSD are insufficient to establish serious emotional distress for purposes of an intentional infliction of emotional distress claim."[6]

These arguments prove *Blackboard*'s point: rather than attempting to "hone in on the precise dispositive elements," Defendants demand that the Court "shovel through" a "veritable smorgasbord of issues." Their gamesmanship might be understandable if their arguments were actually material, but how many actually have any bearing on the case? Does it really matter that the maintenance director believed some of his co-workers were rude? Will the outcome change based on a nurse's statement that "working at East Park is like working in a prison"?[7] Which of their defenses fails if the Court knows that East Park was bouncing checks?[8]

None of the parties relied on any of these facts to support any argument in supporting or opposing summary judgment, so why clutter the docket complaining about them? With only one exception, Defendants' own reply brief never refers back to these arguments, further demonstrating that they have no bearing on the questions actually before the Court.

---

[3] Mot. to Strike, 12–14. *Contra Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) ("Of course, under Fed.R.Evid. 801(d)(2)(A), a party's own statement that is offered against him is 'not hearsay.'").
[4] Mot. to Strike, 8–9.
[5] Mot. to Strike, 14. *Contra EQT Prod. Co. v. Phillips*, 767 F. App'x 626, 632 (6th Cir. 2019) (affirming summary judgment for *failure* to submit an admissible expert report).
[6] Def. Reply Br., 26. *Contra Lewandowski v. Penske Auto Grp.*, 2010-Ohio-6160, ¶ 16 (8th Dist.) (reversing summary judgment on IIED claim based on PTSD and generalized-anxiety diagnoses).
[7] Mot. to Strike, 11–12.
[8] Mot. to Strike, 11–12.

Because the motion to strike is merely an evasion of L.R. 7.1's page limits, the Court should strike it.

### III. Because there was no motion to oppose, Defendants' opposition to Rule 56(d) relief should have been incorporated into their reply brief.

"Local Rule 7.1 contemplates that, when a party files a motion, the non-moving party must file an opposition, and the moving party may then file a reply. … No additional briefing is authorized." *W. Bend Mut. Ins. Co. v. Osmic, Inc.*, No. 1:21-CV-00593, 2024 WL 2784341, at *4 (N.D. Ohio May 30, 2024).

No different than objections to the evidence submitted in opposition to summary judgment, objections to a Rule 56(d) deferral of summary judgment are properly incorporated into the briefing on summary-judgment itself. But Defendants again disregarded the Court's repeated admonition that "they must comply in all respects with Local Rule 7.1(f)," granted themselves leave to ignore L.R. 7.1, and filed a *third* brief replying to Ms. Criscione's opposition to summary judgment.

Again, permitting them to take this approach grants Defendants a tactical advantage: Where Ms. Criscione limited and focused her arguments to comply with the Court's directive that "no additional briefing is authorized," Defendants gave themselves the advantage of a kitchen-sink approach that raises and preserves every issue possible. While Defendants characterize the discussion of Rule 56(d) in Ms. Criscione's opposition brief as a "motion," the undeniable truth is that no motion was ever filed, and there was therefore no opposition brief to be filed.

Because there was no motion filed, Defendants had the opportunity to address the issue in their reply brief, but opted instead to create a completely separate vehicle that would secure them a tactical advantage. Because they ignored the briefing rules, ignored L.R. 7.1, and ignored the

expanded page limits the Court granted them, the Court should strike their "opposition" to Rule 56(d) relief.

## CONCLUSION

Ms. Criscione hastens to note that she is not interested in using this filing to deprive Defendants of a fair opportunity to respond to her arguments, but she does insist on her right to parity in the briefing. So although she seeks to strike Defendants' January 30 filings, she does not object to granting them leave to either stand on the reply brief as it was filed, or to submit a single brief of 35 pages presenting the most material arguments.

In any event, though, the Court should not tolerate their gamesmanship or permit it to prejudice Ms. Criscione.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
4403 Saint Clair Ave, Suite 400
Cleveland, OH 44103-1125
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiffs Gina Criscione and Estate of Dorothy Mandanici*

## CERTIFICATE OF SERVICE

I certify that on February 13, 2026, this document was served on opposing counsel as provided by Fed. R. Civ. P. 5(b)(2)(E).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiffs Gina Criscione and Estate of Dorothy Mandanici*