IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS' REPLY** |
| LAURA DiVINCENZO, et al. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO STRIKE** |
| Defendants | ) | |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer for their Reply in Support of Motion to Strike state as follows:

## INTRODUCTION

In their Motion to Strike, Defendants established that the majority of the documents attached to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment do not comply with FRCP 56 and must be stricken. Plaintiffs have opposed this Motion but have failed to identify any legitimate reason why Defendants' Motion should not be granted.

## LAW AND ARGUMENT

Pursuant to 56(c)(2) "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "In other words, evidence that is not admissible in any form cannot support a motion for summary judgment, and thus, may be stricken." *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007). In deciding such motion, a court must use a scalpel, not a butcher knife, and strike only the inadmissible portions of the affidavit. *Id*.

**I.    ALTHOUGH THE AFFIDAVITS CONTAIN BOILERPLATE STATEMENTS OF PERSONAL KNOWLEDGE, MERE CONCLUSORY ASSERTIONS ARE INSUFFICIENT.**

Conclusory statements of personal knowledge are insufficient. The "personal knowledge" requirement demands that affiants demonstrate the factual basis for their testimony through specific details about their observations, not just blanket claims. "Affidavits based on mere 'information and belief,' as opposed to facts the affiant *knows* to be true, are not proper." *Loadman Group, L.L.C. v. Banco Popular North America*, 2013 WL 1154528 at *3 (N.D.Ohio March 19, 2013). "In order for inferences, thoughts, and opinions to be properly included in a Rule 56 affidavit, they must be premised on firsthand observations or personal experience, and established by specific facts." *Id*. Where affidavits lack any foundation indicating the affiant has personal knowledge of the information therein, they may not be considered on summary judgment. *See Village of Walton Hills v. Villate of Walton Hills*, 2023 WL 1443961 at *5 (N.D.Ohio Jan. 31, 2023).

For example, in *McCrimon v. Inner City Nursing Home, Inc.*, 2011 WL 4632865 (N.D.Ohio Sept. 30, 2011), plaintiff submitted an affidavit of a former employee of the defendant who averred that the time clock did not work properly, hours were not recorded, and hours frequently were not included in paychecks. The Court held that the FRCP "personal knowledge" requirement was not met because the affiant failed to show how she knew the plaintiff, how she knew plaintiff's hours were improperly recorded, or how she knew plaintiff was not accurately paid for hours worked. *Id*. at *4. *See also Guindon v. Township of Dundee, Michigan*, 488 Fed.Appx. 27 (Sixth Cir. 2012).

Plaintiffs' reliance on *U.S. v. Hickey*, 917 F.2d 901 (Sixth Cir. 1990) is misplaced. The Court in *Hickey* addressed whether trial testimony was appropriate under Evid. R. 602. In such cases, testimony is only excluded for lack of personal knowledge if no reasonable juror could

believe the witness had the ability and opportunity to perceive the events about which they testified. *Id*. at 904. The *Hickey* Court did not address statements in an affidavit offered in opposition to a summary judgment motion.

Here, in their Motion to Strike, Defendants identified the portions of the affidavits that failed to satisfy the foundational requirements of FRCP. In response, Plaintiffs argue that the affidavits are sufficient because they explicitly state that they are based on personal knowledge. This is not enough under well-settled law in this jurisdiction. Defendants established that the affidavits submitted by Plaintiffs are insufficient. Plaintiffs have failed to refute these arguments. The affidavits must be stricken.

## II. IRRELEVANT EVIDENCE IS INADMISSIBLE AND MUST BE STRICKEN.

Irrelevant statements must be stricken from affidavits. Plaintiffs' arguments in opposition to Defendants' Motion on relevancy, are not well-taken. A competitor facility's supposed opinions about East Park, allegations of paychecks bouncing, a former employee's opinions on employment conditions at East Park, and general allegations of poor care, have no bearing on whether Defendants provided appropriate care to Ms. Mandanici. Plaintiffs have failed to establish how any of these statements make an issue of fact in this case more or less likely. Indeed, these generalized complaints about East Park are totally unrelated to any of Plaintiffs' claims.

## III. THE REMAINING ARGUMENTS IN DEFENDANTS' MOTION ARE APPROPRIATE AND WELL-TAKEN

### A. Hearsay Evidence is Not Admissible and Must Be Stricken.

There is no question that hearsay statements must be stricken from affidavits. Plaintiffs argue that the hearsay statement at issue should not be stricken because it is an imperative command. In support of this argument, Plaintiffs rely on *U.S. v. Rodriguez-Lopez*, 565 F.3d 312

(Sixth Dist. 2009). However, their reliance is misplaced. The statement "mind your own business" is being offered for the truth of the implied assertion that management discouraged reporting of care concerns, making it hearsay despite its imperative form. The *Rodriguez-Lopez* exception applies to true commands without assertive content, not statements that implicitly communicate factual assertions.

Likewise, Plaintiffs' argument that the hearsay statement is subject to an exception as a statement against a party opponent, is also not well-taken. In their Motion, Plaintiffs attribute the statement to Defendant Thurmer. The affiant however, makes no such assertion in his affidavit. Indeed, Mr. Fredreick generically refers to the HR director and administrator, but does not identify Defendant Thurmer as the individual making the alleged statement. Accordingly, there is no applicable hearsay exception.

### B. The Attached Expert Reports are Not Properly Before This Court.

Plaintiffs agree that expert reports are not admissible at trial but claim they should not be stricken because they are often required to allow a plaintiff past summary judgment. Plaintiffs' position is not supported by law. In fact, the case cited by Plaintiffs, *Lewandowski v. Penske Auto Grp.*, 2010-Ohi-6160, ¶ 16 (Eighth Dist.), does not address whether expert reports are required to defeat summary judgment. Notably, the word "expert" does not appear in anywhere in the decision.

Regardless, Plaintiffs' argument conflates expert **reports** with expert **opinions**. Indeed, certain claims, such as medical claims, must be supported by expert testimony. *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 130 (1976). This requirement, however, does not render an expert report proper Rule 56 evidence. The arguments in Defendants' Motion to Strike are correct and the Motion must be granted.

C. **The Unsworn Declaration Does Not Comply With 28 U.S.C. § 1746.**

In their Motion to Strike, Defendants established that Dr. Klemperer's declaration does not comply with 28 U.S.C. § 1746. Plaintiffs do not dispute this but argue that it is good enough. Plaintiffs' argument should be rejected, and Dr. Klemperer's declaration should be stricken.

## CONCLUSION

For the reasons set forth herein, as well as those in Defendants' Motion to Strike, the exhibits attached to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment must be stricken.

 Respectfully submitted,

 */s/Emily R. Yoder*
 Michael Ockerman (0053403)
 Emily R. Yoder (0084013)
 **HANNA, CAMPBELL & POWELL, LLP**
 3737 Embassy Parkway, Suite 100
 Akron OH 44333
 (330) 670-7338 (T) * (330) 670-7462 (FAX)
 (330) 670-7612 (T) * (330) 670-7453 (FAX)
 mockerman@hcplaw.net
 eyoder@hcplaw.net

 Attorney for Defendants
 East Park Retirement Community, Inc.,
 Laura DiVincenzo and Sara Thurmer

**CERTIFICATE OF SERVICE**

I certify that on February 20, 2026, my office sent, via electronic mail and the Court's electronic filing system, a copy of the foregoing ***Defendants' Response Memorandum in Support of Motion to Strike*** to counsel for Plaintiff.

*/s/ Emily R. Yoder*
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

<<HCP #1446061-v1>>