IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | **DEFENDANTS' MEMORANDUM IN** |
| | ) | **OPPOSITION TO PLAINTIFFS'** |
| LAURA DiVINCENZO, et al. | ) | **MOTION TO STRIKE DEFENDANTS'** |
| | ) | **REPLY, MOTION TO STRIKE, AND** |
| Defendants | ) | **OPPOSITION TO RULE 56(D) RELIEF** |

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer for Memorandum in Opposition to Plaintiffs' Motion to Strike Defendants' Reply, Motion to Strike, and Opposition to Rule 56(d) Relief, state as follows:

**INTRODUCTION**

Defendants' briefing is not the product of gamesmanship, nor is it a "veritable smorgasbord" of issues. Likewise, Defendants are not taking the "steaming mounds" approach, as alleged by Plaintiffs. Rather, Defendants filed a well-reasoned, well organized, factually and legally supported Motion for Summary Judgment. In response, Plaintiffs submitted documents that do not comply with Civil Rule 56 and included a request for Rule 56(d) relief, seemingly as an after thought or second bite at the apple argument, at the very end of the brief.

For the opposite reasons suggested by Plaintiffs, Defendants separately addressed the multiple issues raised by Plaintiff's opposition brief. Specifically, Defendants filed their reply brief as contemplated by the Federal and Local Rules. Despite Plaintiffs' representations, the brief was 27 pages; Defendants were granted leave to file a 35 page brief. For purposes of clarity and simplicity, Defendants filed a Motion to Strike the improper Rule 56 evidence, thus keeping separate and distinct, the dispositive motion arguments and the evidentiary arguments. For the same reasons, Defendants filed a separate motion addressing Plaintiffs' Rule 56(d) request. This

motion was four pages and could have been included with the Reply Brief without exceeding the page limitation.

The arguments in Plaintiffs' Motion to Strike are not well-taken. Such arguments serve only to distract from the real issues, which are as follows: (1) Plaintiffs' claims fail as a matter of law; (2) Plaintiffs attached improper documents to their brief in opposition to Defendants' Motion for Summary Judgment; and (3) deferred rulings on Defendants' Motion for Summary Judgment are not warranted.

## I. DEFENDANTS' REPLY BRIEF SHOULD NOT BE STRICKEN DUE TO AN ALLEGED FAILURE TO COMPLY WITH LOCAL RULE 7.1.

Plaintiffs ask this Court to strike their Reply in Support of Motion for Summary Judgment because the Motion improperly incorporates additional arguments and the combined pages in the three separate Motions filed by Plaintiffs exceeds the 35-page limit allowed for Defendants' Reply. Plaintiffs' argument is not well-taken.

In support, Plaintiffs cite *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (Sixth Cir. 2003). Plaintiffs' reliance on *Northland* is misplaced. The cited case involved the incorporation of previous briefs, not concurrent filings addressing distinct legal issues. Specifically, in its **appellate brief**, the defendant incorporated by reference a separate brief and three different documents that had been filed with the **District Court**. Plaintiffs also cite *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899 (Fed. Cir. 2014), wherein the appellee attempted to incorporate by reference arguments made by **a different party** in a **different appeal**.

Courts in this district have routinely held that motions to strike are disfavored and cases should be decided on their merits:

> it is the Court's opinion that this litigation would be better served through resolution of the motion on the merits rather than through a motion to strike.

> Motions to strike are generally disfavored, because they are a "drastic remedy." The Court is mindful that summary judgment is a valuable tool for eliminating unsupported issues prior to trial. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Defendants' motion, if successful, could greatly reduce the time and expense that might otherwise be required for both sides at trial. In addition, plaintiff has failed to show that she was prejudiced in any way by the procedural defects alleged.

*Braun v. Ultimate Jetcharters, Inc.*, 119 Fair Empl. Prac. Cas. (BNA) 1041 at *6 (N.D.Ohio 2013) (internal citations omitted); *see also Thomas v. Black*, 2022 WL 22955860 (N.D. Ohio June 21, 2022); *Texaco Inc. v. Bartel*, 2019 WL 13202319 (N.D. Ohio Aug. 15, 2019).

