IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA CRISCIONE, et al. | ) | CASE NO. 1:24-CV-01446 |
| | ) | |
| Plaintiffs | ) | JUDGE MICHAEL J. HENDERSHOT |
| | ) | |
| vs. | ) | **DEFENDANTS' MOTION FOR LEAVE** |
| | ) | **OF COURT TO FILE NOTICE OF** |
| LAURA DiVINCENZO, et al. | ) | **SUPPLEMENTAL AUTHORITY IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| Defendants | ) | **SUMMARY JUDGMENT** |

Defendants, East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer, hereby seek leave to submit the following supplemental authority in support of their Motion for Summary Judgment.

A notice of supplemental authority "should be used sparingly and for new, controlling case law- not for recently discovered case law, nor for arguments which the parties did not think to make [earlier]." *Buddenberg v. Estate of Weisdack*, No. 1:18-cv-00522, 711 F.Supp.3d 712, 762 (N.D. Ohio Jan. 16, 2024) quoting *General Elec. Co. v. Latin Am. Imports, S.A.*, 187 F.Supp. 2d 749, 752 (W.D. Ky. 2001).

Here, Defendants filed their Motion for Summary Judgment on November 21, 2025. This Motion is fully briefed and remains pending. In their Motion, Defendants argued that Plaintiffs' wrongful death claim is barred by the one-year statute of limitations applicable to medical claims. Defendants' argument was supported by a Delaware County Common Pleas' opinion. *See Webb v. Morning View Delaware, Inc.*, Delaware Court of Common Pleas, 24 CV G 07 0697 (Oct. 31, 2025) (Exhibit D to Defendants' Motion for Summary Judgment).

In *Webb*, the plaintiff argued that the nursing home defendants failed to adequately care for the decedent, resulting in her death on May 1, 2023. The lawsuit was filed on July 22, 2024; more than one year, but less than two years, after the decedent's death. The Trial the Court held that:

> the one-year statute of limitations for medical claims applies to Plaintiff's wrongful-death claim because it would be at odds with the plain language of the statute to apply a different statute of limitations depending on whether the medical claim resulted in death.

*Id*. at p. 4. Notably, in a prior decision, the Trial Court had held that the 180-day letters sent pursuant to R.C. 23053113(B)(1) were ineffective and did not extend the statute of limitations because the letters were not received prior to the expiration of the one-year statute. *Webb v. Morning View Delaware, Inc.*, 2026-Ohio-2441 at ¶ 7 (Fifth Dist.).

The Trial Court decisions were appealed. The Fifth District rendered its opinion on June 25, 2026, after briefing on the Motion for Summary Judgment in this case was complete. The plaintiff/appellant raised two assignments of error on appeal:

> I. THE TRIAL COURT ERRED IN ITS JULY 29, 2025, SUMMARY JUDGMENT ORDER BY HOLDING THAT R.C. 2305.113(B)'S 180-DAY EXTENSION PERIOD DOES NOT BEING UNTIL THE DEFENDANT ACTUALLY RECEIVES THE NOTICE-OF-CLAIM LETTER.
>
> II. THE TRIAL COURT ERRED IN ITS OCTOBER 31, 2025, SUMMARY JUDGMENT ORDER BY HOLDING THAT WRONGFUL DEATH CLAIMS INVOLVING MEDICAL NEGLIGENCE ARE SUBJECT TO THE ONE-YEAR LIMITATION PERIOD IN R.C. 2305.113(A) INSTEAD OF THE TWO-YEAR LIMITATION PERIOD IN R.C. 2125.02(F)(1).

*Id*. at ¶ 12.

Importantly, in *Webb*, 2026-Ohio-2441, the Fifth District did not apply a two-year statute of limitations to the wrongful death claim. Rather, the Fifth District held, "Appellant maintains

the trial court erred in finding the 180-day extension period did not begin until Appellees received the notice-of-claim letter. We agree." *Id.* at ¶ 17. Because the 180-day letter was sent prior to the expiration of the one-year limitation period, the Fifth District held that the statute was extended by 180-days and all claims were timely filed.

Notably, with respect to the second assignment of error, the Fifth District held, "[i]n light of our disposition of Appellant's first assignment of error and for the same reasons discussed therein, we, likewise, sustain this assignment of error." *Id.* at ¶ 32.[1] Thus, the Fifth District impliedly agreed that a one-year, not two-year, statute of limitations applied to the wrongful death claim. Service of the 180-day letter is irrelevant if the wrongful death claim was subject to a two-year limitation period because the Complaint was filed less than 15 months after the decedent's death. Therefore, the Fifth District appears to agree that wrongful death claims arising out of a medical claim, are subject to a one-year statute of limitations.

Accordingly, Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer seek leave to submit *Webb v. Morning View Delaware, Inc.*, 2026-Ohio-2441 (Fifth Dist.) as supplemental authority in support of their argument that Plaintiffs' wrongful death claim is subject to a one-year limitation period and thus, was not timely filed. The Fifth District opinion was entered after briefing on the pending Motion for Summary Judgment was complete. Therefore, the decision is appropriately submitted as supplemental authority in support of Defendants' Motion for Summary Judgment.

[1] Both parties have sought review by the Ohio Supreme Court. *Webb v. Morning View Delaware, Inc.* Case No. 2026-0891 and *Webb v. Morning View Delaware, Inc.* Case No. 2026-1298.

Respectfully submitted,

*/s/Emily R. Yoder*

Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH 44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing ***Defendants' Motion for Leave of Court to File Notice Supplemental Authority in Support of Motion for Partial Summary Judgment*** was filed electronically on November 10, 2026, with the Clerk using the CM/ECF system, which will notify all parties. Parties may access this document through the court's electronic-filing system.

/s/ Emily R. Yoder
Emily R. Yoder (0084013)
Attorney for Defendants
East Park Retirement Community, Inc.,
Laura DiVincenzo and Sara Thurmer

4938-2659-3486, v. 1