HANNA CAMPBELL & POWELL LLP

November 20, 2026

**VIA ECF**

The Honorable Judge Michael J. Hendershot, U.S.D.J.
(Hendershot_Chambers@ohnd.uscourt.gov)
Carl B. Stokes U.S. Courthouse, Courtroom 17B
801 West Superior Avenue
Cleveland, Ohio 44113

**Re:** ***Gina Criscione, et al. v. Laura DiVincenzo, et al.***
**Case No. 1:24-CV-01446**

Dear Judge Hendershot:

Defendants East Park Retirement Community, Inc., Laura DiVincenzo and Sara Thurmer (collectively "East Park") submit the following letter brief as supplemental authority in support of their Motion for Summary Judgment. In their Motion, East Park argued that the wrongful death claim is barred by the one-year statute of limitations applicable to medical claims. (Doc#: 35, PageID#: 616-618). This argument was supported by a Delaware County Common Pleas' opinion. *See Webb v. Morning View Delaware, Inc.*, Delaware Court of Common Pleas, 24 CV G 07 0697 (Oct. 31, 2025) (*Id.* at 618).

In *Webb*, the lawsuit was filed on July 22, 2024; more than one year, but less than two years, after the decedent's death. The Trial Court held that the one-year statute of limitations for medical claims applied to the wrongful-death claim. *Id.* at p. 4. Notably, in a prior decision, the Trial Court held that 180-day letters sent pursuant to R.C. 23053113(B)(1) were ineffective and did not extend the statute of limitations because the letters were not received before the expiration of the one-year statute. *Webb v. Morning View Delaware, Inc.*, 2026-Ohio-2441 at ¶ 7 (Fifth Dist.).

The Trial Court decisions were appealed and two assignments of error were raised:

I. THE TRIAL COURT ERRED IN ITS JULY 29, 2025, SUMMARY JUDGMENT ORDER BY HOLDING THAT R.C. 2305.113(B)'S 180-DAY EXTENSION PERIOD DOES NOT BEING UNTIL THE DEFENDANT ACTUALLY RECEIVES THE NOTICE-OF-CLAIM LETTER.

II. THE TRIAL COURT ERRED IN ITS OCTOBER 31, 2025, SUMMARY JUDGMENT ORDER BY HOLDING THAT WRONGFUL DEATH CLAIMS INVOLVING MEDICAL NEGLIGENCE ARE SUBJECT TO THE ONE-YEAR

Emily R. Yoder · 3737 Embassy Parkway, Suite 100 · Akron, Ohio 44333
(P) 330.670.7612 · (F) 330.670.7453 · eyoder@hcplaw.net
www.hcplaw.net

LIMITATION PERIOD IN R.C. 2305.113(A) INSTEAD OF THE TWO-YEAR LIMITATION PERIOD IN R.C. 2125.02(F)(1).

*Id*. at ¶ 12.

The Fifth District did not apply a two-year statute of limitations to the wrongful death claim. Rather, the Court held, that the trial court erred in finding the 180-day extension period did not begin until receipt of the notice-of-claim letter. *Id*. at ¶ 17. Because the 180-day letter was sent before the one-year limitation period expired, the statute was extended and the claims were timely filed.

With respect to the second assignment of error, the Fifth District held, "[i]n light of our disposition of Appellant's first assignment of error and for the same reasons discussed therein, we, likewise, sustain this assignment of error." *Id*. at ¶ 32. Service of the 180-day letter is irrelevant if the wrongful death claim was subject to a two-year limitation period because the Complaint was filed less than 15 months after the decedent's death. Thus, the Fifth District impliedly agreed that a one-year, not two-year, statute of limitations applied to the wrongful death claim.

This supplemental authority supports the argument advanced in East Park's Motion for Summary Judgment at Doc#: 35, PageID# 616-618 that the wrongful death claim is subject to a one-year limitation period that governs medical claims. The wrongful death claim was not filed within one year of Dorothy Mandanici's death and thus, is time-barred. Summary Judgment is appropriate.

Respectfully submitted,

/s/Emily R. Yoder
Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron OH 44333
(330) 670-7338 (T) * (330) 670-7462 (FAX)
(330) 670-7612 (T) * (330) 670-7453 (FAX)
mockerman@hcplaw.net
eyoder@hcplaw.net

Attorney for Defendants
East Park Retirement Community, Inc., Laura DiVincenzo
and Sara Thurmer

cc: Counsel of Record (via ECF)

## Certificate of Compliance

The foregoing brief complies with the type-volume limitation established by this Court's standing orders. The substance of the Letter Brief contains 494 words. This word count was determined based upon the calculation performed by Microsoft Word computer software used in drafting this brief.

This brief complies with the typeface requirements of this Court's standing orders and the type style requirements of this Court's standing orders because it has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Times Roman type style.

Respectfully submitted,

/s/Emily R. Yoder

Michael Ockerman (0053403)
Emily R. Yoder (0084013)
**HANNA, CAMPBELL & POWELL, LLP**

4924-6596-6052, v. 1