Here, each of Defendants' motions serves a different procedural purpose: the reply brief addresses summary judgment arguments, the motion to strike challenges admissibility of evidence, and the Rule 56(d) opposition responds to a request for discovery. Defendants did not incorporate prior filings or filings by a different party in a different case into their Reply brief. The Reply brief complied with the allowed page requirements. Defendants appropriately filed separate motions addressing separate legal and evidentiary issues.

## II. DEFENDANTS' MOTION TO STRIKE IS APPROPRIATE AND SHOUULD BE CONSIDERED BY THIS COURT

The advisory comments and cases cited by the Plaintiffs make clear that objections may be made to admissibility of evidence presented in connection with a summary judgment motion and a separate motion to strike is not necessary. However, none of the cases relied on by Plaintiffs stand for the proposition that a Motion to Strike improper Rule 56 evidence should be stricken or ignored. To the contrary, the law is clear; such motions should be treated as objections under Rule 56(c). *Foust v. Metropolitan Sec. Services, Inc.*, 2011 WL 4832570 at *4 (N.D. Ohio Oc. 12, 2011). Indeed, even the cases cited by Plaintiffs note, "in this context, 'motions to strike should be construed as objections under Rule 56(c)(2)' of the Federal Rules of

Civil Procedure" (*Stephenson v. Fam. Sols. of Ohio, Inc.*, No. 1:18CV2017, 2021 WL 795551, at *5 (N.D. Ohio Mar. 2, 2021)) and "[m]otions to strike should be construed as objections under Rule 56(c)(2)" (*Smith v. Interim HealthCare of Cincinnati, Inc.*, 2011 WL 6012971, at *4 (S.D. Ohio Dec. 2, 2011)).

Additionally, not only is *Onge v. Livingston Cnty.*, No. 04-71329, 2005 WL 8154803 (E.D. Mich. July 8, 2005) not binding on this Court, it does not support Plaintiffs' position. The Court in *Onge* addressed the relevance and admissibility of the evidence submitted by both parties in its Order adjudicating Defendants' Motion for Summary Judgment. The same outcome is appropriate here.

Finally, Plaintiffs argue that affidavit statements that cannot withstand Rule 56 scrutiny were not relied on in the briefing. Plaintiffs essentially acknowledge that improper, inflammatory, and prejudicial statements were included in affidavits, but were not used to support Plaintiffs' Opposition Brief. Clearly, the affidavit statements serve no purpose but to paint the Defendants in a negative light in an attempt to garner sympathy and avoid dismissal. This is not appropriate.

**III.     DEFENDANTS APPROPRIATELY OPPOSED PLAINTIFFS' REQUEST FOR RULE 56(d) RELIEF**

Notably, Plaintiffs do not challenge the legal arguments in Defendants' Response in Opposition to Plaintiffs' Rule 56(d) Request for Additional Discovery. Instead, Plaintiffs ask this Court to disregard the well-founded and legitimate legal arguments because they were not included in the reply brief. Plaintiffs rely on L.R. 7.1 which allows for a motion, a brief in opposition, and a reply. Plaintiffs, however, have not submitted any legal support for the proposition that Defendants are prohibited from filing a brief in opposition to a request for discovery that is included in opposition to a Summary Judgment Motion. Regardless,

Defendants' Reply in Support of Motion for Summary Judgment was 27 pages and the Opposition to Plaintiffs' Rule 56(d) Request was 4 pages. Thus, even if the motions were combined, they would still fall within the 35 pages Defendants were permitted. Defendants should not be penalized for filing a separate Motion, on a distinct discovery issue, for purposes of clarity.

## CONCLUSION

Plaintiffs' Motion to Stike is not well-taken and instead is an attempt to have this Court ignore well-reasoned and sound legal arguments adverse to their position. This Court should consider all pending Motions filed by Defendants.

Respectfully submitted,

*/s/ Emily R. Yoder*
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH  44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

## CERTIFICATE OF SERVICE

I certify that on February 27, 2026, my office sent, via electronic mail and the Court's electronic filing system, a copy of the foregoing ***Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike Defendants' Reply, Motion to Strike, and Opposition to Rule 56(D) Relief*** to counsel for Plaintiff.

                              */s/ Emily R. Yoder*
                              Emily R. Yoder (0084013)
                              Attorney for Defendants
                              East Park Retirement Community, Inc.,
                              Laura DiVincenzo and Sara Thurmer

<<HCP #1446070-v1>>